**BLUMENTHAL & NORDREHAUG**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (CSB #71075)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Plaintiff

FILED

2008 AUG -4 PM 2: 42

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1410 JM POR

| | |
|---|---|
| DAVID WALSH, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>APPLE, INC.; and Does 1 to 10,<br><br>        Defendants. | CASE No._____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>1. FAILURE TO PAY REGULAR AND OVERTIME COMPENSATION IN VIOLATION OF F.L.S.A. § 201, *et seq.*;<br><br>2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE § 510, *et seq.*;<br><br>3. FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE § 226.7 AND 512;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203;<br><br>5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>6. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*;<br><br>DEMAND FOR A JURY TRIAL |

CLASS ACTION COMPLAINT

1    Plaintiff David Walsh, an individual, alleges upon information and belief, except for his own

2 acts and knowledge, the following:

3                              **NATURE OF THE ACTION**

4        1.      Plaintiff David Walsh ("PLAINTIFF") brings this class action on behalf of

5 himself and a California class consisting of all individuals who are or previously were employed in

6 California by Defendant Apple, Inc. (hereinafter collectively "DEFENDANTS") in a staff position

7 as a Network Engineer, or in any other similarly situated position ("Network Support Staff

8 Member"), during the period four years prior to the filing of this Complaint and ending on the date

9 of as determined by the Court (the "CLASS PERIOD"), who were classified by Defendant as

10 exempt, and who have been or may be subject to the challenged exemption classification policies

11 and practices used by Defendant (the "CLASS").

12       2.      Individuals in these positions are and were employees who are entitled to regular,

13 and overtime compensation and prompt payment of amounts that the employer owes an employee

14 when the employee quits or is terminated, and other compensation and working conditions that are

15 prescribed by law.

16       3.      Although DEFENDANTS require their employees employed as Network Support

17 Staff Members, and other similarly situated positions, to work more than forty (40) hours a week

18 and/or eight (8) hours in a workday and /or on the seventh (7th) day of a workweek, as a matter of

19 policy and practice, DEFENDANTS consistently and uniformly deny them the required regular,

20 overtime, and other compensation that the law requires. Although the PLAINTIFF and known

21 members of the CLASS work in California, DEFENDANTS' practices and procedures are and were

22 common throughout the United States.

23       4.      In this action, PLAINTIFF, on behalf of himself and the CLASS, seeks to recover all

24 the compensation that DEFENDANTS were required by law to provide, but failed to provide, to

25 PLAINTIFF and all other CLASS members.

26       5.      PLAINTIFF and all Network Support Staff Members performed the same primary

27 function, which is to perform manual labor to assist DEFENDANTS' staff ("end-users"). This work

28 is performed in the DEFENDANTS' home offices, data centers, and retail stores, as the need arises

1 by physically installing, physically configuring, and physically replacing and maintaining network
2 equipment and by performing all tasks incident thereto. This is a position that involves no
3 independent discretion, judgment, or management decisions with respect to matters of significance.
4 To the contrary, the work of the Network Support Staff Member is to provide, on a daily basis,
5 network support services to end-users in accordance with the management decisions and business
6 policies established by DEFENDANTS. In fact, no installation, configuration or replacement of the
7 network equipment may be made by any Network Support Staff Member without first obtaining
8 approval from management and the maintenance. The maintenance performed by Plaintiffs and the
9 members of the CLASS was and is mostly routine at this level of employment As a result, for the
10 reasons set forth herein, the Network Support Staff Member position is a non-exempt position that
11 was misclassified as exempt by the DEFENDANTS.

13 **JURISDICTION AND VENUE**

14 6. This Court has jurisdiction over PLAINTIFF'S federal claim pursuant to 28 U.S.C.§
15 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, and
16 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

17 7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because
18 DEFENDANTS (i) are subject to personal jurisdiction in this District and therefore, reside in this
19 District and/or (ii) committed the wrongful conduct against certain members of the CLASS in San
20 Diego County, California.

22 **PARTIES**

23 8. PLAINTIFF was hired by DEFENDANTS in the state of California and worked for
24 Defendants from in or about April of 1995 to in or about November of 2007 as a "Network
25 Engineer."

26 9. DEFENDANTS conducted and continue to conduct substantial and regular business
27 in San Diego County, California, and throughout California. DEFENDANTS also conduct business
28 throughout the United States and are an enterprise engaged in commerce within the meaning of the

1  Fair Labor Standards Act by regularly and recurrently receiving or transmitting interstate

2  communications.

3         10.    The Defendants named in this Complaint, and Does 1 through 10,

4  inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of

5  each of the other Defendant and each Defendant was acting within the course of scope of his, her or

6  its authority as the agent, servant and/or employee of each of the other Defendant (the

7  "DEFENDANTS").  Consequently, all the DEFENDANTS are jointly and severally liable to the

8  PLAINTIFF and the other members of the CLASS, for the losses sustained as a proximate result of

9  DEFENDANTS' conduct.

10

11               **COLLECTIVE ACTION UNDER THE FLSA**

12        11.    PLAINTIFF brings this lawsuit as a collective action under the Fair Labor and

13  Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons who were, are, or will

14  be employed by DEFENDANTS as Network Support Staff Members, during the period three years

15  prior to the filing of this Complaint and ending on the date of as determined by the Court (the

16  "COLLECTIVE CLASS PERIOD"), who performed work in excess of forty (40) hours in one week

17  and did not receive overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C

18  201, et seq.(the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by

19  the COLLECTIVE CLASS against DEFENDANTS, the COLLECTIVE CLASS PERIOD should be

20  adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they

21  were paid by commission, by salary, or by part commission and part salary.

