LYNNE C. HERMLE (STATE BAR NO. 99779)
JOSEPH C. LIBURT (STATE BAR NO. 155507)
JESSICA R. PERRY (STATE BAR NO. 209321)
ALLISON E. PITIGOI (STATE BAR NO. 242211)
SITTHIKIT CHARIYASATIT (STATE BAR NO. 252028)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      650-614-7400
Facsimile:      650-614-7401
lchermle@orrick.com
jliburt@orrick.com
jperry@orrick.com
apitigoi@orrick.com
schariyasatit@orrick.com

Attorneys for Defendant
APPLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALSH, an individual, DAVID KALUA, an individual, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. 05:08-cv-04918 JF<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT**<br><br>Date:     March 13, 2009<br>Time:    9:00 a.m.<br>Dept.:    3<br>Judge:   Hon. Jeremy Fogel<br><br>Action Filed:  August 4, 2008 |

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................................. 1

II.  ARGUMENT ....................................................................................................................... 2

    A.   California Labor Code Sections 203 And 226 Cannot Serve As The Bases For Plaintiffs' First Claim Under Business & Professions Code Section 17200................................................................................................................ 2

    B.   Plaintiffs' First Claim Is Vague And Ambiguous Because Plaintiffs Fail To Identify Specific Statutes That Serve As The Bases For Their Claim.................... 5

III. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Anderson* v. *Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,
  77 F.3d 364 (11th Cir. 1996).................................................................................... 5

*Montecino* v. *Spherion Corp.*,
  427 F. Supp. 2d 965 (C.D.Cal. 2006) ...................................................................... 4

*Sidney-Vinstein* v. *A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983)..................................................................................... 2

*Tomlinson* v. *Indymac Bank*,
  359 F. Supp. 2d 891 (C.D. Cal. 2005) .................................................................. 3, 4

*In re Wal-Mart Stores, Inc. Wage and Hour Litig.*,
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ...................................................................... 4

*Warth* v. *Seldin*,
  422 U.S. 490 (1975)................................................................................................... 5

## STATE CASES

*Baas* v. *Dollar Tree Stores, Inc.*,
  2007 WL. 2462150 (N.D. Cal. Aug. 29, 2007)........................................................... 4

*Cel-Tech Commc'ns* v. *Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ......................................................................................... 2, 3

*Cortez* v. *Purolator Air Filtration Products*,
  23 Cal. 4th 163 (2000) .............................................................................................. 4

*Farmers Ins. Exch.* v. *Super. Ct.*,
  2 Cal. 4th 377 (1992) ............................................................................................ 2, 5

*Kasky* v. *Nike, Inc.*,
  27 Cal. 4th 939 (2002) .............................................................................................. 3

*Korea Supply Co.* v. *Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ............................................................................................ 3

*Lazar* v. *Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ............................................................................... 5, 6

*People* v. *Duz-Mor Diagnostic Lab., Inc.*,
  68 Cal. App. 4th 654 (1998) ..................................................................................... 6

*Pineda* v. *Bank of Am., N.A.*,
  2009 WL. 131030 (1st App. Dist. Jan. 21, 2009) ..................................................... 4

*Reese* v. *Walmart Stores, Inc.*,
  73 Cal. App. 4th 1225 (1999) ................................................................................... 3

# TABLE OF CONTENTS
## (continued)

## FEDERAL STATUTES

Fed. R. Civ. P. 12(e) .................................................................................................... 5

Fed. R. Civ. P. 12(f) .................................................................................................... 2

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 .................................................................................. 2

Cal. Bus. & Prof. Code § 17203 .................................................................................. 3

Cal. Bus. & Prof. Code § 17204 .................................................................................. 3

Cal. Civ. Proc. Code § 340 .......................................................................................... 4

Cal. Lab. Code § 203 ................................................................................................... 4

Cal. Lab. Code § 226 ................................................................................................... 4

Cal. Lab. Code § 226(e)-(f) ......................................................................................... 4

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS DAVID WALSH AND DAVID KALUA AND THEIR ATTORNEYS

OF RECORD:

PLEASE TAKE NOTICE that on March 13, 2009, at 9:00 a.m., or as soon thereafter as

the matter may be heard before the Honorable Jeremy Fogel, Courtroom 3 on the 5th Floor of the

above Court, at 280 South First Street, San Jose, California, Defendant Apple Inc. ("Apple") will

and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order

striking any references and attempts to incorporate California Labor Code Sections 203 and 226

into Plaintiffs' first claim for unfair competition under Business and Professions Code Section

17200, *et seq.* ("UCL") on the ground that Labor Code Sections 203 and 226 are penalties and

thus cannot be recovered under Section 17200.

