**BLUMENTHAL & NORDREHAUG**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
  Walter Haines (State Bar #71705)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DAVID WALSH, an individual, DAVID KALUA, an individual, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendants. | CASE No. **05:08-cv-04918-JF**<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT<br><br>Date:    March 13, 2009<br>Time:   9:00 a.m.<br><br>Judge:  Hon. Jeremy Fogel<br>Court:  Dept. 3<br><br>Action Filed: August 4, 2008 |

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF RELEVANT FACTS AND ALLEGATIONS . . . . . . . . . . . . . . . . . . 2

III. LAW AND ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. Apple's Violations of Labor Code Sections 203 and 226 May Serve
       As Predicates For Plaintiffs' UCL Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B. Plaintiff's Second Amended Complaint Sufficiently Identifies the Laws
       Violated by Apple's Unlawful Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases:**

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*,
　260 F. Supp. 2d 941 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*AICCO, Inc. v. Ins. Co. of N. Am.*,
　90 Cal. App. 4th 579 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Boxall v. Sequoia High School Dist.*,
　464 F. Supp. 1104 (N.D. Cal. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bureerong v. Uvawas*,
　922 F.Supp. 1450 (C.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cel-Tech Comm. V. Los Angeles Cellular Tel. Co.*,
　20 Cal. 4th 163 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Cortez v. Purolator Air Filtration Products Co.*,
　23 Cal.4th 163 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*CRST Van Expedited, Inc. v. Werner Enters.*,
　479 F.3d 1099 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
　525 F.Supp. 940, 948 (E.D. Cal., 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Goddard v. Google, Inc.*,
　2008 U.S. Dist. LEXIS 101890 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Korea Supply Co. v. Lockheed Martin Corp.*,
　29 Cal. 4th 1134 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lazar v. Hertz Corp.*,
　69 Cal. App. 4th 1494 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Peters v. CJK Assocs.*, LLC,
　2003 U.S. Dist. LEXIS 26988 (E.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sagan v. Apple Computer, Inc.*,
　874 F.Supp. 1072 (C.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Saunders v. Superior Court*,
　27 Cal.App.4th 832 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Virgen v. Mae*,
　2007 U.S. Dist. LEXIS 37509, 2007 WL 1521553 (E.D. Cal. 2007) . . . . . . . . . . . 9

**Statutes, Rules and Regulations:**

California Business & Professions Code
 § 17200 ................................................................. 1, 5
 § 17203 ................................................................. 5, 6
 § 17202 ................................................................... 6

California Labor Code
 § 203 ............................................................ 1, 2, 4, 6, 8
 § 226 ............................................................ 1, 2, 4, 6, 8
 § 226.7 .................................................................... 8
 § 510 ................................................................... 4, 8
 § 512 ...................................................................... 8
 § 515 ...................................................................... 8
 § 515.5 .................................................................... 8
 § 1198 ..................................................................... 8

Federal Rules of Civil Procedure
 Rule 8 ..................................................................... 7
 Rule 12 .................................................................... 7

8 C.C.R. § 11040 (2009) ......................................................... 10

29 C.F.R. 541.2 .................................................................. 8

29 C.F.R. 541.3 .................................................................. 8

29 C.F.R. 541.100 ................................................................ 8

29 C.F.R. 541.200 ................................................................ 8

29 C.F.R. 541.300 ................................................................ 8

29 C.F.R. 541.400 ................................................................ 8

29 C.F.R. 541.402 ................................................................ 8

29 U.S.C. § 201 .................................................................. 8

29 U.S.C. § 207 .................................................................. 8

29 U.S.C. § 213 .................................................................. 8

## I. INTRODUCTION

Defendant Apple, Inc.'s ("Apple") Motion should respectfully be denied, or alternatively, Plaintiffs should be given leave to amend the Second Amended Complaint ("SAC") [Doc. No. 16] as detailed herein.

Apple first argues to strike "any references or attempts to incorporate California Labor Code Sections 203 and 226 into Plaintiffs' first claim for unfair competition under Business & Professions Code § 17200, et seq. ("UCL") on the ground that Labor Code §§ 203 and 226 are penalties and thus cannot be recovered under Section 17200." (Apple Motion at p.1).

While Plaintiff agrees that several District Courts have concluded that penalties may not be recovered under the UCL, the problem with Apple's argument is that Plaintiff does not seek to recover penalties under the UCL. Nowhere in the Second Amended Complaint are penalties sought under the UCL, nor does the paragraph 44 cited by Apple refer to penalties.

