1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    JOSEPH C. LIBURT (STATE BAR NO. 155507)
2   JESSICA R. PERRY (STATE BAR NO. 209321)
    ALLISON E. PITIGOI (STATE BAR NO. 242211)
3   SITTHIKIT CHARIYASATIT (STATE BAR NO. 252028)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
4   1000 Marsh Road
    Menlo Park, CA  94025
5   Telephone:      650-614-7400
    Facsimile:       650-614-7401
6   lchermle@orrick.com
    jliburt@orrick.com
7   jperry@orrick.com
    apitigoi@orrick.com
8   schariyasatit@orrick.com

9   Attorneys for Defendant
    APPLE INC.

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  DAVID WALSH, an individual, DAVID KALUA, an individual, on behalf of themselves, and on behalf of all persons similarly situated, | CASE NO. 05:08-cv-04918 JF |
| 15 | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT** |
| 16 | |
| 17              Plaintiff, | |
| 18      v. | Date:      March 13, 2009 |
| 19  APPLE INC., | Time:      9:00 a.m. Dept.:      3 |
| 20              Defendant. | Judge:      Hon. Jeremy Fogel |
| 21 | Action Filed:  August 4, 2008 |

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 1

    A.   Plaintiffs' Opposition Was Untimely Filed And Should Be Disregarded ............. 1

    B.   California Labor Code Sections 203 And 226 Provide For Only Statutory Penalties, Not Injunctive Relief Or Restitution, And Thus Must Be Stricken From Plaintiffs' Business & Professions Code Section 17200 Claim ................... 2

        1.   Business & Professions Code Section 17202 Does Not Provide for Injunctive Relief in Private Actions ........................................................... 4

    C.   Plaintiffs' First Claim Fails To Sufficiently Identify And Limit The Statutes That Serve As The Bases For Their Claim ............................................. 7

III. CONCLUSION ................................................................................................... 9

OHS West:260615829.1

REPLY MEMO. I/S/O/ DEF. APPLE INC.'S MOTION TO STRIKE
AND FOR A MORE DEFINITE STATEMENT
(CASE NO. 05:08-CV-04918-JF)

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Baas* v. *Dollar Tree Stores, Inc.*,
2007 WL 2462150 (N.D. Cal. Aug. 29, 2007)........................................................ 3

*Bell Atlantic Corp.* v. *Twombly*,
127 S. Ct. 1955 (2007)............................................................................................... 9

*Mendez* v. *Banco Popular de Puerto Rico*,
900 F.2d 4 (1st Cir. 1990)........................................................................................ 2

*Montecino* v. *Spherion Corp.*,
427 F. Supp. 2d 965 (C.D. Cal. 2006) .................................................................. 3

*Sea Carriers Corp.* v. *Empire Programs, Inc.*,
2008 U.S. Dist. LEXIS 49205 (S.D.N.Y. June 24, 2008)................................... 8

*Shanahan* v. *City of Chicago*,
82 F.3d 776 (7th Cir. 1996)...................................................................................... 8

*Tomlinson* v. *Indymac Bank*,
359 F. Supp. 2d 891 (C.D. Cal. 2005) ................................................................. 4

*Tull* v. *U.S.*,
481 U.S. 412 (1987).............................................................................................. 5, 6

*In re Wal-Mart Stores, Inc. Wage and Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) ................................................................ 3

*Weston* v. *Brown*,
1996 U.S. Dist. LEXIS 12009 (N.D. Cal. Aug. 12, 1996)................................ 2

*Wiegele* v. *FedEx Ground Package Sys.*,
2006 U.S. Dist. LEXIS 90359 (S.D. Cal. Dec. 12, 2006)................................. 8

*Wood* v. *Santa Barbara Chamber of Commerce*,
705 F.2d 1515 (9th Cir. 1983)................................................................................ 2

## STATE CASES

*Cortez* v. *Purolator Air Filtration Prods*,
23 Cal. 4th 163 (2000) ..................................................................................... 3, 5, 6

