**E-Filed 3/16/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID WALSH, an individual, and DAVID KALUA, and individual, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case Number C 08-4918 JF (RS)<br><br>**ORDER[1] GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE AND FOR A MORE DEFINITE STATEMENT** |

In this action for violations of the federal Fair Labor Standards Act, the California Labor Code, and California's Unfair Competition Law ("UCL"), Plaintiffs David Walsh and David Kalua ("Plaintiffs") allege that Defendant Apple, Inc. ("Defendant") illegally classified Plaintiffs and other similarly situated individuals as categorically "exempt" from overtime pay, despite significant amounts of overtime labor they performed. By the instant motion, Defendant moves

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-4918 JF (RS)
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STRIKE AND FOR A MORE DEFINITE STATEMENT
(JFLC3)

to strike references to certain statutory predicates for the UCL claims, and for a more definite statement with respect to all of the alleged statutory violations. Specifically, as to the UCL claims, Defendant argues that any reference to §§ 203 and 226 of the Labor Code as predicate violations should be stricken because those sections provide for penalties not recoverable through the UCL. Defendant also argues that in setting forth the UCL claims, the complaint improperly refers to large portions of the relevant California codes, rather than identifying specific statutory provisions that serve as the basis for the claims.

At oral argument, the parties agreed that references to § 203 should be stricken because that provision contains only penalties for violations of other provisions, as opposed to any independent substantive command. However, the parties also recognized that portions of § 226 do contain such independent commands, and that references to that section may stand to the extent that they rely on the statute's substantive provisions and are directed solely at obtaining injunctive relief. The parties' understanding is consistent with the reasoning of *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2007 WL 2462150, at *5 (N.D. Cal. Aug. 29, 2007), which explained that Labor Code provisions that provide *only* for penalties may not serve as predicates for a UCL claim.[2] Accordingly, the motion to strike will be granted to the extent set forth above.

With respect to the motion for a more definite statement, Plaintiffs argued in their papers that the complaint alleges violations of specific statutory provisions and therefore is adequate. The Court largely agrees. *See* Second Amended Complaint ¶¶ 14, 23, 28, 33, 35, 44, 54, 61, 63, 92-101 (alleging violations of Cal. Labor Code §§ 510, 512, 515, 515.5, 1198, and of the FLSA, 29 U.S.C. §§ 201, 207, 213). However, consistent with the tone of civility set by both parties, counsel for Plaintiff volunteered to amend the complaint to ensure that the statutory bases for

---

[2] There is no dispute that *penalties* may not be recovered through a UCL claim. *See, e.g.*, Korea *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003)*; Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002); *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999); *see also Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005).

2

the UCL claim are clear. Accordingly, pursuant to the parties' stipulation, the motion for a more definite statement will be granted. Plaintiff shall file an amended complaint within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

DATED: 3/16/09

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served electronically upon the following persons:

2  Allison Elizabeth Pitigoi    apitigoi@orrick.com, tmcbride@orrick.com

3  Jessica R. Perry    jperry@orrick.com

4  Joseph Charles Liburt    jliburt@orrick.com

5  Kyle Roald Nordrehaug    kyle@bamlawlj.com

6  Lynne C. Hermle    lchermle@orrick.com

7  Norman B. Blumenthal    norm@bamlawlj.com

8  Sitthikit Chariyasatit    schariyasatit@orrick.com