| | |
|---|---|
| 1 | **BLUMENTHAL, NORDREHAUG & BHOWMIK**<br>Norman B. Blumenthal (SB #068687) |
| 2 | norm@bamlawlj.com<br>Kyle R. Nordrehaug (SB #205975) |
| 3 | kyle@bamlawlj.com<br>Aparajit Bhowmik (SB #248066) |
| 4 | aj@bamlawlj.com<br>2255 Calle Clara |
| 5 | La Jolla, CA 92037<br>Telephone: (858)551-1223 |
| 6 | Facsimile: (858) 551-1232 |
| 7 | **UNITED EMPLOYEES LAW GROUP**<br>Walter Haines, Esq. (SB #71075) |
| 8 | walter@whaines.com<br>65 Pine Ave, #312 |
| 9 | Long Beach, CA 90802<br>Telephone: (562) 256-1047 |
| 10 | Facsimile: (562) 256-1006 |
| 11 | Attorneys for Class Plaintiff |
| 12 | *ATTORNEYS FOR DEFENDANT LISTED ON SECOND PAGE* |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DAVID WALSH, an individual, DAVID KALUA, an individual, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE, INC.,<br><br>Defendants. | CASE NO. 05:08-cv-04918 JF<br><br><u>CLASS ACTION</u><br><br>**JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] & RULE 26(f) REPORT**<br><br>Judge: Hon. Jeremy Fogel<br><br>Court: Dept. 3<br><br><br>Action Filed: August 4, 2008 |

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
  Lynne C. Hermle (State Bar No. 99779)
  Joseph C. Liburt (State Bar No. 155507)
  Jessica R. Perry (State Bar No. 209321)
  Allison E. Pitigoi (State Bar No. 242211)
  Sitthikit Chariyasatit (State Bar No. 252028)
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
lchermle@orrick.com
jliburt@orrick.com
jperry@orrick.com
apitigoi@orrick.com
schariyasatit@orrick.com

Attorneys for Defendant
APPLE INC.

# CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on Friday, April 24, 2009 between Kyle Nortdrehaug and Aparajit Bhowmik, from Blumenthal, Nordrehaug & Bhowmik, counsel for Plaintiffs David Walsh and David Kalua ("Plaintiffs") and Joe Liburt and Allison Pitigoi, from Orrick, Herrington & Sutcliffe LLP, counsel for Defendant Apple, Inc. ("Defendant"). The parties, Plaintiffs and Defendant, by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-10, scheduled for May 15, 2009, at 10:30 a.m., in Courtroom 3, 280 South First Street, San Jose, California.

## 1. JURISDICTION & SERVICE

The parties agree that this Court has subject matter jurisdiction over all of Plaintiffs' claims under 28 U.S.C. §§ 1331, 1367 where Plaintiffs have alleged a claim that arises under the Fair Labor Standards Act, 29 U.S.C. §210. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

## 2. FACTS

### a. Plaintiffs' Description of the Case

Plaintiffs bring this Class Action on behalf of themselves and all Apple, Inc. employees in the GNCS or IS&T groups who worked in a position entitled "Network Engineer," "Systems Engineer," "Data Center Systems Engineer," "WAN Network / Voice Engineers," "Retail Engineer," and/or "Information Systems Analyst." (TAC ¶ 17.) Plaintiffs contend that Defendant employed Plaintiffs and the other members of the Class as technicians who installed, configured, and provided troubleshooting and technical support of Apple's computer systems and infrastructure, requiring manual labor, during regular business hours and also during all hours of the day and at all hours of the night.

Plaintiffs further contend that, as a matter of company policy and practice, Apple unlawfully classified every member of the California Class as "exempt" based on job title alone, failed to pay the required overtime compensation and otherwise failed to comply with all labor laws with respect to these employees. Plaintiffs contend that Apple uniformly failed to put in

place a policy, practice or procedure that analyzed the job duties primarily performed by these employees for purposes of classifying them as exempt from overtime compensation. As a result, Plaintiffs maintain that Apple violated the California Labor Code because the uniform business practice of classifying all class members as exempt was improper, and Apple did not meet its burden of establishing these employees as exempt. As a result, Plaintiffs maintain that Plaintiffs and the other members of the Class were deprived of the overtime and other benefits to which they are entitled under state and federal law.

