| | |
|---|---|
| 1 | LYNNE C. HERMLE (STATE BAR NO. 99779) |
| | JOSEPH C. LIBURT (STATE BAR NO. 155507) |
| 2 | JESSICA R. PERRY (STATE BAR NO. 209321) |
| | ALLISON E. PITIGOI (STATE BAR NO. 242211) |
| 3 | SITTHIKIT CHARIYASATIT (STATE BAR NO. 252028) |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 4 | 1000 Marsh Road |
| | Menlo Park, CA  94025 |
| 5 | Telephone:   650-614-7400 |
| | Facsimile:    650-614-7401 |
| 6 | lchermle@orrick.com |
| | jliburt@orrick.com |
| 7 | jperry@orrick.com |
| | apitigoi@orrick.com |
| 8 | schariyasatit@orrick.com |
| 9 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID WALSH, an individual, on behalf of himself, and on behalf of all persons similarly situated, | CASE NO. C 08-04918 JF |
| Plaintiff, | **DEFENDANT APPLE INC.'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| APPLE INC.; and DOES 1-10, | |
| Defendants. | |

OHS West:260580377.1

DEFENDANT APPLE INC.'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT [CASE NO. C 08-04918 JF]

Defendant Apple Inc. ("Apple") hereby answers Plaintiffs' Third Amended Complaint (the "Complaint") as follows:

Defendant denies each an every allegation contained in the Complaint except those expressly admitted below and except for legal conclusions, to which no response is required:

1. Apple admits the allegation in paragraph 1 that Apple is a California corporation with headquarters located in the Silicon Valley in Cupertino, California.

2. Apple admits the allegation in paragraph 1 that functions related to engineering, marketing, sales, legal, and human resources are performed at Apple's headquarters.

3. Apple admits the allegation in paragraph 1 that Apple has an office located in Elk Grove, California.

4. Apple admits the allegation in paragraph 2 that Apple conducted and continues to conduct substantial and regular business throughout California during the relevant time period.[1]

5. Apple admits the allegation in paragraph 3 that Apple is engaged in the design, manufacture, and marketing of personal computers, portable digital music players, and mobile communications devices.

6. Apple admits the allegation in paragraph 3 that Apple's products are sold worldwide via Apple's online store and retail stores, as well as through third-party wholesalers and resellers.

7. Apple admits the allegation in paragraph 3 that Apple sells a variety of third-party Macintosh, iPod and iPhone compatible products, including application software, printers, storage devices, speakers, headphones, and various other accessories and peripherals on Apple's online store and in Apple's retail stores.

8. Apple admits the allegation in paragraph 4 that Apple employs employees within the Global Network and Computing Services Group ("GNCS") and the Information Systems & Technology Group ("IS&T").

---

[1] As used herein, the term "relevant time period" refers to the alleged class period, namely four years prior to the filing of the Complaint. *See* Third Amended Complaint, ¶ 17.

9. Apple admits the allegation in paragraph 4 that some employees in GNCS and IS&T provided service to Apple's information technology systems during the relevant time period.

10. Apple admits the allegation in paragraph 4 that some employees in GNCS and IS&T held job titles of Systems Engineers, Network Engineers and Information Systems Analyst during the relevant time period.

11. Apple admits the allegation in paragraph 4 that some employees in GNCS and IS&T engaged in the installation, configuration, implementation, maintenance, troubleshooting, technical support, or upgrades of Apple's information technology systems during the relevant time period.

12. Apple admits the allegation in paragraph 4 that technical problems arose with Apple's information technology systems at various times during the relevant time period.

13. Apple admits the allegation in paragraph 4 that in some instances during the relevant time period, tickets were generated and sent to some employees in GNCS and IS&T who diagnosed and resolved issues related to Apple's information technology systems.

14. Apple admits the allegation in paragraph 5 that plaintiff David Walsh was employed by Apple in the State of California from April 1995 to November 2007 and that at least some of this time was spent working in GNCS and IS&T.

