BLUMENTHAL, NORDREHAUG & BHOWMIK
Norman B. Blumenthal (STATE BAR NO. 068687)
Kyle R. Nordrehaug (STATE BAR NO. 205975)
Aparajit Bhowmik (STATE BAR NO. 248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**E-Filed 7/23/2010**

UNITED EMPLOYEES LAW GROUP
Walter Haines (STATE BAR NO. 071705)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Plaintiffs
DAVID WALSH and DAVID KALUA

LYNNE C. HERMLE (STATE BAR NO. 99779)
JOSEPH C. LIBURT (STATE BAR NO. 155507)
JESSICA R. PERRY (STATE BAR NO. 209321)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    650-614-7400
Facsimile:    650-614-7401
lchermle@orrick.com
jliburt@orrick.com
jperry@orrick.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALSH, an individual, DAVID KALUA, an individual, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.  C 08-04918 JF<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Judge:  Hon. Jeremy Fogel<br><br>Court:  Dept. 3 |

On July 9, 2010, the Court heard the Named Plaintiffs David Walsh and David Kalua's unopposed motion for final approval of the class action settlement, as set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Agreement"), in the above-captioned action. In accordance with the Preliminary Approval Order, Plaintiffs have been given notice of the terms of the Settlement and an opportunity to object to it, comment on it, participate it in, exclude themselves from it. Having considered the proposed Settlement, the papers submitted by the Parties in support of final approval of the Agreement, and the argument at the final approval hearing held on July 9, 2010 at 9:00 a.m., the Court **HEREBY ORDERS AND MAKES DETERMINATIONS AS FOLLOWS:**

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Agreement, previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Plaintiffs in this litigation.

3. The Court finds that certification of the following Class, for settlement purposes only, is appropriate under Rule 23 of the Federal Rules of Civil Procedure:

> All of Apple Inc.'s current and former employees in the IS&T and/or Global Computing Network Services ("GNCS") division in the United States who were classified as exempt holding the job titles of Network Engineer (levels 1 through 3), Telecommunication Engineer (levels 1 through 3), Information Systems Engineer (levels 1 through 3), Systems Engineer (levels 1 through 3), Information Systems Analyst (levels 1 through 3), Tech/Info Systems Analyst (levels 1 through 3), or substantially similar job titles at levels 1, 2 and 3 who worked at any time from August 4, 2004 through February 26, 2010 on the list of Plaintiffs provided to the Settlement Administrator.

The Court finds that this Class meets the ascertainability, numerosity, commonality and typicality requirements to justify certification and that resolution of this matter through a class action is superior to other available methods.

4. The Court finds that Named Plaintiffs David Walsh and David Kalua are adequate class representatives and appoints them as such.

5. The Court finds that Class Counsel has adequately represented the Class,

and their appointment as Class Counsel is confirmed.

6. The following individuals filed timely request for exclusion in accordance with the requirements set forth in the Class Notice, and are therefore not members of the class:

### FINAL APPROVAL OF NOTICE PROGRAM

7. Pursuant to the Court's Preliminary Approval Order, the form of Notice was mailed to Plaintiffs by first class mail. The Notice informed Plaintiffs of the terms of the Settlement, their opportunity to file claims to opt-out of this Settlement, to opt into the action as a party Plaintiff for claims under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, to file written objections, and to appear in person or by counsel at the fairness hearing. The Court finds that these procedures afforded protections to Class Members and provided the basis for the Court to make an informed decision and approval of the Settlement. The Court finds further the Notice provided in this case was the best Notice practicable and satisfied the requirements Rule 23 of the Federal Rules of Civil Procedure and Constitutional due process.

### FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

8. The Court has reviewed the Agreement and finds that the Settlement is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability, and damages. The Court finds further that extensive investigation, informal discovery, and research have been conducted such that counsel for all Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs such as those that have already been incurred by both Parties and will avoid the delay and risks that would be presented by further prosecution of the litigation. The Court finds that the Settlement has been reached after intensive, serious, and non-collusive arm's-length negotiations.

9. The Court finds that no Plaintiffs validly and timely objected to the Settlement.

10. Taking into account the (1) value of the Settlement, (2) the risks inherent in continued litigation, (3) the extent of discovery completed and the stage of litigation when Settlement was reached, (4) the complexity, expense, and likely duration of the litigation in the

absence of settlement, and (5) the experience and views of counsel, the Court finds that the Settlement is fair, adequate, reasonable, and deserves this Court's final approval.

11. Pursuant to the terms of the Agreement, in exchange for the Class Members agreeing to release the Released Claims, the total maximum amount Apple may be required to pay under the Agreement is $990,000 ("Settlement Fund"), which is inclusive of the Settlement Awards (as defined in the Agreement), the Named Plaintiff Awards (as defined in the Agreement), the Fee and Costs Award (as defined in the Agreement), the PAGA Payment (as defined in the Agreement) and the Administration Payment (as defined in the Agreement). The Court finds that the Settlement is fair, reasonable and adequate in all respects. The Court further finds that the Settlement was made in good faith, negotiated at arm's length and represents the best interests of the Parties. Accordingly, the Court orders the Parties to consummate the Settlement in accordance with the terms of the Agreement.

