**E-Filed 7/23/2010**

BLUMENTHAL, NORDREHAUG & BHOWMIK
Norman B. Blumenthal (STATE BAR NO. 068687)
Kyle R. Nordrehaug (STATE BAR NO. 205975)
Aparajit Bhowmik (STATE BAR NO. 248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

UNITED EMPLOYEES LAW GROUP
Walter Haines (STATE BAR NO. 071705)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Plaintiffs
DAVID WALSH and DAVID KALUA

.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALSH, an individual, DAVID KALUA, an individual, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.  C 08-04918 JF<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES TO CLASS COUNSEL<br><br>**Judge:  Hon. Jeremy Fogel**<br><br>**Court:  Dept. 3**<br><br>**Action Filed:  August 4, 2008** |

This matter having come before the Court for hearing, pursuant to the order of this Court dated February 26, 2010, on the application of Plaintiffs for consideration of approval of the settlement and for consideration of the award of attorneys fees and costs.  Due and adequate notice having been given to the Class as required in said order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. The Court determines that an award of attorneys' fees and costs to class counsel under the common fund doctrine in the collective amount of $247,500.00, representing 25% of the $990,000.00 settlement value to the Class, is fair, reasonable and appropriate. Counsel for the Class performed work which benefitted the Class and expended substantial time and effort in litigating this matter.  Class Counsel requests as award of attorneys' fees in the amount of $213,452.86, which correlates to 21.5% of the Settlement Fund.  An award of attorney's fees in this amount compares favorable to the accepted benchmark of attorney's fees awards in common fund cases.

2. The substantial recovery obtained and the results achieved, along with the risks of the litigation, the skill required, quality of the work, the contingent nature of the fee, the financial burden carried by Class Counsel, and awards made in similar cases, all justify the requested attorneys' fee and cost award.  The work of class counsel on behalf of the Class resulted in the creation of a common fund with a total settlement value of $990,000.00, with no reversion to Defendant.

3. Class counsel prosecuted this case on a contingent basis.  The Court finds that there is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis.  The attorney being paid by the hour can go to the bank with his fee. The attorney working on a contingent basis can only log hours while working without pay towards a result that will hopefully entitle him to a market place contingent fee

1   taking into account the risk of the undertaking.  Otherwise, the contingent fee attorney receives
2   nothing.  Class Counsel subjected themselves to this contingent fee market risk in this all or
3   nothing contingent fee case wherein the necessity and financial burden of private enforcement
4   makes the requested award of one-third of the settlement value to the Class appropriate.

5       4.    At the time this case was brought, the result was far from certain.  The
6   Defendant's practice at issue here had been in place for years and Defendant's numerous defenses
7   to the case created difficulties with proof and novel legal issues for class counsel to overcome.
8   The very substantial risks of this litigation could have resulted in the Class receiving nothing if
9   the claims were litigated.

10      5.    In prosecuting this action, Class Counsel displayed the exemplary skill and
11  expertise that is necessary to successfully prosecute this wage and hour class action which
12  involved novel and difficult issues.  In opposing the capable firm of Orrick, Herrington &
13  Sutcliffe, LLP on a contingent fee basis, class counsel had to forego other employment on other
14  cases so as to devote the necessary time and resources to this case.

15      6.    The Declaration of Blumenthal represents that Class Counsel's total lodestar in
16  this litigation as of June 9, 2010 is $205,098.75.  As a result, the requested fee award is roughly
17  equivalent to the total lodestar, and therefore, the lodestar cross-check confirms the
18  reasonableness of the requested fee award.

19      7.    The Court finds that the named Plaintiffs performed their duties and roles as the
20  class representatives admirably.  The Court hereby awards the two named Plaintiffs an incentive
21  and service award of $10,000 each, which the Court finds to be fair and reasonable, to be paid in
22  accordance with the Settlement Agreement.

23      8.    The Court further finds that Plaintiffs incurred expenses in the amount of
24  $34,047.14 on behalf of the Class in the prosecution of this action.  These costs and expenses
25  were reasonably necessary in the prosecution of the matter, and therefore, the Court awards class
26  counsel $34,047.14 for reimbursement of costs and expenses.

1   9. For all of the above reasons, the Court hereby awards $247,500.00 to Class Counsel as attorneys' fees, consisting of $34,047.14 for litigation expenses and $213,452.86 for attorneys' fees, to be paid in accordance with the terms of the Stipulation and Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 7/23/2010

_____
Hon. Jeremy Fogel
Judge, U.S. District Court