Walsh v. Apple, Inc. et al Doc. 74

# EXHIBIT A

Dockets.Justia.com

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

Case No. 07-CV-1658 MJJ

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS**

**PROPOUNDING PARTY:** Defendant TomorrowNow, Inc.

**RESPONDING PARTY:** Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

**SET NUMBER:** One

Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (collectively, "Oracle") hereby respond and object to Defendant TomorrowNow, Inc.'s ("SAP TN") First Set of Document Requests to Plaintiffs ("Requests") as follows:

## GENERAL OBJECTIONS

1. Oracle objects to the Requests on the grounds that they are vague, overbroad, oppressive, harassing, and unduly burdensome.

2. Oracle objects to the extent that any Request seeks documents protected from disclosure by any evidentiary privilege, including without limitation the attorney-client privilege and work product doctrine. Oracle does not intend to produce any privileged documents.

3. Oracle objects to the Requests to the extent that they seek the production of documents that are not within Oracle's possession, custody, or control and to the extent that they purport to impose any duty to provide information and/or documents more readily available from sources other than Oracle. Absent mutual agreement with defendants, Oracle will produce no such third-party documents.

4. Oracle objects to the Requests to the extent that they seek third party-business or proprietary information subject to a confidentiality agreement and/or protective order and will not produce such materials absent a Court order.

5. Oracle objects to the Requests to the extent they seek to require Oracle to search for, review, or produce inaccessible information or materials. Oracle will not undertake to search for, review, or produce inaccessible data.

6. Oracle objects to the Requests to the extent that they purport to impose obligations different from or greater than those imposed by the Federal Rules of Civil Procedure.

7. Where Oracle has agreed to produce documents, such production will be

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it seeks Documents in the possession of defendants or third parties. Oracle further objects to this Request on the grounds that it is duplicative of Request No. 23. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to whether "SAP may have enhanced or improved its own software applications offerings" using information from Software and Support Materials, to the extent such Documents exist.

**DOCUMENT REQUEST NO. 25:**

All Documents relating to any Communications between Oracle, or anyone acting on its behalf, and any current or former TN employee concerning TN, SAP America, or SAP AG.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, in that such Communications are in no way limited to the issues raised by the Complaint. Oracle further objects to the Request on the grounds that it imposes an undue burden on Oracle to determine if any of its thousands of personnel have had Communications with any current or former SAP TN employee. Oracle further objects to the Request on the grounds that it calls for Documents protected by the attorney-client, work product, or other privileges.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents responsive to this Request.

**DOCUMENT REQUEST NO. 26:**

All Documents relating to any Communications between Oracle, or anyone acting on its behalf, and any person or entity currently or formerly affiliated with TN, concerning TN, SAP America, or SAP AG.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, in that such Communications are in no way limited to the issues raised by the Complaint. Oracle further objects to the Request on the grounds that it imposes an undue burden on Oracle to determine if any of its thousands of personnel have had Communications with any person "currently or formerly affiliated" with SAP TN, which could be interpreted to include any employee of any entity that ever considered using SAP TN's services. Oracle further objects to the Request on the grounds that it is duplicative of Request No. 25. Oracle further objects to the Request on the grounds that it calls for Documents protected by the attorney-client, work product, or other privileges.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents responsive to this Request.

**DOCUMENT REQUEST NO. 27:**

For all former Oracle employees who are, or have been, employees of TN, all employment agreements, nondisclosure agreements, and other Documents sufficient to show their terms of employment with Oracle.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, in that such employment agreements, nondisclosure agreements, or other Documents related to terms of employment are in no way connected to the issues raised by the Complaint. Oracle further objects to the Request on the grounds that it imposes an undue burden on Oracle to determine if any of its thousands of personnel have ever become employees of SAP TN. Oracle further objects to the Request on the grounds that it calls for Documents protected by the attorney-client, work product, or other privileges, as well as individuals' privacy rights.

defendants.

**DOCUMENT REQUEST NO. 118:**

Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, a complete set of log-in credentials, and all necessary software (including Change Assistant), sufficient to permit Defendants' counsel, for the sole purpose of defending against Oracle's claims in this litigation, access to inspect Customer Connection and all similar Oracle support websites or FTP sites.

