Walsh v. Apple, Inc. et al Doc. 91

BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, *et al.*,<br>Plaintifs,<br>v.<br>SAP AG, *et al.*,<br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br>**JOINT DISCOVERY CONFERENCE STATEMENT**<br>Date: May 28, 2008<br>Time: 3:00 p.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |



Dockets.Justia.com

Pursuant to the Court's May 7, 2008 Order, Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (collectively, Oracle) and Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, Defendants) hereby submit this Joint Discovery Conference Statement. Although the Parties have made substantial progress on discovery and continue to meet and confer to resolve issues, there are several issues related to the scope of discovery that remain unresolved.

**1. Discovery Limitations**

The Parties continue to meet and confer on various methods aimed at reducing the volume and enhancing the usefulness of each side's respective document productions. The Parties agree that limitations on the potentially massive scope of discovery in this case are sensible; although we have been unable as of yet to come to a specific agreement. Two primary means of limiting the volume of documents have been discussed: search terms and restrictions on the number of custodians whose documents must be reviewed and produced. Each is addressed below.

**a. Search Terms**

The Parties have exchanged lists of search terms, which can be used by each Party as a means of narrowing the scope of electronic documents to be reviewed. These search terms would not decrease the size of the document collection – only the size of the document review. At this time, the Parties are testing and further refining a list of search terms. The Parties have met and conferred a number of times over the past two weeks on this issue, and agree that the use of search terms is a potentially beneficial way of narrowing the scope of discovery, provided testing proves that the terms are both accurate and result in a sufficiently narrowed review set. The Parties hope that, with further efforts to refine the terms to capture the responsive documents on both sides, an agreement can be reached without judicial action.

**b. Number of Custodians**

At the May 6, 2008 hearing before this Court, the Parties reported that we would consider limitations on the number of Party custodians whose entire cache of documents required review and production. Since that time, the Parties have met and conferred on several occasions and exchanged numerous emails, all in an attempt to come to an agreement on these limitations. The

Parties have agreed in concept that limits on the number of custodians with potentially responsive information are appropriate, provided suitable alternatives to the responsive custodial information exist and there is some flexibility to add (or subtract) custodians as discovery progresses and warrants. However, Oracle and Defendants have not yet reached agreement on either the numerical limit or the process by which that limit should be reached.

Defendants initially named 66 custodians from TomorrowNow and 30 from SAP America and SAP AG combined, and proposed limiting production of documents from all Defendants to only these 96. While Oracle embraced the idea of a custodian limit, it responded that it could not evaluate a limit of 96 custodians until it received further information regarding the total universe of Defendants' potentially responsive documents. Accordingly, Defendants agreed to, and did, provide organization charts for SAP America and SAP AG (similar charts had already been provided by the Parties for Oracle and TomorrowNow). The Parties also agreed to exchange lists identifying (1) Party custodians that could hold responsive documents, and (2) non-custodial "general" or "central" sources of responsive information that may provide supplements to the identified custodial information. Oracle subsequently provided a list of approximately 414 Oracle custodians who potentially held responsive documents and identified 179 of them by name.[1] Defendants provided a list of 629 custodians from SAP America and SAP AG combined who potentially held responsive documents, identifying 121 by name, and stated that all of the approximately 177 active TomorrowNow employees potentially held responsive documents.

Further discussions followed, during which the Parties clarified the scope of the documents which were potentially encompassed within the identified custodial and non-custodial sources and which had been or would be better found in targeted searches and discussed the subjects to which those sources would be most likely relevant. Using this information, including the TomorrowNow and SAP organization charts and Defendants' list of potentially responsive custodians, Oracle specifically named an additional 33 custodians from SAP and TomorrowNow

[1] The Parties' potential custodians do not include certain employees who have been (and will be) the subject of targeted searches for specific documents or types of documents. "Custodians" are those whose entire collection of documents must be considered for review for responsive documents, including by the possible use of search terms.

who it proposed Defendants initially add to the 96-custodian list initially proffered by them. In response, Defendants offered to increase the numerical limit to 110 custodians, with an automatic right to later add five more without leave of court and allow the parties to identify the specific custodians as discovery progresses (i.e., reserve custodian spots). Hearing from Defendants that some of Oracle's additional proposed 33 custodians may not make sense, Oracle offered to have further discussions to be convinced. Oracle disagrees that the proposed "reserve" is adequate under the circumstances.

