Walsh v. Apple, Inc. et al


# EXHIBIT C

Dockets.Justia.com

Christopher B. Hockett
Direct Phone: 415.393.2612
Direct Fax: 415.393.2286
chris.hockett@bingham.com

January 28, 2008

**Via Hand Delivery**

**Contains Information Designated Confidential Pursuant to Protective Order**

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center
San Francisco, CA 94111

Re: *Oracle Corp., et al. v. SAP AG, et al.*: **Oracle's Motion to Compel Production of Documents Related to Government Investigations and Further Responses to Interrogatories**

Dear Judge Legge:

Oracle brings this motion to compel TomorrowNow, Inc. ("TN"), SAP AG, and SAP America, Inc. (collectively, "Defendants") to (1) produce documents relating to government investigations of their conduct; and (2) provide further responses to nineteen interrogatories that seek basic foundational information relating to Oracle's claims.

## I. GENERAL DISCOVERY STANDARD

The scope of discovery under the Federal Rules of Civil Procedure and in the Northern District of California is liberal. *See* Fed. R. Civ. P. 26(b)(1); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006) ("Relevancy, for the purposes of discovery, is defined broadly . . .[and is] liberally construed to permit the discovery of information which ultimately may not be admissible at trial."). Because the information Oracle seeks is relevant to its claims, Defendants have a "heavy burden" to show why they refuse to provide it. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (Defendants must "carry a heavy burden of showing why discovery was denied."). They cannot make this showing as to any of Oracle's requests.

## II. ORACLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO GOVERNMENT INVESTIGATIONS OF DEFENDANTS' CONDUCT

### A. Introduction

On July 3, 2007, Defendants convened a press conference in Germany and announced that the United States Department of Justice had requested documents from Defendants in

connection with the conduct alleged in Oracle's First Amended Complaint (the "Complaint"). *See* "SAP Responds to Oracle Complaint" press release (July 3, 2007), available at www.tnlawsuit.com (a public website created by Defendants and devoted to this litigation). Defendants' announcement was part of their public relations blitz surrounding the filing of their Answers to the Complaint – Answers in which they admitted making inappropriate downloads from Oracle's Customer Connection website. *See* Defendants' Answer and Affirmative Defenses at ¶¶ 2, 15, 72, 76-81.

Following Defendants' public announcement, Oracle served its First Sets of Requests for Production ("Requests"), which sought documents relating to government investigations, including any documents Defendants produced to the government. Despite the fact that Oracle's claims and the Department of Justice investigation concern the same conduct, Defendants have refused to produce any documents in response to these Requests. Defendants have no legal basis for refusing to produce the requested documents. Therefore, the Special Master should order Defendants to produce them immediately.

### B. The Requests for Production at Issue

Request No. 84 from Oracle's Requests to TN sought "All Documents relating to Department of Justice, Federal Bureau of Investigation, or other federal, state, or local government agency's request or investigation into the allegations in the Complaint and First Amended Complaint, including without limitation all Documents provided by You to any such agency in response to a request or investigation of those allegations." Request No. 55 from Oracle's Requests to SAP AG and SAP America sought the same types of documents with respect to the allegations of the First Amended Complaint only. All Defendants have responded identically to these Requests, objecting that the requests seek "information prohibited from disclosure pursuant to Fed. R. Crim. P. 6(e) and [are] not reasonably calculated to lead to the discovery of admissible evidence and [are] overbroad."

### C. The Special Master Should Order Defendants to Produce Responsive Documents

Oracle anticipates that documents responsive to its Requests fall primarily into two general categories: (1) documents provided by Defendants to the government in connection with the investigation and (2) communications between Defendants and the government in connection with the investigation. Both kinds of documents are relevant to Oracle's claims and should be produced.

#### 1. The Requested Documents Are Relevant and Reasonably Likely to Lead to the Discovery of Admissible Evidence

Clearly, the two categories of requested documents above are both relevant and reasonably likely to lead to the discovery of admissible evidence. Defendants themselves publicly disclosed that the government's investigation is addressed to the conduct Oracle alleges in the Complaint. This leaves no room for doubt about the relevance of

Defendants' documents relating to the investigation. Since the government is investigating Defendants' conduct as it relates to Oracle's claims, materials related to that investigation, and particularly whatever materials Defendants have provided to the government, are relevant. For instance, historic documents Defendants have produced to the government may relate to what Defendants did with Oracle's intellectual property, when they did it, and why they did it. Written communications with the government after the investigation opened are relevant to these same issues, as well as to any affirmative defenses or excuses Defendants may try to offer for their conduct.[1]

### 2. Oracle Will Be Substantially Prejudiced if Defendants Do Not Produce Responsive Documents

Given the relevance of the Requests, Oracle will suffer substantial prejudice if Defendants do not produce the responsive documents. Defendants urged a fast discovery schedule, which the Court adopted. It now appears that Defendants have devoted the first part of that schedule producing material to the government rather than to Oracle. Defendants have likely produced to the government critical pre-investigation (historic) documents that relate directly to Oracle's allegations. Indeed, because of Defendants' likely desire to cooperate with government investigators, they probably produced these pre-investigation (historic) documents in an organized, easily-understood format.[2] Presumably, this production sits on a set of CDs that Defendants could copy and produce to Oracle in a matter of hours.

