Walsh v. Apple, Inc. et al
Doc. 97 Att. 3

# EXHIBIT D

Dockets.Justia.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION
BEFORE: CHARLES A. LEGGE, JUDGE (Ret.)

---oOo---

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation; ORACLE, USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation, | ) No. 07-CV-01658-MJJ |
| Plaintiffs, | ) |
| vs. | ) CERTIFIED COPY |
| SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive, Defendants. | |

HEARING IN RE DISCOVERY ISSUES

---

Wednesday, February 13, 2008

At:

JAMS
2 Embarcadero Center, 14th Floor
San Francisco, California

Reported by:
GEORGE SCHUMER, CSR 3326 (406308)

case -- why do you want to fiddle around with the government stuff?

MS. HOUSE: If there is a nice presentation to the government that talks about the facts and history, and lays it all out in a nice, easy way, that is an admission that obviously is very useful.

JUDGE LEGGE: Corroboration and possible impeachment.

MS. HOUSE: And clarity. What you have heard today, and what you have seen today, is nothing but obtuse and vague references. We have no indication at all that we have gotten all -- or how much -- of the production that has been done to the government, let alone we clearly haven't been produced any of the voluntarily created documents, and communications with the government -- none of which would be remotely covered by Rule 6(e).

You've got to understand Rule 6(e) -- this is a backstop for us. We're allowed to check against -- this is pretty serious stuff, and we're allowed to check against what they have produced to us, and the historical documents that they have produced to the government. The problems of not having a reply brief is we had never seen any of these authorities before. I would like to hand you --

JUDGE LEGGE: I'll get to that issue whether

MS. BOERSCH: Correct.

JUDGE LEGGE: And I don't think a person supplying information to a grand jury -- that information is cloaked by a grand jury privilege.

MS. BOERSCH: I think the case law actually suggests that it is. If you look at the Sulfuric Acid case, and a couple of the other cases we cite, the courts have said, "Look, if all you are asking for is you don't want the documents for their own intrinsic value; all you want to know is what is it the grand jury is asking for" -- that's Grand Jury information; that tells you what direction the Grand Jury is considering, what direction they are going, and where they might go in the future, and that's what is protected by 6(e). If there is a request for a particular document, like I said, we're not going to object to producing any particular document on that ground.

It is the question of what is it that the grand jury asks you for that would reveal grand jury information, and we're objecting to having to provide a road map to what the grand jury is seeking from us, to the plaintiffs in this case.

JUDGE LEGGE: How long ago did you get the subpoena?

MS. BOERSCH: The first one we got in June, I

again: They are not saying that they produced to us the materials that are clearly relevant, that are all generated out of the very complaint that started the investigation.

You didn't hear them say they produced the underlying historic materials to us. They are saying, "Well, maybe if there's an interrogatory or a document request that we're not going to object to, then we agree to produce to, then we'll produce it." But they don't say they have produced it, or when they are going to produce it.

Dynavac -- I would like you to look at that 9th Circuit case. It specifically found that matters occurring before the grand jury did not include records that were independently generated and sought for legitimate purposes.

The legitimate purpose here -- again, going back to that Dresser case -- it couldn't be clearer. They say intrinsic value the only issue you have to worry about in terms of checking out if somebody is looking for the documents for their own sake; you are not trying to learn what took place before the grand jury.

We don't care what took place before the grand jury. We want the intrinsic -- the reason that we're doing this; that we're seeking this -- is because we want

to see the historic underlying data, and in addition, any kind of voluntary submissions or presentations, or whatever materials were done voluntarily with the government -- we're entitled to that. That doesn't even get covered under the Rule 6(e).

The other quote that they have from Dynavac: I invite you to look at the second half of the sentence, which talks about how rare and unusual it is to put Rule 6(e) secrecy around anything; that these are the kinds of concerns and the kinds of policies that are implicated by 6(e) -- are rarely invoked or rarely threatened.

So every one of the cases that they cite, Your Honor, has to do with the very core grand jury type of materials you are talking about, whether it is actually seeking transcripts; whether it is trying to interview witnesses about what they did and said to the grand jury; whether -- it is getting at the core; what goes on in the room.

That's not what we're talking about here. We're looking for the very historic documents that go to the claims that created the need for the investigation in the first place.

They agree they haven't produced them to us; they have them compiled, easily ready, out the door, and we would be so much farther along in our production in this

CERTIFICATION

I, GEORGE SCHUMER, a Certified Shorthand Reporter in the State of California, hereby certify that said proceedings were taken at the time and place therein stated; that said proceedings were reported by me and thereafter prepared under my direction into typewriting, by computer; and that the foregoing is a full, complete and true record of said proceedings.

DATED: February 21, 2008.

GEORGE SCHUMER, CSR No. 3326