Walsh v. Apple, Inc. et al
Doc. 97 Att. 8

# EXHIBIT I

Dockets.Justia.com

# Oracle's Responses and Supplemental Responses to TomorrowNow's Inc.'s First Set of Document Requests, Nos. 2, 4, 82-84, 90, 92-93, & 95-96

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS** |



9/14/07

whose relationship with Oracle is not relevant to the issues in this litigation at this time.

Subject to and without waving these objections, Oracle responds that it will search for and produce software licenses for legacy PeopleSoft and J.D. Edwards software applications and contracts related to technical support services for the 69 customers identified by Oracle as those whose credentials defendants used to download Software and Support Materials from Oracle ("Identified Customers"), to the extent such Documents exist.

**DOCUMENT REQUEST NO. 2:**

All Customer Contracts or other Documents related in any way to Customer Connection or any similar Oracle support website or FTP site that purport to limit rights of access or create obligations on the part of a person accessing the site.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Customer Contracts" is overbroadly defined to include contracts and agreements that are irrelevant to the issues in this litigation, such as software licenses for non-legacy PeopleSoft or J.D. Edwards products. Further, only access to and downloads from Customer Connection (including via the Change Assistant tool) are currently at issue in this litigation. Documents related to other Oracle support websites are unrelated to the issues of this case and it would be burdensome for Oracle to search for and produce them.

Subject to and without waiving these objections, Oracle responds that it will search for and produce contracts and non-privileged Documents that purport to limit rights of access or create obligations on the part of Identified Customers accessing Customer Connection, to the extent such Documents exist.

**DOCUMENT REQUEST NO. 3:**

All agreements that Oracle alleges or believes TN, SAP AG, SAP America, or any TN Customer or Named Customer has breached, interfered with, or induced others to breach.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that these agreements may be equally available to defendants. Oracle further objects to this Request on the grounds that it has not brought a claim against defendants for interference with contract. Oracle further objects to this Request on the grounds that it has not alleged that any TN Customer or Named Customer has breached, interfered with, or induced others to breach an agreement. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation.

Subject to and without waiving these objections, Oracle responds that it will search for and produce agreements that it believes defendants have breached or induced others to breach, to the extent such Documents exist.

**DOCUMENT REQUEST NO. 4:**

All Documents relating to the negotiation and interpretation of all Customer Contracts between Oracle and any TN Customer or Named Customer.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Customer Contracts" is overbroadly defined to include contracts and agreements that are irrelevant to the issues in this litigation, such as software licenses for non-legacy PeopleSoft or J.D. Edwards products. In addition, even Documents that relate to the negotiation of software licenses for legacy PeopleSoft and J.D. Edwards enterprise applications are not reasonably calculated to lead to the discovery of admissible evidence and would be burdensome to produce, because Oracle would need to search the files of entirely separate teams of custodians – hundreds in total. Further, the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation. Oracle further objects to this Request on the grounds that the phrase "interpretation of all Customer Contracts" is vague

and ambiguous and could conceivably include every Communication with every customer and every internal Communication relating to each Customer Contract. Oracle further objects to this Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will produce non-privileged Documents relating to the negotiation of support contracts between Oracle and any Identified Customer, to the extent such Documents exist.

**<u>DOCUMENT REQUEST NO. 5</u>:**

All Documents relating to the implementation, monitoring, or enforcement of all Customer Contracts between Oracle and any TN Customer or Named Customer.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 5</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Customer Contracts" is overbroadly defined to include contracts and agreements that are irrelevant to the issues in this litigation, such as software licenses for non-legacy PeopleSoft or J.D. Edwards products. In addition, even documents that relate to the implementation, monitoring, or enforcement of software licenses for legacy PeopleSoft and J.D. Edwards enterprise applications are not reasonably calculated to lead to the discovery of admissible evidence and would be burdensome to produce, because Oracle would need to search the files of entirely separate teams of custodians – hundreds in total. Further, the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation. Oracle further objects to this Request on the grounds that the phrase "implementation, monitoring, or enforcement of all Customer Contracts" is vague and ambiguous and could conceivably include every Communication with every customer and every internal Communication relating to each Customer Contract. Oracle further objects to the Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for

**RESPONSE TO DOCUMENT REQUEST NO. 80:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving its objections, Oracle responds that it will search for and produce its "server logs," as referred to in paragraph 8 of the Complaint.

