Walsh v. Apple, Inc. et al Doc. 114

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH<br><br>**DECLARATION OF JASON McDONELL IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME TO COMPLY WITH DISCOVERY ORDER**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: N/A<br>Judge: Hon. Elizabeth D. Laporte |



Dockets.Justia.com

I, JASON McDONELL, declare:

I am a partner in the law firm of Jones Day, 555 California Street, San Francisco, California 94104, a member in good standing of the bar of this state, and counsel of record for Defendants SAP AG, SAP Americas, and TomorrowNow, Inc. ("TN") in the above-captioned action. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. On July 3, 2008, the Court issued an Order directing Defendants to produce to Oracle, no later than July 15, 2008, all documents produced to the grand jury that have not otherwise been produced during discovery. Dkt. No. 106.

2. Defendants seek a short extension of time (8 days, *i.e.,* until July 23, 2008) to comply with the Court's Order.

3. Defendants seek this short extension for two reasons. First, Defendants are still evaluating whether to appeal some or all of the Court's Order. Under Fed. R. Civ. P. 72(a) and 6(a), Defendants' time to appeal the Order does not expire until July 18, 2008. If Defendants are required to comply with the Order before that date, they will be deprived of the full time allowed under the rules and a full opportunity to evaluate the need for appeal. Moreover, production of the documents would moot some or all of the Defendants' appeal, should they decide to file one. Without an extension, the production will disclose the materials that Defendants maintain are protected by Fed. R. Crim. P. 6(e). Once that disclosure has been made it cannot be undone and may potentially waive or moot any appeal. If Defendants decide to appeal, then to avoid waiver and mooting of the appeal, Defendants will timely seek a stay of that part of the Court's Order requiring Defendants to produce to Oracle documents provided to the grand jury.

4. The second reason for seeking the extension is to allow Defendants, assuming they decide not to appeal the Order, sufficient time to compete the work necessary to comply with the following provisions of the Court's Order:

> ". . . Defendants shall produce all documents that were produced to the grand jury that have not otherwise been produced during the course of discovery in this matter. Further, Defendants may withhold wholly irrelevant documents such as

personal employee e-mails, if any, and redact private information such as social security numbers of employees, and must list any withheld or redacted documents on a log with sufficient specificity to show that the withholding or redaction was proper."

Defendants are working to do this and have already segregated the many of documents, but need a short amount of additional time to complete the process, particularly as it relates to employee privacy.

5. On July 11, 2008, I contacted Geoff Howard, counsel for Oracle, to ask whether Oracle would stipulate to this request. Mr. Howard informed me that Oracle would stipulate to the requested extension.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 13th day of July, 2008 in San Francisco, California.

/S/ Jason McDonell
JASON McDONELL