Walsh v. Apple, Inc. et al Doc. 121

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH<br><br>**DECLARATION OF JASON McDONELL IN SUPPORT OF DEFENDANTS' MOTION TO STAY OR EXTEND TIME TO COMPLY WITH JULY 3, 2008 DISCOVERY ORDER**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: N/A<br>Judge: Hon. Elizabeth D. Laporte |



Dockets.Justia.com

I, JASON McDONELL, declare:

I am a partner in the law firm of Jones Day, 555 California Street, San Francisco, California 94104, a member in good standing of the bar of this state, and counsel of record for Defendants SAP AG, SAP Americas, and TomorrowNow, Inc. in the above-captioned action. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. On July 3, 2008, the Magistrate Judge issued an order directing, among other things, defendants to produce to Oracle, no later than July 15, 2008, certain documents produced to the grand jury. Dkt. 106.

2. On July 13, 2006, defendants filed a Stipulation and [Proposed] Order to Extend Time to Comply with Discovery Order, requesting an extension to July 23, 2008 to comply with the discovery order on grounds, among others, that defendants' wanted the full period of time until July 18, 2008 to decide whether to appeal. Dkt. 113. On July 17, 2008, the Magistrate Judge granted this extension. Dkt. 115.

3. In my declaration in support of the stipulated order, I explained that if defendants decided to appeal, to avoid mooting of the appeal, they would seek a stay of that part of the order requiring defendants to produce to Oracle documents provided to the grand jury. Dkt. 114.

4. Defendants have now decided to appeal the order by filing objections with Judge Hamilton and thus defendants request an additional extension of time to comply with the order until a date seven (7) days after the disposition by Judge Hamilton of defendants' objections.

5. If defendants were required to comply with the order before their objections are decided by Judge Hamilton, the resulting production of the documents would moot some or all of the defendants' objections. Without an extension, substantial harm or prejudice will occur to defendants as the required production would disclose the materials that defendants maintain are protected by Fed. R. Crim. P. 6(e) and should not be produced to Oracle. Once that disclosure has been made it cannot be undone as a practical matter.

6. Oracle has already received, and will continue to receive, documents that have also been produced to the grand jury, provided those documents are responsive to legitimate discovery requests propounded by Oracle.

7. On July 17, 2008, Holly House, counsel for Oracle, informed me that Oracle would stipulate to the requested extension if defendants would stipulate to Oracle's filing of a second amended complaint not under seal. We informed Oracle's counsel that defendants are not at this time willing to consent to the filing of a second amended complaint not under seal for a variety of reasons, including but not limited to the fact that the draft second amended complaint is not yet final. On July 18, 2008, Ms. House stated the position that Oracle is being prejudiced by the delays in obtaining the grand jury documents while depositions in the case are ongoing.

8. By agreement of the parties, the Court moved the cut-off of fact discovery in this case from June 25, 2008 to June 19, 2009. *See* Dkt. 50 & 84. Other dates were also modified at the same time. *Id.* Given the importance of this issue and the nature of the requested relief, I do not believe granting of this motion should have a material detrimental effect on the schedule for this case.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 18th day of July, 2008 in San Francisco, California.

/S/ Jason McDonell
JASON McDONELL