Walsh v. Apple, Inc. et al Doc. 124

BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

CASE NO. 07-CV-01658 PJH (EDL)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY OR EXTEND TIME TO COMPLY WITH JULY 3, 2008 DISCOVERY ORDER**



Dockets.Justia.com

Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") submit this brief in opposition to Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc.'s (collectively, "Defendants") Motion to Stay or Extend Time to Comply with July 3, 2008 Discovery Order ("Motion").

## I. INTRODUCTION

Oracle would not oppose a reasonable request for an extension. For instance, it agreed when Defendants asked for an extra week to comply with the Order at issue. But this is not such a request.

Nearly a year ago, after Defendants publicly admitted that they were cooperating with the Department of Justice, Oracle requested that Defendants produce documents relating to government requests or investigations relating to the allegations in Oracle's complaints. Such documents, which include but are not limited to documents provided to a grand jury, are highly relevant to Oracle's claims and Defendants' defenses. Now, despite the clarity of the law against their arguments, and after two judges have ordered Defendants to comply with Oracle's requests, Defendants seek to impose yet more delay.

Defendants claim that they seek only a short extension of time and that no harm will result. But in fact the parties are in the midst of crucial depositions, for which Oracle needs access to precisely these documents – access which it has been improperly denied for many months. Moreover, the extension Defendants seek could, in fact, last for months more, as the parties yet again brief these issues and yet again await decision. Moreover, given Defendants' history on this issue, interlocutory appeal of Judge Hamilton's likely affirmation of Magistrate Laporte's order can be anticipated. Defendants have no reasonable possibility of success in their appeals, yet Oracle will be harmed by the delay those appeals cause. Moreover, any potential harm to Defendants can be addressed by requiring Oracle to return produced documents that should not have otherwise have been produced in this action if any of Defendants' appeals are granted. On this record, Defendants should be required to comply with the Court's order.

## II. BACKGROUND

Oracle served its first requests for production in August 2007. *See* Declaration of

Holly A. House in Support of Plaintiffs' Opposition to Defendants' Motion to Stay or Extend Time to Comply with July 3, 2008 Discovery Order ("House Decl."), ¶ 2. As the Court is aware, among those requests, Oracle sought documents from Defendants relating to government investigations of Oracle's allegations (the "Request"). *See id.* The Request was not limited to (indeed, did not specifically mention) documents subpoenaed by a grand jury. *See id.*

Nonetheless, during the meet and confer process in the fall of 2007, Defendants based their flat refusal to produce any documents in response to the Request on a supposed grand jury privilege. *See id.*, ¶ 3. In January 2008, before then-Discovery Magistrate Legge, Oracle moved to compel production of documents responsive to the Request. *See id.*, ¶ 4. A month later, Judge Legge ordered Defendants to comply. *See id.* Oracle's Request had then been outstanding for six months.

Rather than comply with Judge Legge's order, Defendants filed an objection with Judge Hamilton in March 17, 2008; after a briefing and hearing schedule had been set before Judge Laporte, they filed another objection on May 16, 2008. *See* Docket Items 68, 88. The Court heard argument on July 1 and, on July 3, affirmed Judge Legge's ruling and ordered Defendants to produce responsive documents; moreover, based on Oracle's counsel's stated concern about the timing of production, the Court ordered production by July 15 (the "July 3 Order"). *See* Docket Item 106 (July 3 Order); *see also* Docket Item 105 at 20:8-21:4 (July 1 Hearing Transcript).

Defendants then asked Oracle to agree to a short extension of time for their compliance with the July 3 Order. Among the bases for the request were Defendants' asserted difficulties in eliminating from the production the narrow subset of non-responsive private information the Court allowed as a carve-out in the July 3 Order. *See* House Decl., ¶ 5; *see also* Docket Item 114, ¶ 4 (McDonell July 13 Declaration). Oracle agreed to this courtesy, which gave Defendants another week, until July 23, to comply. *See* Docket Item 113. That stipulation noted that Defendants were deciding whether to appeal the July 3 Order, but were also in the process of segregating responsive documents. *See id.*, ¶¶ 3-4.

On July 17, during an unrelated meet and confer discussion, Defendants informed

Oracle that they intended to appeal the July 3 Order to Judge Hamilton, and requested that Oracle stipulate to a stay of that order until after that appeal is resolved. *See* House Decl., ¶ 6. At Oracle's request, Defendants then put their request in writing. *See id.*, Ex. A. Because of the significant additional delay that such a stay would impose, and the need for the materials in connection with the current deposition schedule, Oracle was unwilling to agree unconditionally to such an extension. *See id.*, ¶ 7. In an attempt at compromise, and despite the harms to Oracle articulated herein, Oracle reluctantly offered to agree to a stay if Defendants would consent to the public filing of Oracle's Second Amended Complaint ("SAC").[1] *See id.*, Ex. B. Defendants refused either to consent to the filing or to a public filing, and this Motion followed, with Oracle's agreement to accommodate Defendants' needs by allowing for it to be briefed and heard on shortened time. *See id.*, ¶ 8, Ex. C.

