Walsh v. Apple, Inc. et al Doc. 151

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, et al.,

Plaintiffs,

v.

SAP AG, et al.,

Defendants.

Case No. 07-CV-1658 PJH

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAWED BACK DOCUMENTS**

Date: N/A
Time: N/A
Courtroom: E, 15th Floor
Judge: Hon. Elizabeth D. Laporte



Dockets.Justia.com

Plaintiffs Oracle Corporation, Oracle USA, Inc. and Oracle International Corporation (together, "Oracle") have filed a Motion to Compel Production of Clawed Back Documents. The issues raised by Plaintiffs' motion are

1. Whether Contested Documents[1] Nos. 2, 3 and 4 contain privileged attorney-client communications thereby entitling Defendants to withhold the privileged portions of those documents on that basis.

2. Whether Defendants have implicitly or selectively waived the attorney-client privilege relating to Defendants' in-house counsel's creation and interpretation of the Rules of Engagement thereby requiring production of those portions of Contested Documents 4, 5 and 6 that Defendants are withholding on the basis of the attorney-client privilege.

The Court has carefully reviewed each of the contested documents *in camera* and considered all of the parties' papers and related declarations in support or opposition thereof. The Court ORDERS as follows:

1. Contested Documents Nos. 2, 3 and 4 contain privileged attorney-client communications thereby entitling Defendants to withhold the privileged portions of those documents on that basis.

2. Defendants have not implicitly or selectively waived the attorney-client privilege relating to Defendants' in-house counsel's creation and interpretation of the Rules of Engagement, and thus have properly withheld the privileged portions of Contested Documents 4, 5 and 6.

3. In the future, no party may access, review or analyze any clawed back document for any purpose in this case unless and until this Court, through the appropriate motion process, finds that the clawed back document is not privileged. Any clawed back document still in any party's possession (other than one copy contained on the original production CDs/DVDs, which

---

[1] As Plaintiffs' noted in their opening brief, the parties no longer have a dispute concerning the production of one of the documents which originally served as the basis for the motion. *See* Plaintiffs' Motion at n. 3. This Court respectfully declines Plaintiffs' invitation to provide an advisory opinion on that particular document. As such, there are only five documents at issue in this motion at present. However, for the sake of simplicity, this order refers to the documents as they were originally labeled in Plaintiffs' motion.

shall be held and used for disaster recovery purposes only) shall be immediately returned to the producing party or destroyed.

IT IS SO ORDERED.

Dated: ______________________

_______________________________
ELIZABETH D. LAPORTE
United States Magistrate Judge