Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH<br><br>**DECLARATION OF GREGORY NELSON IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAWED BACK DOCUMENTS**<br>Date: N/A<br>Time: N/A<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

I, GREGORY NELSON, declare:

I am an individual over 18 years old. At the times relevant to the documents discussed in this declaration, I was the Global Chief Information Officer (February 2007) and Vice President Global Service Automation & Information Technology (July and August 2006) for TomorrowNow, Inc., one of the Defendants in this action. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. The document that has been produced by TomorrowNow in this case and Bates labeled TN-OR01157057 through TN-OR01157059 is an email chain to which I was a party that began on February 12, 2007. Andrew Nelson of TomorrowNow sent the last email in the chain to me on February 23, 2007, a one-line email accepting my request to discuss the integration of TomorrowNow's sales and marketing teams with SAP's sales and marketing teams under the terms of the Rules of Engagement. My understanding is that except for the first printed line below the subject line of the email on page one, all other portions of the email have been redacted and withheld by TomorrowNow's outside counsel in this case based on the assertion of the Attorney-Client privilege. That assertion is appropriate because the rest of the email chain are communications dating from February 12 through 22, 2007 between TomorrowNow's executives (including myself) and Christopher Faye, an in-house attorney with SAP. In these communications, Mr. Faye was at the request of TomorrowNow providing legal advice and related recommendations to TomorrowNow regarding the extent to which TomorrowNow's sales and marketing teams could be integrated with SAP's sales and marketing teams and still comply with the terms of the Rules of Engagement. This February 12 through 22, 2007 portion of the email contains and was intended to contain extremely sensitive, confidential non-public information relating to legal advice regarding what were at the time TomorrowNow's current and future business plans and strategies.

2. The document that has been withheld by TomorrowNow in this case and Bates labeled TN-OR01058166 through TN-OR01058170 is an email chain to which I was a party that began on July 20, 2006 and ended when I sent the last email in the chain on August 1, 2006. My understanding is that this entire document has been withheld based on the assertion of Attorney-

Client privilege. That assertion is appropriate because this entire email chain contains communications relating to TomorrowNow's inquiry to SAP's in-house attorneys Christopher Faye and Tim Crean seeking their advice and recommendations regarding proposed revisions to the Rules of Engagement to include an expansion of Tomorrow Now's maintenance services to include additional software lines beyond PeopleSoft and JD Edwards software. The email first reflects the request for this legal advice and recommendations, which originated on July 20, 21, and 28, 2006 in TomorrowNow's and SAP's Asia offices via their internal employees in those locations, including one of TN's outsourced employees, Leighton Jenkins. The email chain then shows that the request was then elevated to TomorrowNow's executive team, including Nigel Pullan, myself and Andrew Nelson on July 28, 2006. Then, as shown in the email chain, I forwarded that request for advice and recommendations to SAP's in-house lawyers Crean and Faye on July 31, 2006 and Andrew Nelson added his own separate request for legal advice and recommendations on the same issue that same day. The final portion of the email chain reflects a summary of a conversation I had with Chris Faye reporting on the status of the request for legal advice and recommendations. This entire July 20 to August 1, 2006 email chain contains and was intended to contain extremely sensitive, confidential non-public information relating to TomorrowNow's attempt to seek and obtain legal advice regarding what were at the time TomorrowNow's current and future business plans and strategies.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 11th day of August, 2008 in Bryan, Texas.

GREGORY NELSON

///

///

///