Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, et al.,

Plaintiffs,

v.

SAP AG, et al.,

Defendants.

Case No. 07-CV-1658 PJH

**DECLARATION OF CHRISTOPHER FAYE IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAWED BACK DOCUMENTS**

Date: N/A
Time: N/A
Courtroom: E, 15th Floor
Judge: Hon. Elizabeth D. Laporte



Dockets.Justia.com

I, CHRISTOPHER FAYE, declare:

I was licensed as an attorney in the State of California in December 1996 and at all times relevant to the documents discussed in this declaration was practicing law providing legal advice to all of the Defendants in this case. I am currently the head of Global IP Transactions in the Global IP department of SAP AG, one of the Defendants in this case. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. I have reviewed certain documents at issue in Plaintiffs' Motion to Compel Production of Clawed Back Documents. The first document which I reviewed was produced and then clawed back by TomorrowNow in this case and was Bates labeled TN-OR00854803 through TN-OR00854804. It is an email that Andrew Nelson sent to Shelley Nelson of TomorrowNow on March 16, 2005 and was attached as Exhibit B to the Declaration of Geoffrey M. Howard in Support of Plaintiffs' Motion to Compel Production of Clawed Back Documents ("Howard Declaration"). As the face of this document indicates, and my own recollection of my communications with Andrew Nelson confirms, I was neither the author nor a recipient of this particular email. The majority of this email (specifically, from the point where Mr. Nelson writes "Back to Christopher Faye" to the end of that document) concerns legal advice Mr. Nelson sought and received from me on a number of issues, including information I needed for the purposes of providing legal advice, issues about which my advice was sought, and summaries or notes about the legal advice I gave to TomorrowNow.

2. At the time that this and the other emails which are the discussed in this declaration were written, I was an in-house attorney at SAP. As TomorrowNow was a wholly-owned subsidiary of SAP and lacked in-house counsel of its own during the relevant times, myself and other SAP lawyers were providing legal advice to TommorrowNow pursuant to a shared services arrangement between the companies. I specifically recall that the employees to whom I conveyed my legal advice to TomorrowNow included Andrew Nelson, Shelley Nelson, and Greg Nelson.

3. I believe now and thought then many of my discussions with TomorrowNow employees, including the discussions referenced in this email, to be privileged and highly

confidential discussions relating to legal advice and made clear the privileged nature of the communications to all those involved in them.

4. The second document which I reviewed for the purposes of this declaration is a PowerPoint presentation made for SAP's management, Bates labeled TN-OR00164402 through TN-OR00164410, which was attached as Exhibit C to the Howard Declaration. I provided some of the legal advice summarized in this document to Markus Geng, a drafter of the redacted sections of this document. The legal advice I gave concerned the legal risks of the business strategy reflected in the presentation as a whole. I believe now and thought then the communications contained in this PowerPoint are privileged and highly confidential discussions relating to legal advice sought by SAP's employees and I made clear the privileged nature of the communications to all those involved in them.

5. The third document I reviewed in the process of making this declaration is one that TomorrowNow produced and then clawed back in this case and Bates labeled TN-OR01157057 through TN-OR01157059. It was attached to the Howard Declaration as Exhibit U. I was a participant in this email chain, which began on February 12, 2007, when I sent an email seeking further contextual information from Andrew and Greg Nelson as part of my follow up on a prior request for legal advice from TomorrowNow. I have noted that Andrew Nelson of TomorrowNow sent the last email to Greg Nelson of TomorrowNow on February 23, 2007, a one-line email requesting setting up a meeting to discuss the issue which underlies the discussion: the integration of SAP's and TomorrowNow's sales and marketing teams under the Rules of Engagement. The remaining portions of the email chain are communications I had with Andrew and Greg Nelson, and it reflects my legal advice with respect to the underlying integration issue. For part of this email discussion, I copied in two other SAP in-house attorneys, Bob Dillon and Jochen Scholten.

6. I believe now and thought then that the discussions recorded in this email chain were privileged, as they involved what I considered to be my responding to inquiries and providing legal advice to TomorrowNow management and I even noted in the chain that the communications were confidential and covered by the attorney-client privilege.

7. The fourth document for which I am making this declaration is one that was produced and then clawed back by TomorrowNow in this case and was Bates labeled TN-OR01058166 through TN-OR01058170. It was attached to the Howard Declaration as Exhibit V. I was a party to the communications in this chain, which began on July 20, 2006. In these emails Andrew and Greg Nelson of TomorrowNow seek legal advice from Tim Crean – another in-house attorney with SAP – and me about revisions to the Rules of Engagement and summarize the advice I gave them about these revisions.

8. Given the contents of this document, I believe now and thought then that the information contained therein was extremely sensitive and was intended to remain confidential and privileged information relating to legal advice regarding what were at the time TomorrowNow's existing and projected business plans.

9. TomorrowNow also produced and clawed back the fifth document for which I am making this declaration, which is Bates labeled TN-OR00868717 through TN-OR00868719. It is an email Shelley Nelson sent to Chris Jackson of TomorrowNow on October 10, 2006, which was attached to the Howard Declaration as Exhibit W. I understand the email to be an update for Chris Jackson on several outstanding projects, including (1) recruitment efforts for TomorrowNow staff to work with European customers; (2) potential clients TomorrowNow was targeting at the time; and (3) repair work to be done for existing TomorrowNow customers. The beginning of the email also contains a discussion on the Rules of Engagement, including a summary of the status of my legal advice to Shelley Nelson regarding these rules.

10. I believe now and thought then the redacted contents of this email involve confidential information relating to legal advice I provided TomorrowNow.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 13th day of August, 2008 in Palo Alto, California.

CHRISTOPHER FAYE