BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and
Oracle International Corporation

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice)*
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, *et al.*,

Plaintiffs,

v.

SAP AG, *et al.*,

Defendants.

Case No. 07-CV-1658 PJH (EDL)

**JOINT DISCOVERY CONFERENCE STATEMENT**

Date: August 28, 2008
Time: 9:00 a.m.
Courtroom: E, 15th Floor
Judge: Hon. Elizabeth D. Laporte

Pursuant to the Court's July 3, 2008 Order Regarding Scope of Discovery of Electronically Stored Information, Including Limits on Number of Custodians to be Searched and Sampling (the "July 3 Order"), Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (collectively, "Oracle") and Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants," and with Oracle, the "Parties") hereby submit this Joint Discovery Conference Statement.

The Parties jointly request that the Court schedule sixty minutes on August 28, 2008 to further discuss the following discovery issues. Also, the Parties will be prepared to discuss Oracle's pending Motion to Compel Production of Clawed Back Documents if the Court wishes to address that motion during the discovery conference. In addition, because the Parties believe the Court's regularly scheduled discovery conferences have greatly facilitated the discovery process in this matter and will continue to do so, the Parties jointly request that the Court set additional discovery conferences on October 9, November 18 and January 8, or on other mutually convenient dates roughly four to six weeks apart.

**1. <u>Sampling and Extrapolation</u>**

In the Court's July 3 Order, the Parties were directed to "file a proposal for extrapolation, at a minimum as to software environments." The Parties' July 18 Joint Discovery Conference Statement included Oracle's draft extrapolation proposal to develop evidence of certain updates and fixes created with the assistance of certain software environments. Since that time, the Parties have engaged in several meet and confers. Because of the complexity of the task, both Parties have engaged statistical experts to help consider this extrapolation exercise,[1] and held two additional meet and confers, on August 15 and 19.

Following the August 15 meet and confer and based on Defendants' comments during that meeting, Oracle worked with its experts to gather additional detail regarding its revised extrapolation proposal. During the August 19 meet and confer, Oracle orally provided additional

[1] As Oracle noted in the initial proposal, Oracle believes that other areas of the case may be appropriate for extrapolation, *e.g.*, download activity. However, given the difficulties that have been encountered in attempting to construct an acceptable extrapolation methodology for the updates and fixes delivered by TomorrowNow to its customers, the Parties have not yet discussed further extrapolation topics.

details regarding its revised proposal to Defendants. Although there are additional details that remain to be discussed and negotiated, the Parties made progress toward reaching an agreement on a document/data and testimony-based approach for obtaining evidence regarding certain processes by which TomorrowNow generated and distributed support products to its customers. And, the Parties have made progress toward examining possible alternatives to statistically valid extrapolation and sampling for certain attributes of these support products. Further, as noted above, the Parties' experts are now heavily involved in the sampling and extrapolation discussions, including an additional meet and confer the Parties scheduled for August 25. Defendants have further agreed to provide comments on Oracle's revised oral proposal during that meeting. As a result, the Parties expect they will be able to report additional progress on possible extrapolation methodologies at the August 28 Discovery Conference.

Oracle does not currently believe it is possible to develop the evidence it needs on a statistically valid basis within the discovery limits set by the Court. If the Parties cannot agree on a way to obtain the evidence Oracle has identified, Oracle has reserved its right to seek additional discovery beyond the limits currently imposed by the Court in order to achieve statistically valid sampling. And, Defendants continue to maintain that for an extrapolation methodology to be acceptable: (a) whatever sample is used must result in a representation that is a reasonably accurate factual depiction (either through statistical validity or another appropriate means) of the entire population from which that sample was taken; and (b) the agreement must provide a mechanism for Defendants to present responding evidence in a similar extrapolated fashion.

