**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE CORPORATION, et al.,

Plaintiffs,

v.

SAP AG, et al.,

Defendants.
______________________________________/

No. C-07-01658 PJH (EDL)

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAWED BACK DOCUMENTS**

On August 28, 2008, this Court held a hearing on Plaintiffs' Motion to Compel Production of Clawed Back Documents. In their motion, Plaintiffs contended that there are two categories of clawed back documents that should be produced: (1) non-privileged documents; and (2) documents over which the privilege has been waived regarding the SAP/TN Rules of Engagement. For the reasons stated at that hearing and in this Order, the Court grants in part Plaintiffs' motion.

As an initial matter, the Court clarifies that under the existing protective order and the parties' agreement regarding disaster recovery, the party from whom documents are clawed back shall not retain a copy of the documents (except one for disaster recovery purposes) and shall not subsequently read or take notes about the clawed back documents. If the documents become the subject of a motion, then the party that clawed back the documents shall lodge them in camera for the Court's review.

With respect to the documents they allege are non-privileged, Plaintiffs argue that while the documents involve attorneys, the primary purpose of the documents is a business one, so the

Dockets.Justia.com

**United States District Court**
For the Northern District of California

documents are not privileged. See, e.g., North Pacifica LLC v. City of Pacifica, 274 F. Supp. 2d 1118, 1127 (N.D. Cal. 2003) (stating that "[i]n general, legal advice is implicated 'if the nonlegal aspects of the consultation are integral to the legal assistance given and the legal assistance is the primary purpose of the consultation.'") (internal citation omitted). Defendants argue that these documents constitute communications between corporate employees that are covered by the attorney-client privilege as it applies to corporations. See, e.g., Upjohn v. United States, 449 U.S. 383, 394 (1981) (holding that the attorney client privilege applies to communications by corporate employee when the communication concerns matters within the scope of the employee's corporate duties and the employee is aware that the information is being furnished to enable the lawyer to provide legal advice to the corporation).

With respect to the documents regarding the Rules of Engagement, Plaintiffs argue that the privilege is waived as to these documents because: (1) Defendants are asserting the Rules of Engagement as a defense as both a sword and a shield and have produced information related to that effort involving attorneys; and (2) Defendants have allowed certain testimony and produced documents about the Rules of Engagement. Defendants argue that they are not using as a defense their attorneys' legal analysis or legal advice relating to the creation and implementation of the Rules, but only the fact of the Rules themselves, so there has been no waiver of that information. The Court agrees that so far Defendants have not waived the attorney-client privilege as to the creation or implementation of the Rules. However, this ruling is premised on Defendants' assurances that they will not use the Rules and attorney advice about them as both a sword and a shield in the future, e.g., by arguing that even if the Rules turned out not to be effective in preventing intellectual property violations, they relied in good faith on the advice of counsel that the Rules would do so.

The Court has carefully reviewed all of the in camera documents and the declarations in support of the redactions. As stated at the hearing, the Court has determined that Document TN-OR00854803-804 was excessively redacted. Page number TN-OR00854803 (beginning with "PeopleSoft 8.3 SP1 and above") through the first line of page number TN-OR00854804 (ending with "where is this?") should be unredacted. The remainder of page number TN-OR00854804 is

properly redacted. The Court omitted to state at the hearing, but now rules that the one-line e-mail from Greg Nelson on February 22, 2007 at 7:52 p.m. on page number TN-OR01157057 should also be unredacted. Defendants conceded in their opposition that it was "reasonably debatable" that this short e-mail was non-privileged. See Defs.' Opp. an n. 8. The remainder of the documents are properly redacted. Defendants shall produce the unredacted documents as stated in this Order no later than September 5, 2008.

**IT IS SO ORDERED.**

Dated: August 29, 2008

Elizabeth D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge