Walsh v. Apple, Inc. et al
Doc. 197 Att. 8

# EXHIBIT 9

Dockets.Justia.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ORACLE CORPORATION, et al.,

Plaintiffs,

vs. No. C07-1658 PJH (EDL)

SAP AG, et al.,

Defendants.

---

REPORTER'S TRANSCRIPTION OF DISCOVERY CONFERENCE

BEFORE: HON. ELIZABETH D. LAPORTE

Friday, October 10, 2008

Reported by:
CLAUDIA A. BETTUCCHI
CSR No. 12214

JOB No. 98424



5dec582b-2c09-4db0-8da7-9d96e2eddb28

is right for us to negotiate a briefing schedule.

THE COURT: Okay.

MR. McDONELL: There is one issue that we think could be addressed now. Very narrow. There is a third amended complaint that is brand new. It changes the parties to the case so Oracle corporation is out, other Oracle authorities are in. And it rejiggers who owns copyrights in a way that we can't quite understand. And all of that is contingent on how the various Oracle affiliates have intercompany agreements by which they license copyrights.

All we are asking for is a statement by the plaintiffs that they have now produced all of the relevant intercompany licensing agreements so that we know we are no longer shooting at a moving target. And thus far they have declined to confirm or deny, as far as I know.

MR. HOWARD: Well, I don't agree with the characterization of the complaint. I think the ownership allegations are the same as they were in the prior versions of the complaint. But we have produced all of the documents that we believe support the allegations of the complaint and demonstrate the ownership or otherwise the copyright standing of each of those plaintiffs that are in the current third amended

complaint.

THE COURT: Okay. But you are asking for a -- and I think a declaration of a person most knowledgeable as to what?

MR. McDONELL: No, I'm willing to take counsel's representation here on the record that they have now produced all of the intercompany license agreements that substantiate which of the entities have copyrights rights. And I think counsel, as I heard him, said they have now been produced.

MR. HOWARD: Yes. The -- I'm not sure what copyrights rights are. We've alleged that one of the plaintiffs owns the copyrights and other plaintiff have claims of the copyrights. And we have indeed produced all of the documents that substantiate those allegations in the complaint.

THE COURT: Okay. Have you produced all of the intercompany agreements that relate to any of the copyrighted material that is the subject of the complaint?

MR. HOWARD: The reason I'm hesitating, Your Honor, is because there are a lot of entities and a lot of intercompany agreements. But what I am confident of is that we have produced all of the intercompany agreements that are relevant to determining the

ownership or other copyright standing of the named plaintiffs with respect to each of the copyright registrations that are identified in the complaint as the registered works at issue in the case.

MR. McDONELL: Then we'll rely on that --

THE COURT: Okay.

MR. McDONELL: -- for present purposes.

THE COURT: All right.

MR. McDONELL: I think what he's saying is that they have produced all of --

THE COURT: It sounds like it's sufficient to show as opposed to everything possible, but that is normally a good approach.

MR. McDONELL: Sufficient to show who owned what and when they owned it.

THE COURT: And that's --

MR. McDONELL: We'll rely on that.

THE COURT: Yes, but let's just -- so on the mo- -- you were anticipating a motion to compel with documents related to potential new plaintiffs? Is that what this boils down to?

MR. McDONELL: It's a little -- it's a little different issue, and I think we've got that worked out by agreement. We didn't want to have to start --

THE COURT: Right.



5dec582b-2c09-4db0-8da7-9d96e2eddb28