Walsh v. Apple, Inc. et al
Doc. 234 Att. 1

# EXHIBIT G

Dockets.Justia.com

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br>Plaintiffs,<br>v.<br>SAP AG, et al.<br>Defendants. | Case No. 07-CV-1658 PJH<br><br>**DEFENDANT TOMORROWNOW, INC.'S FIRST AMENDED RESPONSES TO PLAINTIFF ORACLE CORP.'S THIRD SET OF INTERROGATORIES AND SAP AMERICA, INC.'S, AND SAP AG'S FIRST AMENDED RESPONSES TO PLAINTIFF ORACLE CORP.'S SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTY: Oracle Corporation

RESPONDING PARTIES: TomorrowNow, Inc., SAP America, Inc. and SAP AG

SET NUMBERS: Two & Three

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant TomorrowNow, Inc. ("TomorrowNow") objects and responds as follows to the third set of interrogatories from plaintiff Oracle Corporation (together with plaintiffs Oracle USA, Inc. and Oracle International Corporation, "Plaintiffs") and SAP America, Inc. ("SAP America") and SAP AG object and respond as follows to the second set of interrogatories from plaintiff Oracle Corporation:

## GENERAL OBJECTIONS AND RESPONSES

1. The following General Objections and Responses are incorporated into each specific Response below as if fully repeated in each Response. Any failure to repeat all or any part of the General Objections and Responses in a specific Response shall not constitute a waiver or relinquishment of such objections.

2. Defendants object to each interrogatory to the extent that it seeks information that is protected from disclosure by any applicable privilege, including the attorney-client privilege and the attorney work product doctrine. Defendants have not waived any privilege and do not intend to do so. Should any such disclosure by TomorrowNow, SAP America, and SAP AG occur, it is inadvertent and shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to such information or of Defendant's right to object during this litigation or otherwise to the use of any such information.

3. Defendants will provide confidential and proprietary information of TomorrowNow, SAP America and SAP AG and/or of others only pursuant to the Stipulated Protective Order in this case.

4. Defendants object to each interrogatory and to the definitions and instructions to the extent they seek to impose upon Defendants duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court or any stipulation or agreement of the parties.

5. Defendants object to each interrogatory, definition and instruction to the extent it seeks information not in TomorrowNow's, SAP America's and SAP AG's possession, custody or control.

6. Defendants object to each interrogatory to the extent it seeks information that is not relevant to any claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendants specifically object to each interrogatory as unduly burdensome, oppressive and calling for information that is not relevant to any claim or defense of any party, to the extent the interrogatory seeks information unrelated to PeopleSoft or J.D. Edwards ("JDE") products. PeopleSoft or JDE products are the only products Plaintiffs have placed at issue in this case and are the only products for which Defendants will provide discovery responses.

7. Defendants object to each interrogatory as unduly burdensome to the extent it seeks information already in Plaintiffs' possession, or which is a matter of public record or otherwise equally available to Plaintiffs.

8. Defendants object to each interrogatory to the extent that it prematurely seeks materials concerning or to be provided by, testifying expert witnesses. Defendants will provide such materials according to the schedule established by the Court.

9. Defendants object to each interrogatory that seeks "all" information or "every" fact relating to a particular subject matter because it is unduly burdensome to the extent that it seeks to require Defendants to make an inquiry of each and every one of their employees. In seeking relevant information, Defendants have made and/or will make inquiry of only those persons who they believe are reasonably likely to have such information.

10. Defendants object to Plaintiffs' definitions of "SAP AG," "SAP America," "SAP TN," "You" or "Your" to the extent that those definitions include persons or entities other than TomorrowNow, SAP America and SAP AG. Defendants further object to the extent Plaintiffs' definitions improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody or control of Defendants.

11. Defendants' answers to Plaintiffs' interrogatories do not constitute admissions or acknowledgements that the information sought is within the proper scope of discovery or admissible at trial.

12. Defendants object to these Interrogatories to the extent that they are compound. Defendants reserve their right to treat compound questions as multiple Interrogatories when they are separated into distinct subparts.

13. Defendants object to "all," "any," and "each" being construed as "any and every." The requests containing the terms being construed as "any and every" are overly broad, unduly burdensome and impossible to answer under that construction.

