Walsh v. Apple, Inc. et al
Doc. 234 Att. 2

# EXHIBIT I

Dockets.Justia.com

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH<br><br>**DECLARATION OF ANDREW NELSON**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

I, ANDREW NELSON, declare:

I am the former President and Chief Executive Officer, of TomorrowNow, Inc. ("TN"), one of the Defendants in this case. I make this declaration based on my personal knowledge and, if called upon to do so, could testify competently thereto.

1. I resigned from TN in November 2007. Prior to my resignation, TN considered providing third party support for each of the eBusiness Suite, Hyperion, and Retek software product lines (collectively "eBHR Products"). TN's consideration of servicing the eBHR Products involved, among other things, an analysis of the projected revenues, expenses and other logistics associated with those potential new service offerings. Ultimately, TN did not provide third party support for any of the eBHR Products. Those decisions were made prior to my resignation and to my knowledge, TN never provided direct third party support for the eBHR Products and I believe that TN never received any revenue for providing such support services.

2. To my knowledge, other than materials that were available to the general public (i.e., through the internet or other publicly available means), no one at TN downloaded or otherwise accessed any of the eBHR Products' proprietary software or confidential support materials for any purpose relating to TN's consideration of providing third party support for those products. If any such downloads or access occurred, to my knowledge it was not sanctioned or otherwise condoned by TN at any time prior to my resignation in November 2007.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this ____ day of November, 2008 in Bryan, Texas.

______________________________
ANDREW NELSON

# EXHIBIT J

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE USA, INC., et al.,

Plaintiffs,

v.

SAP AG, et al.,

Defendants.

Case No. 07-CV-1658 PJH (EDL)

**DEFENDANT TOMORROWNOW, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ORACLE'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) RE EBS, RETEK AND HYPERION**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant TomorrowNow, Inc. ("TN"), responds to Plaintiff Oracle USA, Inc's, Oracle International Corporation's, and Oracle EMEA Limited's (collectively, "Oracle") Notice of Deposition of TomorrowNow, Inc. Pursuant to Fed. R. Civ. P. 30 (b)(6) Re EBS, Retek, and Hyperion (the "Notice") as follows:

## GENERAL OBJECTIONS

The following General Objections shall apply to each of the deposition topics set forth in the Notice:

1. TN objects to each topic to the extent that it seeks information that is not relevant to any claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1).

2. TN objects to each topic to the extent that it is overbroad and/or unduly burdensome.

3. TN objects to each topic to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Inadvertent disclosure of any privileged communications or work product shall not constitute a waiver of privilege or of any other basis for objecting to discovery with respect to such information.

4. TN objects to each topic to the extent that it seeks information that is not within TN's possession, custody, or control.

5. TN objects to each topic to the extent that it seeks information containing trade secrets, proprietary information, or other confidential or competitively sensitive business information. Such information will be provided only subject to the protective order in this case. SAP hereby designates all of its 30(b)(6) deposition testimony as "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," subject to re-designation at the depositions themselves or upon review of the transcripts.

6. TN objects to each topic as unreasonable to the extent it requests information that is already within Oracle's possession, already known or disclosed to Oracle, readily accessible or equally available to Oracle, or available from public sources.

7. TN objects to each topic to the extent that it seeks testimony concerning expert consultants or to be provided by expert witnesses.

8. TN objects to producing any witness except on dates, times, and at places specifically agreed upon by the parties.

9. TN objects to each of Oracle's "Definitions" to the extent that it enlarges upon or is otherwise inconsistent with the duties imposed by the Federal Rules of Civil Procedure and/or the Local Rules for the Northern District of California and/or is inconsistent with the ordinary meaning of the defined term or terms.

10. TN objects to Oracle's definition of "SAP TN," "You," and "Your" to the extent that they include persons or entities other than TN, and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of TN.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to, and without waiving, the foregoing General Objections, TN responds as follows:

**SCOPE OF TESTIMONY NO. 1:**

The consideration, development of, And/Or approval of Any plans regarding, Or ability to provide, support Or maintenance services for ERH branded software products, including Any policies And procedures regarding the provision of such services.