22        12.    Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not

23  limited to the following, include:

24        a.      Whether DEFENDANTS failed to adequately compensate the members of the

25               COLLECTIVE CLASS for overtime hours worked as required by the FLSA, 29

26               U.S.C. § 207;

27        b.      Whether DEFENDANTS failed to adequately compensate the members of the

28               COLLECTIVE CLASS for all compensable hours of work required by the FLSA and

1     the applicable provisions of the Code of Federal Regulations;

2    c.    Whether DEFENDANTS have systematically misclassified the members of the

3     COLLECTIVE CLASS as exempt from receiving overtime compensation under

4     section 13 of the FLSA and the applicable provisions of the Code of Federal

5     Regulations;

6    d.    Whether DEFENDANTS should be enjoined from continuing the unlawful practices;

7     and,

8    e.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

9     13.    The first cause of action for the violations of the FLSA may be brought and

10 maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for

11 all claims asserted by the representative Plaintiff of the COLLECTIVE CLASS because the claims

12 of the Plaintiff are similar to the claims of the members of the prospective COLLECTIVE CLASS.

13     14.    PLAINTIFF and the COLLECTIVE CLASS are similarly situated,

14 have substantially similar job requirements and pay provisions, and are subject to DEFENDANTS'

15 common and uniform policy and practice of failing to pay for all compensable hours of work and

16 wages earned, and failing to fully pay for all overtime in violation of the FLSA and the Regulations

17 implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

18

19                 **CLASS ACTION ALLEGATIONS**

20     15.    PLAINTIFF brings this action on behalf of a California Class of all employees of

21 DEFENDANTS in California who were, are, or will be employed as Network Support Staff

22 Members during the period four years prior to the filing of this Complaint and ending on the date of

23 judgment (the "CLASS PERIOD"), who performed work in excess of eight (8) hours in one day

24 and/or forty (40) hours in one week and/or hours on the seventh (7th) consecutive day of a workweek

25 and did not receive overtime compensation as required by California Labor Code Section 510 and

26 Wage Order 15-2001. To the extent equitable tolling operates to toll claims by the CALIFORNIA

27 CLASS against DEFENDANTS, the Class period should be adjusted accordingly. The

28 CALIFORNIA CLASS includes all such persons, whether or not they were paid by commission, by

---

CLASS ACTION COMPLAINT        4

1  salary, or by part commission and part salary.

2      16.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

3  violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

4  Commission ("IWC") Wage Order Requirements intentionally and knowingly, on the basis of job

5  title alone and without regard to the actual overall requirements of the job, systematically

6  misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS as exempt from

7  overtime wages and other labor laws in order to avoid the payment of overtime wages by

8  misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent

9  equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the

10  CALIFORNIA CLASS PERIOD should be adjusted accordingly.

11      17.    DEFENDANTS violated the rights of the CALIFORNIA CLASS under California

12          Law by:

13      (a)    Committing acts of unfair competition in violation of the California Unfair

14              Competition Law, Cal. Bus. & Prof. Code § 17200, by violating the FLSA,

15              and the REGULATIONS, by failing to pay PLAINTIFF and the members of

16              the CALIFORNIA CLASS overtime pay for a workweek longer than forty

17              (40) hours and by violating the California Labor Code and regulations

18              promulgated thereunder as hereinafter alleged;

19      (b)    Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFF and the

20              members of the CALIFORNIA CLASS overtime pay for a work day longer

21              than eight (8) hours and/or a workweek longer than forty (40) hours, and also

22              for all hours worked on the seventh (7th) day of a workweek for which

23              DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194;

24      (c)    Violating Cal. Lab. Code § 515.5 by misclassifying PLAINTIFF and the

25              members of the CALIFORNICA CLASS as exempt from receiving overtime

26              compensation;

27      (d)    Violating Cal. Lab. Code § 203, which provides that when an employee is

28              discharged or quits from employment, the employer must pay the employee

1  all wages due without abatement, by failing to tender full payment and/or

2  restitution of wages owed or in the manner required by California law to the

3  PLAINTIFF and the members of the CALIFORNIA CLASS who have

4  terminated their employment. Thus, DEFENDANTS are liable for such

5  wages for a period of thirty (30) days following the termination of such

6  employment;

7      (e)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

8  members of the CALIFORNIA CLASS with an accurate itemized statement

9  in writing showing the total hours worked by the employee; and,

10      (f)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders

11  implementing the Code, by failing to provide PLAINTIFF and the members

12  of the CALIFORNIA CLASS with rest and/or meal periods and are thus

13  liable for premium pay of one hour for each workday such rest and/or meal

14  periods were denied.

15      18.    This Class Action meets the statutory prerequisites for the maintenance of a Class

16  Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in that:

17      (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that

18  the joinder of all such persons is impracticable and the disposition of their

19  claims as a class will benefit the parties and the Court;

20      (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

21  are raised in this Complaint are common to the CALIFORNIA CLASS and

22  will apply uniformly to every member of the CALIFORNIA CLASS;

23      (c)    The claims of the representative PLAINTIFF are typical of the claims of each

24  member of the CALIFORNIA CLASS. PLAINTIFF, like all other members

25  of the CALIFORNIA CLASS, was systematically misclassified as exempt

26  and sustained economic injuries arising from DEFENDANTS' violations of

27  the laws of California. PLAINTIFF and the members of the CALIFORNIA

28  CLASS were and are similarly or identically harmed by the same unlawful,

| | |
|---|---|
| 1 | deceptive, unfair and pervasive pattern of misconduct engaged in by the |
| 2 | DEFENDANTS of systematically misclassifying as exempt all Network |
| 3 | Engineers and similarly situated employees solely on the basis of their job |
| 4 | title and without regard to DEFENDANTS' realistic expectations and the |
| 5 | actual, overall requirements of the job as a matter of company policy and |
| 6 | practice, resulting in economic injury to employees so misclassified. |

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all Class Members.

19.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANTS systematically misclassified as exempt all Network Engineers and similarly situated employees solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job and thereby refused to pay for overtime work as required by law;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

2)      The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3)      The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)      The difficulties likely to be encountered in the management of a Class Action; and,

5)      The basis of DEFENDANTS misclassifying PLAINTIFF and the Class CALIFORNIA as exempt by job title.