PLEASE TAKE FURTHER NOTICE that, at the time and place noted above, Apple will

also and hereby does move the Court, pursuant to Fed. R. Civ. P. 12(e), for an order directing

Plaintiff to file a more definite statement as to his first claim under the UCL on the ground that

Apple cannot frame a responsive pleading to this claim because it is uncertain which specific laws

Apple is accused of violating.

The motion is based on this Notice, the accompanying Memorandum of Points and

Authorities, pleadings and papers on file in this action, any matter of which the Court may or

must take judicial notice, any documentary evidence or oral argument given at the hearing on the

motion, and any other matter which the Court deems appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In the Second Amended Class and Collective Action Complaint ("SAC"), Plaintiffs David

Walsh and David Kalua improperly attempt to incorporate California Labor Code Sections 203

and 226 into their first claim under Business and Professions Code Section 17200 *et seq.*

("UCL").  It is well-settled, however, that these Labor Code provisions provide for penalties, not

restitution, and therefore cannot be recovered in a private action under the UCL.

In addition, Plaintiffs' first claim is vague and ambiguous because Plaintiffs fail to

identify the specific statutes they contend Defendant Apple Inc. ("Apple") violated. As a result, Apple cannot frame a responsive pleading to this claim because it is uncertain which specific laws it is accused of violating under the UCL. Therefore, the Court should order Plaintiffs to resolve the ambiguity and specify which statutes Plaintiffs allege as the bases for their UCL claim.

For these reasons, and as further discussed below, Apple brings its Motion to Strike and For a More Definite Statement. Apple requests that the Court grant its Motion and order that all language referencing Labor Code sections 203 and 226 be stricken from Plaintiffs' first claim under the UCL, and also order Plaintiffs to clarify the vague allegations in the first claim by specifying which statutes Plaintiffs contend Apple has violated.

## II. ARGUMENT

### A. California Labor Code Sections 203 And 226 Cannot Serve As The Bases For Plaintiffs' First Claim Under Business & Professions Code Section 17200

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This provision allows the Court to dispense with spurious issues prior to trial to prevent waste of the Court's time and resources. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial …."). Here, Plaintiffs attempt to incorporate California Labor Code Sections 203 and 226 into their first claim under the UCL. *See SAC*, ¶ 44. This is improper because these Labor Code provisions provide for penalties, not restitution, and therefore cannot be recovered in a private UCL action. Thus, Apple's motion to strike should be granted.

Business and Professions Code Section 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice . . . ." An action based on the UCL to redress "unlawful" practices "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). Although the UCL permits the borrowing of other substantive claims, its own unique remedies are very narrow. *Cel-Tech Commc'ns v. Los Angeles Cellular Tel. Co.*, 20 Cal.

4th 163, 180 (1999) ("In contrast to its *limited remedies*, the unfair competition law's scope is broad") (emphasis added). The Supreme Court has emphasized that the only remedies available to a <u>private</u> plaintiff under the UCL are injunctive relief and restitution. *Cel-Tech*, 20 Cal. 4th at 179 ("Prevailing plaintiffs are generally limited to injunctive relief and restitution"); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (same); *see also* Cal. Bus. & Prof. Code § 17203 (the court may order defendant "to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition").

It is well-settled that penalties cannot be recovered in a private UCL action[1] because they are not restitution. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002) ("In a suit under the UCL, a *public prosecutor* may collect civil penalties, but a *private plaintiff's* remedies are generally limited to injunctive relief and restitution") (internal quotation marks omitted) (emphases added); *Korea Supply*, 29 Cal. 4th at 1144 ("Civil penalties may be assessed in *public* unfair competition actions, but the law contains no criminal provisions. (§ 17206.) We have stated that under the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'") (emphasis added); *Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005) ("The Court agrees ... that the remedy contained in [Labor Code] Section 203 is a penalty because Section 203 does not merely compel Indymac to restore the *status quo ante* by compensating Plaintiffs for the time they worked; rather, it acts as a penalty by punishing Indymac … and forces Indymac to pay Plaintiffs an additional amount. *This type of payment clearly is not restitutionary, and thus cannot be recovered under the UCL.*") (emphasis added); *Reese v. Walmart Stores, Inc.*, 73 Cal. App. 4th 1225, 1240 n.8 (1999) (in discussing section 17200 claims, the court stated: "*equitable relief would not include the statutory penalties …*") (emphasis added).