Rather, Plaintiffs seek only injunctive relief to enforce Labor Code Sections 203 and 226 and enjoin Apple's continued violation of these statutes. **As Apple's Motion concedes, among the "remedies available to a private plaintiff under the UCL are injunctive relief..."** (Apple Motion at p.3).[1] See also *Cel-Tech Comm. V. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999). Thus, Plaintiffs pleading of Apple's ongoing violations of Labor Code Sections 203 and 226 as predicate violations for injunctive relief under the UCL is therefore entirely proper, and should not be stricken from the SAC.

Apple next argues that Plaintiff should provide a more definite statement because Apple is "uncertain which specific laws it is accused of violating under the UCL. (Apple Motion at p.2). Plaintiffs are uncertain as to why Apple is "uncertain." The SAC very clearly identifies the unlawful conduct and the corresponding laws which Apple is alleged to violate.

For example, Apple's Motion argues that Plaintiffs improperly allege general violations of the Wage Orders, which is true. But what Apple fails to inform the Court is that there is only

---

[1] Unless otherwise indicated, all emphasis added and internal citations omitted.

MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT
1                                                                                05:08-cv-04918-JF

one Wage Order which applies to the claims brought by Plaintiffs - Wage Order 4-2001, and that Wage Order is the Wage Order specifically alleged in the SAC. Indeed, Wage Order 4-2001 is the only Wage Order pled in the SAC, and Apple's professed ignorance at which Wage Order is alleged to be violated rings hollow. Thus, Apple's alleged "uncertainty" is the result of Apple's failure to address the SAC as a whole, as the specific unlawful conduct and the specific Wage Order violated are pled with certainty in the SAC.[2]

Plaintiff therefore respectfully submits that the Apple Motion should be denied. In the alternative, Plaintiffs can amend the pleading to further allege with even greater specificity, should the Court so require, that Plaintiffs seek only injunctive relief with respect to the violations of Labor Code Sections 203 and 226 and to repeat a list of alleged violations in the text of paragraph 44 of the SAC along with limiting all Wage Order and statutory references to Wage Order 4-2001 and the statutory references set forth herein below.[3]

## II. STATEMENT OF RELEVANT FACTS AND ALLEGATIONS

To understand the laws and claims at issue, a discussion of the relevant facts and allegations in the Second Amended Complaint ("SAC") is warranted.

Plaintiff David Walsh was hired by Apple in the state of California and worked for Apple from April of 1995 to November of 2007 as a member of the GNCS and IS&T Support Staff. Plaintiff David Kalua was hired by Apple in the state of California and worked for Apple from 2000 to 2007 as a member of the GNCS and IS&T Support Staff. (SAC at ¶5).

---

[2] For the convenience of the Court, and to make certain any uncertainty, Plaintiffs list herein the specific unlawful conduct and the specific laws violated with references to allegations of the SAC.

[3] While in this case, Plaintiffs can easily list out the laws, statutes, regulations and orders that Apple violated, the Court should be circumspect of creating a rule that under Rule 8, an exhaustive list must always be pled, as Apple provides no authority for such a rule which would conflict with the settled jurisprudence applying Rule 8 and liberal notice pleading rules. The establishment of this rule, without clear legal or legislative authority, could result in unanticipated injustice in other cases.

In order to provide a wide array of products to millions of customers and potential customers worldwide, Apple employs many employees within the Global Network and Computing Services Group ("GNCS") and the Information Systems & Technology Group ("IS&T"). (SAC at ¶4). These groups service Apple's corporate systems, retail systems and related infrastructure. Within the GNCS and IS&T groups, Apple employs individuals with the common job titles of "Systems Engineers," "Data Center Systems Engineers," "WAN Network / Voice Engineers," "Network Engineers," "Retail Engineers," and "Information Systems Analyst," (collectively "GNCS and IS&T Support Staff") who provide the labor for the installation, configuration, implementation, maintenance, troubleshooting, technical support, and upgrades of Apple's corporate systems, retail systems and other related computer systems and infrastructure. (SAC at ¶4).