*Industrial Indem. Co.* v. *Super. Ct.*,
209 Cal. App. 3d 1093 (1989)................................................................................ 4

*Inline, Inc.* v. *Apace Moving Sys., Inc.*,
125 Cal. App. 4th 895 (2005) ................................................................................ 5

OHS West:260615829.1

*Kasky* v. *Nike, Inc.*,
    27 Cal. 4th 939 (2002) ........................................................................................ 4

*Korea Supply Co.* v. *Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ................................................................................. 4, 5

*Lewinter* v. *Genmar Indus., Inc.*,
    26 Cal. App. 4th 1214 (1994) ............................................................................ 8

*Pineda* v. *Bank of America*,
    170 Cal. App. 4th 388 (2009) ............................................................................ 3

*Roth* v. *Rhodes*,
    25 Cal. App. 4th 530 (1994) .............................................................................. 8

*Scarbery* v. *Bill Patch Land & Water Co.*,
    184 Cal. App. 2d 87 (1960) ................................................................................ 6

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17202 .............................................................. 4, 5, 6, 7
Cal. Bus. & Prof. Code § 17206 ...................................................................... 6, 7
Cal. Bus. & Prof. Code § 17206.1 ...................................................................... 6
Cal. Bus. & Prof. Code § 17207 ......................................................................... 6

Cal. Civ. Code § 3275 ......................................................................................... 6
Cal. Civ. Code § 3369 ..................................................................................... 5, 6
Cal. Civ. Code § 3369(5) .................................................................................... 5

Cal. Lab. Code § 203 .......................................................................................... 3
Cal. Lab. Code § 226(e)-(f) ................................................................................ 3

**LOCAL RULES**

N.D. Cal. Civil L.R. 7-3(a) ................................................................................. 1

## I. INTRODUCTION

Plaintiffs David Walsh and David Kalua (collectively "Plaintiffs") failed to timely file their Memorandum of Points and Authorities in Opposition to Motion to Strike and For a More Definite Statement ("Opposition"), in violation of Northern District Civil Local Rule 7-3(a). As a result, Defendant Apple Inc. ("Apple") was prejudiced and had only four days to fully review and respond to the Opposition. To Apple's knowledge, Plaintiffs did not request an extension of time with the Court, nor have they given any explanation for the late filing. This untimely filing therefore should be disregarded in its entirety.

Even if Plaintiffs' Opposition is considered, it fails to rebut Apple's arguments that California Labor Code Sections 203 and 226 provide only statutory penalties and cannot serve as the bases for Plaintiffs' first claim under Business and Professions Code Section 17200, *et seq.* (the "UCL"). The Opposition also fails to rebut Apple's showing that the vague and ambiguous language in Plaintiffs' first claim improperly requires Apple to guess what statutes or regulations may be at issue in this action, and makes it impossible for Apple to assert affirmative defenses or frame a responsive pleading to this claim. Further, the vague and ambiguous language may allow Plaintiffs to contend later that other statutes or regulations that were never previously identified in the Second Amended Complaint ("SAC") are somehow included in the UCL claim.

For these reasons, and as discussed further below and in Apple's moving papers, the Court should grant Apple's motions, strike all language referencing Labor Code Sections 203 and 226 in Plaintiffs' first claim under the UCL, and order that Plaintiffs clarify the vague and ambiguous allegations in their first claim by specifying which statutes Plaintiffs contend Apple has violated.

## II. ARGUMENT

### A. Plaintiffs' Opposition Was Untimely Filed And Should Be Disregarded

Plaintiffs filed their Opposition and supporting declaration untimely. The Civil Local Rules for the Northern District of California plainly state that "[a]ny opposition to a motion <u>must</u> be served and filed not less than 21 days before the hearing date." Civil L.R. 7-3(a) (emphasis added). Therefore, Plaintiffs were required to serve and file their Opposition 21 days prior to the March 13, 2009 hearing date, which was on February 20, 2009. Plaintiffs did not file their

Opposition until the night of February 23, 2009 (<u>three days</u> late).  *See* Docket No. 19.  The late

filing violated Local Rule 7-3(a).