    **b.**  **Defendant's Description of the Case**

    Both named Plaintiffs are former Apple employees in the IS&T organization. Plaintiff Walsh started working at Apple in 1995. Walsh held various job titles before he became a Telecom Engineer III in November 2003. In September 2005, Walsh began working as a Network Engineer 3 until his resignation in November 2007. During the proposed class period, Walsh worked at Apple's office in Elk Grove, California. Plaintiff Kalua joined Apple in 2000 as an Information Systems Analyst V. In September 2005, Kalua began working as a Network Engineer 3 until his resignation in January 2008. During the proposed class period, Kalua worked at Apple's headquarters in Cupertino, California. Named Plaintiffs, and the purported class on whose behalf they seek to proceed, were properly classified as exempt employees throughout their employment with Apple, and thus are not entitled to overtime pay or any other relief. Plaintiffs will not be able to meet the standards necessary to obtain certification of their proposed classes under Rule 23, nor will they be able to meet the standard for a collective action under the Fair Labor Standards Act .

**3.**  **FACTUAL ISSUES**

  The parties are currently aware of the following factual issues:

    a.  Plaintiffs' job duties and the duties of proposed class members;

    b.  Facts relevant to the various exemptions that Apple contends apply to Plaintiffs and the proposed class members;

c. Whether Plaintiffs worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek and/or worked hours on the seventh (7th) consecutive day of the workweek, and if so, how many hours they worked;

d. Whether Plaintiffs missed meal and/or rest breaks, and if so, the reasons therefor;

e. Whether any failure to pay all wages due upon termination of employment was willful;

f. The amount of Plaintiffs' damages, if any;

g. Whether common questions of law and fact predominate over issues specific to each class member;

h. Whether Plaintiffs are similarly situated as the putative class on whose behalf they allegedly proceed;

i. Whether Plaintiffs' claims are typical of the putative class;

j. Whether Plaintiffs are adequate class representatives; and

k. Whether class treatment is a superior method of adjudication.

## 4. LEGAL ISSUES

### a. Plaintiffs' Statement of Legal Issues

The principal legal issues in dispute involve the applicability of the exemption or exemptions claimed by Apple with respect to these employees. Employees are presumed to be non-exempt and, as a result, the Defendant bears the "burden of showing that the exemption applies" with exemptions being "narrowly construed against . . . employers." Bothell v. Phase Metrics, Inc., 299 F.3d 1120, 1124 (9th Cir. 2002).

The exemptions at issue in this case will be the administrative, the professional, and the computer professional exemptions. These exemptions are codified in California law at Cal. Labor Code §§ 515 and 515.5 and 8 C.C.R. § 11040 (2009). These exemptions are codified in Federal law at 29 U.S.C. § 213, 29 C.F.R. 541.200, 29 C.F.R. 541.300, and 29 C.F.R. 541.400. In addition, the Department of Labor Opinion Letter FLSA 2006-42 re: Information Technology Support Specialist (dated October 26, 2006) is relevant to the computer employee exemption.

While the exemptions under California and Federal law are similar in many respects, there are some differences which may be important in this case.

### b. Defendant's Statement of Legal Issues

Defendant is currently aware of the following legal issues:

i. Whether Plaintiffs can satisfy the requirements for certification of a class pursuant to Federal Rule of Civil Procedure 23 and for certification of a collective action pursuant to the Fair Labor Standards Act;

ii. Whether Defendant violated California Business and Professions Code § 17200, et seq.