15. Apple admits the allegation in paragraph 5 that plaintiff David Kalua was employed by Apple in the State of California from August 2000 to January 2008 in GNCS and IS&T.

16. Apple admits the allegation in paragraph 6 that plaintiff Kalua held the job title of Information Systems Analyst and was classified as exempt upon his initial hire with Apple.

17. Apple admits the allegation in paragraph 6 that some employees in GNCS and IS&T performed work for Apple in home offices, data centers or retail stores, in some instances, during the relevant time period.

18. Apple admits the allegation in paragraph 7 that some employees in GNCS

and IS&T were "on-call" in some instances during the relevant time period.

19. Apple admits the allegation in paragraph 8 that Apple did not require exempt employees in GNCS and IS&T to record hours worked during the relevant time period because such employees were properly classified as exempt.

20. Apple admits the allegation in paragraph 10 that some employees in GNCS and IS&T stood, sat, walked, bent, and lifted or moved technology equipment of various weights in some instances in the course of their employment during the relevant time period.

21. Apple admits the allegation in paragraph 11 that in some instances during the relevant time period, changes to Apple's network equipment were performed after hours to avoid disruption to Apple's business.

22. Apple admits the allegation in paragraph 11 that some changes to network equipment were effectuated and some technical support calls came in outside of regular business hours.

23. Apple admits the allegation in paragraph 27 that Apple maintains records reflecting the job titles of its employees in GNCS and IS&T during the relevant time.

24. Apple admits the allegation in paragraph 39 that this court has federal question jurisdiction and supplemental jurisdiction over Plaintiffs' claims in the Complaint.

25. Apple admits the allegation in paragraph 40 that venue is proper in this court.

26. Apple admits the allegation in paragraph 40 that it has taken the position that venue is proper in this district.

27. Apple admits the allegation in paragraph 72 that some employees in GNCS and IS&T in California holding job titles of Systems Engineers, Data Center Systems Engineers, WAN Network / Voice Engineers, Network Engineers, Retail Engineers, or Information Systems Analyst terminated their employment during the relevant time period.

28. Apple lacks information or belief as to the allegation in paragraph 97 regarding whether Plaintiffs hold bachelor's degrees.

29. Apple lacks information or belief as to the allegation in paragraph 110

regarding whether Plaintiffs sent written notice by certified mail to the Labor and Workforce Development Agency of the provisions of the Labor Code that Apple allegedly violated.

30. Apple admits the allegation in paragraph 110 that Plaintiffs sent written notice by certified mail to Apple of the provisions of the Labor Code that Apple allegedly violated.

31. Apple lacks information and belief as to the allegation in paragraph 111 regarding whether Plaintiffs received notice from the Labor and Workforce Development Agency within 33 calendar days of the postmark date of the written notice allegedly provided by Plaintiffs to the Labor and Workforce Development Agency.

**AFFIRMATIVE DEFENSES**

Apple asserts the following affirmative defenses to the Complaint:

**FIRST DEFENSE**

**(Failure to State a Claim)**

1. As a separate defense to the Complaint and each claim therein, Apple alleges that the Complaint, and each purported claim set forth therein, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

**(No Causation)**

2. As a separate defense to the Complaint and each claim therein, no conduct by or attributable to Apple was the cause in fact or legal cause of the damages, if any, suffered by Plaintiffs and the proposed class.

**THIRD DEFENSE**

**(Negligence)**

3. As a separate defense to the Complaint and each claim therein, should it be determined that Plaintiffs and the proposed class have been damaged, said damages were proximately caused by their own conduct.

**FOURTH DEFENSE**

**(Failure To Perform Duties)**

4. As a separate defense to the Complaint and each claim therein, Apple alleges that Plaintiffs and the proposed class have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that Plaintiffs and the proposed class failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their alleged employer, and failed to exercise a reasonable degree of skill in performing their job duties.

**FIFTH DEFENSE**

**(Statute of Limitations)**

5. As a separate defense to the Complaint and each claim therein, Plaintiffs' and the proposed class members' claims are barred by the applicable statutes of limitations.