12. Neither this Final Order, the accompanying Judgment nor the Agreement shall constitute an admission by Defendant of any liability or wrongdoing whatsoever, nor is this Final Order a finding of the validity or invalidity of any claims in the action or a finding or wrongdoing by Defendant. Nor is any act performed or document executed pursuant to, or in furtherance of, the Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant, Released Parties, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant, Released Parties, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, except for purposes of settling the Action pursuant to the terms of the Agreement or enforcing the release of the Released Claims.

### DISMISSAL AND RELEASE

13. In accordance with the terms of the Agreement, this Action shall be dismissed on the merits and with prejudice, with each party bearing its own costs, except as provided in the Agreement.

14. By this Order and accompanying Judgment, the Named Plaintiffs shall

1  release, relinquish and discharge, and each of the Class Members shall be deemed to have, and by
2  operation of the Judgment shall have, fully, finally, and forever released, relinquished, and
3  discharged all Released Claims (including unknown claims) as defined in the Agreement and
4  incorporated by reference herein.

5        15. The only Class Members entitled to payment pursuant to this Judgment are
6  Settlement Class Members. The Net Settlement Sum shall be paid entirely to Settlement Class
7  Members, except that if there is unclaimed residue it shall first be used to satisfy Defendant's
8  obligations to pay payroll taxes on the Settlement Awards.

9        16. Without affecting the finality of the Final Order and the accompanying
10 Judgment, the Court reserves continuing and exclusive jurisdiction over the Parties to the
11 Agreement to administer, supervise, construe, and enforce the Agreement and this Order in
12 accordance with its terms for the mutual benefit of the Parties. Under Federal Rules of Civil
13 Procedure, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter
14 this Final Order and accompanying Judgment.

## ALLOCATION OF THE SETTLEMENT

16       17. The total maximum amount Defendant can pay under the Settlement is
17 $990,000 ("Settlement Fund"), which is inclusive of the Settlement Awards (as defined in the
18 Agreement), the Named Plaintiff Awards (as defined in the Agreement), the Fees and Costs
19 Award (as defined in the Agreement), the PAGA Payment (as defined in the Agreement) and the
20 Administration Payment (as defined in the Agreement), in accordance with the Agreement.

21       18. The Court finds that Class Counsel, Norman B. Blumenthal, Blumenthal,
22 Nordrehaug & Bhowmik, and Walter Haines, United Employees Law Group, having conferred a
23 benefit on Named Plaintiffs and absent Class Members and having expended efforts to secure
24 compensation to the Class, are entitled to a fee, and accordingly, within fifteen (15) days after the
25 Effective Date, Class Counsel shall be paid a Fee and Costs Award up to twenty-five percent
26 (25%) or $247,500 from the Settlement Fund, in accordance with the Agreement.

27       19. Within fifteen (15) days after the Effective Date, Named Plaintiffs David
28 Walsh and David Kalua shall be paid Named Plaintiff Awards up to $10,000 each from the

Settlement Fund in exchange for a release of all Released Parties, in accordance with the Agreement.

20. Within thirty (30) days after the Effective Date, the California Labor Workforce Development Agency shall be paid $49,500 from the Settlement Fund in full satisfaction of all amounts payable under the California Labor Code's Private Attorney General Act of 2004, as amended, California Labor Code section 2698 *et seq.*, in accordance with the Agreement.

21. The Court further approves that Gilardi & Co. will administer the Settlement pursuant to the Agreement. Gilardi & Co. shall be paid an Administration Payment from the Settlement Fund for their services rendered in administering the Settlement, in accordance with the Agreement.

22. Within thirty (30) days after the Effective Date, Settlement Class Members shall receive Settlement Awards from the Net Settlement Sum, in accordance with the Agreement.

23. The Court further finds that six (6) Plaintiffs (Jason Cook, Brian Dyorich, Clark Mueller, Christopher Stein, Troy Stokes, Sandra Yu) have requested exclusion from the Settlement. These Plaintiffs who have requested exclusion from the Settlement are not part of the Class, not bound by this Order and the accompanying Judgment, and not entitled to any Settlement Award under this Settlement.

24. Class Members who filed otherwise valid claims after the claims deadline, but prior to the issuance of this Order, will be paid Settlement Awards from the Net Settlement Fund. Approximately 31% of the Class filed timely and valid claims.

25. Except as stated in this Order, all other terms of the Settlement will remain as stated in the Agreement and all accompanying documents and the Orders of this Court.

The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

///

1  **IT IS SO ORDERED.**

2  Dated: 7/23/10

   _____
   UNITED STATES DISTRICT COURT JUDGE