**RESPONSE TO DOCUMENT REQUEST NO. 118:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad and burdensome, as only access to and downloads from Customer Connection are at issue in this litigation. Documents related to Downloads from any other Oracle website are unrelated to this case, and defendants do not need to inspect them in order to defend against Oracle's claims in this litigation. Oracle further objects to this Request on the grounds that it calls for giving defendants' counsel access to Oracle's trade secrets and other proprietary information.

Subject to and without waiving these objections, Oracle responds that it will meet and confer with defendants to determine an appropriate way to permit defendants' counsel to inspect Customer Connection.

DATED: September 14, 2007

Bingham McCutchen LLP

By: [signature]
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on September 14, 2007, at San Francisco, California.

Rosaleen Dora

Rosaleen Doran

# EXHIBIT B

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287

Special Discovery Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO. 07-CV-1658 (MJJ)**<br><br>**JAMS Reference No. 1100053026**<br><br>**REPORT AND RECOMMENDATIONS RE: DISCOVERY HEARING NO 2** |

**JURISDICTION**

The undersigned has been appointed the Special Discovery Master pursuant to an order of United States District Judge Martin J. Jenkins, dated January 8, 2008. The jurisdiction of the Special Discovery Master is to hear all discovery disputes and report and make recommendations to the Court with respect to the resolution of disputes. The Master has recently been advised that this case has been reassigned to the Hon. Phyllis Hamilton, United States District Judge, and this

Report and Recommendations Re: Discovery Hearing No. 2 is therefore being submitted directly to her.

## DISCOVERY HEARING No. 2

The parties each filed discovery motions by letters to the undersigned dated February 19, 2008, and filed oppositions to one another's motions on February 25, 2008. In addition, the Master received from defendants a compilation of authorities regarding the issue of abandonment of copyrights, and a declaration by Mr. Mark Kreutz regarding the security designation of the SAS database. The motions were heard on March 4, 2008. Subsequent letters were submitted, and the record was closed on March 14, 2008.

This is the report and recommendations of the Special Discovery Master to the Court with respect to those motions.

## SECURITY LEVEL OF SAS DATABASE

Defendants have produced to plaintiffs their so-called SAS database. They did so as a Federal Rule 33 (d) response to discovery requests by Oracle. In producing the database, defendants marked it as "highly confidential" under the stipulated protected order, dated June 7, 2007. The "highly confidential" designation severely limits the persons to whom the data base can be shown.

Oracle has made a substantial showing that the "highly confidential" designation is materially impacting its ability to prepare this case. Because of the designation, Oracle cannot show the information to necessary personnel of the general counsel's office of Oracle, and cannot show it to other relevant information sources within Oracle, including engineers and non-technical persons. Oracle therefore moves to have the security level reduced to "confidential." Defendants oppose.

The information contained in the SAS is apparently very broad in scope, covering much TN's database. Indeed, it was for that reason that defendants produced the database under Federal Rule 33 (d), as a substitute for getting the information from numerous internal sources and sorting the information into separate databases or into paper form.

The Special Discovery Master believes that there is a basic inconsistency in defendants' position in this motion. That is, instead of providing specific answers to interrogatories and document requests, defendants tendered the database under Rule 33(d) as being the answers. However, defendants are at the same time, by virtue of the "highly confidential" designation, severely restricting plaintiffs' access to and use of the information. The Master believes that defendants should not have it both ways.

The definition of "highly confidential" is contained in the stipulated protected order, paragraph No. 4: "only extremely sensitive, high confidential, non-public information, consisting either of trade secrets or other highly confidential documents relating to current or future business plans or strategy, the disclosure which…would be likely to cause competitive or business injury…" (emphasis added). This definition appears not to encompass all information which defendants believe are secret, or sensitive, or confidential, or non-public, but only to those which "relate to current or future business plans or strategies." As the Special Discovery Master understands the database, little of its information meets that definition. Indeed, Mr. Kreutz of defendant TN describes the information in the database in paragraphs 2 and 3 of his declaration of March 3rd. Those descriptions, although obviously general because of the necessity for verbal descriptions of the information, indicate that much if not all of the information would not meet the requirement of being "likely to cause competitive or business injury." Hypothetically, all information from a company's records, particularly regarding customers, could be misused and some competitive or business injury could result. But the paragraph No. 4 definition is obviously describing a narrower scope. And eliminating the "highly confidential" designation here still leaves defendants with substantial protections. That is, paragraphs 8 and 9 of the stipulated protective order provide that "confidential" information, and not just the "highly confidential" information, can only be disclosed to persons with a need to know in this litigation, can be used solely for the purposes of preparation for trial, and can not be used by the receiving party for any other purposes, including business or commercial purposes. And those limitations expressly survive the termination of this litigation.