The Parties continue to meet and confer on this issue. The Parties require some additional time to continue to meet and confer about the various custodial and non-custodial information sources recently disclosed by both sides, about the scope of potentially responsive documents held by the 33 additional custodians proposed by Oracle, and about how additional custodians could be identified for production in the future. The Parties expect to have their positions settled upon by the Discovery Conference scheduled for May 28, 2008, and will be able to discuss either their agreement or, failing agreement, their respective positions with the Court at that time.

**2. <u>Privilege Logs</u>**

In the initial Joint Case Management Conference Statement, filed August 28, 2007, the Parties expressly stipulated out of the privilege log requirements stated in *Burlington Northern v. District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). The Parties at that time stipulated that the production of privilege logs within 45 days after the production of a Party's documents is reasonable and would be sufficient to preserve the Party's privilege objections. The Parties also agreed that communications with outside counsel need not be logged or disclosed. During subsequent meet and confer discussions, the Parties further agreed that the 45-day period for privilege logs begins to run from the production from which the privileged material was withheld, and also agreed that communications occurring after March 22, 2007 and involving in-house counsel need not be logged or disclosed.

Accordingly, the Parties request that the Court modify its May 2, 2008, Order Regarding Discovery Procedures to reflect the stipulations between the Parties above. If the Court is agreeable, the Parties will provide an appropriate form of stipulated Order for the Court's

signature.

**3. Remote Access**

The Parties have also spent substantial amounts of time continuing to meet and confer on a method for review and potential production of numerous TomorrowNow servers, which are physically located outside California. Defendants have objected to actual production of these servers primarily on burden grounds. Oracle and Defendants met and conferred twice in the last week and reached preliminary agreement on a protocol to begin reviewing these servers remotely in an effort to make production from them more efficient. To that end, the current proposal includes a protocol that would allow Oracle to identify for review and production materials that are being made available through the remote access exercise. It remains to be seen whether the remote access method will work as envisioned, but the Parties have agreed to try. The Parties have made significant progress in coming to this agreed remote access proposal and will continue to meet and confer to iron out the remaining details, with the expectation that Defendants' experts would have the technical infrastructure ready for the preliminary review by approximately June 15.

**4. Inadvertent Production of Documents and Spousal Privilege Objections**

The Parties continue to meet and confer regarding the privilege status of documents produced by Defendants. In addition, Oracle is also meeting and conferring with counsel for a TomorrowNow employee regarding the propriety of certain spousal privilege objections asserted during her deposition. Defendants required Oracle to destroy copies of the documents that they contend were inadvertently produced and privileged. Oracle disagrees with the privilege analysis on both subjects, but has complied with the destruction request, except for the original copy on the production CD from Defendants, which has been sequestered for use only in connection with any motion to compel, consistent with Paragraph 15 of the Protective Order. Defendants disagree with Oracle's interpretation of Paragraph 15. No agreements have been reached, but there will be continued meet and confer discussions on these issues with the expectation that the issues can either be agreed, narrowed, or submitted to the Court for resolution in the near future.

**5. Defendants' Discovery Denied By the Special Master Without Prejudice**

In his three reports and recommendations, the Special Discovery Master (formerly appointed in this case) denied Defendants discovery on a variety of subject matters, but did so as to certain of them without prejudice. Defendants intend to renew their efforts to obtain discovery into these areas, and will meet and confer with Oracle in an attempt to either reach an agreement or to define the issues to be presented to the Magistrate Judge for decision.

DATED: May 22, 2008

BINGHAM McCUTCHEN LLP

By: /s/ Geoffrey M. Howard
Geoffrey M. Howard

Attorneys for Plaintiffs
Oracle Corporation, Oracle International Corporation, and Oracle USA, Inc.

In accordance with General Order No. 45, Rule X, the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

DATED: May 22, 2008

JONES DAY

By: /s/ Jason McDonell
Jason McDonell

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and TOMORROWNOW, INC.