At the same time, Defendants have yet to produce the vast majority of documents responsive to Oracle's Requests, served several months ago. Indeed, SAP AG and SAP

---

[1] The obvious relevance of the documents to the very claims at issue in Oracle's lawsuit against Defendants undermines any claims of overbreadth Defendants may make. *See, e.g., Fresenius Medical Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653-54 (N.D. Cal. 2004) (granting motion to compel document requests which opponent argued were "overbroad" upon finding that requests sought relevant information), *motion for a new trial granted*, 2007 WL 518804 (N.D. Cal. Feb. 13, 2007), *motion to stay denied*, 2007 WL 1655625 (N.D. Cal. June 7, 2007); *see also, e.g., Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) (overbreadth objection denied to the extent opponent could not identify irrelevant material being sought); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (no overbreadth found and defendant's argument that plaintiff's request is not "sufficiently 'particularized'" denied when request covered a "clearly defined universe of documents, specifically certain documents which . . . [had] already [been] produced in connection with other identified proceedings.").

[2]

**REDACTED**

America have failed to produce even a single document to Oracle. Given Defendants' stonewalling, while Oracle may have, by now, received – in a different format or sequence – *some* of the documents Defendants provided the government, Oracle likely has not received all of those documents, and certainly not in the manner in which Defendants produced those documents to the government.[3] The only way for Oracle to know this, of course, is to compare and contrast Defendants' government production with their productions to Oracle. Oracle's inability to do so because of Defendants' blanket refusal to produce is real and significant prejudice. *See, e.g., In re WorldCom*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) ("Without access to documents already made available to the [government] . . . [plaintiff] would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape.").

### 3. Defendants' Reliance on Federal Rule of Criminal Procedure 6(e) Is Misplaced

Given the obvious relevance of the requested documents and the ease of producing them to Oracle, Defendants have not argued undue burden.[4] Instead, they argue that Federal Rule of Criminal Procedure 6(e) prevents them from producing these already-compiled documents to Oracle – although they have never explained why. In fact, Rule 6(e) is a red herring, and offers no excuse for failing to produce the requested documents.

As Oracle has explained to Defendants, Rule 6(e) is intended to prevent disclosure, by certain defined individuals, of matters relating to grand jury proceedings. It is irrelevant here. Rule 6(e) provides that "*[n]o obligation* of secrecy [relating to a grand jury proceeding] may be imposed on any person *except* in accordance with Rule 6(e)(2)(B)." Fed. R. Crim. P. 6(e)(2)(A) (emphasis added). Rule 6(e)(2)(B) then lists several categories of people who may have this "obligation" of secrecy, none of which include the Defendants here. No defendant is a grand juror, interpreter, court reporter, operator of a recording device, person who transcribes recorded testimony, attorney for the government, or person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii). Accordingly, Defendants may not refuse to produce documents provided to the government, or those related to the government's investigation, on the basis of Rule 6(e). *See* Fed. R. Crim. P. R. 6(e)(2)(B); *see also, e.g., In re Sunrise Securities Litigation*, 130 F.R.D. 560, 574 (E.D. Pa. 1989) (law firm that produced documents to a grand jury "does not fit in any of the classes enumerated by the Rule; consequently, Rule 6(e)(2) does not prevent [the party] from disclosing the requested documents.").

---

[3] Defendants have never even told Oracle whether TN's production to date includes documents also provided to the government.

[4] Defendants have no doubt carefully cataloged their production to the government, specially Bates-labeled it, and burned it onto easily-replicable CDs. In addition, any post-investigation communications are easily identified. It is no burden to produce such already-compiled documents. *See, e.g., In re Worldcom*, 234 F. Supp. 2d at 305 ("For easily understood reasons, Defendants have not raised [undue burden] as an obstacle, [because the documents] have already been compiled.").

As one would expect, parties are routinely required to disclose in civil litigation the documents they provided and communications they made to government authorities in the course of investigations into related matters. *See, e.g., United States v. Reyes*, 239 F.R.D. 591, 602-03 (N.D. Cal. 2006) (ordering production of presentations made to government by party's attorneys during a securities investigation, "in accord with every appellate court that has considered this issue in the last twenty-five years"); *see also United States v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003) (Jenkins, J.) (target of SEC investigation waived attorney-client and work product privileges as to documents produced to government to cooperate with investigation); *In re WorldCom*, 234 F. Supp. 2d at 305 (discovery stay partially lifted for civil litigants to obtain documents turned over to government to "prevent undue prejudice" to plaintiff from being left behind while governmental and other investigations proceed).

The Special Master should reach the same conclusion here and require Defendants to produce to Oracle the requested documents related to any government investigations, including any documents provided to the government (in the manner produced) and any presentations to or communications with the government regarding the investigation.

**III.**

**REDACTED**