**DOCUMENT REQUEST NO. 81:**

All Documents relating to "Project Fusion," referred to in paragraph 12 of the Complaint as "aimed at taking market share from No. 1 ranked SAP," or to "Off SAP."

**RESPONSE TO DOCUMENT REQUEST NO. 81:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks voluminous Documents unrelated to Oracle's claims or defendants' defenses in this litigation. This Request could be interpreted to call for all of Oracle's Documents relating to the integration of many software brands in addition to legacy PeopleSoft and J.D. Edwards software, the vast majority of which are unrelated to the claims and defenses in this case. It would be unduly burdensome for Oracle to search for, review, and produce such Documents. Oracle also objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents responsive to this Request.

**DOCUMENT REQUEST NO. 82:**

All Documents relating to the "competitive threat from Oracle" referred to in paragraph 13 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 82:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, as it seeks voluminous Documents unrelated to Oracle's claims or defendants' defenses in this litigation. This Request could be interpreted, for example, to call for all of Oracle's Documents relating to competition with SAP, the vast majority of which are unrelated to the claims and defenses in this case. Oracle also objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to SAP's acquisition of SAP TN, to the extent any such Documents exist.

**DOCUMENT REQUEST NO. 83:**

All Documents relating to any analysis of whether TN had the "development capability to meet the support commitments as advertised in the Safe Passage" program, as alleged in paragraph 13 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 83:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it calls for Documents in the possession, custody, or control of defendants. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to analysis of whether SAP TN had the "development capability to meet the support commitments as advertised in the Safe Passage" program, as alleged in paragraph 13 of the Complaint, to the extent any such Documents exist in the files of already-identified custodians.

**DOCUMENT REQUEST NO. 84:**

All Documents relating to TN's development capability, as referred to in paragraph 13 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 84:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle

further objects to this Request on the grounds that the phrase "development capability" is vague, ambiguous, and overbroad. The Request could be interpreted to call for Documents relating to Oracle's development teams, which would be burdensome for Oracle to search for, review, or produce. Oracle further objects to this Request on the grounds that it calls for Documents in the possession, custody, or control of defendants. Oracle further objects to this Request on the grounds that it is duplicative of Request No. 83. Oracle further objects to the extent the Request calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to SAP TN's development capability, as referred to in paragraph 13 of the Complaint, to the extent any such Documents exist in the files of already-identified custodians.

**DOCUMENT REQUEST NO. 85:**

All Documents relating to Oracle's development resources as referred to in paragraph 13 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 85:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, as it seeks voluminous Documents unrelated to Oracle's claims or defendants' defenses in this litigation. This Request could be interpreted, for example, to call for all of Oracle's Documents relating to its development of all its products, the vast majority of which are unrelated to this litigation. Oracle also objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to reflect its development resources for software and maintenance services for legacy PeopleSoft and J.D. Edwards enterprise software applications.

**DOCUMENT REQUEST NO. 90:**

All Documents relating to "the threat that a combined Oracle and PeopleSoft entity would pose to its competitive position for business software applications," as alleged in paragraph 44 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 90:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects that the Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks voluminous Documents unrelated to Oracle's claims or defendants' defenses in this litigation. This Request could be interpreted, for example, to call for all of Oracle's Documents relating to competition between Oracle and SAP, the vast majority of which are unrelated to this litigation. Oracle also objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to SAP's acquisition of SAP TN, to the extent any such Documents exist in the files of already-identified custodians.

**DOCUMENT REQUEST NO. 91:**

All Documents relating to the allegation that "Oracle offered a deeper, broader product line of enterprise applications software programs to compete against SAP AG," as alleged in paragraph 45 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 91:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks voluminous Documents unrelated to Oracle's claims or defendants' defenses in this litigation. This Request could be interpreted, for example, to call for all of Oracle's Documents relating to competition with SAP, the vast majority of which are unrelated to this litigation. Oracle also objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work

product privileges.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents responsive to this Request.