Defendants filed their objections to the July 3 Order on July 18, 2008. Under Civil Local Rule 72-2, the Court will decide within fifteen days whether to set a briefing schedule. Oracle hopes, given the clarity of the law as evidenced by the decisions of both Judge Legge and this Court, that the Court will not require further briefing. However, if it does, even assuming the earliest possible hearing date, Defendants' objections most likely would not be heard – much less their documents produced – before the end of August or early September. Given their history on this production to date, should they lose again, Defendants may well seek interlocutory appeal of Judge Hamilton's decision, and ask for the stay to be extended even further. Meanwhile, several key depositions of SAP AG and SAP America witnesses (including of board members and of the current and future CEO) have been already scheduled for July, August, September, and October, and others are expected to take place during that time as well. *See* House Decl., ¶ 9. Oracle believes documents responsive to the Request will be important to

---

[1] This was not an onerous *quid pro quo*. Judge Hamilton has already stated that her expectation is that parties consent to the filing of amended complaints, and that such complaints generally should not be filed under seal. *See* House Decl., ¶ 7. Defendants have had Oracle's draft SAC in its essentially final form since April and now have it in its fully final form. *See id*. The request stems from Oracle's frustration with Defendants' unwillingness to say whether they would agree to Oracle filing the SAC. *See id.*

prepare for, and take, these depositions. *See id.* These depositions have been hard to schedule based on Defendants' assertions of how crowded these individuals' calendars are and the need to follow certain procedures in Germany. *See id.* Thus, if the stay were granted, moving the dates or reopening the depositions to allow for questioning about the documents once they are finally produced would be difficult and expensive. *See id.*

## III. DEFENDANTS SHOULD COMPLY WITH THE JULY 3 ORDER NOW

### A. Further Indefinite Delay Will Harm Oracle

The facts above show that Defendants' so-called "short" extension will delay Oracle's access to these documents for, at *minimum*, another two months. *See* pp. 3-4, above. Depending on Judge Hamilton's schedule and available hearing dates, the delay could be much longer. Defendants have already delayed production of these documents for nearly a year – by any standard, a "material detrimental effect on the schedule of this case." Motion at 4.

Further, the harm of this unknown additional delay to Oracle is significant. As Oracle has explained in its prior briefing, documents responsive to its Request – which necessarily relate to Oracle's allegations and could include documents provided to the grand jury, Defendants' business records, their communications with and presentations to government investigators, and non-privileged communications about any such government investigations – are highly relevant to its analysis of its claims and Defendants' defenses. Both Judge Legge and this Court have recognized by their rulings that the Request seeks relevant material. Most immediately, Defendants' constant delay in producing these documents is hampering Oracle's ability to prepare for the crucial SAP AG and SAP America witness depositions that are scheduled for this summer and fall. This is real prejudice to a party – not just to the case schedule.

### B. Defendants' Arguments Of the Harm They Will Purportedly Suffer Should Their Stay Be Denied Have Been Heard And Denied

As they have consistently done in their repeated briefing on this issue, Defendants assert that producing responsive documents will harm the grand jury process. *See* Motion at 3-4.

Oracle has already shown (and this Court has already determined) that Defendants' professed concerns are overblown and not sufficient to defeat production of responsive documents, and so will not repeat that analysis here. *See* Docket Item 96 (Oracle's May 30 Opposition); July 3 Order at 4-5. Moreover, Defendants conceded at oral argument that production of documents that have not otherwise been produced to the grand jury was "more palatable" because it would mask the full extent of the production to the grand jury. July 3 Order at 4. Having conceded that point before, they cannot reclaim it now.

Defendants' papers reveal that their true concern here is not for the sanctity of the grand jury process, but for protecting their substantive position in this case. Defendants admit that "[w]ithout an extension, substantial harm or prejudice will occur *to defendants* as the required production would disclose the materials that defendants maintain are protected [by grand jury secrecy] and should not be produced to Oracle." McDonell Decl., ¶ 5 (emphasis added). But as the Court has held, and as Defendants have previously admitted, the underlying, independently-created materials produced to the grand jury are not, themselves, protected by any grand jury privilege. *See* July 3 Order at 3-4; *see also* Docket Item 88 at 2, n.3 (Defendants' Objections to Special Master's Report and Recommendations re Discovery Hearings 1 and 2) ("Defendants recognize that production of documents to the grand jury does not cast a veil of secrecy over the documents such that they could not be produced if relevant and responsive in this civil case."). The only harm that could result to Defendants from the documents' production can be from the disclosure of their contents – precisely what Defendants have conceded is not protected by Rule 6(e). Defendants have thus admitted that their professed concern for the grand jury process is really nothing more than fear for their own liability in this case.

In reality, the only new argument Defendants have is that compliance with the July 3 Order will moot their objections. *See* Motion at 2-4. Not so; in the unlikely event of a reversal Oracle could easily return documents to Defendants. Moreover, given the scope of Oracle's discovery requests in this matter, it is hard to understand why the documents Defendants are fighting to withhold have not already been produced. Finally, any concerns about revealing the identities of witnesses or revealing truly confidential or highly confidential

information can be addressed by appropriate designation per the Protective Order.

Defendants will have an uphill battle ahead, as they must – and cannot – show that the July 3 Order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a). In the meantime, however, there is no reason to delay implementation of the July 3 Order.

## IV. CONCLUSION

Based on the foregoing, Oracle respectfully requests that the Court deny Defendants' request for a stay of or a further extension of time to comply with the July 3 Order.

DATED: July 21, 2008

BINGHAM McCUTCHEN LLP

By: ______________________
Holly A. House

Attorneys for Plaintiffs
Oracle Corporation, Oracle International Corporation, and Oracle USA, Inc.