**2. <u>Damages Causation Evidence</u>**

As has been discussed at the last two discovery conferences, Oracle contends that it has not received damages causation evidence from Defendants comparable to that produced by Oracle. The July 3 Order required Defendants to "provide a list of the roughly seventy customers that moved to TomorrowNow and/or SAP; the list should include the more clear-cut instances of transfer as well as the less clear transfers, annotated accordingly, and production should begin promptly with the more clear-cut cases." July 3 Order at 5. On July 18, Defendants provided a list of sixty-one (61) TomorrowNow customer names who in at least at one point in time have had

an SAP contract. Defendants acknowledged at the July 24 discovery conference that the July 18 list did not include annotations and offered to supplement the list to provide the dates and values of the various deals for these customers. The July 25 Order required Defendants to provide the contracts for the United States customers on the list of 61 by August 1, 2008 and "make their best efforts to provide the monetary value of the contracts." July 25 Order at 1. The information for the 20 non-U.S. customers is to be produced no later than August 28th *Id.*

On August 1, Defendants produced the contracts for the 41 U.S.-based SAP customers and a spreadsheet listing monetary values of the license fees reflected in those contracts. On August 13, Oracle asked Defendants for the meaning and sources of the information in that spreadsheet, and for information as to the listed customers where none was provided. During the August 19 meet and confer, Defendants explained that this spreadsheet contains an attempt to reflect the software license fees in the SAP contracts produced by Defendants. Defendants further stated that the spreadsheet does not reflect the ongoing support maintenance fees that SAP collected from these customers or the international SAP customers. Oracle requested, and Defendants agreed that they would provide, further written explanation concerning this spreadsheet before the August 28 Discovery Conference and would attempt to fill in comparable information for the remaining 20 non-U.S. SAP customers by August 28.

The Parties will apprise the Court of any further progress and/or any disputes regarding Defendants' provision of the ordered information on SAP/TN customers at the August 28 Discovery Conference.

**3. <u>Targeted Searches</u>**

Since the Parties' discussion with the Court at the July 24 discovery conference, the Parties continued to meet and confer and have reached an agreement on a proposed targeted search methodology as follows.

<u>Targeted Search Process</u>: The Parties may request from the other side up to 10 targeted searches, *i.e.*, narrow searches by topic where document production would come from centralized sources and/or from those persons most likely to have responsive documents. Each targeted search request shall be self-contained (*i.e.*, shall not incorporate by reference any other discovery

request or correspondence), however, a responding party may object to a targeted search request on the ground that the document requests pending at the time the targeted search is made do not call for production of the documents sought by the targeted search request. The Parties may prioritize which requested searches should be conducted in what order, and may hold in reserve any number of their 10 allotted targeted search requests. After receiving a targeted search request, the Responding Party shall make a good faith effort to conduct the requested narrow search and produce the responsive information located from that search as follows.

The Party receiving a targeted search request shall have seven calendar days (excluding federal court holidays) to review and respond in writing to the request. That initial response shall indicate any objections or narrowing of the request the Party wishes to make and how the Party initially intends to search for the material it agrees to produce in response. Seven additional calendar days (excluding federal court holidays) later, the Responding Party shall update the description of the places and/or persons it intends to search for responsive documents and shall also provide a good faith estimate of the time required to begin rolling production and complete full production. Meet and confer shall occur as necessary during the above request/response process and any resulting changes to the scope of the request or to the scope of the response shall be made in writing. The Parties shall work with each other and the Court, if necessary, to expeditiously resolve any disputes regarding targeted search proposals or responses. Despite any disagreements, and pending their resolution, the Parties agree to search for and produce any non-objectionable documents in response to a pending targeted search request on a rolling basis. With any production, the Party shall describe in a cover letter the targeted search to which the production responds and the centralized sources and/or individual custodians documents that were searched.

The Parties further agree that this process will begin no sooner than August 29, 2008, at which time each side will be able to formally propound its first three selected targeted searches. Upon receipt of those targeted search requests, the response, meet and confer, and dispute resolution processes will proceed as discussed in detail in the preceding two paragraphs.

### 4. Discovery Time Ranges

At the start of discovery, the Parties agreed to a presumptive January 1, 2004 front-end cut-off date for responsive materials, with a further agreement that certain topics or later discovery may warrant adjustments to this general rule. Oracle's recently-filed Second Amendment Complaint alleges wrongdoing dating back to 2002 and post-dating the filing of the original Complaint.