14. Defendants object to the definition of "Communication" as being overly broad, unduly burdensome and impossible to answer to the extent the requests containing the defined term require "any and all contact."

15. Defendants object to the definition of "Customer" to the extent the requests containing the term require Defendants to answer for all of "Defendants' current and former customers." The definition is overly broad, unduly burdensome, designed to harass and not likely to lead to the discovery of admissible evidence. Defendants will only respond to the extent the Customer has a contract with TomorrowNow.

16. Defendants object to the definition of "Download" to the extent the requests containing the term require Defendants to answer regarding material not downloaded from the "Customer Connection" website. As Plaintiffs state in their fourth objection to TomorrowNow's First Set Interrogatories, "[o]ther Oracle support websites or FTP sites are not at issue in this litigation, and ... [the] definition calls for irrelevant materials and would impose an excessive burden ...." The definition of "Download" calls for irrelevant materials and imposes an excessive burden.

17. Defendants object to the definition of "Identify" as being overly broad, unduly burdensome, harassing, and not likely to lead to the discovery of admissible evidence. Defendants will give the term "Identify" its common meaning and supply reasonable information to the requests containing the term.

18. Defendants object to the definition of "Local Environment" as being overly broad, unduly burdensome, vague, and not likely to lead to the discovery of admissible evidence.

19. Defendants object to Instruction number 1 to the extent it seeks to impose upon Defendants duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure (specifically Rule 26(b)(5)), the Local Rules of this Court, any applicable orders of this Court or any stipulation or agreement of the parties.

20. Defendants object to Instruction number 2 to the extent it seeks to impose upon Defendants duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure (specifically Rule 33(d)), the Local Rules of this Court, any applicable orders of this Court or any stipulation or agreement of the parties.

21. Defendants object to Instruction number 5 to the extent it imposes a burden or obligation the Parties have not yet agreed to. The Parties are still in the process of meeting and conferring regarding the limited issues for which the parties will agree to expand the discovery time period.

22. Defendants object to these requests to the extent that they seek information that is unreasonably cumulative or duplicative of discovery already conducted by Plaintiffs, including Federal Rule of Civil Procedure 30(b)(6) deposition testimony.

23. Defendants object to these requests to the extent that they seek information that can be obtained from some other source that is more convenient or less burdensome.

24. Defendants object to these requests to the extent that they seek information that Plaintiffs have had ample opportunity to obtain through other discovery or sources in this action.

25. Defendants' discovery and investigation in connection with this case are continuing. As a result, Defendants' responses are limited to information obtained to date, and are given without prejudice to Defendants' right to amend or supplement its responses after considering information obtained or reviewed through further discovery or investigation.

[redacted]

**INTERROGATORY NO. 2:**

Does any Defendant possess, have access to, or have control over a Local Environment, or any part of one, or to any Software and Support Material relating to any Siebel, Hyperion, Retek or eBusiness Suite software, or to any other Oracle Corporation software application other than PeopleSoft or JD Edwards applications? If so, Identify with particularity the release, version number, and number of copies and physical location of each such Local Environment (or subpart), Software Support Material, or other Oracle software application and describe in detail all ways in which such software has been Used by each Defendant.

**RESPONSE TO INTERROGATORY NO. 2:**

***TomorrowNow, SAP America, and SAP AG Answer***

In addition to Defendants' General Objections and Responses, Defendants object that the request is overly broad, unduly burdensome, compound and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding these product lines; and (2) Plaintiffs themselves have taken the position that these product lines are not at issue and refused to provide discovery on them. Defendants object to

Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding the product lines listed above. These product lines are not relevant to Plaintiffs' claims in this case. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, p. 24 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court. Further, Defendants' response to this interrogatory interprets the phrase "Local Environment" as referring to Local Environments relating to PeopleSoft or JDE on TomorrowNow's systems or on the systems of current, former, or prospective customers of TomorrowNow. Defendants object to any other interpretation of this phrase as not being not relevant to any of Plaintiffs' claims in this case and as making the request vague, overly broad and unduly burdensome.

Defendants further object to this Interrogatory to the extent that it calls for information protected by the attorney-client or work product privileges. Defendants will not provide such privileged information.