**TN'S RESPONSE TO NO. 1:**

TN objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set

of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

TN further objects to this topic on the ground that it is unduly burdensome to require TN to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on TN and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

TN further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

TN further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "consideration, development of, And/Or approval of," "Any plans regarding," "ability to provide," and "ERH branded software products."

Subject to and without waiving the foregoing objections and the General Objections, TN responds as follows: TN will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 2:**

The Use, receipt, Distribution, Or Downloading of Any ERH-related Software and Support Materials, ERH branded software products, or ERH-related Local Environments by SAP TN, SAP America Or SAP AG.

**TN'S RESPONSE TO NO. 2:**

TN objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March

22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

TN further objects to this topic on the ground that it is unduly burdensome to require TN to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on TN and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

TN further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

TN further objects to the definitions of "ERH-related Software And Support Materials," "ERH branded software products," or "ERH-related Local Environments" as overbroad and vague and ambiguous because they require TN to speculate as to which specific materials they purport to include. TN further objects to the definitions of "SAP TN," "SAP America," and "SAP AG" to the extent that they include persons or entities other than TN, SAP America, Inc. or SAP AG and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of these entities.

TN further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Use," "receipt," "Distribution," and "Downloading."

Subject to and without waiving the foregoing objections and the General Objections, TN responds as follows: TN will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 3:**

Communications regarding Or transfer of Any ERH-related Software And Support Materials, ERH branded software products, or ERH-related Local Environments by SAP TN, SAP America Or SAP AG.

**TN'S RESPONSE TO NO. 3:**

TN objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

TN further objects to this topic on the ground that it is unduly burdensome to require TN to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on TN and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

TN further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

TN further objects to the definitions of "ERH-related Software And Support Materials," "ERH branded software products," or "ERH-related Local Environments" as overbroad and vague and ambiguous because they require TN to speculate as to which specific materials they purport to include. TN further objects to the definitions of "SAP TN," "SAP America," and "SAP AG" to the extent that they include persons or entities other than TN, SAP America, Inc., or SAP AG and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of these entities. TN further objects to the definition of "You" to the extent that it includes persons or entities other than TN and to the extent that it improperly expands the scope of discovery by

seeking information and documents that are not currently in the possession, custody, or control of TN.

TN further objects that this topic is overbroad, vague and ambiguous and/or unintelligible particularly with respect to the phrase "Communications regarding Or transfer of."

Subject to and without waiving the foregoing objections and the General Objections, TN responds as follows: TN will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 4:**

Any forecasted benefits And/Or costs related to Any plans regarding, Or ability to provide, support Or maintenance services for ERH branded software products.

**TN'S RESPONSE TO NO. 4:**

TN objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

TN further objects to this topic on the ground that it is unduly burdensome to require TN to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on TN and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

TN further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

TN further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "forecasted benefits And/Or costs," "related to Any plans regarding," "ability to provide," and "ERH branded software products."

Subject to and without waiving the foregoing objections and the General Objections, TN responds as follows: TN will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 5:**

Any reasons considered to provide Or not provide support Or maintenance services for ERH branded software products, including but not limited to intellectual property related concerns, including to concerns about potential infringement Or misuse of Any Oracle-related intellectual property.

**TN'S RESPONSE TO NO. 5:**

TN objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

TN further objects to this topic on the ground that it is unduly burdensome to require TN to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on TN and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

TN further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

TN further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Any reasons considered to provide Or not provide," "intellectual property related concerns," and "Any Oracle-related intellectual property."

Subject to and without waiving the foregoing objections and the General Objections, TN responds as follows: TN will not produce a witness to testify on this topic.

**<u>SCOPE OF TESTIMONY NO. 6</u>:**

Resources relied upon Or consulted in the course of deciding whether Or not to provide support Or maintenance services for ERH branded software products, including without limitation third party consultants, former Oracle or Siebel employees, Or Any of Any ERH branded software.

**<u>TN'S RESPONSE TO NO. 6</u>:**

TN objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

TN further objects to this topic on the ground that it is unduly burdensome to require TN to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on TN and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

TN further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

TN further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Resources relied upon Or consulted" and "ERH branded software."

Subject to and without waiving the foregoing objections and the General Objections, TN responds as follows: TN will not produce a witness to testify on this topic.