12.    This Court should permit this action to be maintained as a Class Action pursuant to F.R.C.P. 23 because:

(a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CLASS;

(f) There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole; and,

(h) The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANTS. The CALIFORNIA CLASS consists of all DEFENDANTS' Network Support Staff Members and other similarly situated persons whose job classifications by DEFENDANTS as exempt were made solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job. DEFENDANTS, as a matter of law, have the burden of proving the basis for the exemption as to each and every Network Support Staff Members and

1   similarly situated persons.  To the extent that DEFENDANTS have failed to

2   maintain records sufficient to establish the basis for the exemption (including

3   but not limited to, the employee's job duties, wages, and hours worked) for

4   any Network Support Staff Members or other similarly situated persons,

5   DEFENDANTS are estopped, as a matter of law,  to assert  the existence of

6   the exemption.

7

8                           **GENERAL ALLEGATIONS**

9           20.      DEFENDANTS, as a matter of corporate policy, practice and procedure, and in

10  violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission

11  ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally,

12  knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall

13  requirements of the job, systematically misclassified the PLAINTIFF and the other members of the

14  CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as exempt from overtime

15  wages and other labor laws in order to avoid the payment of overtime wages by misclassifying their

16  positions as exempt from overtime wages and other labor laws.  To the extent equitable tolling

17  operates to toll claims by the CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD

18  and the COLLECTIVE CLASS PERIOD (the "CLASS PERIODS")  should be adjusted

19  accordingly.

20          21.      DEFENDANTS have intentionally and deliberately created numerous job levels and

21  a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in

22  fact, these jobs are substantially similar and can be easily grouped together for the purpose of

23  determining whether they are exempt from overtime wages.  One of DEFENDANTS' purposes in

24  creating and maintaining this multi-level job classification scheme is to create a roadblock to

25  discovery and class certification for all employees similarly misclassified as exempt.

26  DEFENDANTS have uniformly misclassified these CLASS members as exempt and denied them

27  overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly

28  cheat the competition and unlawfully profit.  One such example is placing the descriptor "Senior"

1 before the title "Network Engineer," when in fact all such Network Engineers perform the same

2 work, have the same duties, and are similarly misclassified as exempt by DEFENDANTS.

3     22.     DEFENDANTS maintain records from which the Court can ascertain and identify

4 by job title each of DEFENDANTS' employees who as CLASS members have been systematically,

5 intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS' corporate

6 policy, practices and procedures. PLAINTIFF will seek leave to amend the complaint to include

7 these additional job titles when they have been identified.

8

9                         **THE CONDUCT**

10     23.     PLAINTIFF and the other Network Support Staff Members functioned as a working

11 member on the production side of DEFENDANTS' business. The primary job duties of

12 PLAINTIFF and the other Network Support Staff Members are to perform manual labor in order to

13 install, configure and replace DEFENDANTS' network hardware and equipment and to

14 troubleshoot reported problems to keep the Network operational for the end users. As a result of

15 this work, PLAINTIFF was primarily involved in providing day to day support and repairs of the

16 network infrastructure, server infrastructure enhancements, installing and configuring new hardware

17 and software, and replacing routers and switches as necessary. This work was executed primarily by

18 the performance of manual labor within a defined skill set, involving upgrades of the operating

19 systems and networks, the routing of cables, switches, and the electrical power systems supporting

20 such infrastructure to keep the Network running for the end users, and the performance of day to day

21 operational maintenance of the infrastructure, pursuant to known protocol followed by these

22 employees. Physical demands of the position include standing, sitting, walking, bending, lifting,

23 and moving computer items, some of which weigh as much as one hundred (100) pounds, as

24 needed. PLAINTIFF performed these tasks either from within the DEFENDANTS' home offices,

25 data centers or by traveling to off-site retail stores owned and operated by the DEFENDANTS.

26 During the CLASS PERIODS, PLAINTIFF, as a Network Engineer on the production side of his

27 team, was nevertheless classified by DEFENDANTS as exempt from overtime pay. As a result,

28 PLAINTIFF worked more than eight (8) hours a day and/or forty (40) hours a week and also on the

---

1  seventh (7th) day of a workweek during the CLASS PERIODS and was not compensated for these

2  hours of work as required by law.

3      24.    Neither PLAINTIFF nor any member of the CLASS was primarily engaged in work

4  of a type that was or now is directly related to management policies or general business operations,

5  when giving these words a fair but narrow construction.  Neither PLAINTIFF nor any member of

6  the CLASS was primarily engaged in work of a type that was or now is performed at the level of the

7  policy or management of the DEFENDANTS.  To the contrary, the work of a Network Support

8  Staff Members and other similarly situated job titles of the DEFENDANTS is work wherein

9  PLAINTIFF and members of the CLASS are primarily engaged in the day to day business

10  operations of the DEFENDANTS to keep the networks that perform the day to day work of

11  DEFENDANTS operating in accordance with the management policies and general business

12  operations established by DEFENDANTS' management.

13      25.    In addition to the job functions performed during the regular working hours,

14  PLAINTIFF was required to make changes to the network equipment that could only by effectuated

15  after hours according to DEFENDANTS' policies.  This was done to avoid disruption of the

16  DEFENDANTS' day to day business activities while end-users were using the system during

17  regular business houses.  During this time, after a regularly worked eight (8) hour work day of

18  manual labor, PLAINTIFF was required to install, configure, replace and/or troubleshoot

19  DEFENDANTS' network systems well into the night.  These same restrictions and obligations were

20  also borne by the other members of the class similarly situated.  Further, PLAINTIFF was also

21  required to remain on-call pursuant to the DEFENDANTS' "on-call" rotation plan (the

22  "ROTATIONS").  According to the ROTATIONS, each member of the Network Support Team,

23  including the PLAINTIFF, took turns performing on-call duties approximately every six (6) weeks.