In their first claim under the UCL, Plaintiffs attempt an end-run around this black-letter law by seeking penalties provided by Labor Code Sections 203 and 226. *See* SAC, ¶ 44.

---

[1] A "public action" under the UCL is one brought in the name of the people of the State of California by the Attorney General, a district attorney, county counsel, or a city attorney, as described in Business & Professions Code Sections 17204, 17204.5, and 17206-17207. A "private action" under the UCL is one brought by any person who has "suffered injury in fact and has lost money or property as a result of unfair competition" as described in Business & Professions Code Section 17204.

- 3 -

However, Sections 203 and 226 provide penalties, not restitution, and therefore cannot serve as the bases for a private action under the UCL. *See* Cal. Lab. Code § 226(e)-(f) (providing for a penalty for failure to provide itemized wage statements); Cal. Lab. Code § 203 (providing for a penalty for failure to timely compensate wages due at termination of employment). Indeed, courts have consistently found that Section 203 and 226 penalties cannot be recovered under the UCL. *See Tomlinson*, 359 F. Supp. 2d at 895 (Section 203 penalties not recoverable under UCL); *Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 967 (C.D.Cal. 2006) ("§ 203 payments are clearly a penalty, and thus cannot be claimed pursuant to the UCL"); *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2007 WL 2462150, *5 (N.D. Cal. Aug. 29, 2007) ("California Labor Code sections 203 and 226.6 provide for statutory penalties, not injunctive relief or restitution, and thus, are not recoverable pursuant to Section 17200."); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 619 (N.D. Cal. 2007) ("plaintiffs concede that under *Tomlinson*, *supra*, 359 F. Supp. at 895, claims pursuant to Labor Code §§ 203 and 226 cannot support a § 17200 claim. … Accordingly, as the parties are <u>correctly</u> in agreement as to the scope of plaintiff's UCL claim, Wal-Mart's motion to dismiss the Sixth Cause of Action is granted with respect to claims based on §§ 203 and 226") (emphasis added); *Pineda v. Bank of Am., N.A.*, No. A122022, 2009 WL 131030, *5-6 (1st App. Dist. Jan. 21, 2009) (penalties under Section 203 cannot be recovered as restitution under the UCL). Consequently, Plaintiffs cannot recover Section 203 waiting-time penalties or Section 226 penalties through their UCL claim.

This is important because waiting time penalties under Labor Code Section 203 have a three year statute of limitations (*see* Cal. Lab. Code §203), and violation of the itemized wage statement statute only has a one-year statute of limitations. *See* Cal. Civ. Proc. Code § 340 (providing that an action upon a statute for a penalty must be brought within one year). However, Business & Professions Code Section 17200 has a four-year statute of limitations. *Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163, 179 (2000) (noting different statute of limitations for claims brought under Labor Code and claims under Section 17200). If Plaintiffs are allowed to incorporate Labor Code sections 203 and 226 into their UCL claim, they may recover additional years of Labor Code penalties to which they are not entitled under the statute.

1   Accordingly, Apple's motion to strike should be granted and all language referencing

2   Labor Code sections 203 and 226 must be stricken from Plaintiffs' first claim.  *See* SAC, ¶ 44.

3   **B.**     **Plaintiffs' First Claim Is Vague And Ambiguous Because Plaintiffs Fail To
            Identify Specific Statutes That Serve As The Bases For Their Claim**

5   Apple additionally requests that the Court grant its motion for a more definite statement as

6   to Plaintiffs' first claim.  Under Federal Rule of Civil Procedure 12(e), the Court has broad

7   discretion to order Plaintiffs to provide a more definite statement where the complaint is "so

8   vague or ambiguous" that Apple cannot reasonably be required to frame a responsive pleading.

9   Fed. R. Civ. P. 12(e).  Trial courts have broad discretion to require amendment of the complaint

10  to provide additional detail.  *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975).  An order for a more

11  definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled

12  clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket

13  becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to

14  administer justice."  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367

15  (11th Cir. 1996) (finding trial court should have instructed plaintiff's counsel to provide more

16  definite statement).