**The primary duties of the GNCS and IS&T Support Staff Members consisted of providing the labor for the troubleshooting, installing, configuring and maintaining Apple's computer software and hardware and providing on-call support to Apple's GNCS and IS&T groups.** (SAC at ¶6). This work was performed in Apple's home offices, data centers, and retail stores, as the need arose by physically installing, physically configuring, and physically replacing and maintaining network equipment and by performing all tasks incident thereto. (SAC at ¶6). To perform this work, GNCS and IS&T Support Staff Members worked more than eight (8) hours in a day and more than forty (40) hours in a workweek, and were required to work in on-call rotations during nights and weekends. (SAC at ¶¶ 10-11).

**Apple's business model is to uniformly classify all GNCS and IS&T Support Staff Members as "exempt" from overtime based on job title alone, regardless of the amount of time spent and the actual labor performed by them on various tasks during the course of their employment.** (SAC at ¶8). "Apple, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, and wilfully, on the basis of job description alone and without regard to the actual overall

requirements of the job, systematically classified Plaintiffs and [all other GNCS and IS&T Support Staff Members ] as exempt from overtime wages and other labor laws in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws." (SAC at ¶ 29). Through this practice, Apple required Plaintiffs and the other GNCS and IS&T Support Staff Members to regularly work more than eight (8) hours a day and/or forty (40) hours a week and also on the seventh (7th) day of a workweek, but failed to compensate the employees for these hours of work as required by law. (SAC at ¶ 10).

The SAC therefore challenges Apple's "uniform policy and practice in place at all times during the California Class Period and currently in place... to systematically classify each and every California Class Member as exempt from the requirements of the California Labor Code §§ 510, *et seq.*, based on job title alone." (SAC at ¶19).

Because "all GNCS and IS&T Support Staff Members, including the Plaintiffs, performed the same primary functions and were paid by Defendant according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation," and because this business practice was uniformly applied to each and every member of the Class, the propriety of this conduct can be adjudicated on a classwide basis. (SAC at ¶ 34).

### III. LAW AND ANALYSIS

**A. Apple's Violations of Labor Code Sections 203 and 226 May Serve As Predicates For Plaintiffs' UCL Claim**

Apple argues that Plaintiffs' reference to California Labor Code Sections 203 and 226 in the UCL is "improper because these Labor Code provisions provide for penalties, not restitution, and therefore cannot be recovered in a private UCL action." (Apple Motion at p.2). While District Courts have concluded that penalties may not be recovered under the UCL, Apple's Motion ignores the fact that under the UCL, Plaintiffs may seek "injunctive relief" to prevent Apple's continuing violation of these laws. **As a result, even if Plaintiff may not**

**recover penalties under the UCL, the reference to these statutes as the predicate violations for the UCL claim is nevertheless proper as to injunctive relief.**

Indeed, Nowhere in the UCL claim does the term "penalty" appear, nor can any allegation in the SAC be construed as seeking penalties under the UCL claim. Rather, Plaintiffs citation to these statutes as part of the unlawful conduct by Apple under the UCL is perfectly proper as Plaintiffs may seek injunctive relief for the violations under Bus. & Prof. Code § 17203.[4]

"The California Supreme Court has given the term 'unlawful' a straightforward and broad interpretation: 'The UCL covers a wide range of conduct. It embraces anything that can properly be called a business practice and that at the same time is forbidden by law. . . . Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices.' *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003)."*CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099, 1107 (9th Cir. 2007). "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838-9 (1994). This Court confirmed this expansive scope of the UCL in *Goddard v. Google, Inc.*, 2008 U.S. Dist. LEXIS 101890, *18 (N.D. Cal. 2008); see also *AICCO, Inc. v. Ins. Co. of N. Am.*, 90 Cal. App. 4th 579, 587, 109 Cal. Rptr. 2d 359 (1st Dist. 2001); *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 954 (2003).

---

[4] Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:
> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

Thus, Apple's violations of Sections 203 and 226 constitute "unlawful" conduct under the UCL, and are therefore independently actionable as unfair competitive practices. Apple's Motion provides no authority for the argument that these laws cannot serve as predicate laws under the UCL for injunctive relief, as all of the cases cited by Apple merely hold that penalties may not be recovered under the UCL.[5]

Instead, Apple's Motion merely argues that the remedy of penalties is not available under the Plaintiffs' UCL claim. **As noted herein, however, Plaintiff makes no allegation in the SAC that penalties may be recovered under the UCL.[6]** The reference to these statutes is entirely proper to describe the unlawful conduct as to which Plaintiffs seek to obtain injunctive relief.[7] The ultimate question of whether injunctive relief is "necessary to prevent" the unlawful conduct alleged in the UCL claim is an issue for trial, not a motion to strike.