This Court has discretion to refuse to consider an untimely-filed opposition to a motion.

*See, e.g., Weston v. Brown*, No. C-96-1184-VRW, 1996 U.S. Dist. LEXIS 12009, *2 (N.D. Cal.

Aug. 12, 1996) (district court did not consider plaintiff's late-filed opposition after sustaining

defendant's objection to it).  This discretion is consistently exercised to strike untimely papers

where the late filing party fails to request an extension of time or demonstrate excusable neglect.

*See Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1519 (9th Cir. 1983), *cert.*

*denied*, 465 U.S. 1081 (1984) (district court did not abuse its discretion in striking untimely

affidavits in opposition to summary judgment motion where the party failed to request extension

of time or show excusable neglect); *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7-8

(1st Cir. 1990) ("district court was not obliged to consider appellant's untimely opposition").

Here, Plaintiffs have provided no explanation for failing to timely serve and file their

Opposition.  Plaintiffs also failed to request an extension of time from the Court.  Further, this

late filing has prejudiced Apple's ability to reply fully to Plaintiffs' Opposition, since Apple's

time to review and respond to Plaintiffs' arguments has been reduced to less than four days (given

that Apple's reply is due on Friday, February 27, 2009).

Because Plaintiffs failed to comply with Local Rule 7-3 and provided no reasonable

excuse for the late filing, the Court should strike and/or disregard Plaintiffs' Opposition and its

supporting declaration.

**B.**   **California Labor Code Sections 203 And 226 Provide For Only Statutory**
         **Penalties, Not Injunctive Relief Or Restitution, And Thus Must Be Stricken**
         **From Plaintiffs' Business & Professions Code Section 17200 Claim**

Even if Plaintiffs' untimely Opposition is considered, it fails to explain adequately why

Labor Code Sections 203 and 226 should not be stricken from Plaintiffs' first claim under the

UCL, given Apple's showing that these penalty provisions cannot be brought under the UCL.

As Plaintiffs concede, "District Courts have concluded that penalties may not be

recovered under the UCL."  Opposition, 4:24-25.  In an effort to circumvent this well-settled rule,

Plaintiffs included Labor Code Sections 203 and 226 as part of their UCL claim.  *See SAC*, ¶ 44.

1  However, Labor Code Sections 203 and 226 provide only for statutory penalties.  Therefore, these

2  provisions cannot serve as the bases for Plaintiffs' UCL claim.

3          Indeed, District Courts have consistently found that Sections 203 and 226 are penalty

4  provisions and thus cannot be recovered under the UCL.  *See Montecino v. Spherion Corp.*, 427

5  F. Supp. 2d 965, 967 (C.D. Cal. 2006) ("§ 203 payments are clearly a penalty, and thus cannot be

6  claimed pursuant to the UCL"); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp.

7  2d 609, 619 (N.D. Cal. 2007) ("plaintiffs concede that … claims pursuant to Labor Code §§ 203

8  and 226 cannot support a § 17200 claim. … Accordingly, as the parties are <u>correctly</u> in agreement

9  as to the scope of plaintiff's UCL claim, Wal-Mart's motion to dismiss the Sixth Cause of Action

10  is granted with respect to claims based on §§ 203 and 226") (emphasis added).[1]  It is not just

11  federal District Courts that have reached this holding.  The California Court of Appeal has also

12  held that Section 203 penalties cannot be recovered under the UCL.  *Pineda v. Bank of America*,

13  170 Cal. App. 4th 388, 393-394 (2009).