iii. Whether Defendant violated California Labor Code §§ 201, 203, 226, 226.7, 510, 512, 515.5, 1194, 1197 and 1998;

iv. Whether Plaintiffs are entitled to penalties under California Labor Code § 2698;

v. Whether Plaintiffs qualify for the administrative exemption;

vi. Whether Plaintiffs qualify for the executive exemption;

vii. Whether Plaintiffs qualify for the professional employee exemption;

viii. Whether Plaintiffs qualify for the highly compensated workers exemption ;

ix. Whether Plaintiffs qualify for the computer software employee exemption;

x. Whether Plaintiffs are entitled to any relief and if so, the type and/or amount.

xi. Whether conduct by or attributable to Apple was the cause in fact or legal cause of the damages, if any, suffered by Plaintiffs;

xii. Whether any damages suffered by Plaintiffs were proximately caused by their own conduct;.

xiii. Whether Plaintiffs and the proposed class have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that Plaintiffs and the proposed class failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their alleged employer, and failed to exercise a reasonable degree of skill in performing their job duties;

xiv. Whether Plaintiffs' and the proposed class members' claims are barred by the applicable statute of limitations;

xv. Whether Plaintiffs and the proposed class have unreasonably delayed bringing this action to the prejudice of Apple, and thus laches should apply;

xvi. Whether Plaintiffs and the proposed class are barred from any relief by the doctrines of *in pari delicto* and unclean hands, and/or after-acquired evidence, or in the alternative these doctrines cut off or reduce their alleges damages;

xvii. Whether Plaintiffs and the proposed class members' recovery in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them;

xviii. Whether Plaintiffs and the proposed class released, relinquished, waived and are estopped from asserting any of the claims upon which Plaintiffs and the proposed class now seek relief;

xix. Whether the claims of some of the proposed class members are barred by the doctrine of settlement and release;

xx. Whether some of the proposed class members' claims are barred by payment, setoff, and/or accord and satisfaction;

xxi. Whether some of the proposed class members' claims are subject to disputes over wages;

xxii. Whether Apple acted in good faith and had reasonable grounds for believing its actions did not violate the California Labor Code, Fair Labor Standards Act and/or the California Business and Professions Code;

xxiii. Whether Plaintiffs and the proposed class members are entitled to equitable relief because Plaintiffs and the proposed class members have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to them under the provisions of applicable state or federal law;

xxiv. Whether adjudication of Plaintiffs' claims on a class wide basis would violate Apple's right to due process and a jury trial and is barred by the Rules Enabling

| | | |
|---|---|---|
|1| |Act; and|
|2|xxv.|Whether Plaintiffs and the proposed class fail to meet the requirements of a representative action under California Unfair Competition Law, Business and Professions Code Section 17200 *et seq*.|

5. **MOTIONS**

    a. **Plaintiffs' Statement:**

This action was originally filed in the United States District Court for the Southern District of California, Case No. 08 CV 1410 JM POR on August 4, 2008. On November 23, 2008, Defendant concurrently filed a (1) Motion to Strike and For a More Definite Statement; and, a (2) Motion to Transfer Venue [Doc. Nos. 6-10]. The parties met and conferred after the motions were filed and agreed to file a Joint Motion to transfer the case to the United States District Court for the Northern District of California, San Jose Division [Doc. No. 11]. The Joint Motion was also for leave for Plaintiffs to file a Second Amended Complaint, which would amend the originally filed complaint to address the issues raised in Defendant's Motion to Strike.

On October 24, 2008, the Court granted the Joint Motion and the case was transferred to this Court [Doc. No. 12]. Plaintiffs then filed the Second Amended Complaint on December 30, 2008 [Doc. No. 16].

In response to this amendment, Defendant filed a second Motion to Strike and for a More Definite Statement to strike references to certain statutory predicates for the UCL claims, and for a more definite statement with respect to all of the alleged statutory violations. [Doc. No. 22]. After full briefing by both parties and oral argument, the Court ordered that the motion be granted in part and denied in part. [Doc. No. 21]. Accordingly, Plaintiffs filed a Third Amended Complaint on May 5, 2009 that amended the Complaint in conformity with the Court's Order and also pursuant to certain agreements that were reached between the parties [Doc. No. 31].

    b. **Defendant's Statement:**

Defendant previously brought a motion to strike and for a more definite statement, which the Court granted in part on March 16, 2009, ordering Plaintiffs to file an amended complaint within 30 days of the Court's order. There are no pending motions at this time.