**SIXTH DEFENSE**

**(Lack of Standing)**

6. As a separate defense to the Complaint and each claim therein, Apple alleges that the Complaint is barred to the extent that Plaintiffs lack standing to raise some or all of the claims of the alleged class of persons whom Plaintiffs purport to represent.

**SEVENTH DEFENSE**

**(Requirements for Class, Group or Collective Action)**

7. As a separate defense to the Complaint and each claim therein, Plaintiffs cannot satisfy the requirements for a class, group, representative or collective action.

**EIGHTH DEFENSE**

**(No Competent Plaintiff)**

8. As a separate defense to the Complaint and each claim therein, Apple alleges that Plaintiffs are not appropriate class or group representatives.

**NINTH DEFENSE**

**(Laches)**

9. As a separate defense to the Complaint and each claim therein, Plaintiffs and the proposed class have unreasonably delayed bringing this action to the prejudice of Apple, and therefore the Complaint and each claim therein is barred by the doctrine of laches.

## TENTH DEFENSE

### (Unclean Hands and After-Acquired Evidence)

10. As a separate defense to the Complaint and each claim therein, Plaintiffs and the proposed class are barred from any relief by the doctrines of *in pari delicto* and unclean hands, and/or after-acquired evidence, or in the alternative these doctrines cut off or reduce their alleges damages.

## ELEVENTH DEFENSE

### (Failure To Mitigate)

11. As a separate defense to the Complaint and each claim therein, Plaintiffs' and the proposed class members' recovery in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

## TWELFTH DEFENSE

### (Waiver)

12. As a separate defense to the Complaint and each claim therein, Apple alleges that some or all of the claims asserted in the Complaint by Plaintiffs and the proposed class are barred by the equitable doctrine of waiver.

## THIRTEENTH DEFENSE

### (Estoppel)

13. As a separate defense to the Complaint and each claim therein, Apple alleges that some or all of the claims asserted in the Complaint by Plaintiffs and the proposed class are barred by the equitable doctrine of estoppel.

## FOURTEENTH DEFENSE

### (Settlement and Release)

14. As a separate defense to the Complaint and each claim therein, the claims of some of the proposed class members are barred by the doctrine of settlement and release.

## FIFTEENTH DEFENSE

### (Payment, Accord, Satisfaction and Set-Off)

| | |
|---|---|
| 1 | 15. As a separate defense to the Complaint and each claim therein, some of the |
| 2 | proposed class members' claims are barred by payment, set-off, and/or accord and satisfaction. |
| 3 | **SIXTEENTH DEFENSE** |
| 4 | **(Wages Subject to Dispute)** |
| 5 | 16. As a separate defense to the Complaint and each claim therein, some of the |
| 6 | proposed class members' claims are subject to disputes over wages. |
| 7 | **SEVENTEENTH DEFENSE** |
| 8 | **(Exemption)** |
| 9 | 17. As a separate defense to the Complaint and each claim therein, Plaintiffs |
| 10 | and the proposed class members are exempt from the applicable overtime laws. |
| 11 | **EIGHTEENTH DEFENSE** |
| 12 | **(Good Faith)** |
| 13 | 18. As a separate defense to the Complaint and each claim therein, Apple acted |
| 14 | in good faith and had reasonable grounds for believing its actions did not violate the California |
| 15 | Labor Code, Fair Labor Standards Act and/or the California Business and Professions Code. |
| 16 | **NINETEENTH DEFENSE** |
| 17 | **(Res Judicata and/or Collateral Estoppel)** |
| 18 | 19. As a separate defense to the Complaint and each claim therein, Apple |
| 19 | alleges that Plaintiffs' and/or the putative class' claims are barred by the doctrine of res judicata |
| 20 | and/or collateral estoppel. |
| 21 | **TWENTIETH DEFENSE** |
| 22 | **(Not Unjustly Enriched)** |
| 23 | 20. As a separate defense to the Complaint and each claim therein, Apple was |
| 24 | not unjustly enriched. |
| 25 | **TWENTY-FIRST DEFENSE** |
| 26 | **(Failure to State a Claim Regarding Damages, Costs and Fees)** |
| 27 | 21. As a separate defense to the Complaint and each claim therein, Apple |
| 28 | alleges that the Complaint fails to state a claim for which relief may be granted that provides for |

compensatory, consequential or liquidated damages, or any other damages, costs or fees allowed by California and/or federal law, as applicable.