Defendants have suggested that plaintiffs can meet and confer with defendants' counsel about specific data or specific persons to whom Oracle wants to show the data. And at the hearing, the Special Discovery Master also made inquires about such procedures. However, that

does not appear workable, in view of the large quantity of data involved and the large number of persons who might potentially need to see it. Further, that suggestion puts the burden of proof on the wrong side. Paragraph 16 (c) provides that "the burden of proof in any such challenge proceeding shall be on the Designated Party", in this case on defendants. Other than Mr. Kreutz's declaration, defendants' opposition to this motion, (letter of February 25, 2008, pages 1 and 2), does not really support defendants' contentions; it simply restates defendants' conclusion that the database is highly sensitive information that warrants the "highly confidential" designation. That is not enough to sustain defendants' burden of proof.

The Special Discovery Master therefore recommends that plaintiffs' motion to down-grade the confidentiality designation of the SAS database from "highly confidential" to "confidential" be granted. Further, two other security mechanisms to protect defendants' information might be considered: First, that not withstanding the above recommendation, defendants be entitled to present to plaintiffs, and subsequently to the Master and to the Court, specific items of information from the SAS database which they believe should still be given the "highly confidential" designation. Second, that all persons to whom the information in the SAS database is shown must receive a written statement that mirrors the provisions of paragraph 8 of the stipulated protective order.

## TIMING OF PRODUCTION

Plaintiffs object to the alleged lack of promptness with which discovery information is produced by defendants to Oracle. After discussion, the parties agreed as follows: The information from defendant TN will be supplied to plaintiffs by the end of March, and the information from the SAP Companies will be supplied by April 15, 2008.

## IDENTIFICATION OF INDIVIDUALS

Plaintiffs requested that defendants be obliged to provide more information about individuals identified in their discovery responses. However, the Special Discovery Master was advised that the parties have reached an agreement on this issue, and so no further recommendation is being made.

## TERMINATION INFORMATION

Defendants request the plaintiffs give further responses to document request number 38: "all documents relating to Oracles policies and procedures (if any) for terminating a customers' access to Customer Connection after the customer's maintenance end date has passed."

At oral argument, defendants identified their primary objective as seeking information that may establish that plaintiffs have abandoned some of their copyright protections. Defendants want to know whether Oracle, in any systematic way, lets a customers have access to its database even after the customer has terminated.

The Master does not believe that an affirmative defense of "abandonment of copyright" has been specifically alleged in defendants' answer, although that issue may be raised as a part of one of the other affirmative defenses or by defendants' general denials. Defendants have submitted a compendium of cases on the issue of "abandonment of copyright", which is a collection of cases from around the United States, primarily United States District Court decisions. However, neither side has requested a ruling on the scope of the principle of abandonment of copyright in this case, and whether it includes a failure to police access to copyrighted material after a customer terminates. That issue is not substantively ripe, and may be an issue that has to be directed to Judge Hamilton rather than to this Special Discovery Master.

In any event, the Special Discovery Master does not believe that the issue is now appropriate for decision, even with respect to the requested discovery. The reason is that the request is overly broad for present discovery needs. Plaintiffs have tendered some relevant information, and the Master does not believe that the discovery should now require Oracle to do a review of all of its customers, past and present.

Questions regarding termination might become relevant to possible issues of the scope of plaintiffs' damages, causation, consent, acquiescence, estoppel or waiver, even short of a claim of total abandonment of copyrights. Those other questions regarding termination would probably have to start with specific customers; that is, questions regarding specific customers whose information Oracle alleges to have been improperly taken by defendants. Oracle has already offered to provide the relevant information, primarily as to the 69 customers already identified by Oracle; see Oracle's letter of February 25, pages 2 and 3.

The Master recommends that Oracle be compelled to produce the information which it has agreed to produce; and further recommends that Oracle also be compelled to produce the information as to additional customers when and if Oracle identifies additional customers as ones whose information was improperly taken by defendants and as to whom Oracle will seek damages. The Master further recommends that defendants' request for additional information on the issue of abandonment be denied, without prejudice, until such time as some reasonable possibility of legal abandonment has been demonstrated.