**<u>DOCUMENT REQUEST NO. 92</u>:**

All Documents relating to the "Safe Passage" program referred to in the Complaint.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 92</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle objects to this Request on the grounds that it seeks Documents in the possession, custody, and control of defendants. Oracle further objects to this Request on the grounds that it is overbroad and unduly burdensome, as defendants do not need information about Safe Passage (their own program) to defend against Oracle's claims in this litigation. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents referring to the Safe Passage program in the files of already-identified custodians, to the extent any such Documents exist.

**<u>DOCUMENT REQUEST NO. 93</u>:**

All Documents relating to the allegation that "SAP TN's new parent companies directed it to begin to implement a two-phase plan to increase SAP's enterprise application market share," as alleged in paragraph 51 of the Complaint.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 93</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it calls for Documents in the possession, custody, or control of defendants. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to the allegation that "SAP TN's new parent companies directed it to begin to implement a two-phase plan to increase SAP's enterprise

application market share," as alleged in paragraph 51 of the Complaint, in the files of already-identified custodians, to the extent that any such Documents exist.

**<u>DOCUMENT REQUEST NO. 94</u>:**

All Documents relating to the "torrent of marketing materials" referred to in paragraph 54 of the Complaint.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 94</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it calls for Documents in the possession, custody, or control of defendants.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relied upon in support of the "torrent of marketing materials" allegation in paragraph 54 of the Complaint.

**<u>DOCUMENT REQUEST NO. 95</u>:**

All Documents relating to the allegation in paragraph 55 of the Complaint that SAP AG "took a hands-on approach" and "deployed its salespeople to contact potential customers and push them to switch to SAP TN's services."

**<u>RESPONSE TO DOCUMENT REQUEST NO. 95</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it calls for Documents in the possession, custody, or control of defendants.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relied upon in support of the allegation in paragraph 55 of the Complaint that SAP AG "took a hands-on approach" and "deployed its salespeople to contact potential customers and push them to switch to SAP TN's services."

**<u>DOCUMENT REQUEST NO. 96</u>:**

All Documents relating to the allegation that "SAP AG offered maintenance support through SAP TN, officially 'bundled' with SAP AG enterprise software as a centerpiece of the Safe Passage program," as alleged in paragraph 55 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 96:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks voluminous Documents unrelated to Oracle's claims or defendants' defenses in this litigation. This Request could be interpreted, for example, to call for all Documents relating to SAP's competition with Oracle, the majority of which are irrelevant to this litigation. Oracle further objects to this Request on the grounds that it calls for Documents in the possession, custody, or control of defendants.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relied upon in support of the allegation in paragraph 55 of the Complaint that "SAP AG offered maintenance support through SAP TN, officially 'bundled' with SAP AG enterprise software as a centerpiece of the Safe Passage program."

**DOCUMENT REQUEST NO. 97:**

All Documents relating to the allegation that "Oracle continued to take market share and expand its product offerings, including through its September 12, 2005 announcement that it would acquire Siebel Systems," as alleged in paragraph 57 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 97:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks voluminous Documents unrelated to Oracle's claims or defendants' defenses in this litigation. This Request could be interpreted, for example, to call for all of Oracle's Documents relating to competition with SAP, the vast majority of which are irrelevant to this litigation. Oracle also objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relied upon in support of the allegation in paragraph 57

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on September 14, 2007, at San Francisco, California.

Rosaleen Doran

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS** |

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Customer Contracts" is overbroadly defined to include contracts and agreements that are irrelevant to the issues in this litigation, such as software licenses for non-legacy PeopleSoft or J.D. Edwards products. Further, the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation at this time.

Subject to and without waiving these objections, Oracle responds that it will search for and produce software licenses for legacy PeopleSoft and J.D. Edwards software applications and contracts related to technical support services for the 69 customers identified by Oracle as those whose credentials defendants used to download Software and Support Materials from Oracle ("Identified Customers"), to the extent such Documents exist.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that it will produce the relevant software and support license agreements related to legacy PeopleSoft and J.D. Edwards software applications for customers SAP TN has identified as its current and former customers, to the extent that such documents exist and can be located following a reasonably diligent search.