The Parties agree that it may be possible and appropriate for the parties to locate and produce certain limited categories of responsive documents, from certain custodians and document sources, that date back to at least January 1, 2002, as well as certain limited categories of documents post-dating the filing of the action. Accordingly, the Parties have met and conferred a number of times in person, by telephone, and through email to discuss the topics as to which the relevant time ranges for discovery responses should be extended from the original dates. All of the Parties' discussions regarding discovery time ranges are subject to a reservation of rights to seek additional or different discovery at a later date, if necessary.

On July 17, 2008, Oracle provided Defendants with its proposed list of document categories for which it believes the discovery time ranges should be expanded. Oracle believes that these requests are narrowly tailored to reach the information that is most highly relevant to its claims from the expanded discovery time ranges. Given the compressed discovery schedule and upcoming depositions, Oracle has informed Defendants that it expects Defendants to be reviewing and producing any custodians currently in Defendants' review queue with Oracle's requested expanded time ranges in mind. Defendants have informed Oracle that the proposed expansion of the discovery time ranges will in some instances require reacquisition of data from certain central repositories and custodians, and the meet and confer process continues as to the precise central repositories and custodians that are impacted by the proposal. Thus, until there is an agreement reached regarding the expansion of the discovery time ranges, Defendants cannot commit to which of their past or ongoing productions will incorporate the expanded time ranges. The Parties continue to work together to reach an agreement on the expansion of the discovery

time ranges and related rolling document productions in an attempt to avoid any impact on the current deposition schedule.

On August 19, 2008, Defendants provided Oracle with an updated list of document categories for which they request production beyond the previously-agreed discovery time ranges. Oracle has not yet had an opportunity to adequately review Defendants' updated list, but the Parties will continue to meet and confer on the timing and scope of production in response to these requests and will apprise the Court of any further progress at the August 28 Discovery Conference.

**5. <u>Documents Recently Withheld from Production on "Wholly Irrelevant" Grounds</u>**

Judge Hamilton did not schedule further briefing on Defendants' objections to this Court's rulings on the issue of Defendants' production of documents to the U.S. Department of Justice ("DOJ"). Thus, consistent with this Court's July 22 Order (and the Court's subsequent orders temporarily staying the execution of certain portions of that order), Defendants produced a set of documents on August 4, 2008 that contain documents that Defendants previously provided to the DOJ but had not previously provided to Oracle. Per this Court's July 3 Order allowing Defendants to withhold "wholly irrelevant" or personal materials, Defendants simultaneously produced a log of approximately 9,000 withheld documents. Oracle has reviewed this log and notified Defendants of approximately 100 documents that appear to Oracle to be relevant, and which it therefore believes should not have been withheld, and has asked Defendants to produce those documents and any other documents that do not fit the Court's limited production exception. Defendants have responded to that inquiry by agreeing, under a reservation of rights, that they would amend their log of withheld "wholly irrelevant" documents and produce additional documents that were previously on that log in an effort to address Oracle's concerns. The Parties will apprise the Court of any further progress at the August 28 Discovery Conference.

**6. <u>De-Designation of Highly Confidential and Confidential Documents</u>**

After the July 24 Discovery Conference where Oracle raised the issue of the approximately 27,000 SAP AG and SAP America documents that Defendants stamped "Highly Confidential," the Court ordered Defendants to re-review those documents, ruling: "No later than

August 1, 2008, Defendants shall notify Plaintiffs of the results of the review of the first set of documents. The parties shall agree on a schedule for timely completion of the review of all these documents. Plaintiffs may provide Defendants with a prioritized list for review." July 25 Order at 2. Consistent with that directive, Defendants have provided weekly updates of their review of the documents, including lists of the documents reviewed and which of those Defendants have re-designated and de-designated completely. Defendants are conducting the re-review based on Oracle's prioritized list of custodians and documents and expect to complete this review by September 19, 2008, continuing to provide weekly updates between now and then. As for the scope of the de-designation, Oracle believes that inappropriately few documents have been de-designated by Defendants so far, and reserves its right to challenge the further de-designations when Defendants complete that process. The Parties continue to meet and confer on this issue and will apprise the Court of their progress at the August 28 Discovery Conference.