[redacted]

[redacted]

**<u>INTERROGATORY NO. 4</u>:**

Describe all efforts undertaken by the SAP AG executive board of directors to ensure that SAP TN did not violate any Oracle copyright (or other intellectual property right) in the provision of its services, the time frame for each described effort, and the Identity, roles, and responsibilities of all involved individuals.

**<u>RESPONSE TO INTERROGATORY NO. 4</u>:**

**ALL ANSWERS TO THIS REQUEST ARE DESIGNATED AS CONFIDENTIAL INFORMATION**

***TomorrowNow, SAP America, and SAP AG Answer***

In addition to Defendants' General Objections and Responses, Defendants object that the request is overly broad and unduly burdensome. In addition, Defendants object to the extent the Interrogatory purports to require Defendants to create a compilation, abstract, or summary from

business records that Defendants have already produced or will produce. Defendants also object that the information being requested is unreasonably cumulative or duplicative of discovery already being conducted by Plaintiffs. Defendants further object that the information being sought can be obtained by a more convenient source, namely, depositions that Plaintiffs have already noticed. Defendants further object that this is an improper contention Interrogatory as it seeks Defendants to define what actions constitute legally impermissible conduct. Defendants also object to the extent this Interrogatory calls for information that is inadmissible under Federal Rule of Evidence 407. Lastly, Defendants object to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Defendants will not provide such privileged information. Subject to and without waiving their Objections, Defendants respond as follows:

The fact that Defendants are providing an answer to this Interrogatory is not intended to be, and should not be read as, an admission that TomorrowNow was in fact in violation of any copyright or other intellectual property right.

SAP AG's executive board issued the directives listed below and TomorrowNow management was responsible for the implementation of these directives.

1. In early 2005, the SAP AG executive board issued rules governing the interaction between SAP and TomorrowNow. These rules were known as the Rules of Engagement. The stated purpose of these rules was to "ensure that both TN and SAP continue[d] to respect the intellectual property rights in PeopleSoft (PS) and JD Edwards (JDE) software." *See* Bates Nos. TN-OR00000016 – 20. The Rules of Engagement were first circulated to employees at both SAP and TomorrowNow on March 9, 2005. An update version of the Rules of Engagement were further circulated on March 15, 2006. *See* Bates Nos. TN-OR00000016 – 20, TN-OR00000021 – 24.

2. By March 2005, the SAP AG executive board issued a directive to TomorrowNow's management to remove customer local environments from TomorrowNow computers. On behalf of SAP AG's executive board, Thomas Ziemen instructed TomorrowNow CEO Andrew Nelson to evaluate and implement removal of customer Local Environments from

TomorrowNow computers. In response to this direction, TomorrowNow initiated a project to investigate removal of customer Local Environments from TomorrowNow computers. Some have referred to this project as "Project Blue." Periodically, Andrew Nelson would communicate the status of the project to Thomas Ziemen. The following current and former TomorrowNow employees were involved in the evaluation and execution of the project: Julio Guzman, Catherine Hyde, Beth Lester, George Lester, Andrew Nelson, Greg Nelson, Shelley Nelson, Owen O'Neil, Josh Testone, and Eskander Yavar.

3. In July 2007, the SAP AG executive board appointed SAP employee Mark White as the new chairman of TomorrowNow to manage TomorrowNow's operations and compliance programs.

4. In August 2007, the SAP AG executive board ordered that all customer local environments still remaining on TomorrowNow computers must be moved to customer computers. Pursuant to this directive, all customer local environments on TomorrowNow computers were shut down permanently on April 30, 2008. The SAP executives involved in overseeing the implementation of this directive were Martin Breuer and Mark White. The TomorrowNow employees involved in implementing this directive include: John Baugh, Mark Kreutz, Shelley Nelson, and numerous other lower-level TomorrowNow employees.