Dated: January 6, 2009

JONES DAY

By: [signature]
Elaine Wallace

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANT SAP AMERICA'S RESPONSES AND OBJECTIONS TO PLAINTIFF ORACLE'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) RE EBS, RETEK AND HYPERION** |

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant SAP America, Inc. ("SAP"), responds to Plaintiff Oracle USA, Inc's, Oracle International Corporation's, and Oracle EMEA Limited's (collectively, "Oracle") Notice of Deposition of SAP America, Inc. Pursuant to Fed. R. Civ. P. 30 (b)(6) Re EBS, Retek, and Hyperion (the "Notice") as follows:

## GENERAL OBJECTIONS

The following General Objections shall apply to each of the deposition topics set forth in the Notice:

1. SAP objects to each topic to the extent that it seeks information that is not relevant to any claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1).

2. SAP objects to each topic to the extent that it is overbroad and/or unduly burdensome.

3. SAP objects to each topic to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Inadvertent disclosure of any privileged communications or work product shall not constitute a waiver of privilege or of any other basis for objecting to discovery with respect to such information.

4. SAP objects to each topic to the extent that it seeks information that is not within TN's possession, custody, or control.

5. SAP objects to each topic to the extent that it seeks information containing trade secrets, proprietary information, or other confidential or competitively sensitive business information. Such information will be provided only subject to the protective order in this case. SAP hereby designates all of its 30(b)(6) deposition testimony as "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," subject to re-designation at the depositions themselves or upon review of the transcripts.

6. SAP objects to each topic as unreasonable to the extent it requests information that is already within Oracle's possession, already known or disclosed to Oracle, readily accessible or equally available to Oracle, or available from public sources.

7. SAP objects to each topic to the extent that it seeks testimony concerning expert consultants or to be provided by expert witnesses.

8. SAP objects to producing any witness except on dates, times, and at places specifically agreed upon by the parties.

9. SAP objects to each of Oracle's "Definitions" to the extent that it enlarges upon or is otherwise inconsistent with the duties imposed by the Federal Rules of Civil Procedure and/or the Local Rules for the Northern District of California and/or is inconsistent with the ordinary meaning of the defined term or terms.

10. SAP objects to Oracle's definition of "SAP America," "You," and "Your" to the extent that they include persons or entities other than SAP, and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of SAP.

**SPECIFIC RESPONSES AND OBJECTIONS**

Subject to, and without waiving, the foregoing General Objections, SAP responds as follows:

**SCOPE OF TESTIMONY NO. 1:**

The consideration, development of, And/Or approval of Any plans regarding, Or ability to provide, support Or maintenance services for ERH branded software products, including Any policies And procedures regarding the provision of such services.

**SAP'S RESPONSE TO NO. 1:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set

of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "consideration, development of, And/Or approval of," "Any plans regarding," "ability to provide," and "ERH branded software products."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 2:**

The Use, receipt, Distribution, Or Downloading of Any ERH-related Software and Support Materials, ERH branded software products, or ERH-related Local Environments by SAP TN, SAP America Or SAP AG.

**SAP'S RESPONSE TO NO. 2:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March

22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects to the definitions of "ERH-related Software And Support Materials," "ERH branded software products," or "ERH-related Local Environments" as overbroad and vague and ambiguous because they require SAP to speculate as to which specific materials they purport to include. SAP further objects to the definitions of "SAP TN," "SAP America," and "SAP AG" to the extent that they include persons or entities other than TomorrowNow, Inc., SAP, or SAP AG and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of these entities.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Use," "receipt," "Distribution," and "Downloading."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**<u>SCOPE OF TESTIMONY NO. 3</u>:**

Communications regarding Or transfer of Any ERH-related Software And Support Materials, ERH branded software products, or ERH-related Local Environments by SAP TN, SAP America Or SAP AG.

**<u>SAP'S RESPONSE TO NO. 3</u>:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects to the definitions of "ERH-related Software And Support Materials," "ERH branded software products," or "ERH-related Local Environments" as overbroad and vague and ambiguous because they require SAP to speculate as to which specific materials they purport to include. SAP further objects to the definitions of "SAP TN," "SAP America," and "SAP AG" to the extent that they include persons or entities other than TomorrowNow, Inc., SAP, or SAP AG and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of these entities. SAP further objects to the definition of "You" to the extent that it includes persons or entities other than SAP and to the extent that it improperly expands the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of SAP.