24  The performance of each ROTATION lasted for an entire seven (7) day workweek.  During this

25  time, after returning home from an eight (8) hour work day, PLAINTIFF was required to remain on

26  stand-by for the entire night, every night of the week, for the entire week without compensation.

27  After working an entire workday on the Friday of the ROTATION, PLAINTIFF was required to

28  remain on call twenty-four (24) hours a day from Friday evening until Monday morning, when he

1 would report to the employer's work site for his "regular" workday without compensation. The
2 effect of DEFENDANTS' on-call rotational system is that, during the team members rotation, the
3 employee is subject to receiving a call and is effectively precluded from engaging in any activity
4 outside of work that would hinder his ability to immediately respond to the technical support call.
5 This system places severe limitations on the activities of PLAINTIFF and the members of this team
6 and accordingly, their time is predominantly spent for the benefit of the DEFENDANTS. Each
7 night of every ROTATION, PLAINTIFF'S movements were severely geographically restricted by
8 the on-call responsibilities because each night, PLAINTIFF was subjected to frequent calls in
9 conjunction with the unduly restrictive fixed, response time-limit that necessitated an answer to each
10 call. As a result of the burden imposed by these duties, PLAINTIFF could not easily trade his on-
11 call responsibilities with another employee. Further, PLAINTIFF was extremely restricted in the
12 kind and extent of personal activities he could engage in. Many personal activities, including, but
13 not limited to, taking his family to see movies in a theater, taking his family to dinner at a restaurant,
14 engaging in organized sporting activities, participating in weddings, supplementing his income with
15 a second job, and/or attending to medical issues with the assistance of a doctor, dentist, or other
16 professional, had to be avoided entirely. Another inconvenience imposed upon PLAINTIFF was the
17 inability to provide himself with an entire night of uninterrupted sleep, as the technical support calls
18 often came in past eleven o'clock at night (11:00 p.m.). Despite these demanding conditions
19 imposed by DEFENDANTS, regular and overtime compensation for (a) the hours work was
20 performed during the ROTATIONS and (b) the "on-call" hours worked as time spent, wherein
21 PLAINTIFF was so restricted during the ROTATIONS as to be effectively engaged to wait, were
22 withheld by DEFENDANTS from PLAINTIFF and other similarly situated employees. These same
23 restrictions also affected the other members of the class similarly situated
24         26.     Considerations such as (a) the DEFENDANTS' realistic expectations for the job
25 titled Network Engineer and other similarly situated job titles, on the production side of the
26 DEFENDANTS' business enterprise in the Network Support Staff Member group of which
27 PLAINTIFF was a member and other similarly situated support teams, and (b) the actual overall
28 requirements of the Network Support Staff Members and other similarly situated jobs, are

1  susceptible to common proof. The fact that his work and those of other similarly situated employees

2  involved a computer and/or a specialized skill set in a defined technical area does not mean that the

3  PLAINTIFF and other members of the CLASS are exempt from overtime wages. Indeed, the

4  exercise of discretion and independent judgment must be more than the use of a highly technical

5  skill set described in a manual or other sources. Indeed, PLAINTIFF and the members of the

6  CLASS were greatly limited in the exercise of any independent discretion, as their work

7  assignments were only undertaken after specific instruction were provided by supervisors or

8  managers. Furthermore, the work that PLAINTIFF and other members of the CLASS were and are

9  primarily engaged in performing day to day activities is the work that is required to be performed as

10  part of the day to day business of DEFENDANTS. As a result, PLAINTIFF and the other members

11  of the CLASS were primarily engaged in work that falls squarely on the production side of the

12  administrative/production worker dichotomy.

13           27.      In performing the conduct herein alleged, the DEFENDANTS uniformly

14  misrepresented to the PLAINTIFF and the other members of the CLASS that they were exempt

15  from overtime and the applicable state and federal labor laws, when in fact, they were not. The

16  DEFENDANTS' wrongful conduct and violations of law as herein alleged demeaned and

17  wrongfully deprived PLAINTIFF and the other members of the CLASS of the career opportunities

18  to which they were lawfully entitled. DEFENDANTS engaged in such wrongful conduct by failing

19  to have adequate employment policies and maintaining adequate employment practices consistent

20  with such policies. DEFENDANTS wrongful conduct as herein alleged converted the money

21  belonging to the PLAINTIFF and the other members of the CLASS.

22           28.      In performing these routine tasks for DEFENDANTS at DEFENDANTS' offices, the

23  members of the CLASS have worked and continue to work for DEFENDANTS without being paid

24  the requisite overtime wages for all hours worked. During the Class Period, PLAINTIFF, and the

25  members of the CLASS worked and/or still work on the production side of the DEFENDANTS'

26  business, but are nevertheless misclassified as exempt.

27           29.      DEFENDANTS systematically misclassified as exempt PLAINTIFF and all other

28  members of the CALIFORNIA and COLLECTIVE CLASS solely on the basis of their job title and

1   without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job.

2   Consequently, PLAINTIFF and the other members of the CALIFORNIA and COLLECTIVE

3   CLASS were uniformly and systematically exempted from payment for overtime wages for hours

4   worked in excess of eight (8) hours per day and/or (40) forty hours per week during the class period

5   and also for hours worked on the seventh (7th) day of a workweek.

6        30.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to establish

7   exemptions from the requirement that an overtime rate of compensation be paid pursuant to

8   Sections 510 and 511 for executive, administrative, and professional employees, provided that the

9   employee is primarily engaged in the duties that meet the test of the exemption, customarily and

10  regularly exercises discretion and independent judgment in performing those duties, and earns a

11  monthly salary equivalent to no less than two times the state minimum wage for full-time

12  employment. Cal. Lab. Code § 515.5 and Industrial Welfare Commission Wage Order 4-2001, set

13  forth the requirements which must be satisfied in order for a computer employee to be lawfully

14  classified as exempt. Although wrongfully classified by DEFENDANTS as exempt at the time of

15  hire and thereafter, PLAINTIFF, and all other members of the similarly- situated CALIFORNIA

16  CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001 and Cal. Lab.

17  Code § 515.5.

18       31.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, et seq., set

19  forth the requirements which must be satisfied in order for an employee to be lawfully classified as

20  exempt from receiving overtime compensation. Although wrongfully classified by DEFENDANTS

21  as exempt at the time of hire and thereafter, PLAINTIFF, and all other members of the similarly-

22  situated COLLECTIVE CLASS, are not exempt under section 13 of the FLSA or the provisions of

23  29 C.F.R. 541, et seq.