17  Here, Plaintiffs' first claim is brought under the UCL.  As previously discussed, the UCL

18  "borrows" violations of other laws and treats them as unlawful practices independently actionable

19  under Section 17200.  *Farmers Ins. Exch.*, 2 Cal. 4th at 383.  Thus, to state a claim under Section

20  17200, Plaintiffs must state a claim for violation of the underlying statutes.  *See Lazar v. Hertz*

21  *Corp.*, 69 Cal. App. 4th 1494, 1505 (1999) ("Hertz's conduct did not violate the Unruh Act.  As

22  this necessary predicate of his UCL claims does not exist, these two causes of action necessarily

23  fail to state a claim for relief to the extent that they are based on allegations of Unruh Act

24  violations").  However, Plaintiffs' first claim alleges violations of several unspecified laws.  *See*

25  SAC, ¶¶ 44, 46.  Though Plaintiffs do list specific provisions of some statutes, Plaintiffs also

26  improperly allege general violations of "Wage Orders," "Regulations implementing the Fair

27  Labor Standards Act," "the California Labor Code," "the Code of Federal Regulations and the

28  California Code of Regulations" and "the opinions of the Department of Labor Standards

Enforcement." *Id.* These vague and ambiguous allegations are insufficient to state a claim under the UCL because Plaintiffs must identify the underlying <u>specific</u> statutes Apple is alleged to have violated. *See Lazar*, 69 Cal. App. 4th at 1505.

Plaintiffs' failure to identify the specific underlying statutes that they contend Apple violated renders Apple unable to frame a responsive pleading to this claim. And because Apple is uncertain which specific laws it is accused of violating, it cannot properly determine which defenses are available to it. *See People v. Duz-Mor Diagnostic Lab., Inc.*, 68 Cal. App. 4th 654, 673 (1998) ("A defense to the underlying offense is a defense under [§ 17200]."). It is simply unfair to allege that Apple violated an entire code or set of regulations. For example, "the California Labor Code" runs from Section 1 to Section 9103. Are Plaintiffs alleging that Apple violated every section of the California Labor Code? Similarly, are Plaintiffs alleging that Apple violated every regulation within the entire CFR and every DLSE opinion letter? Apple is entitled to know exactly which statutes and/or regulations it is alleged to have violated, and not be placed in its current position of having to guess which laws it is accused of violating.

Adding further ambiguity to Plaintiffs' first claim is their improper use of the phrases "including but not limited to" and "among other things" when referring to statutes and regulations that Apple allegedly violated. *See* SAC, ¶¶ 44, 46. This language leaves open the possibility that Plaintiffs may at their whim later contend that other codes or statutes that were never previously identified are somehow included in their UCL claim. As discussed above, such ambiguity is improper because Apple cannot frame a responsive pleading to the claim if it does not know all of the statutes – and which statutes – it is accused of violating. If there are additional statutes that Plaintiffs want to include in their UCL claim that are not listed in the SAC, they should simply identify them and remove the uncertainty. If Plaintiffs later want to include additional statutes, Plaintiffs can file a motion to amend. However, using language such as "including but not limited to" and "among other things" when identifying underlying statutes of a UCL claim is vague and confusing, and prevents Apple from adequately responding to Plaintiffs' claim. The Court should therefore order Plaintiffs to remove this ambiguous language and identify which specific statutes Plaintiffs allege as the bases for their UCL claim.

1    Accordingly, Apple's motion for a more definite statement of the allegations in the first

2    claim should be granted.

3    **III.    CONCLUSION**

4            For all of the foregoing reasons, Apple respectfully requests that the Court grant its

5    Motion to Strike and For a More Definite Statement, and order that all references to California

6    Labor Code Sections 203 and 226 be stricken from Plaintiffs' first claim under the UCL and

7    further order Plaintiffs to specify the underlying statutes for their UCL claim.

8

9    Dated: January 29, 2009                    LYNNE C. HERMLE
                                                JOSEPH C. LIBURT
10                                              JESSICA R. PERRY
                                                ALLISON E. PITIGOI
11                                              SITTHIKIT CHARIYASATIT
                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
12

13

14                                              _____/s/_____
                                                Joseph C. Liburt
15                                              Attorneys for Defendant
                                                APPLE INC.

16

17

18

19

20

21

22

23

24

25

26

27

28