As a result, the motion to strike references to Sections 203 and 226 from the SAC should respectfully be denied.

---

[5] Apple's Motion makes no argument that Plaintiffs lack standing to bring the UCL claim, nor would such an argument have merit in light of the allegations of paragraph 45 of the SAC. In addition, the Court should be aware that under Labor Code Section 226, an employee may recover damages in the form of "unpaid wages" resulting from the inaccurate wage statement, which is the same type of relief already held to be recoverable by the California Supreme Court in *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 173 (2000) ("We conclude that orders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by section 17203.") Thus, Apple's argument with respect to Labor Code Section 226 is not even correct because this statute provides for the recovery of damages.

[6] Apple cites only to paragraph 44 of the SAC to argue that Plaintiffs seek penalties under the UCL claim, however, an examination of this paragraph reveals this argument to be unfounded**. In paragraph 44, Plaintiffs request "declaratory, injunctive and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition."**

[7] Cal. Business & Professions Code § 17202 expressly authorizes injunctive relief predicated on a penalty statute.

**B. Plaintiff's Second Amended Complaint Sufficiently Identifies the Laws Violated by Apple's Unlawful Conduct**

Under Rule 12(e), "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). **As Apple is aware from a similar motion by Apple being denied in another case, motions for a more definite statement are "viewed with disfavor," and are rarely granted given the liberal pleading standards of Rule 8(a)**. *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994).

"[W]here the information sought by the moving party is available and/or properly sought through discovery the motion should be denied." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 948 (E.D. Cal., 1981). "Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Sagan*, *supra*, at 1077. Settled law holds that a motion for a more definite statement should be denied where the substance of the claim has been alleged, even though some of the details are omitted. *Sagan*, *supra*, at 1077; *Boxall v. Sequoia High School Dist.*, 464 F. Supp. 1104, 1113-14 (N.D. Cal. 1979). Therefore, a motion for a more definite statement should not be granted "unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1460 (C.D. Cal. 1996).

Here, Apple's Motion does not even come close to this standard. The SAC specifically and particularly alleges the unlawful conduct by Apple and lists out the various laws and regulations violated by Apple's conduct.[8] Apple's rhetorical hyperbole that Plaintiffs allege that "Apple violated every section of the California Labor Code" is untenable and is belied by the Second Amended Complaint which clearly describes Apple's unlawful conduct and the laws violated by Apple.

As set forth in the Second Amended Complaint, Apple is alleged to have engaged in the

---

[8] In accordance with Rule 8, Plaintiffs have pled a short and plain statement of the facts that gives the defendant fair notice of both the claims, which is all that is required.

following unlawful conduct and violated these specific laws:

1. Failing to pay overtime in violation of Cal. Labor Code § 510 - (SAC at ¶23(d) and ¶ 44);
2. Failing to provide meal and rest periods in violation of Cal. Lab. Code §§ 226.7 and 512 - (SAC ¶ 23(e) and ¶ 44);
3. Failing to provide accurate, itemized wage statements in violation of Cal. Lab. Code § 226 - (SAC at ¶ 23(f) and ¶ 44);
4. Failing to properly classify employees in violation of Wage Order 4-2001, and the identical provisions in Cal. Labor Code 515 and 515.5 - (SAC at ¶ 14, ¶ 28, ¶ 33(a) and ¶ 61);
5. Failing to timely pay wages upon termination of employment in violation of Cal. Labor Code 203 - (SAC at ¶ 23(g), ¶ 35 (b), and ¶ 44);
6. Employment for longer hours than those fixed by the order or under conditions of labor prohibited by the order in violation of Cal. Labor Code § 1198 - (SAC at ¶ 54 and ¶ 63);
7. Failing to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 and 29 U.S.C. § 207 - (SAC at ¶ 44 and ¶¶ 92-95);
8. Failing to properly classify employees in violation of 29 U.S.C. § 213, 29 C.F.R. 541.2, 29 C.F.R. 541.3, 29 C.F.R. 541.100, 29 C.F.R. 541.200, 29 C.F.R. 541.300, 29 C.F.R. 541.400, 29 C.F.R. 541.402 - (SAC at ¶ 44 and ¶¶ 96-101)

These are the predicate violations which give rise to Plaintiffs' UCL claim, and each of these laws are specifically cite in the Second Amended Complaint. Apple's selective citation to only portions of the Second Amended Complaint, without reference to the entire pleading where the unlawful conduct is detailed and the specific laws are cited, should not be entertained.