14          Despite clear case law to the contrary, Plaintiffs argue that they can use these penalty

15  provisions to seek injunctive relief under Section 17200.  *See* Opposition, 5:1-2.  Plaintiffs are

16  mistaken.  Penalty provisions cannot serve as predicate laws under the UCL, even for injunctive

17  relief.  *See Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2007 WL 2462150, *5 (N.D.

18  Cal. Aug. 29, 2007) ("California Labor Code sections 203 and 226.6 provide for statutory

19  penalties, **not injunctive relief or restitution**, and thus, are not recoverable pursuant to Section

20  17200.") (emphasis added).  Therefore, Plaintiffs cannot use penalty statutes such as Labor Code

21  Sections 203 and 226 for his UCL claim.

---

22

23  [1] Plaintiffs claim that Labor Code Section 226 provides for the recovery of damages, not just penalties.
*See* Opposition, 6:18-22 fn. 5.  As support, they argue that damages resulting from inaccurate wage

24  statements is "the same type of relief" as a restitution order for payment of wages discussed in *Cortez v. Purolator Air Filtration Prods.*, 23 Cal. 4th 163, 177 (2000).  This contention is without merit.  Not only is

25  Plaintiffs' erroneous interpretation unsupported by any authority, Plaintiffs fail to explain how damages
resulting from receiving inaccurate wage statements is "the same type of relief" as a <u>restitution</u> order for

26  payment of <u>wages</u>.  Indeed, they are not similar at all.  The restitution order at issue in *Cortez* was for
payment of wages unlawfully withheld from the employee (*i.e.*, money <u>earned</u> by the employee but

27  unlawfully kept by the employer).  In contrast, any alleged damages resulting from inaccurate wage
statements are not "wages" earned by the employee and withheld by the employer.  They are penalties for

28  injuries to the employee.  *See* Cal. Lab. Code § 226(e)-(f) (providing for a penalty for failure to provide
itemized wage statements).

Because the only remedies available to Plaintiffs under the UCL are injunctive relief and restitution, and Labor Code Sections 203 and 226 are penalty provisions that do not provide for injunctive relief or restitution, Labor Code Sections 203 and 226 cannot serve as the bases for Plaintiff's UCL claim. Accordingly, all language referencing Labor Code Sections 203 and 226 must be stricken from Plaintiffs' first claim. *See* SAC, ¶ 44.

## 1. Business & Professions Code Section 17202 Does Not Provide for Injunctive Relief in Private Actions

Plaintiffs also contend they can seek injunctive relief under Sections 203 and 226 because "Cal. Business & Professions Code Section 17202 expressly authorizes injunctive relief predicated on a penalty statute." Opposition, 6:27-28 fn. 7. This is incorrect. Section 17202 removes certain historic limitations on an equitable court's power to enforce penalties that may be assessed and imposed under the public penalty provisions of the UCL, and also allows an equitable court to deny traditional equitable relief from penalties to a UCL defendant upon whom penalties have been imposed. Section 17202 does not, however, provide a private right of action for penalties under the UCL, or allow for the borrowing of penalty statutes so that those penalties may be imposed and assessed under the UCL in a private action.

Section 17202 provides that "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." For the reasons discussed above, any assertion that private litigants are entitled to recover penalties under Section 17202 "directly contravene[s] . . . a decade of California Supreme Court precedent that limits an individual's monetary relief under the UCL to restitution." *Tomlinson* v. *Indymac Bank*, 359 F. Supp. 2d 891, 894 (C.D. Cal. 2005); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002) ("In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are generally limited to injunctive relief and restitution"); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) (although civil penalties are available in public actions, "[t]he fact that the 'restore' prong of section 17203 is the only reference to monetary penalties in this section indicates that the Legislature intended to limit the available monetary remedies" in private actions); *Industrial*

*Indem. Co. v. Super. Ct.*, 209 Cal. App. 3d 1093, 1095 (1989) (damages other than restitution under Business & Professions Code Section 17203 are not available to a private litigant in a UCL action); *Inline, Inc. v. Apace Moving Sys., Inc.*, 125 Cal. App. 4th 895, 902 (2005) (Section 17203 "specifies the remedies available in <u>private</u> UBPA actions") (emphasis added).