Defendant may bring a motion to strike Plaintiffs' third amended complaint. Defendant anticipates bringing a motion for summary judgment, or, alternatively, for partial summary judgment.

## 6. AMENDMENTS OF PLEADINGS

### a. Plaintiffs' Statement:

Plaintiffs anticipate that further amendments may be necessary to include other class members as additional class representatives. Plaintiffs will be able to move to amend to include these individuals only after Defendant provides Plaintiffs with the contact information for the class members and after a reasonable opportunity to conduct interviews with the class members is afforded to Plaintiffs.

Precertification contact information regarding the identity of potential class members is discoverable so that the lead plaintiff(s) may learn the names of other persons who might assist in prosecuting the case. See e.g. *Tierno v. Rite Aid Corp.*, 2006 U.S. Dist. LEXIS 71795 (N.D. 2006). Plaintiffs have provided Defendant with a draft Notice and are awaiting Defendant's response. Plaintiffs anticipate that a period of at least four (4) months will be required for the parties to agree on a form notice, file a motion to compel the notice procedure if necessary, distribute the notice to the class, allow the class members thirty (30) days to respond, and then follow up with interviews of the class members who do not opt out to ascertain who should be added to the complaint as an additional class representative. Given this time frame, Plaintiffs respectfully request the deadline for filing a motion to amend the complaint to be set no sooner than September 8, 2009.

### b. Defendant's Statement:

Defendant may move to strike Plaintiffs' third amended complaint or may otherwise respond to the third amended complaint.

Defendant is currently reviewing Plaintiff's draft precertification communication and will advise Plaintiffs of its position.

## 7. EVIDENCE PRESERVATION

The parties will meet and confer further regarding electronic discovery issues.

### a. **Plaintiffs' Statement:**

As employers of Plaintiffs and the members of the Class, Plaintiffs respectfully submit that the vast majority of the evidence relevant to the adjudication of this case rests within the sole possession, custody and control of the Defendant. Such evidence in wage and hour class actions is comprised of, *inter alia*, payroll records, employment handbooks, internal employment studies or memoranda, time records, schedules, work reports, electronic and hard copy correspondence between class members, electronic and hard copy correspondence between Defendant's employees relating to the class members, and other documentation evidencing the job duties performed by Plaintiffs' and the members of the class.

In order to preserve the evidence, much of which is electronically stored within Defendant's computer systems ("ESI"), Plaintiffs would respectfully request an order from the Court mandating that all ESI be preserved during the period August 4, 2004 to the present (the "Class Period"). Further, if any records requested by Plaintiffs have been lost or destroyed during the Class Period, Defendant should be ordered to disclose the scope of information that was lost or destroyed in response to any request for production.

### b. **Defendant's Statement:**

Defendant has taken steps to preserve relevant documents relating to Plaintiffs' claims, which are reasonably evident in this action. Defendant has distributed document retention notices to appropriate document custodians requiring affirmative steps to retain relevant documents or discoverable evidence in their possession, custody, or control.

Defendant objects to Plaintiffs' request for an unspecified order regarding the preservation of "all ESI" in this case. The parties have not yet held a detailed meet and confer regarding the scope and nature of electronic discovery in this case, what may be reasonable to preserve, or the cost of such preservation. Defendant has offered to have such a meet and confer meeting with Plaintiffs, but Plaintiffs have not yet scheduled the meeting. Accordingly, until the parties meet and confer and an appropriate noticed motion is filed, it is premature and procedurally improper for Plaintiffs to seek a blanket discovery order regarding "ESI" from the Court under the guise of a Case Management Conference Statement. *See* Fed. R. Civ. P. 26(f) advisory committee's note;

*Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429 (W.D. Pa. 2004).

**8.    DISCLOSURES**

The parties have agreed to exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26 on May 8, 2009. To the extent that there are any perceived deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties will advise the Court of any need to compel further disclosures.