### TWENTY-SECOND DEFENSE

**(Adequate Remedy)**

22. As a separate defense to the Complaint and each claim therein, Plaintiffs and the proposed class members are not entitled to equitable relief because Plaintiffs and the proposed class members have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to Plaintiffs and the proposed class under the provisions of applicable state or federal law.

### TWENTY-THIRD DEFENSE

**(Private Attorney General Act)**

23. As a separate defense to the Complaint and all claims for penalties under the Labor Code Private Attorney General Act, administrative remedies may not have been exhausted.

### TWENTY-FOURTH DEFENSE

**(Unconstitutional)**

24. As a separate defense to the Complaint and each claim therein, adjudication of Plaintiffs' claims on a class wide basis would violate Apple's right to due process and a jury trial and is barred by the Rules Enabling Act.

### TWENTY-FIFTH DEFENSE

**(Failure to Abide by Opt-In Requirement)**

25. As a separate defense to the Complaint and each claim therein, the proposed Fair Labor Standards collective class cannot be represented in this action to the extent members of the putative class have failed to abide by the "opt-in" requirements of 29 U.S.C. § 216(b).

### TWENTY-SIXTH DEFENSE

**(Non-Compensable Time Under Portal-to-Portal Act)**

26. As a separate defense to the Complaint and each claim therein, some or all

of the disputed time is not compensable pursuant to the Portal-to-Portal Act of 1947.

**TWENTY-SEVENTH DEFENSE**

**(Timely Demand for Wages Payable)**

27. As a separate defense to the Complaint and each claim therein, Plaintiffs and/or the proposed class have failed to timely make a demand in writing for wages due and payable.

**TWENTY-EIGHTH DEFENSE**

**(No Liquidated Damages)**

28. As a separate defense to the Complaint and each claim therein, Plaintiffs and/or the proposed class may not recover liquidated damages because (1) Apple and all of its officers, directors, managers or agents acted at all times in good faith and did not commit any willful violation of the Fair Labor Standards Act or any California laws; (2) Apple (including its officers, directors, managers or agents) did not authorize or ratify any such willful violation; and (3) Plaintiffs have failed to state facts sufficient to support an award of such damages against Apple.

**TWENTY-NINTH DEFENSE**

**(No Recovery of Amounts Due and Paid)**

29. As a separate defense to the Complaint and each claim therein, Plaintiffs and/or the proposed class are precluded from recovering any amounts from Apple where Apple has paid all sums legally due under the Fair Labor Standards Act and applicable state law.

**THIRTIETH DEFENSE**

**(Consent to Pay System)**

30. As a separate defense to the Complaint and each claim therein, the claims of Plaintiffs and/or the proposed class are barred in whole or in part because Plaintiffs and/or the proposed class consented to the pay system that is the subject of the Complaint.

**THIRTY-FIRST DEFENSE**

**(Right to Assert Further Defenses)**

31. Apple has insufficient knowledge or information on which to form a belief

as to whether it has any additional, as yet unstated, defenses available.  Apple reserves the right to assert additional affirmative defenses.

**PRAYER FOR RELIEF**

Apple prays that the Court grant the following relief:

1. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That the purported classes not be certified;

3. That judgment be entered in favor of Apple on all claims;

4. That Apple be awarded its attorneys' fees and costs of suit; and

4. For such other and further relief as this Court may deem proper.

Dated: May 18, 2009

LYNNE C. HERMLE
JOSEPH C. LIBURT
JESSICA R. PERRY
ALLISON E. PITIGOI
SITTHIKIT CHARIYASATIT
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/
Joseph C. Liburt
Attorneys for Apple
APPLE INC.