## AUDITING OF CUSTOMERS' DOWNLOADING

Defendants' document requests 49 and 50 ask for documents pertaining to Oracle's right to audit its customers' downloads, and for Oracle's policies and procedures for determining when to enforce such rights.

In its response to this motion, (see letter of February 25, page 4): Oracle agrees (a) to provide responsive documents from the 350 customer license agreements that Oracle has agreed to produce; (b) to look for additional audit documents in the files of the custodians identified in connection with the overall collection and review related to the 69 currently identified customers; and (c) to provide any general policies and procedures related to the audit rights for the Customer Connection website that can be located by a reasonable search.

The Master believes that this is an adequate response and good faith attempt to provide the information, and recommends that Oracle should not presently be required to produce any further information in response to these requests.

## COMMUNICATIONS BETWEEN PLAINTIFFS AND DEFENDANTS

Defendants' requests for documents numbers 25-27 seek all communications, and indeed all documents relating to communications, between anybody at Oracle and anybody at defendants. The requests are unlimited in scope, except that they should "concern" defendants.

The scope of this request is staggering. Combining the personnel of all of the companies, the number of people involved totals thousands. The present scope of the request is unreasonable. At the oral argument, it appears that defendants' primary interest is in communications which may have expressed plaintiffs' consent to defendants to use the

information at issue. That is of course a relevant subject matter, if such documents exist. But making inquires of thousands of employees is not the way to do it.

Defendants seek to justify since such a broad request by reference to a communication of plaintiffs allowing a customer to provide defendants with a demonstration CD of human resource software which had been licensed to a customer. The Master is of the opinion that disclosing a CD or software to a customer who was licensed to use it is not a sufficient basis to require the production, or even inquiries for production, of such a vast request.

Oracle has agreed to produce documents responsive to these requests that come from the voluminous custodial files which it has already collected. The Special Master recommends that Oracle be required to produce those things which it has tendered, but that the requests for all communications, and all documents relating to communications, and all employment agreements of Oracle employees who became employees of defendants be denied as overly burdensome and of limited relevance.

## CUSTOMER COMPLAINTS

Defendants' document request number 64 asks for all documents relating to customer complaints about Oracle's services. This is again a staggering request in view of the large size of the companies. At the oral argument, defendants indicated that the issue on which this discovery is sought is the causation of damages; that is, did Oracle lose customers because of misconduct by defendants or because of the customers' dissatisfaction with Oracle.

In its reply to this motion, Oracle has agreed to produce it's "at risk" reports, which apparently compile the reasons for termination relating to customers listed in the reports. Oracle is also producing the contract files for all the customers who migrated to SAP, including correspondence. And Oracle is producing complaints about Customer Connection support from sales and support representive custodians that relate to the current list of 69 customers.

The Special Discovery Master recommends that Oracle be ordered to provide that information. The Master also recommends that as additional customers are identified by plaintiffs as being a basis for the damages claims, similar information be provided as to those customers. Since the issue is causation of damages, and since plaintiffs' damages claims will probably have to start with the loss of specific customers, the above methodology should give

defendants the information base which they would need in order to dispute the causation of Oracle's claimed customer losses.

## ACCESS TO CUSTOMER CONNECTION AND TO CHANGE ASSISTANT

Defendants' document requests 52 and 118 seek documents regarding the web display of Customer Connection, and all necessary software, including Change Assistant, sufficient to permit defendants' counsel to inspect Customer Connection and similar Oracle websites.

Plaintiffs have agreed to exchange all of the versions of Change Assistant in exchange for defendants' versions of Titan. This exchange has been agreed upon. And plaintiffs' have also agreed to produce the requested databases as "highly confidential" under the protective order. At the hearing of the motions, the above appeared to resolve this dispute, except as to the source code of the Change Assistant software. The parties agreed to a further briefing schedule on the subject of the source code, which was completed on, March 14.