**DOCUMENT REQUEST NO. 2:**

All Customer Contracts or other Documents related in any way to Customer Connection or any similar Oracle support website or FTP site that purport to limit rights of access or create obligations on the part of a person accessing the site.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Customer

Contracts" is overbroadly defined to include contracts and agreements that are irrelevant to the issues in this litigation, such as software licenses for non-legacy PeopleSoft or J.D. Edwards products. Further, only access to and downloads from Customer Connection (including via the Change Assistant tool) are currently at issue in this litigation. Documents related to other Oracle support websites are unrelated to the issues of this case and it would be burdensome for Oracle to search for and produce them.

Subject to and without waiving these objections, Oracle responds that it will search for and produce contracts and non-privileged Documents that purport to limit rights of access or create obligations on the part of Identified Customers accessing Customer Connection, to the extent such Documents exist.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that it will search for and produce contracts and non-privileged Documents, including software and support license agreements related to legacy PeopleSoft and J.D. Edwards software applications for customers accessing Customer Connection that purport to limit rights of access or create obligations on the part of customers that SAP TN has identified as its current and former customers, to the extent that such documents exist and can be located following a reasonably diligent search.

**DOCUMENT REQUEST NO. 3:**

All agreements that Oracle alleges or believes TN, SAP AG, SAP America, or any TN Customer or Named Customer has breached, interfered with, or induced others to breach.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that these agreements may be equally available to defendants. Oracle further objects to this Request on the grounds that it has not brought a claim against defendants for interference with contract. Oracle further objects to this Request on the grounds that it has not alleged that any TN Customer or Named Customer has breached,

interfered with, or induced others to breach an agreement. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation.

Subject to and without waiving these objections, Oracle responds that it will search for and produce agreements that it believes defendants have breached or induced others to breach, to the extent such Documents exist.

**SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 3:**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that it will search for and produce agreements that it believes defendants have breached, interfered with, or induced others to breach, to the extent that such documents exist and can be located following a reasonably diligent search.

**DOCUMENT REQUEST NO. 4:**

All Documents relating to the negotiation and interpretation of all Customer Contracts between Oracle and any TN Customer or Named Customer.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "Customer Contracts" is overbroadly defined to include contracts and agreements that are irrelevant to the issues in this litigation, such as software licenses for non-legacy PeopleSoft or J.D. Edwards products. In addition, even Documents that relate to the negotiation of software licenses for legacy PeopleSoft and J.D. Edwards enterprise applications are not reasonably calculated to lead to the discovery of admissible evidence and would be burdensome to produce, because Oracle would need to search the files of entirely separate teams of custodians – hundreds in total. Further, the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation. Oracle further objects to this Request on the grounds that the phrase "interpretation of all Customer Contracts" is vague

and ambiguous and could conceivably include every Communication with every customer and every internal Communication relating to each Customer Contract. Oracle further objects to this Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will produce non-privileged Documents relating to the negotiation of support contracts between Oracle and any Identified Customer, to the extent such Documents exist.

**<u>SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 4</u>:**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that it will produce non-privileged Documents relating to the negotiation of support contracts between Oracle and SAP customers, as reflected in the relevant software and support license agreements and accompanying correspondence files related to legacy PeopleSoft and J.D. Edwards software applications for customers SAP TN has identified as its current or former customers, to the extent that such documents exist and can be located following a reasonably diligent search.

**<u>DOCUMENT REQUEST NO. 18</u>:**

All Documents relating to access to or Downloads from any Oracle websites, FTP sites, or other online services by or on behalf of any TN Customer or Named Customer.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 18</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects that this Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it would require Oracle to produce Documents relating to hundreds of customers' and agents' access to or Downloads from dozens of websites. Only access to and Downloads from Customer Connection (including by means of Change Assistant) are currently at issue in this litigation. Documents related to Downloads from any other Oracle website are not reasonably calculated to lead to the discovery of admissible evidence and are burdensome for Oracle to search for, review, and produce. Oracle further

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on October 26, 2007, at San Francisco, California.

Rosaleen Doran
Rosaleen Doran

A/72261207.7