In addition, the Parties are in the process of discussing whether, and how, the confidentiality designations for TomorrowNow's document production, deposition testimony, and other discovery responses should be re-designated or de-designated based on the fact that TomorrowNow is expected to wind down its operations by October 31, 2008. On August 1, Oracle made a preliminary proposal for a broad de-designation of TomorrowNow's documents. The Parties met and conferred on that proposal on August 12, and with that input Oracle provided Defendants with a more detailed proposed de-designation procedure on August 15. The Parties continued to discuss Oracle's more detailed de-designation proposal during the August 19 meet and confer, and Defendants are in the process of preparing a counter-proposal to Oracle. The Parties will continue to meet and confer on this issue and will apprise the Court of any further progress at the August 28 Discovery Conference.

**7. <u>Search Terms</u>**

The Parties continue to refine and analyze the lists of search terms to further improve results and also to agree on a set of German search term translations to apply to German custodians. The Parties will keep the Court apprised of any further issues that arise related to the search terms, but still do not expect to require the Court's further involvement in that process.

**8. Case Schedule**

**a. Oracle's Separate Statement**

On June 4, 2008, Oracle served deposition notices for twelve key SAP AG and SAP America witnesses: Benjamin Wilk, Christopher Faye, Gerhard Oswald, Henning Kagermann, James Mackey, Jeff Word, John Zepecki, Josef Schmidt, Leo Apotheker, Shai Agassi, Thomas Ziemen, and Werner Brandt. The depositions of Mr. Mackey and Mr. Schmidt have been completed. The others have not, and some are not scheduled. Several of these depositions will occur in Germany, and require advance planning with the U.S. Consulate, among other logistical hurdles. Almost all of them have substantial foreign language documents in their production.

Mr. Zepecki's and Mr. Ziemen's depositions were originally scheduled for August, then rescheduled from August to September, due to Defendants' scheduling conflicts and to a large forthcoming supplemental document production, respectively. Mr. Wilk's deposition has been proposed for the end of September in Germany, pending confirmation that Oracle will receive his documents by the end of August. The deposition of Mr. Faye has been proposed for mid-October in California, pending confirmation that Oracle will receive his documents by September 15. The depositions of Mr. Brandt and Mr. Apotheker were finally confirmed on August 13 and the deposition of Mr. Kagermann was finally confirmed on August 15 once availability, residence address and testifying language were resolved, but the dates necessarily remain tentative due to uncertainty over when voluminous foreign-language documents for these custodians will be produced. Defendants proposed tentatively on June 20 to offer Mr. Oswald in September and Mr. Word in October, but never proposed more specific dates; nor have Defendants produced their documents. Oracle is concerned about the impact these delays are having on its case preparation and may have on the overall case schedule.

**b. Defendants' Separate Statement**

Oracle seeks the depositions of four current SAP board members (Oswald, Kagermann, Apotheker, and Brandt), one former board member (Agassi), and numerous other high-level SAP executives, all of who have a large volume of documents that must be reviewed for responsiveness and privilege. Defendants have been diligently working to produce documents for

these witnesses and make them available for deposition. There has been no major rescheduling of any of these depositions and Defendants continue to work closely with Oracle to get most, if not all, of the requested depositions completed before Thanksgiving consistent with the projections that Defendants gave Oracle and the Court months ago.

**10. Defendants' Anticipated Motion to Compel**

Defendants intend to move to compel Oracle to produce certain financial documents, copyright related information and third party support documents and request that the Court set a briefing schedule for its proposed motion to compel on these topics at the August 28 discovery conference. Oracle will be prepared to cover the substance and timing of Defendants' proposed motion to compel at the August 28 hearing.

DATED: August 21, 2008

BINGHAM McCUTCHEN LLP

By: /s/
Holly A. House
Attorneys for Plaintiffs
Oracle Corporation, Oracle International Corporation, and Oracle USA, Inc.

In accordance with General Order No. 45, Rule X, the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

DATED: August 21, 2008

JONES DAY

By: /s/
Jason McDonell
Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and TOMORROWNOW, INC.