Identifying information for the above-named SAP and TomorrowNow employees is provided below:

- John Baugh, Environments Manager, TomorrowNow, Inc., 1716 Briarcrest Drive, Suite 400, Bryan, Texas 77802, (979) 691-4100.
- Martin Breuer, Senior VP Global Services, SAP AG, Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany, +49 6227 7-60196.
- Julio Guzman, Project Manager, TomorrowNow, Inc., 1716 Briarcrest Drive, Suite 400, Bryan, Texas 77802, (979) 691-4100.
- Catherine Hyde, Consultant III, Senior Support, TomorrowNow, Inc., 990 Victoria Place, Melbourne, Florida 32940.
- Mark Kreutz, NA Director – JDE Support Services, 6400 South Fiddler's Green Circle, Suite 1400, Englewood, Colorado 80111, (303) 357-4900.
- Beth Lester, Former Specialist IV, Quality Management, TomorrowNow, Inc., 2530 Meridian Parkway, Suite 2097, Raleigh, NC 27713, (919) 247-4101 – last known address.

- George Lester, Former Mgr, Customer Support, TomorrowNow, Inc., 2530 Meridian Parkway, Suite 2097, Raleigh, NC 27713, (919) 247-4101– last known address.
- Andrew Nelson, Former President & CEO, TomorrowNow, Inc., 720 N Rosemary Drive, Bryan, TX 77802, (979) 595-1385 – last known address.
- Greg Nelson, Former Global CIO, TomorrowNow, Inc., 708 South Bryan Avenue, Bryan Texas, 77803, (979) 777-7940 – last known address.
- Shelley Nelson, Vice President – Global Service and Support, TomorrowNow, Inc., 1716 Briarcrest Drive, Suite 400, Bryan, Texas 77802, (979) 691-4100.
- Owen O'Neil, Former Architect, Service Automation, TomorrowNow, Inc., 4 Joseph Road, Hopkinton, MA 01748, (508) 435-2491 – last known address.
- Harry Schoennagel, Manager, Global Services Strategy, TomorrowNow, Inc., 745 Northeast 88th Street, Miami, FL 33138 (979) 571-0353.
- Josh Testone, Solutions Architect, TomorrowNow, Inc., 1716 Briarcrest Drive, Suite 400, Bryan, Texas 77802, (979) 691-4100.
- Mark White, Executive Chairman, TomorrowNow, Inc., 1716 Briarcrest Drive, Suite 400, Bryan, Texas 77802, (979) 691-4100.
- Eskander Yavar, Manager, Field Operations, TomorrowNow, Inc., 10111 Richmond Av., Suite 600, Houston, TX 77042, (979) 691-4136.
- Thomas Ziemen, Vice President, Service Solution Management, SAP AG, Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany, +49/6227/7-47474.

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Defendants amend subparagraph 2 of their response to this Interrogatory as follows:

2. By March 2005, the SAP AG executive board issued a directive to TomorrowNow's management to remove customer local environments from TomorrowNow computers. CEO Andrew Nelson was instructed to evaluate and implement removal of customer Local Environments from TomorrowNow computers. In response to this direction, TomorrowNow initiated a project to investigate removal of customer Local Environments from TomorrowNow computers. Some have referred to this project as "Project Blue." On certain occasions, Andrew Nelson would communicate the status of the project to Thomas Ziemen. The following current and former TomorrowNow employees were involved in the evaluation and execution of the project: Julio Guzman, Catherine Hyde, Beth Lester, George Lester, Andrew Nelson, Greg Nelson, Shelley Nelson, Owen O'Neil, Josh Testone, and Eskander Yavar.

attorney-client and attorney work product privileges. Subject to and without waiving its Objections, SAP responds as follows:

SAP's Executive Board directed that the local environments be moved off TomorrowNow's systems. No SAP employee has personal knowledge of TomorrowNow's activities relating to the creation, duplication, replication, and use of local environments and updates/fixes. The following SAP employees had non-privileged communications at limited and varying times with TomorrowNow employees regarding how TomorrowNow provided services to its customers with PeopleSoft or JDE software lines:

- John Zepecki
- James Mackey
- Arlen Shenkman
- Stephen Tseng
- Janko Budzisch
- Roger Hofmann
- Josef Schmidt
- Thomas Ziemen

In addition, SAP employees, Mark White and Martin Breuer have personal knowledge regarding TomorrowNow's activities relating to the termination of TomorrowNow's local environments.

SAP has no additional knowledge other than what is reflected in TomorrowNow's answer to this Interrogatory and what is protected under the Attorney Client and Work Product privileges.

**INTERROGATORY NO. 13:**

Identify Defendants' current and former officers, directors, managers, employees, and consultants with personal knowledge of SAP TN's access to, Use of, and Downloads of Software and Support Materials on behalf of Customers as part of its software support services for Oracle-branded software applications, including without limitation Siebel, Retek, Hyperion, and eBusiness Suite.