SAP further objects that this topic is overbroad, vague and ambiguous and/or unintelligible particularly with respect to the phrase "Communications regarding Or transfer of."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 4:**

Any forecasted benefits And/Or costs related to Any plans regarding, Or ability to provide, support Or maintenance services for ERH branded software products.

**SAP'S RESPONSE TO NO. 4:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "forecasted benefits And/Or costs," "related to Any plans regarding," "ability to provide," and "ERH branded software products."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 5:**

Any reasons considered to provide Or not provide support Or maintenance services for ERH branded software products, including but not limited to intellectual property related concerns, including to concerns about potential infringement Or misuse of Any Oracle-related intellectual property.

**SAP'S RESPONSE TO NO. 5:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Any reasons considered to provide Or not provide," "intellectual property related concerns," and "Any Oracle-related intellectual property."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 6:**

Resources relied upon Or consulted in the course of deciding whether Or not to provide support Or maintenance services for ERH branded software products, including without limitation third party consultants, former Oracle or Siebel employees, Or Any of Any ERH branded software.

**SAP'S RESPONSE TO NO. 6:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Resources relied upon Or consulted" and "ERH branded software."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

Dated: January 6, 2009

JONES DAY

By: [signature]
Elaine Wallace

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANT SAP AG'S RESPONSES AND OBJECTIONS TO PLAINTIFF ORACLE'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) RE EBS, RETEK AND HYPERION** |

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant SAP AG ("SAP"), responds to Plaintiff Oracle USA, Inc's, Oracle International Corporation's, and Oracle EMEA Limited's (collectively, "Oracle") Notice of Deposition of SAP AG Pursuant to Fed. R. Civ. P. 30 (b)(6) Re EBS, Retek, and Hyperion (the "Notice") as follows:

## GENERAL OBJECTIONS

The following General Objections shall apply to each of the deposition topics set forth in the Notice:

1. SAP objects to each topic to the extent that it seeks information that is not relevant to any claim or defense in this action or reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1).

2. SAP objects to each topic to the extent that it is overbroad and/or unduly burdensome.

3. SAP objects to each topic to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Inadvertent disclosure of any privileged communications or work product shall not constitute a waiver of privilege or of any other basis for objecting to discovery with respect to such information.

4. SAP objects to each topic to the extent that it seeks information that is not within TN's possession, custody, or control.

5. SAP objects to each topic to the extent that it seeks information containing trade secrets, proprietary information, or other confidential or competitively sensitive business information. Such information will be provided only subject to the protective order in this case. SAP hereby designates all of its 30(b)(6) deposition testimony as "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," subject to re-designation at the depositions themselves or upon review of the transcripts.

6. SAP objects to each topic as unreasonable to the extent it requests information that is already within Oracle's possession, already known or disclosed to Oracle, readily accessible or equally available to Oracle, or available from public sources.

7. SAP objects to each topic to the extent that it seeks testimony concerning expert consultants or to be provided by expert witnesses.

8. SAP objects to producing any witness except on dates, times, and at places specifically agreed upon by the parties.

9. SAP objects to each of Oracle's "Definitions" to the extent that it enlarges upon or is otherwise inconsistent with the duties imposed by the Federal Rules of Civil Procedure and/or the Local Rules for the Northern District of California and/or is inconsistent with the ordinary meaning of the defined term or terms.

10. SAP objects to Oracle's definition of "SAP AG," "You," and "Your" to the extent that they include persons or entities other than SAP, and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of SAP.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to, and without waiving, the foregoing General Objections, SAP responds as follows:

**SCOPE OF TESTIMONY NO. 1:**

The consideration, development of, And/Or approval of Any plans regarding, Or ability to provide, support Or maintenance services for ERH branded software products, including Any policies And procedures regarding the provision of such services.

**SAP'S RESPONSE TO NO. 1:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim

regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "consideration, development of, And/Or approval of," "Any plans regarding," "ability to provide," and "ERH branded software products."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 2:**

The Use, receipt, Distribution, Or Downloading of Any ERH-related Software and Support Materials, ERH branded software products, or ERH-related Local Environments by SAP TN, SAP America Or SAP AG.