24       32.    DEFENDANTS violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207,

25  by failing to pay the COLLECTIVE CLASS overtime pay for a workweek longer than forty (40)

26  hours and by failing to pay regular and/or overtime compensation for the time where PLAINTIFF

27  and the other members of the COLLECTIVE CLASS were required to work through meal periods.

28       33.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

1 | of the COLLECTIVE and CALIFORNIA CLASS, regular and overtime compensation for the hours

2 | worked as "call back," "stand by," or "on call time" for all on-call hours spent during the

3 | ROTATIONS as described above in this Complaint.

4 |     34.    Accordingly, DEFENDANTS committed an act of unfair competition in violation of

5 | the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by violating the FLSA, 29

6 | U.S.C. § 207, and the Regulations implementing the Act by the Secretary of Labor, by failing to pay

7 | PLAINTIFF and the members of the CALIFORNIA CLASS regular and/or overtime compensation

8 | for the time where PLAINTIFF and the other members of the CLASS were required to work during

9 | meal periods and by violating the California Labor Code and regulations promulgated thereunder as

10 | hereinafter alleged.

11 |

12 | ### FIRST CAUSE OF ACTION

13 | **Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.* ("FLSA")**

14 | **(By PLAINTIFF and the COLLECTIVE CLASS and Against all Defendants)**

15 |     35.    PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and

16 | incorporate by this reference, as though fully set forth herein, paragraphs 1 through 34 of this

17 | Complaint.

18 |     36.    DEFENDANTS are engaged in communication, business, and transmission

19 | throughout the United States, and are, therefore, engaged in commerce within the meaning of 29

20 | U.S.C. § 203(b).

21 |     37.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

22 | violations of the FLSA.

23 |     38.    29 U.S.C. § 207(a)(1) provides in pertinent part:

24 |     Except as otherwise provided in this section, no employer shall employ any of his

25 |     employees who in any workweek is engaged in commerce or in the production of

26 |     goods for commerce, or is employed in an enterprise engaged in commerce or in the

27 |     production of goods for commerce, for a workweek longer than forty hours unless

28 |

1 such employee receives compensation for his employment in excess of the hours

2 above specified at a rate not less than one and one-half times the regular rate at which

3 he is employed.

4     39.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

5 apply to:

6     any employee employed in a bona fide executive, administrative, or professional

7     capacity (including any employee employed in the capacity of academic

8     administrative personnel or teacher in elementary or secondary schools), or in the

9     capacity of outside salesman (as such terms are defined and delimited from time to

10     time by regulations of the Secretary, subject to the provisions of the Administrative

11     Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or

12     service establishment shall not be excluded from the definition of employee

13     employed in a bona fide executive or administrative capacity because of the number

14     of hours in his workweek which he devotes to activities not directly or closely related

15     to the performance of executive or administrative activities, if less than 40 per

16     centum of his hours worked in the workweek are devoted to such activities).

17     40.     DEFENDANTS have willfully engaged in a widespread pattern and practice of

18 violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

19 as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

20 expectations and actual overall requirements of the job, including PLAINTIFF and the other

21 members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

22 business enterprise, including the Network Support Teams. This was done in an illegal attempt to

23 avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal

24 Regulations requirements.

25     41.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

26 exempt status of an employee. The exempt or nonexempt status of any particular employee must be

27 determined on the basis of whether the employee's salary and duties meet the requirements of the

28 regulations in this part.

42.     The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. PLAINTIFF does not hold a bachelor's degree, has not taken any prolonged course of specialization relating to network systems or infrastructure, and has attained the vast majority of the skills he uses as an employee of DEFENDANTS from on the job training and experience.

43.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, none of the members of the COLLECTIVE CLASS were senior or lead computer programmers who managed the work of two or more other programmers in a customarily recognized department or subdivision of the employer, and whose recommendations as to the hiring, firing, advancement, promotion or other change of status of the other programmers were given particular weight and therefore, they do not qualify for the executive exemption as a computer employees under 29 C.F.R. 541.402.

44. For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

(a) The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b) The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(c) The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d) The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e) The employee must be primarily engaged in duties which meet the test of exemption. No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300. Moreover, their primary duty involved manual labor, but did not include work such as planning, scheduling, and coordinating activities required to develop systems to solve complex business, scientific or engineering problems of the employer or the employer's customers and therefore, they are not qualified for the administrative exemption as computer employees under 29 C.F.R. 541.402.

45. For an employee to be "exempt" as a bona fide "professional", the DEFENDANTS have the burden of proving that the primary duty of the employee is the performance of work that:

(a) Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(b) Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" within the meaning of 29 CFR 541.300.

46. For an employee to be "exempt" as a computer software employee, DEFENDANTS have the burden of showing that the primary duty of the employee consists of:

(a) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;

(b) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

(c) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

(d) A combination of the aforementioned duties, the performance of which requires the same level of skills.