Indeed, the only citations not specifically enumerated are to court opinions and agency opinions. For Apple's benefit, there citations are as follows:

First, Apple's conduct violates the 1999 and 2006 Opinion Letters of the Department of

Labor ("DOL") and other regulations, which apply the above listed federal laws. Specifically, in the two Opinion Letters, the DOL specifically address IT-Support workers, like the GNCS and IS&T Support Staff in this case. **The DOL Opinion Letters found that an employee, like the GNCS and IS&T Support Staff, who primarily "analyzes, troubleshoots and resolves complex problems with business applications, networking and hardware" is a non-exempt employee** See 2006 DOL Opinion Letter and 1999 DOL Opinion Letter, attached to the Declaration of Blumenthal as Exhibits #1 and #2.

These DOL Letters are based upon the laws cited above, and interpret the laws cited above in finding that an employee whose primary job responsibility is IT Support is a non-exempt employee. While Apple's feigned ignorance of these DOL Letters governing the employees is surprising, the failure to cite these interpretive letters does not render the SAC uncertain.[9]

Under the liberal pleading standards of Rule 8(a), Plaintiffs' UCL claim in the SAC cannot be deemed to be uncertain. *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). Plaintiffs pled a short and plain statement of the facts that gives Apple fair notice of both the claims and the grounds upon which they rest, which is all that is required. *Virgen v. Mae*, 2007 U.S. Dist. LEXIS 37509, 2007 WL 1521553, *2 (E.D. Cal. 2007). As explained by one District Court in denying a motion for a more definite statement: "The plaintiff is not required to plead each violation of accessibility with greater specificity." *Peters v. CJK Assocs.*, LLC, 2003 U.S. Dist. LEXIS 26988, at *5 (E.D. Cal. 2003).

---

[9] Apple's exclusive reliance on the decision in *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999), to argue uncertainty is unavailing. *Lazar* merely held that where the conduct alleged does not violate a law, then the conduct is not unlawful within the meaning of the UCL. Contrary to the citation by Apple, nowhere in the *Lazar* decision does the Court of Appeal hold that an exhaustive list of all violated statutes must be alleged in a particular place in the cause of action. Rather, *Lazar* merely reinforces Plaintiffs' argument here that a UCL claim is sufficient where the conduct is alleged and the conduct alleged violates a statute, law or regulation. Here, Plaintiffs specifically and precisely allege the conduct that is unlawful, why that conduct is unlawful, and what laws are violated. Nothing more is required.

Second, Apple's classification policies violate California Code of Regulations which apply the above listed state laws. In 8 C.C.R. § 11040 (2009), the California Code of Regulations merely codifies the Wage Order 4-2001 which was expressly referenced in the SAC. This is the California regulation which obviously applies to the GNCS and IS&T Support Staff and Apple is put on notice of this regulation by virtue of Plaintiffs' citation to the identical Wage Order 4-2001. See Wage Order 4-2001, attached to the Declaration of Blumenthal as Exhibit #3.

Third, Apple's classification policies with respect to the GNCS and IS&T Support Staff violate court decisions which apply the above listed state and federal laws. Apple however, cites to no authority which holds that a Plaintiff must plead all of the court decisions upon which that party expects to cite in support of their argument that the Defendant has violated the law. Moreover, because the predicate laws are expressly cited in the Second Amended Complaint, and the unlawful conduct is described in detail, there can be no dispute that Apple is sufficiently and clearly put on notice as to what is being alleged.

As a result, Plaintiffs respectfully submit that Apple's motion for a more definite statement with respect to the UCL claim should respectfully be denied as the SAC specifically identifies the predicate laws and the unlawful conduct upon which the UCL claim is based. Alternatively, Plaintiffs request leave to list out citations to the laws so that Apple will no longer be "uncertain" or "confused" about the unlawful conduct being challenged in this action.

## IV. CONCLUSION

For the reasons set forth herein, the Motion by Apple should respectfully be denied, or in the alternative, Plaintiffs should be given leave to amend as set forth herein.

Dated: February 23, 2009  BLUMENTHAL & NORDREHAUG

By: *s/Norman B. Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

K:\D\NBB\Walsh v. Apple\Motion to Strike -02\p-Opposition-01.wpd