Moreover, the nature of equitable actions and the legislative history of Section 17202 show that Section 17202 does not provide a <u>private</u> right of action for penalties under the UCL. Rather, Section 17202 allows the court to enforce the civil penalties that may be assessed in <u>public</u> actions under Sections 17206, 17206.1, and 17207 of the UCL, and prevents defendants from avoiding penalties that have been assessed against them by seeking equitable relief from those penalties.

As the Supreme Court has repeatedly stated, a UCL action is equitable. *Korea Supply*, 29 Cal. 4th at 1144; *Cortez*, 23 Cal. 4th at 173. Traditionally, courts of equity will not enforce penalties or forfeitures that are imposed by statute or contract. *See, e.g., Tull v. U.S.*, 481 U.S. 412, 424 (1987) (a court in equity "may not enforce civil penalties"). This traditional rule for courts of equity has long been codified in California Civil Code Section 3369, the predecessor statute to the UCL. Section 17202 provides an exception to this general rule, thus allowing courts of equity to enforce the penalty provisions of the UCL that are available in <u>public</u> actions.[2] Sections 17206, 17207, and 17206.1[3] all provide for the assessment of civil penalties <u>in public</u>

_____

[2] This purpose is consistent with the origin of the exception allowing enforcement of penalties, forfeitures, and penal laws in cases of unfair competition. Prior to its amendment in 1933, Section 3369 provided that "Neither specific nor preventive relief can be granted to enforce a penal law, except in a case of nuisance, nor to enforce a penalty or forfeiture in any case." In 1933, Section 3369 was amended to add unfair competition cases as an exception to this rule: "Neither specific nor preventive relief can be granted to enforce a penalty or forfeiture in any case, nor to enforce a penal law, except in a case of nuisance *or unfair competition*." (emphasis added). At the same time, the Legislature added provisions to Section 3369 allowing courts to enjoin acts of unfair competition, which were defined to include violation of certain *penal laws*. Cal. Civ. Code § 3369(5) (1933). Without the express exception in Section 3369 allowing a court of equity to enforce penal laws in cases of unfair competition, a court of equity would have lacked the authority to enjoin acts of unfair competition as defined in the statute. In 1977, most of Section 3369 was transferred and re-codified as new Business and Professions Code Section 17200-17205. At the same time, Civil Code Sections 3370.1 and 3370.2, which provided for the imposition of *civil penalties* in public actions, were re-codified as new Business and Professions Code Sections 17206 and 17207. The Section 3369 exception for cases of unfair competition was created to allow courts of equity to enforce other provisions of the same statute, and served the same purpose when it was later codified in Section 17202.
[3] Section 17206.1 was added in 1988.

actions for various violations of the UCL.  Cal. Bus. & Prof. Code §§ 17206, 17206.1, 17207.

Without the express exception in Section 17202, a UCL court of equity would lack the authority

to enforce these penalty provisions in public actions under the UCL.  *See Tull*, 481 U.S. at 424.

Section 17202 allows a court determining a UCL public action (by definition a court of

equity) not only to impose and assess the civil penalties provided in public actions under Sections

17206, 17206.1, and 17207, but to enforce those penalties if the defendant does not pay them or

seeks equitable relief from them.  It is a well-established rule that "equity abhors a forfeiture,"

and equity may give defensive or affirmative relief to a defaulting party who has made full

compensation to the other party.  *See* Cal. Civ. Code §§ 3369, 3275.[4]  The California Supreme

Court has made clear that because UCL actions are equitable, a UCL defendant can assert

equitable defenses.  *Cortez*, 23 Cal. 4th at 179-80.  Thus, without an express exception allowing

for *enforcement* of penalties in Section 17202, a defendant could circumvent the penalties

assessed under the UCL in public actions (*i.e.*, thru §§ 17206, 17207 and 17207.1) by making full

restitution and then asserting such restitution as an equitable defense to the penalties.  *See* Cal.