**9.    DISCOVERY**

Other than a limited exchange of certain information made in anticipation of the parties' unsuccessful mediation, no formal discovery has been exchanged to date.

**a.    Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

Disclosures will be exchanged May 8, 2009. No changes to the standard requirements are necessary at this time.

**b.    Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

**1.    Plaintiffs' Statement:**

Plaintiffs will be serving interrogatories, requests for production of documents and requests for admissions concerning the employment policies to which the Plaintiffs and the members of the class were uniformly subject. As discussed above, much of this discovery will be comprised of ESI, for which the parties have discussed may be produced based on the use of "search terms" that may be run on Defendant's computer systems.

With regard to the written discovery and depositions that Plaintiffs intend on conducting, Plaintiffs would respectfully submit that no limitations or phases should be imposed on conducting the discovery. Bifurcation of discovery as between class certification and merits discovery is not appropriate in this case. Plaintiffs respectfully submit that bifurcation of discovery is problematic, results in unnecessary discovery disputes, places too much discretionary

power in the responding party, unnecessarily duplicates the discovery process, and results in needless expense. See *In re Plastics Additives Antitrust Litig.*, 2004-2 Trade Cas. (CCH) P74,620, 2004 U.S. Dist. LEXIS 23989, at *8-*11 (E.D. Pa 2004) ("bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery'").

While this issue of bifurcation is a matter of the Court's discretion, the most recent Advisory Committee's Notes to F.R.C.P. Rule 23(c) specifically found that "it is appropriate to conduct controlled discovery into the 'merits' . . . without forcing an artificial and ultimately wasteful distinction between 'certification discovery' and 'merits discovery.'"

Under the circumstances of this case, the Court would be required to resolve multiple disputes over whether discovery propounded relates to merits or to class certification, which will cause needless delay, and the Defendants will attempt to dictate what information Plaintiffs require for certification. See e.g. *Ho v. Ernst & Young*, 2007 U.S. Dist Lexis 37700 (N.D. Cal. 2007). Because Plaintiffs bear the burden on class certification, Plaintiffs should be allowed to determine what discovery is needed to meet this burden. Indeed, bifurcation of discovery is a one-way street because Defendant will conduct full discovery as to the Plaintiffs without permitting reciprocal discovery. Further, bifurcation of discovery would mean that the depositions of the Defendant and Defendant's employees taken pre-certification would be repeated post-certification, resulting in substantial additional expenses and fees. The Defendant expects that Plaintiffs, as a working-class employee, will bear this additional and unnecessary cost of duplicative depositions and discovery. Finally, bifurcation of discovery prevents any possibility of settlement or resolution of the action because the Plaintiffs are unable to fully evaluate the merits of class claims and the reasonable value of the class claims.

As outlined above, Plaintiffs believe prompt distribution of Plaintiffs' Notice to the class to expedite the production of the class members' contact information to Plaintiffs is important. The bulk of Plaintiffs' discovery will be guided by the information gathered from interviews of the class members. To the extent that there is any delay in the Notice process, the balance of Plaintiffs' discovery will be bottlenecked and also delayed.

**2. Defendant's Statement:**

Defendant has not yet begun discovery in this action. At this time, Defendant intends to depose Plaintiffs, as well as serve Plaintiffs with requests for production of documents, interrogatories and requests for admission. Defendant also intends to take the depositions of individuals who submit declarations in support of any motion for class certification or collective action as well as the depositions of plaintiffs' experts.

Defendant proposes that factual discovery proceed in two phases. In the first phase, discovery shall be limited to issues concerning class certification. In the event discovery concerning class certification issues overlaps with discovery concerning merits issues, the parties should meet and confer to resolve any disputes concerning what discovery is appropriate in the first phase. In the second phase, the parties may take discovery concerning the merits of the claims. The first phase of factual discovery should be completed by April 30, 2010. The second phase of factual discovery may commence after May 21, 2010 and should be completed by September 24, 2010.