The Special Master recommends that this request be denied at the present time, without prejudice. Oracle is producing the Change Assistant. The complaint does not appear to allege any theft, improper downloading or use of Change Assistant. The present relevant question appears to be what Change Assistant can do for a user in accessing Customer Connection, not how Change Assistant does it. In addition, Oracle represents that the Oracle engineers who will confer with defendants under the Report of February 25, 2008, pg 4, will also assist in defendants' need for "mapping" information without the necessity for enquiry into the source code. The Master is prepared to reconsider this recommendation upon an adequate showing of why, under the issues in this case, defendants need to know how Change Assistant functions.

## PROGRESS OF DISCOVERY

At the hearing on March 4th the Special Discovery Master also made some general inquires of both sides as to the overall progress of the discovery. Discovery is progressing, but slowly. Both sides are hard at work on discovery responses, but the size of the discovery needs on both sides is very extensive. The Special Discovery Master will provide more specific observations on the general progress of discovery as the hearings warrant.

The Special Discovery Master submits this report and recommendations to the Honorable Phyllis Hamilton pursuant to paragraph 3(a) of the stipulation and order of January 8, 2008.

Respectfully submitted.

Dated: March 19, 2008

Charles A. Legge

Hon. Charles A. Legge (Ret.)
Special Discovery Master

**PROOF OF SERVICE BY EMAIL & U.S. MAIL**

Re: Oracle Corporation, et al. vs. SAP AG, et al.
Reference No. 1100053026

I, Melissa Ornstil, not a party to the within action, hereby declare that on March 19, 2008 I served the attached Report and Recommendations Re: Discovery Hearing No. 2 on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, via U.S. Mail, at San Francisco, CALIFORNIA, addressed as follows:

Robert A. Mittelstaedt
Jones Day
555 California St.
26th Fl.
San Francisco, CA 94104 U.S.A.
Tel: 415-626-3939
Email: ramittelstaedt@jonesday.com

Tharan Gregory Lanier Esq.
Jones Day
1755 Embarcadero Rd.
Palo Alto, CA 94303
Tel: 650-739-3939
Email: tglanier@jonesday.com
Fax: 650-739-3900

Scott W. Cowan Esq.
Jones Day
717 Texas
Suite 3300
Houston, TX 77002-2712
Tel: 832-239-3721
Email: swcowan@jonesday.com

Jason S. McDonell Esq.
Jones Day
555 California St.
26th Floor
San Francisco, CA 94104 U.S.A.
Tel: 415-875-5820
Email: jmcdonell@jonesday.com
Fax: 415-875-5700

Zachary J. Alinder Esq.

Geoffrey Howard Esq.

Bingham McCutchen LLP
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111
Tel: 415-393-2226
Email: zachary.alinder@bingham.com

Bingham McCutchen LLP
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111
Tel: 415-393-2000
Email: geoff.howard@bingham.com
Fax: 415-393-2286

Dorian Daley Esq.
Oracle USA, Inc.
500 Oracle Parkway
MS 5op7
Redwood City, CA 94070
Tel: 650-506-4846
Email: dorian.daley@oracle.com

Jennifer Gloss Esq.
Oracle USA, Inc.
500 Oracle Parkway
MS 5op7
Redwood City, CA 94070
Tel: 650-506-4846
Email: jennifer.gloss@oracle.com
Fax: 650-506-7114

- Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102 USA
Tel: 415-556-3167
Email: NOT AVAILABLE

Chad Russell
Bingham McCutchen LLP
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111
Tel: 415-393-2000
Email: chad.russell@bingham.com
Fax: 415-393-2286

Bree Hann Esq.
Bingham McCutchen LLP
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111
Tel: 415-393-2000
Email: bree.hann@bingham.com

Donn P. Pickett Esq.
Bingham McCutchen LLP
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111
Tel: 415-393-2000
Email: donn.pickett@bingham.com
Fax: 415-393-2286

Holly A. House Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111 USA
Tel: 415-393-2000
Email: holly.house@bingham.com

Jane L. Froyd Esq.
Jones Day
1755 Embarcadero Rd.
Palo Alto, CA 94303
Tel: 650-739-3939
Email: jfroyd@jonesday.com
Fax: 650-739-3900

Joshua L. Fuchs Esq.
Jones Day
717 Texas
Suite 3300
Houston, TX 77002-2712
Tel: 832-239-3939
Email: jlfuchs@jonesday.com

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on March 19, 2008.

Melissa Ornstil
JAMS The Resolution Experts
melissaornstil@jamsadr.com