**RESPONSE TO INTERROGATORY NO. 13:**

**ALL ANSWERS TO THIS REQUEST ARE DESIGNATED AS CONFIDENTIAL INFORMATION**

***TomorrowNow's Answer***

In addition to Defendants' General Objections and Responses, TomorrowNow objects that the request is overly broad, unduly burdensome, compound and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding these product lines; and (2) Plaintiffs themselves have conceded that these product lines are not at issue and refused to provide discovery on them. TomorrowNow objects to Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding the product lines listed above. These product lines are not relevant to Plaintiffs' claims in this case. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, p. 24 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

In addition, TomorrowNow objects to the extent the Interrogatory purports to require TomorrowNow to create a compilation, abstract, or summary from business records that TomorrowNow has already produced or will produce. TomorrowNow also objects that the information being requested is unreasonably cumulative or duplicative of discovery already being conducted by Plaintiffs. Subject to and without waiving its Objections, TomorrowNow responds as follows:

TomorrowNow incorporates by reference TomorrowNow's response to Interrogatory 12.

*SAP America's and SAP AG's Answer*

In addition to Defendants' General Objections and Responses, SAP objects that the request is overly broad, unduly burdensome, compound and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding these product lines; and (2) Plaintiffs themselves have conceded that these product lines are not at issue and refused to provide discovery on them. SAP objects to Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding the product lines listed above. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, p. 24 (September 14, 2007). To open up discovery on these additional non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

In addition, SAP objects to the extent the Interrogatory purports to require SAP to create a compilation, abstract, or summary from business records that TomorrowNow has already produced or will produce. SAP also objects that the information being requested is unreasonably cumulative or duplicative of discovery already being conducted by Plaintiffs. Subject to and without waiving its Objections, TomorrowNow responds as follows:

SAP incorporates by reference SAP's response to Interrogatory 12.

[redacted]

# EXHIBIT H

Robert A. Mittelstaedt (SBN 060359)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (SET TWO)** |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation |
| RESPONDING PARTY: | Defendants TomorrowNow, Inc., SAP America, Inc., and SAP AG |
| SET NUMBER: | Two |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the standing and other orders of this Court, and agreements of the parties Defendants, TomorrowNow, Inc., SAP America, Inc. and SAP AG object and respond as follows to the Second Set of Requests for Production of Documents by Plaintiffs Oracle Corporation, Oracle USA, Inc. and Oracle International Corporation (collectively, "Plaintiffs"):

## GENERAL OBJECTIONS AND RESPONSES

1. Defendants object to the requests on the grounds that they are vague, overbroad, oppressive, harassing, and unduly burdensome.

2. Defendants object to the request on the grounds that they are not tied to the allegations in this case and therefore not reasonably calculated to lead to the discovery of admissible evidence.

3. As with all of Plaintiffs' other discovery requests, Defendants' reasonable inquiry and related response to this discovery request shall be limited in a manner consistent with the Court's orders and the parties' agreements that provide limits on the parties' discovery obligations in this case. Defendants object to any further search or production as overbroad and unduly burdensome.

4. A response by Defendants indicating that it will produce documents is not a confirmation that such documents exist or are in its possession, custody or control but, rather, indicates that Defendants will produce such documents if they do exist and are in their possession, custody or control.

5. Defendants will produce confidential and proprietary information of Defendants and/or of third parties that is in Defendants' possession, pursuant to the Agreed Protective Order

entered in this case, including by designating certain documents CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

6. Defendants object to Plaintiffs' instructions to the extent that they call for Defendants to produce documents in a form other than how they are maintained in the ordinary course of business. Defendants will produce relevant, responsive, non-privileged documents as typically maintained, subject to the parties' agreement regarding mechanics of production.

7. Defendants object to each request, definition and instruction to the extent they seek to impose upon Defendants duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties, or requires Defendants to speculate or guess as to whether Plaintiffs will contend documents "contradict" (or similar concepts) positions taken by Defendants.