**SAP'S RESPONSE TO NO. 2:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim

regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects to the definitions of "ERH-related Software And Support Materials," "ERH branded software products," or "ERH-related Local Environments" as overbroad and vague and ambiguous because they require SAP to speculate as to which specific materials they purport to include. SAP further objects to the definitions of "SAP TN," "SAP America," and "SAP AG" to the extent that they include persons or entities other than TomorrowNow, Inc., SAP America, or SAP and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of these entities.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Use," "receipt," "Distribution," and "Downloading."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 3:**

Communications regarding Or transfer of Any ERH-related Software And Support Materials, ERH branded software products, or ERH-related Local Environments by SAP TN, SAP America Or SAP AG.

**SAP'S RESPONSE TO NO. 3:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-

Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects to the definitions of "ERH-related Software And Support Materials," "ERH branded software products," or "ERH-related Local Environments" as overbroad and vague and ambiguous because they require SAP to speculate as to which specific materials they purport to include. SAP further objects to the definitions of "SAP TN," "SAP America," and "SAP AG" to the extent that they include persons or entities other than TomorrowNow, Inc., SAP America, or SAP and to the extent that they improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of these entities. SAP further objects to the definition of "You" to the extent that it includes persons or entities other than SAP and to the extent that it improperly expands the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of SAP.

SAP further objects that this topic is overbroad, vague and ambiguous and/or unintelligible particularly with respect to the phrase "Communications regarding Or transfer of."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 4:**

Any forecasted benefits And/Or costs related to Any plans regarding, Or ability to provide, support Or maintenance services for ERH branded software products.

**SAP'S RESPONSE TO NO. 4:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "forecasted benefits And/Or costs," "related to Any plans regarding," "ability to provide," and "ERH branded software products."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 5:**

Any reasons considered to provide Or not provide support Or maintenance services for ERH branded software products, including but not limited to intellectual property related concerns, including to concerns about potential infringement Or misuse of Any Oracle-related intellectual property.

**SAP'S RESPONSE TO NO. 5:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Any reasons considered to provide Or not provide," "intellectual property related concerns," and "Any Oracle-related intellectual property."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

**SCOPE OF TESTIMONY NO. 6:**

Resources relied upon Or consulted in the course of deciding whether Or not to provide support Or maintenance services for ERH branded software products, including without limitation third party consultants, former Oracle or Siebel employees, Or Any of Any ERH branded software.

**SAP'S RESPONSE TO NO. 6:**

SAP objects to this topic on the ground that it seeks discovery of information not relevant to any pending claim in this case. Plaintiffs have not raised any specific claims regarding E-Business Suite, Retek, and/or Hyperion products, and Plaintiffs themselves have refused to provide any discovery on these products, considering them to be beyond the scope of permissible discovery. *See* Plaintiffs' Objections and responses to Defendant TomorrowNow, Inc.'s First Set of Interrogatories, at 24. None of Plaintiffs' four complaints (the initial complaint filed on March 22, 2007, First Amended Complaint filed on June 1, 2007, the Second Amended Complaint filed on July 28, 2008, or the Third Amended Complaint filed on October 8, 2008) asserts any claim regarding these products. Nor have Plaintiffs identified any copyright registrations relating to any these products in any of its four complaints.

SAP further objects to this topic on the ground that it is unduly burdensome to require SAP to provide discovery on additional, non-relevant product lines after the case has been pending for over a year. Expanding the scope of discovery at this late date would impose undue cost on SAP and would unnecessarily hamper its efforts to complete discovery on the issues actually relevant to this case in the time allotted by the Court.

SAP further objects to this topic to the extent that it seeks discovery of information protected by attorney-client privilege and/or the attorney work product doctrine.

SAP further objects that this topic is overbroad and vague and ambiguous, particularly with respect to the phrases "Resources relied upon Or consulted" and "ERH branded software."

Subject to and without waiving the foregoing objections and the General Objections, SAP responds as follows: SAP will not produce a witness to testify on this topic.

Dated: January 6, 2009

JONES DAY

By: [signature]
Elaine Wallace

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.