The "primary duty" of the PLAINTIFF, and the other members of the COLLECTIVE CLASS, as defined in 29 C.F.R. 541.700, did not consist of the job functions outlined above. Rather, the primary duty of the PLAINTIFF, and the other members of the COLLECTIVE CLASS, consists of configuring, installing, and troubleshooting network hardware and related equipment. Although the primary duty was facilitated by the use of computers and computer software programs, the primary duty did not involve:

(1) the determination of hardware, software, or system functional specifications;

(2) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs; or

(3) a combination of these duties, the performance of which requiring the same level of skills. Rather than consulting with users to determine specifications, PLAINTIFF primarily engaged in customer service functions by providing repairs and/or basic user support to DEFENDANTS' employees. Their primary duties consisted of upgrading network hardware and software, limited modifications of network hardware and software, troubleshooting, and other non-exempt functions. Thus, no member of the COLLECTIVE CLASS was or is exempt as a computer systems analyst, computer programmer, or software engineer because they all fail to meet the requirements of being a "professional" within the meaning of 29 U.S.C. § 213 and 29 C.F.R. 541.400.

47. For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANTS were and are uniform throughout the United States in all respects material to the

claims asserted in this Complaint.

48. There are no other exemptions applicable to PLAINTIFF and/or to members of the COLLECTIVE CLASS.

49. As a result of DEFENDANTS' willful failure to pay overtime and failure to pay regular compensation for all compensable hours, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

50. Therefore, PLAINTIFF demands that he and the members of the COLLECTIVE CLASS be paid regular compensation for all compensable hours worked and overtime compensation as required by the FLSA for every hour of overtime worked in any workweek for which they were not compensated, plus interest and attorneys' fees as provided by law.

<u>**SECOND CAUSE OF ACTION**</u>

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 515.5, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against all Defendants)**

51. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52. Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

53. Cal. Lab. Code § 515(d) states that, "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

54. Cal. Lab. Code § 1194 states:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

55. In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this

1      chapter shall be the same as those set out in Section 1197.1.

2      (c) The civil penalties provided for in this section are in addition to any other civil or

3      criminal penalty provided by law.

4     56.    DEFENDANTS have intentionally and uniformly designated certain employees as

5 "exempt" employees, by their job title and without regard to DEFENDANTS' realistic expectations

6 and actual overall requirements of the job, including PLAINTIFF and the other members of the

7 CALIFORNIA CLASS who worked on the production side of the DEFENDANTS' business

8 enterprise, including the Network Support Staff Members. This was done in an illegal attempt to

9 avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and

10 Industrial Welfare Commission requirements.

11     57.    For an employee to be exempt as a bona fide "executive," all the following criteria

12 must be met and DEFENDANTS have the burden of proving that:

13     (a)    The employee's primary duty must be management of the enterprise, or of a

14          customarily recognized department or subdivision; and,

15     (b)    The employee must customarily and regularly direct the work of at least two (2) or

16          more other employees; and,

17     (c)    The employee must have the authority to hire and fire, or to command particularly

18          serious attention to his or his recommendations on such actions affecting other

19          employees; and,

20     (d)    The employee must customarily and regularly exercise discretion and independent

21          judgment; and,

22     (e)    The employee must be primarily engaged in duties which meet the test of exemption.

23 No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the

24 requirements of being an "executive" within the meaning of Order No. 4-2001.

25     58.    For an employee to be exempt as a bona fide "administrator," all of the following

26 criteria must be met and DEFENDANTS have the burden of proving that:

27     (a)    The employee must perform office or non-manual work directly related to

28          management policies or general business operation of the employer; and,

---

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

59.     The Industrial Welfare Commission, ICW Wage Order 4-2001, at section (1)(A)(3)(h), Labor Code § 515, and Cal. Lab. § 515.5 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be "exempt" as a bona fide "professional", all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)      Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)      Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or

1    incident to any of the above work; and,

2        3)    Whose work is predominately intellectual and varied in character (as

3              opposed to routine mental, manual, mechanical, or physical work) and is of

4              such character cannot be standardized in relation to a given period of time.

5    (b)    The employee must customarily and regularly exercise discretion and independent

6           judgment; and.

7    (c)    The employee earns a monthly salary equivalent to no less than two (2) times the

8           state minimum wage for full-time employment.  No member of the CALIFORNIA

9           CLASS was or is a professional because they all fail to meet the requirements of

10          being a "professional" within the meaning of Order No. 4-2001.

11   In particular, for an employee to be "exempt" as a bona fide "professional" with respect to the

12   requirements for a computer software employee, all the following criteria must be met and

13   DEFENDANTS have the burden of proving that:

14   (a)    The employee must primarily perform work which is intellectual or creative and that

15          requires the exercise of discretion and independent judgment; and,

16   (b)    The employee is primarily engaged in duties which consist of one or more of the

17          following:

18        1)    the application of systems analysis techniques and procedures, including

19              consulting with users, to determine hardware, software, or system functional

20              specifications;

21        2)    the design, development, documentation, analysis, creation, testing or

22              modification of computer systems or programs, including prototypes, based

23              on and related to user or system design specifications;

24        3)    the documentation, testing, creation or modification of computer programs

25              related to the design of the software or hardware for computer operating

26              systems; and,

27   (c)    The employee must be highly skilled and proficient in the theoretical and practical

28          application of highly specialized information to computer systems analysis,

1 programming and software engineering. A job title shall not be determinative of the

2 applicability of this exemption; <u>and,</u>

3 (d) The employee's hourly rate of pay is not less than forty-one dollars ($ 41.00), or the

4 annualized full-time salary equivalent of that rate, provided that all other

5 requirements of this section are met and that in each workweek the employee

6 receives not less than forty-one dollars ($ 41.00) per hour worked. This is the rate

7 which is adjusted by the DLSR on October 1 of each year to be effective on January

8 1 of the following year by an amount equal to the percentage increase in the

9 California Consumer Price Index for Urban Wage Earners and Clerical Workers.

10 1) The adjusted rates for each year of the CALIFORNIA CLASS PERIOD are as

11 follows: In 2002, the rate was $42.64. In 2003, the rate was $43.58. In 2004,

12 the rate was $44.63. In 2005, the rate was $45.84. In 2006, the rate was

13 $47.81. Currently, in 2007, the rate is $49.77. No member of the

14 CALIFORNIA CLASS was or is an exempt "Computer Software Employee"

15 because they all fail to meet the requirements of Order No. 4-2001.