Civ. Code § 3275; *Scarbery v. Bill Patch Land & Water Co.*, 184 Cal. App. 2d 87, 104-106

(1960) (where default is not grossly negligent or willful, a court of equity not only is prevented

from enforcing a forfeiture, but is "*required* to grant relief therefrom") (emphasis added).  This

would cause the contradictory result of a court of equity assessing penalties under Sections

17206, 17206.1, and 17207, but then refusing to enforce those penalties under the general

equitable rule that equity will not enforce a penalty.  The purpose of Section 17202 is simply to

remove the equitable bar to the enforcement of penalties in public UCL actions.

The plain language of the various provisions of the UCL also shows that Section 17202

provides no private right of action.  As is clear from the express language in Sections 17206,

17206.1, and 17207, the California Legislature knows how to provide for the imposition and

---

[4] Section 3369 provides: "Neither specific nor preventive relief can be granted to enforce a penalty or forfeiture in any case, nor to enforce a penal law, except in a case of nuisance or as otherwise provided by law."  Section 3275 provides: "Whenever by the terms of an obligation, a party thereto incurs a forfeiture or loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

assessment of a penalty under the UCL, and to create a cause of action for such penalties. For example, the language of Section 17206, that a civil penalty "shall be *assessed* and *recovered* in a [public] *civil action* . . ." and that "[t]he court shall *impose* a penalty . . ." in a public civil action, stands in stark contrast to that of Section 17202, "specific or preventive relief may be granted to *enforce* a penalty, forfeiture, or penal law in a case of unfair competition." Cal. Bus. & Prof. Code §§ 17206, 17202 (emphasis added). Enforcing a penalty is different than imposing and assessing a penalty. The Legislature did not intend to create a right of action in Section 17202 for the imposition or assessment of penalties under the UCL. Rather, Section 17202 gives a court *authority* it otherwise would not have to enforce the penalties that are imposed and assessed under the other statutory provisions discussed above, and to refuse equitable relief from those penalties.

**C.    Plaintiffs' First Claim Fails To Sufficiently Identify And Limit The Statutes That Serve As The Bases For Their Claim**

Plaintiffs' first claim fails to meet required pleading standards because it fails to sufficiently identify and limit the statutes and regulations that Apple allegedly violated. Plaintiffs hint in the SAC that there may – or may not – be additional statutes and regulations that they may later claim Apple violated. They do this by prefacing their allegations with vague and ambiguous language such as "including but not limited to" and "among other things" when referring to statutes and regulations that Apple allegedly violated. *See* SAC, ¶¶ 44, 46. They also do this by alleging only general violations of "Wage Orders," "Regulations implementing the Fair Labor Standards Act," "the California Labor Code," "the Code of Federal Regulations and the California Code of Regulations" and "the opinions of the Department of Labor Standards Enforcement," instead of providing the specific laws that Apple alleged violated. *Id.* Though other parts of the SAC may list specific statutes, the first claim remains ambiguous because of these intentionally vague allegations, which fail to limit the claim to just statutes listed in the SAC.

As Apple explained in its moving papers, Plaintiffs' intentional vagueness as to the scope of their SAC is improper and unfair. It requires Apple to guess whether there are any other statutes or regulations at issue in this action, and makes it impossible for Apple to assert

affirmative defenses against unknown claims that, by virtue of the vague and ambiguous language, may be lurking in the SAC without Apple's knowledge. Further, it allows Plaintiffs to contend later that other statutes or regulations that were never previously identified in the SAC are somehow included in the UCL claim. Indeed, Plaintiffs fail to address how the allegations in their first claim are proper and how they sufficiently identify all the statutes and regulations at issue, given this vague language.