**c. Rule 26(f)(3): Any issues relating to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

**d. Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including-if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in the order.**

In light of the fact that disclosure of personal, confidential information, trade secrets, proprietary or other confidential commercial information may become necessary in this case, the parties have exchanged proposed protective orders and are currently working towards submitting a proposed protective order to the Court for approval. The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event they arise.

  e. **Rule 26(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16 (b) and (c).**

  The parties do not request any other orders to be entered by the court under Rule 26 (c) or Rule 16 (b) and (c) at this time.

  f. **Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

  Defendant anticipates that it will need to take the deposition of Plaintiffs and Plaintiffs' declarants. The parties agree to meet and confer if more than ten (10) depositions are needed by each party. Otherwise, the parties do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

**10. CLASS ACTION**

  a. **Plaintiffs' Statement:**

  Plaintiffs will be moving to conditionally certify pursuant to 29 U.S.C § 216 for collective class to address Defendant's violations of the Fair Labor Standards Act and to certify a Fed. R. Civ. Proc. 23 class after sufficient time has elapsed for Plaintiffs to conduct discovery and interview class members pursuant to the Notice and Opt out procedure.

  Given that Plaintiffs will require at least four (4) months to complete the Notice procedure and interview class members, Plaintiffs would anticipate filing for conditional certification and class certification pursuant to Fed. R. Civ. Proc. 23 in October of 2008.

  b. **Defendant's Statement:**

  Defendant alleges that this action may not properly be maintained as a class action under Rule 23 or as a collective action under the Fair Labor Standards Act. Defendant will oppose Plaintiffs' motion for class certification once brought.

**11. RELATED CASES**

  There are no related cases.

**12. RELIEF**

  a. **Plaintiffs' Statement:**

Plaintiffs request relief on behalf of themselves and all members of the class. These employees were all uniformly subjected to Apple's systematic exemption policies and practices that classified all of them as exempt based on job title alone and without any periodic audit of their tasks and time as required by law and as is Defendant's burden. Plaintiffs' seek the following relief for the causes of actions alleged in the Complaint:

1. Damages for failure to pay overtime wages in violation of Cal. Lab. Code §§ 510, *et seq.*;

2. Penalties for failure to provide wages when due in violation of Cal. Lab. Code § 203;

3. Damages for failure to provide accurate itemized statements in violation of Cal. Lab. Code § 226;

4. One (1) hour of premium pay for each workday in which a rest period was not provided as required by law and one (1) hour of premium pay for each workday in which a meal period for Defendant's failure to provide meal and rest periods in violation of Cal. Lab. Code § 226.7 and 512;

5. Overtime compensation and liquidated damages as required by the FLSA for every hour of overtime worked in any work week for which Plaintiffs and the members of the class were not compensated in violation of 29 U.S.C. § 201, *et seq.*; and,

6. Penalties for violation of the Labor Code Private Attorney General Act [Cal. Lab. Code §§ 2698, *et seq.*]; and,

7. Restitutionary disgorgement and injunctive relief for violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*;

Plaintiffs maintain that these items of relief can be calculated from the payroll records maintained by Defendant for the members of the class and information provided by class members pursuant to claim forms the class members' individual damages.

**b.      Defendant's Statement:**

Based on presently known information, Defendant does not currently plan to file a counterclaim against Plaintiffs.

**13. SETTLEMENT AND ADR:**

The parties have complied with ADR L.R. 3-5 and filed the required ADR certification documents. After exchanging informal discovery, the parties engaged in an unsuccessful mediation session on April 27, 2009 before Mark Rudy. The parties may engage in further settlement discussions after conducting preliminary discovery.

**14. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

A Magistrate Judge has not been assigned to this action. If and when a Magistrate Judge is assigned to this action, the parties will indicate whether or not they consent to the assignment at that time.

**15. OTHER REFERENCES**

The parties are aware of no other references needed at this time.

**16. NARROWING OF ISSUES**

    **a. Plaintiffs' Statement:**

Plaintiffs believe that Defendants' policy and practice of classifying these employees as exempt from overtime is not in dispute. Plaintiffs will serve Requests for Admission in an attempt to narrow issues and expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts). No other discussions related to narrowing of issues have taken place thus far.