8. Defendants object to each request to the extent it seeks the production of documents and/or things that are not relevant to any claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendants specifically object to each request as unduly burdensome, oppressive and calling for information that is neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the request seeks documents or information unrelated to PeopleSoft or J.D. Edwards ("JDE") products. PeopleSoft and JDE products are the only products Plaintiffs have placed at issue in the allegations in this case and are the only products for which Defendants will produce documents or data.

9. Defendants object to each request to the extent that it seeks documents and information concerning or to be provided by expert witnesses. Defendants will provide such documents and things according to the schedule established by the Court.

10. Defendants object to each request to the extent it seeks documents that are protected from disclosure by any applicable privilege, including the attorney-client privilege, the

attorney work product doctrine, the privilege afforded non-testifying experts by Fed. R. Civ. P. 26(b), or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or relevant statutory or case law. Should any such production by Defendants occur, it is inadvertent and shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to such documents or any other documents, or of Defendants' right to object during this litigation or otherwise to the use of any such document. Defendants will log such information in accordance with the parties' agreements.

11. Defendants object to all requests seeking "all documents relating to" various topics as rendering the requests in which that term is included overbroad and unduly burdensome and leading to such requests to seek documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants will produce documents constituting such materials or expressly discussing the relevant topic.

12. Defendants' responses to Plaintiffs' requests do not constitute admissions or acknowledgements that the information sought is within the proper scope of discovery or admissible at trial or that any non-privileged documents responsive to a particular request may exist.

13. Defendants' responses to Plaintiffs requests are made without in any way waiving (a) the right to object, on the grounds of competency, relevancy, materiality, privilege or admissibility, as evidence for any purpose in any subsequent proceeding in, or the hearing of, this action or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of Plaintiffs' requests.

14. Defendants object to the requests to the extent they seek to require Defendants to search for, review, or produce inaccessible information or materials. Defendants will not search for, review, or produce inaccessible data.

15. Defendants object to the definition of "Communication" as being overly broad and unduly burdensome to the extent the requests containing the defined term require production data showing "any and all contact."

16. Defendants object to the definition of "Customer" to the extent the requests containing the term require Defendants to produce data for all of "Defendants' current and former customers." The definition is overly broad, unduly burdensome, designed to harass and not reasonably calculated to lead to the discovery of admissible evidence. Defendants will only respond to the extent the Customer has a contract with TomorrowNow.

17. Defendants object to the definition of "Download" to the extent the requests containing the term require Defendants to produce data regarding material not downloaded from the "Customer Connection" website. As Plaintiffs state in their fourth objection to TomorrowNow's First Set of Interrogatories, "[o]ther Oracle support websites or FTP sites are not at issue in this litigation, and ... [the] definition calls for irrelevant materials and would impose an excessive burden ...." The definition of "Download" calls for irrelevant materials and imposes an excessive burden.

18. Defendants object to the definition of "Local Environment" as being overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

19. Defendants object to Plaintiffs' definitions of "SAP AG," "SAP America," "SAP TN," "You" or "Your" to the extent that those definitions include persons or entities other than TomorrowNow, SAP America and SAP AG. Defendants further object to the extent Plaintiffs' definitions improperly expand the scope of discovery by seeking data that is not currently in the possession, custody or control of Defendants.

20. Defendants object to Instruction number 5 to the extent it imposes a burden or obligation the Parties have not yet agreed to. The Parties are still in the process of meeting and conferring regarding the limited issues for which the parties will agree to expand the discovery time period.

21. Defendants' discovery and investigation in connection with this case are continuing. As a result, Defendants' responses are limited to information obtained and reviewed to date, and are given without prejudice to Defendants' right to amend or supplement its

responses after considering information obtained or reviewed through further discovery or investigation.

## REQUESTS FOR PRODUCTION

***Integration of SAP TN with SAP America and SAP AG***

[redacted]

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relating to any plans, proposals, projects, or discussions by or between any Defendant(s) relating to SAP TN's potential or actual provision of software support services for Oracle-branded software applications, including without limitation Siebel, Retek, Hyperion, and eBusiness Suite.