16 PLAINTIFF and all members of the CALIFORNIA CLASS were paid less than these amounts

17 during the Class Period.

18 60. PLAINTIFF, and other members of the CALIFORNIA CLASS, do not fit the

19 definition of an exempt executive, administrative, or professional employee because:

20 (a) They primary duties necessitated the performance of manual labor, and therefore the

21 Network Support Staff Members did not work as executives or administrators; and,

22 (b) The professional exemption articulated in Wage Order No. 4, section (1)(A)(3)(h)

23 and Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code § 515.5, does

24 not apply to PLAINTIFF, or to the other members of the CALIFORNIA CLASS, because they are

25 either computer software employees paid less than the requisite amount set forth in Cal. Lab. §

26 515.5(a)(4) and under subdivision (1)(A)(3)(h)(iv) of Order No. 4, and/or did not otherwise meet all

27 the applicable requirements to work under the exemption of computer software employee for the

28 reasons set forth above in this Complaint.

61.    During the class period, the PLAINTIFF, and other members of the CALIFORNIA CLASS, worked more that eight (8) hours in a workday, and/or more than forty (40) hours in a workweek and also worked on the seventh (7th) day of a workweek without compensation.

62.    At all relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFF, and the other members of the CALIFORNIA CLASS, were regularly required to work, and did in fact work, overtime hours.

63.    By virtue of DEFENDANTS' unlawful failure to pay addition compensation to the PLAINTIFF, and the other members of the CALIFORNIA CLASS for earned regular and overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

64.    DEFENDANTS knew or should have known that PLAINTIFF, and the other members of the CALIFORNIA CLASS, were misclassified as exempt and DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

65.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA CLASS, request recovery of regular and overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §1194(a), as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes.

66.    In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CALIFORNIA CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the Class.

**For Failure to Provide Meal and Rest Periods**

**[Cal. Lab. Code §§ 226.7 and 512]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All DEFENDANTS)**

67.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 66 of this Complaint.

68.     Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

69.     Section 11 of the Order 4-2001 of the Industrial Wage Commission provides, in relevant part:

Meal Periods:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The

written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70.     Section 12 of the Order 4-2001 of the Industrial Wage Commission provides, in relevant part:

Rest Periods:

(A)     Every employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3-1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

71.     Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

72.     DEFENDANTS have intentionally and improperly failed to provide all rest and/or meal

1 periods without any work or duties to PLAINTIFF and the other members of the CALIFORNIA CLASS

2 who worked more than three and one half hours (3 ½) per day, and by failing to do so DEFENDANTS

3 violated the provisions of Labor Code 226.7. DEFENDANTS had no policy or practice with respect

4 to meal and rest breaks for PLAINTIFF and the other members of the CALIFORNIA CLASS.

5       73.     Therefore, PLAINTIFF demands on behalf of himself and the members of the

6 CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not provided

7 for each four (4) hours of work during the period commencing on the date that is within four years prior

8 to the filing of this Complaint and one (1) hour of pay for each five (5) hours of work in which a meal

9 period was not provided.

10

11 **FOURTH CAUSE OF ACTION**

12 **For Failure to Pay Wages When Due**

13 **[ Cal. Lab. Code § 203]**

14 **(By PLAINTIFF and the CALIFORNIA CLASS and Against All DEFENDANTS)**

15       74.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

16 incorporate by reference, as though fully set forth herein, paragraphs 1 through 73 of this Complaint.

17       75.     Cal. Lab. Code § 200 provides that:

18     As used in this article:

19     (a) "Wages" includes all amounts for labor performed by employees of every

20     description, whether the amount is fixed or ascertained by the standard of time, task,

21     piece, commission basis, or other method of calculation.

22     (b) "Labor" includes labor, work, or service whether rendered or performed under

23     contract, subcontract, partnership, station plan, or other agreement if the labor to be

24     paid for is performed personally by the person demanding payment.

25       76.     Cal. Lab. Code § 202 provides, in relevant part, that:

26     If an employee not having a written contract for a definite period quits his or her

27     employment, his or her wages shall become due and payable not later than 72 hours

28     thereafter, unless the employee has given 72 hours previous notice of his or her

1      intention to quit, in which case the employee is entitled to his or her wages at the

2      time of quitting. Notwithstanding any other provision of law, an employee who quits

3      without providing a 72-hour notice shall be entitled to receive payment by mail if he

4      or she so requests and designates a mailing address. The date of the mailing shall

5      constitute the date of payment for purposes of the requirement to provide payment

6      within 72 hours of the notice of quitting.

7     77.    There was no definite term in any class members' employment contract.

8     78.    Cal. Lab. Code § 203 provides:

9      If an employer willfully fails to pay, without abatement or reduction, in accordance

10     with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

11     discharged or who quits, the wages of the employee shall continue as a penalty from

12     the due date thereof at the same rate until paid or until an action therefor is

13     commenced; but the wages shall not continue for more than 30 days.

14     79.    Many of the California Class members have terminated their employment and

15 DEFENDANTS have not tendered restitution of wages owed.

16     80.    Therefore, as provided by Cal lab. Code § 203, on behalf of himself and the members

17 of the CALIFORNIA CLASS, PLAINTIFF demands thirty days of pay as penalty for not paying all

18 wages due at time of termination for all employees who terminated employment during the

19 CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages due, plus

20 interest.

21

22 **FIFTH CAUSE OF ACTION**

23 **For Failure to Provide Accurate Itemized Statements**

24 **[Cal. Lab. Code § 226]**

25 **(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

26     81.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

27 incorporate by this reference, as though fully set forth herein, paragraphs 1 through 80 of this

28 Complaint.

82.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

83.     At all times relevant herein, DEFENDANTS violated Labor Code § 226, in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by PLAINTIFF, and the other members of the CALIFORNIA CLASS at the effective regular rates of pay and the effective overtime rates of pay.