Plaintiff's contention that Apple can use discovery to find out what violations Plaintiffs are really alleging misses the point. There is a difference between using discovery to determine all facts in support of a claim that has been clearly stated (*e.g.*, violation of a specific Labor Code provision), and using discovery to find out what the claims are in the first place. The function of a complaint is to state the claims that are being alleged, and it is the complaint that determines the scope of discovery, summary judgment and trial. *See Sea Carriers Corp. v. Empire Programs, Inc.*, No. 04 Civ. 7395, 2008 U.S. Dist. LEXIS 49205, *39 (S.D.N.Y. June 24, 2008) (stating that the court previously found that "the scope of the trial was limited to issues set forth in the Amended Complaint"); *Wiegele v. FedEx Ground Package Sys.*, No. 06-cv-1330-JM, 2006 U.S. Dist. LEXIS 90359, *3 (S.D. Cal. Dec. 12, 2006) (scope of interrogatories limited in accordance with Plaintiff's complaint); *see also Lewinter v. Genmar Indus., Inc.*, 26 Cal. App. 4th 1214, 1222 (1994) ("In ruling on a summary judgment motion, the issues which are material are limited to the allegations of the complaint"); *Roth v. Rhodes*, 25 Cal. App. 4th 530, 541 (1994) ("party cannot successfully resist summary judgment on a theory not pleaded").

In order for a complaint to accomplish this, and to avoid subsequent disputes as to whether an issue is or is not in the case, the scope must be reasonably definite. For all Apple can guess, Plaintiffs may later allege that the "including but not limited to" language includes an undetermined number of additional statutes and regulations that Apple allegedly violated. If Plaintiffs do not identify all the alleged violations in the SAC, Apple is not on notice about them, cannot investigate them, and cannot frame a responsive pleading and assert appropriate defenses.[5]

---

[5] In their Opposition, Plaintiffs list specific laws that Apple allegedly violated. *See* Opposition, 8:1-20. Even if this is an exhaustive list of alleged violations, providing a list of statutes in a brief does not sufficiently identify and limit the statutes that serve as the bases for their first claim, especially given the

Further, Plaintiffs cannot simply refuse to clarify vague or ambiguous allegations in the SAC by claiming that they must only meet liberal pleading standards. *See* Opposition, 9:13-16. To have a viable claim, Plaintiffs must allege enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Here, if Plaintiffs fail to identify the specific statutes that it accuses Apple of violating, Plaintiffs cannot possibly meet the required pleading standard because it would be impossible to know whether Plaintiffs alleged enough facts to meet their obligation of providing the grounds for the relief. *See id.* at 1964-65. Because the UCL is a shell statute that incorporates other substantive statutes, the failure to identify the specific underlying substantive statutes means that neither Apple nor the Court will know what the real substantive claim is. Without knowing the specific statutes, neither the Court nor Apple can determine whether Plaintiffs' claim is plausible on its face because the full allegations supporting the claim would be uncertain and unknown.

Therefore, the Court should order that Plaintiffs make their first claim more definite by identifying specific statutes and regulations Apple is accused of violating and by eliminating the vague and ambiguous language. If Plaintiffs wish to include additional allegations of statutory and regulatory violations later, they can move to amend the SAC.

## III.    CONCLUSION

For all of the foregoing reasons, Apple respectfully requests that the Court grant its Motion to Strike and For a More Definite Statement, and order that all references to California Labor Code Sections 203 and 226 be stricken from Plaintiffs' first claim under the UCL, and further order Plaintiffs to specify the underlying statutes for their UCL claim.

Dated: February 27, 2009                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                            _____
                                                        /s/
                                                  Joseph C. Liburt
                                               Attorneys for Defendant
                                                     APPLE INC.

---

vague "including but not limited to" language in the SAC. Plaintiffs must amend the SAC to resolve the ambiguity. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (the complaint cannot be amended through arguments in a brief).

OHS West:260615829.1