    **b. Defendant's Statement:**

Defendant finds that there are no issues that can be narrowed at this time.

**17. EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**18. SCHEDULING**

    **a. Plaintiffs' Statement:**

| | |
|---|---|
| Deadline for filing Plaintiff's Motion for Class Certification | November 6, 2009 |
| Designation of Experts | May 7, 2010 |
| Discovery Cut-off Date: | June 25, 2010 |

| | | |
|---|---|---|
| 1 | Motion Cutoff Date: | October 5, 2010 |
| 2 | Final Pre-Trial Conference: | November 8, 2010 |
| 3 | Trial: | December 7, 2010 |

**b.** **Defendant's Statement:**

Defendant proposes the following schedule:

| | |
|---|---|
| Phase 1 Non-Expert Factual Discovery to be completed by: | April 30, 2010 |
| Plaintiffs' Motion for Class Certification to be filed by: | January 11, 2010 |
| Defendant's Opposition to Plaintiffs' Motion for Class Certification to be filed by: | April 9, 2010 |
| Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Class Certification to be filed by: | April 30, 2010 |
| Plaintiffs' Motion for Class Certification to be heard by: | May 21, 2010 |
| Phase 2 Non-Expert Factual Discovery to commence after: | May 21, 2010 |
| Phase 2 Non-Expert Discovery to be completed by: | September 24, 2010 |
| Expert Discovery to be completed by: | September 24, 2010 |
| Dispositive Motions to be heard by: | September 24, 2010 |
| Pretrial Conference to be conducted: | December 17, 2010 |
| Trial requested for: | January 17, 2011 |

**19. TRIAL**

    **a.** **Plaintiffs' Statement:**

Plaintiff expects the appropriate issues in this case to be tried to a jury and estimates the length of trial to be five (5) Court days.

    **b.** **Defendant's Statement:**

The length of trial depends on the outcome of class certification. If class certification is denied, Defendant estimates a 3-5 day trial. If class certification is granted in entirety based on the current class definitions, Defendant estimates a 20-30 day trial. Plaintiffs requested a jury trial.

**20. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

    a. **Plaintiffs' Statement:**

Each party has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. In addition, Plaintiffs hereby acknowledge that no parties other than themselves and the members of the class is known to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or, (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

    b. **Defendant's Statement:**

Defendant has made disclosures of interested entities or persons. Pursuant to Federal Rule of Civil Procedure 7.1, defendant Apple Inc. ("Apple") hereby discloses that it is a publicly held company with numerous shareholders. It has no parent company, and that no company owns more than ten percent (10%) of its stock. Pursuant to Local Rule 3-16, the undersigned counsel certifies that the following persons are directors and executive officers of Apple who have a financial interest in Apple, as defined by 28 U.S.C. section 455 (d)(4): (a) <u>Board of Directors</u>: William Campbell; Millard Drexler; Albert Gore Jr.; Steve Jobs; Andrea Jung; Arthur D. Levinson, Ph.D.; Eric Schmidt, Ph.D.; and Jerome B. York; (b) <u>Executive Officers</u>: Steve Jobs, Timothy D. Cook; Daniel Cooperman; Peter Oppenheimer, Philip W. Schiller; Scott Forstall; Ronald B. Johnson; Jonathan Ive; Robert Mansfield; Bertrand Serlet; and Sina Tamaddon.

**21. OTHER MATTERS**

The parties are not presently aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

//

//

//

Pursuant to General Order No. 45, Orrick, Herrington & Sutcliffe LLP attests that concurrence in the filing of the document has been obtained from the other signatories which shall serve in lieu of their signatures on the document.

Dated: May 8, 2009

BLUMENTHAL, NORDREHAUG, & BHOWMIK

By: /s/ Kyle Nordrehaug
Kyle Nordrehaug
Attorneys for Plaintiffs

Dated: May 8, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Joseph C. Liburt
Joseph C. Liburt
Attorneys for Defendant Apple, Inc.