**RESPONSE TO REQUEST NO. 2:**

Defendants object to this request on the grounds stated in their General Objections and Responses. In addition, Defendants object that the request is overly broad, unduly burdensome, and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding the Siebel, Retek, Hyperion, and eBusiness Suite

product lines; and (2) Plaintiffs themselves have taken the position that these product lines are not at issue and refused to provide discovery on them. Defendants object to Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding the product lines listed above. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, p. 4 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

Defendants further object that this request is overly broad and unduly burdensome to the extent the request calls for "all documents relating to." Defendants further object that this request is unreasonably cumulative or duplicative of discovery already sought and obtained by Plaintiffs to the extent it is seeking data relating to PeopleSoft and JDE software applications. Defendants further object to this request to the extent that it calls for documents protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving their Objections, Defendants will produce responsive, non-privileged data relating to PeopleSoft and JDE software applications in accordance with the discovery limitations and agreements in place in this case.

[redacted]

[redacted]

*Safe Passage and SAP TN'S Software Support Services*

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between any Defendant and any Defendant's actual or potential Customers relating to SAP TN's Business Model, including without limitation all Communications relating to the legality of SAP TN's Business Model, and to how SAP TN was able to or planned to make its service and/or support offerings on any Oracle-branded software applications, including PeopleSoft, JD Edwards, Siebel, Retek, Hyperion, and eBusiness Suites.

**RESPONSE TO REQUEST NO. 5:**

Defendants object to this request on the grounds stated in their General Objections and Responses. In addition, Defendants object that the request is overly broad, unduly burdensome, and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding the Siebel, Retek, Hyperion, and eBusiness Suite product lines; and (2) Plaintiffs themselves have taken the position that these product lines are not at issue and refused to provide discovery on them. Defendants object to Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding the product lines listed above. Plaintiffs themselves

have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, p. 4 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

Defendants further object that this request is overly broad and unduly burdensome to the extent the request calls for "all Communications." Defendants further object that this request is unreasonably cumulative or duplicative of discovery already sought and obtained by Plaintiffs in this case. Defendants further object to the extent that the request requires the Defendants to make a legal conclusion in order to respond. Defendants further object to this request to the extent that it calls for documents protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving their Objections, Defendants will produce responsive, non-privileged data relating to PeopleSoft and JDE software applications in accordance with the discovery limitations and agreements in place in this case.

[redacted]

[redacted]

**REQUEST FOR PRODUCTION NO. 9:**

Remote access for inspection to, and forensic copies of, any Oracle software application in Defendants' possession, custody, or control other than PeopleSoft or JDE software applications, including without limitation Siebel, eBusiness Suite, Hyperion, or Retek software applications.

**RESPONSE TO REQUEST NO. 9:**

Defendants object to this request on the grounds stated in their General Objections and Responses. In addition, Defendants object that the request is overly broad, unduly burdensome, and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs

have not raised any pending claims regarding these product lines; and (2) Plaintiffs themselves have taken the position that these product lines are not at issue and refused to provide discovery on them. Defendants object to Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding the product lines listed above. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, p. 4 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

Defendants further object, on the basis of undue burden, cost, irrelevance, and overbreadth, to the wholesale request for "remote access" and "forensic copies" absent a special showing of legitimate need for such access and copies. Defendants further object to this request to the extent that it calls for documents protected by the attorney-client privilege and/or the attorney work product doctrine.

[redacted]

[redacted]

***Financials, Accounting, And Damages***

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to any Defendants' competitive intelligence or analyses with regard to Oracle, any Oracle-branded software application, or support services for any Oracle-branded software application, including Communications, market analyses, projections, presentations, or reports.

**RESPONSE TO REQUEST NO. 12:**

Defendants object to this request on the grounds stated in their General Objections and Responses. In addition, Defendants object that the request is overly broad, unduly burdensome, and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding product lines other than the PeopleSoft and JDE product lines; and (2) Plaintiffs themselves have taken the position that other product lines are not at issue and refused to provide discovery on them. Defendants object to Plaintiffs' attempt to

conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding other product lines. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, p. 4 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

Defendants further object that this request is overly broad and unduly burdensome to the extent the request calls for "all documents relating to." Defendants further object that this request is unreasonably cumulative or duplicative of discovery already sought and obtained by Plaintiffs. Defendants additionally object that the request is not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, and designed to harass to the extent the request is not limited SAP's and TN's competitive activities related to TomorrowNow's business. Defendants further object to this request to the extent that it calls for documents protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving their Objections, Defendants will produce responsive, non-privileged data relating to PeopleSoft and JDE software applications in accordance with the discovery limitations and agreements in place in this case.