84.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA CLASS. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate as DEFENDANTS failed to keep an accurate record of all

1 hours worked as required by law. Therefore, PLAINTIFF, and the other members of the CLASS

2 elect to recover liquidated damages of $50.00 for the initial pay period in which the violation

3 occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in

4 an amount according to proof at the time of trial (but in no event more than $4,000.00 for

5 PLAINTIFF and each respective member of the CALIFORNIA CLASS herein) plus reasonable

6 attorney's fees and costs pursuant to Labor Code § 226(g).

7

8 **SIXTH CAUSE OF ACTION**

9 **For Unlawful Business Practices**

10 **[Cal. Bus. And Prof. Code § 17200 et seq.]**

11 **(By PLAINTIFF and the CLASS and against All Defendants)**

12       85.     PLAINTIFF, and the other members of the CLASS, reallege and

13 incorporate by this reference, as though fully set forth herein, paragraphs 1 through 84 of this

14 Complaint.

15       86.     DEFENDANTS are "persons" as that term is defined under California Business &

16 Professions Code § 17021.

17       87.     California Business & Professions Code § 17200 defines unfair competition as any

18 unlawful, unfair, or fraudulent business act or practice.

19       88.     By the conduct alleged herein above in the First through Fifth Claims for Relief,

20 DEFENDANTS have violated the provisions of the Wage Orders, the Fair Labor Standards Act, 29

21 USC §201, the REGULATIONS, the California Labor Code, the Code of Federal Regulations and

22 the California Code of Regulations, *et seq.*, for which this Court should issue equitable and

23 injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages

24 wrongfully withheld or labor taken without proper compensation.

25       89.     By and through the unfair and unlawful business practices described herein above,

26 DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFF, and

27 the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed

28 by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to

1 unfairly compete.

2       90.    All the acts described herein as violations of, among other things, the Cal. Lab. Code,

3 California Code of Regulations, and the Industrial Welfare Commission Wage Orders, are unlawful

4 and in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and thereby

5 constitute unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 *et*

6 *seq.*

7       91.    PLAINTIFF, and the other members of the CLASS, are further entitled to, and do,

8 seek a declaration that the above described business practices are unfair and unlawful and that an

9 injunctive relief should be issued restraining DEFENDANTS from engaging in any of these unfair

10 and unlawful business practices in the future.

11       92.    PLAINTIFF, and the other members of the CLASS, have no plain, speedy, and/or

12 adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANTS.

13 Further, the practices herein alleged presently continue to occur unabated. As a result of the unfair

14 and unlawful business practices described above, PLAINTIFF, and the other members of the

15 CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANTS are

16 restrained from continuing to engage in these unfair and unlawful business practices. In addition,

17 DEFENDANTS should be required to disgorge the unpaid moneys to PLAINTIFF, and the other

18 members of the CLASS.

19

20                                **<u>PRAYER</u>**

21       WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally,

22 as follows:

23       A)     Compensatory damages, according to proof at trial due PLAINTIFF and the other

24               members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

25               applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

26               plus interest thereon at the statutory rate;

27       B)     Restitution, according to proof at trial, due PLAINTIFF and the other members of the

28               CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus

1      interest thereon at the statutory rate;

2    C)      One (1) hour of pay for each workday in which a meal period was not provided to

3        PLAINTIFF and each member of the CALIFORNIA CLASS for each four (4) hours

4        of work during the period commencing on the date that is within four years prior to

5        the filing of this Complaint;

6    D)      An order temporarily, preliminarily and permanently enjoining and restraining

7        DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

8    E)      An order requiring DEFENDANTS to provide an accounting of all hours worked, all

9        wages, and all sums unlawfuly withheld from compensation due to PLAINTIFF and

10       the other members of the COLLECTIVE and CALIFORNIA CLASSES;

11    F)      Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent

12       of the sums due to PLAINTIFF and to the other members of the COLLECTIVE and

13       CALIFORNIA CLASSES;

14    G)      An award of interest, including prejudgment interest at the legal rate;

15    H)      An award of liquidated damages, statutory damages, including reasonable attorneys'

16       fees and cost of suit, but only to the extent that such reasonable attorneys' fees and

17       costs are recoverable pursuant to Cal. Lab. Code §1194 or the FLSA at 29 U.S.C.

18       §216. Neither this prayer nor any other allegation or prayer in this Complaint is to be

19       construed as a request, under any circumstance, that would result in a request for

20       attorneys' fees or costs available under Cal. Lab. Code § 218.5;

21    I)      For liquidated damages pursuant to 29 U.S.C. § 216(b); and,

22    K)      Such other and further relief as the Court deems just and proper.

23

Dated: July 3\, 2008          BLUMENTHAL & NORDREHAUG

24

25                By:

                       Norman B. Blumenthal

26                        Attorneys for Plaintiff

27

28

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT 36

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.

Dated: July 3| 2008

BLUMENTHAL & NORDREHAUG

By: _____

Norman B. Blumenthal
Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

G:\D\NBB\Walsh v. Apple\p-Complaint-FINAL.wpd

®₌JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

# ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DAVID WALSH, an individual, on behalf of himself, and on behalf of all persons similarly situated, Plaintiff,

**(b)** County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

BLUMENTHAL & NORDREHAUG, 2255 Calle Clara, La Jolla California 92037 (858) 551-1223

## DEFENDANTS

APPLE, INC.; and Does 1 to 10, Defendants.

FILED
2008 AUG -4 PM 2:33

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ KNH _____ DEPUTY

Attorneys (If Known)

'08 CV 1410 JM POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 USC 201, et seq.
Brief description of cause: Wage and Hour

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 8/1/08
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # 153621   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

JAC 8/4/08

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 153621    – TC
* * C O P Y * *
August 04, 2008
14:33:19

## Civ Fil Non-Pris

USAO #.: 08CV1410
Judge..: JEFFREY T MILLER
Amount.:                $350.00 CK
Check#.: BC11406

## Total–>   $350.00

FROM: DAVID WALSH
        VS
      APPLE, INC