[redacted]

[redacted]

**REQUEST FOR PRODUCTION NO. 18:**

Pro-formas and forecasts (and any assumptions, analyses, and financial back-up) for sales, revenue, and profits for (a) any aspect of the Safe Passage program, (b) SAP TN's expected contributions to the Safe Passage program (including anticipated service revenues and assistance in driving application sales), and (c) SAP TN's software support services for any Oracle-branded software applications (including without limitation PeopleSoft, JD Edwards, eBusiness Suite, Retek, and Hyperion) and any follow-on sales or licenses (e.g., future applications sales or licenses) projected in connection with SAP TN's offering of such software support services.

**RESPONSE TO REQUEST NO. 18:**

Defendants object to this request on the grounds stated in their General Objections and Responses. Defendants also object that this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent the request calls for data unrelated to TomorrowNow's involvement in the Safe Passage program or for data relating to customers that do not have or have not had a contract with TomorrowNow. In addition, to the extent the request is not limited to PeopleSoft or JDE, Defendants object that the request is overly broad, unduly burdensome, and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding any product lines other than the PeopleSoft and JDE product lines; and (2) Plaintiffs themselves have

taken the position that other product lines are not at issue and refused to provide discovery on them. Defendants object to Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding other product lines. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, p. 4 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

Defendants further object that this request is unreasonably cumulative or duplicative of discovery already sought and obtained by Plaintiffs. Defendants further object to this request to the extent that it calls for documents protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving their Objections, Defendants will produce responsive, non-privileged data relating to PeopleSoft and JDE software applications in accordance with the discovery limitations and agreements in place in this case.

**REQUEST FOR PRODUCTION NO. 19:**

All relevant draft or final business cases (and any assumptions, analyses, and financial back-up), including but not limited to those related to the SAP TN acquisition or to any proposed expansions of SAP TN software support services to any Oracle-branded software applications.

**RESPONSE TO REQUEST NO. 19:**

Defendants object to this request on the grounds stated in their General Objections and Responses. In addition, to the extent the request is not limited to PeopleSoft or JDE, Defendants object that the request is overly broad, unduly burdensome, and not relevant nor likely to lead to the discovery of admissible evidence because: (1) Plaintiffs have not raised any pending claims regarding any product lines other than the PeopleSoft and JDE product lines; and (2) Plaintiffs

themselves have taken the position that other product lines are not at issue and refused to provide discovery on them. Defendants object to Plaintiffs' attempt to conduct unilateral discovery on topics on which Plaintiffs themselves have refused Defendants' attempts to seek discovery.

Neither Plaintiffs' initial complaint (filed on March 22, 2007), nor its First Amended Complaint (filed on June 1, 2007), nor even its Second Amended Complaint (filed on July 28, 2008), raise any pending claims regarding other product lines. Plaintiffs themselves have refused to provide discovery on any product lines except for PeopleSoft and JDE, considering them to be outside the scope of discovery in this case. *See* Plaintiffs' Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, p. 4 (September 14, 2007). To open up discovery on these additional, non-relevant product lines after the case has been pending for over a year is unduly burdensome and does not focus the parties' efforts to complete discovery on the claims pending in this case within the time allotted by the Court.

Defendants further object that this request is unreasonably cumulative or duplicative of discovery already sought and obtained by Plaintiffs. Defendants further object to this request to the extent that it calls for documents protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving their Objections, Defendants will produce responsive, non-privileged data relating to PeopleSoft and JDE software applications in accordance with the discovery limitations and agreements in place in this case.

[redacted]

[redacted]

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show the monthly and yearly amounts spent by SAP AG, SAP America, and SAP TN on research and development at SAP TN for any purpose, including without limitation support services, software applications, Updates/Fixes, and Software and Support Materials.

**RESPONSE TO REQUEST NO. 24:**

Defendants object to this request on the grounds stated in their General Objections and Responses. Defendants further object that the request is vague, including with respect to the phrase "research and development." Defendants further object that the request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because of the inclusion of the phrase "for any purpose." Defendants further object that this request is unreasonably cumulative or duplicative of discovery already sought and obtained by