Dockets.Justia.com

# EXHIBIT 1

McDonell Declaration ISO Motion to Compel
Production of Documents Relating to CedarCrestone

BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corp., Oracle Systems Corp., Oracle EMEA Ltd., and J.D. Edwards Europe Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE USA, INC., a Colorado corporation, ORACLE INTERNATIONAL CORPORATION, a California corporation, ORACLE SYSTEMS CORPORATION, a Delaware corporation, ORACLE EMEA LIMITED, an Irish private limited company, and J.D. EDWARDS EUROPE LIMITED, an Irish private limited company,

Plaintiffs,

v.

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

CASE NO. 07-CV-1658 PJH (EDL)

**FEDERAL RULE OF CIVIL PROCEDURE 45(b) NOTICE OF INTENT TO SERVE THIRD-PARTY SUBPOENA**

NOTICE OF INTENT TO SERVE THIRD-PARTY SUBPOENA

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs Oracle USA, Inc., a Colorado corporation, Oracle International Corporation, a California corporation, Oracle Systems Corporation, a Delaware corporation, Oracle EMEA Limited, an Irish private limited company, and J.D. Edwards Europe Limited, an Irish private limited company (collectively, "Oracle") intend to serve a third-party subpoena requesting documents and things, as detailed in Exhibit 1 to this Notice which contains a copy of the subpoena to be served on the third-party identified therein in Exhibit 1 to this Notice.

Dated this 31st of Oct., 2008, San Francisco, California.

By [signature]
Lucia MacDonald
**BINGHAM MCCUTCHEN LLP**
Attorneys for Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle Systems Corporation, Oracle EMEA Limited, and J.D. Edwards Europe Limited

# EXHIBIT 1

# Issued by the
# UNITED STATES DISTRICT COURT

Northern District of Georgia

ORACLE USA, INC., et al.,

V.

SAP AG, a German corp., SAP AMERICA, INC., a Delaware corp., TOMORROWNOW, INC., a Texas corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] (MISC)
07-CV-1658 MJJ Pending in:
United States District Court,
Northern District of California,
San Francisco Division

TO: CedarCrestone, Inc.
c/o Corporation Service Company, REGISTERED AGENT
40 Technology PKWY South, #300
Norcross, GA 30092 Phone: 1-800-927-9800

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

PLEASE SEE EXHIBIT A, attached herein.

| PLACE | DATE AND TIME |
|---|---|
| Production to be Delivered To: Bingham McCutchen, LLP, Three Embarcadero Center, Suite 2800, San Francisco, California, 94111 | 12/4/2008 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Lucia MacDonald Associate (Attorney for Plaintiffs) | 10/31/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lucia MacDonald, Bingham McCutchen, LLP, Three Embarcadero Center, Suite 2800, San Francisco, California, 94111. Phone: 415-393-2630.

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Issued by the

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ORACLE USA, INC., a Colorado corporation, ORACLE INTERNATIONAL CORPORATION, a California corporation, ORACLE SYSTEMS CORPORATION, a Delaware corporation, ORACLE EMEA LIMITED, an Irish private limited company, and J.D. EDWARDS EUROPE LIMITED, an Irish private limited company,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 07-CV-1658 PJH (EDL)<br><br>Pending in:<br>UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION<br><br>Production Date: December 4, 2008 |

**EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS**

**TO: CedarCrestone, Inc. c/o**

**Corporation Service Company, REGISTERED AGENT**

**40 Technology PKWY South, #300**

**Norcross, GA 30092 Phone: 1-800-927-9800**

PLEASE TAKE NOTICE THAT Pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs Oracle USA, Inc., a Colorado corporation, Oracle International Corporation, a California corporation, Oracle Systems Corporation, a Delaware corporation, Oracle EMEA Limited, an Irish private limited company, and J.D. Edwards Europe Limited, an Irish private limited company (collectively, "Oracle") request that CedarCrestone, Inc. ("CedarCrestone") produce by mail or other method of delivery directed to the offices of Bingham McCutchen, LLP, Three Embarcadero Center, Suite 2800, San Francisco, California, 94111 on December 4,

2008 at 9:30 a.m., approximately thirty (30) days after the service of this Subpoena, or at such time and place as may be mutually agreed upon by the parties, the documents, electronic data, and things described herein that are in CedarCrestone's possession, custody, and/or control, and thereby permit Oracle and/or its representatives to inspect copies, or create copies of originals for such inspection.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to each of the below Requests for Production and Inspection.

1. The term "CedarCrestone," "YOU," or "YOUR," means and includes nonparty CedarCrestone, and all of its current and former subsidiaries and affiliates; all divisions, predecessors, successors and assigns of each of the foregoing; and all current officers, directors, employees, agents, consultants, attorneys, accountants, administrators and all other persons, organizations, or others acting or purporting to act on behalf, or under the control, of each of the foregoing, including all temporary employees and independent contractors.

2. The term "ORACLE" means and includes plaintiffs Oracle USA, Inc., a Colorado corporation; Oracle International Corporation, a California corporation; Oracle Systems Corporation, a Delaware corporation; Oracle EMEA Limited, an Irish private limited company; and J.D. Edwards Europe Limited, an Irish private limited company; all current and former subsidiaries and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing.

3. The term "SAP" as used herein, means, collectively, defendants SAP AG, a German corporation; SAP America, Inc., a Delaware corporation; and third-party support services provider TomorrowNow, Inc., a Texas corporation; all current and former subsidiaries and affiliates thereof; and all divisions, predecessors, successors and assigns of each of the foregoing.

4. The term "DOCUMENT(S)" means and includes, without limitation, written, printed, typed, recorded, computerized, electronic, taped, graphic or other matter, in whatever form, whether in final or draft, including, but not limited to, all materials and things that

constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence or documents within the meaning of Rule 34 of the Federal Rules of Civil Procedure. The term "DOCUMENT(S)" further includes, but is not limited to, the original and each copy of any writings, including any copy that differs in any respect from the original or other versions of the DOCUMENT(S), such as, but not limited to, copies containing notations, insertions, corrections, marginal notes, or any other variations; records or files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; email; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital records or transcripts; drafts; jottings; and notes.

5. The term "THING" means any tangible item other than a DOCUMENT.

6. The terms "RELATE," "RELATING," "RELATED," "CONCERN," or "CONCERNING" mean constituting, describing, discussing, mentioning, evidencing, pertaining to, consisting of, referencing, reflecting or having any logical or factual connection with the matter discussed.

7. The term "PERSON" means any natural person, company, corporation, partnership, firm, association, entity, government agency or other organization cognizable at law, and its agents, representatives and employees.

8. The term "COMMUNICATION" means any transmission of information from one PERSON to another, including without limitation any of the following: (a) any DOCUMENT; (b) any telephone call between two or more PERSONS, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal.

9. The term "DUE DILIGENCE DOCUMENTS" means and includes all DOCUMENTS reviewed, received, created, and/or considered by YOU, CONCERNING YOUR potential investment in, acquisition of, or valuation of, TomorrowNow or assets of TommorrowNow, including but not limited to any examination of: TomorrowNow's operations and management; TomorrowNow's business model; the verification of material facts; all of the obligations of TomorrowNow; pending and potential lawsuits; warranties; long-term customer agreements; and ownership issues RELATED to software, licensing and/or intellectual property rights.

10. The term "CUSTOMER CONNECTION" means the ORACLE-maintained support website for PeopleSoft, JD Edwards and Siebel Systems customers and all associated SOFTWARE AND SUPPORT MATERIALS, DOCUMENTS, data, hardware, software, physical server locations, internet protocol addresses, and any other tangible or identifiable THINGS associated with the website, including those available via Change Assistant.

11. The term "DOWNLOAD" means any duplication, copying, transfer, or replication, in whole or in part, of any file, DOCUMENT, data, or other information from an outside source connected through the internet to a computer, server, or network that is part of another PERSON'S computer infrastructure or subject to that PERSON'S control.

12. The term "SOFTWARE AND SUPPORT MATERIALS" means, without limitation, all programs, program updates, software updates, minor releases, major releases, bug fixes, patches, custom solutions, and instructional materials created or owned by ORACLE; or derived from, copied from, or based on any such ORACLE materials across the entire family of PeopleSoft, JD Edwards, and/or Siebel Systems branded products.

13. The term "USE," with reference to SOFTWARE AND SUPPORT MATERIALS, means to study, alter, manipulate, reverse-engineer, distribute, copy or replicate - in whole or in part, or otherwise interact with.

14. The term "CUSTOMER" refers to YOUR current and former clients, end-users, buyers, purchasers, and/or consumers.

15. The terms "and" as well as "or" shall be construed disjunctively and conjunctively

as necessary in order to bring within the scope of the following Requests all information which might otherwise be construed to be outside their scope.

16. The use of the singular form of any word includes the plural and vice versa.

17. The term "including" is intended to be comprehensive and means "including but not limited to," the term "any" shall mean "any and all," and the term "each" shall mean "each and every."

18. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most inclusive.

## **INSTRUCTIONS**

1. With respect to a DOCUMENT or THING that YOU contend is privileged, immune or otherwise excludable from discovery, provide: (i) the DOCUMENT or THING's preparation date and the date appearing on the DOCUMENT or THING; (ii) the name, present and last known addresses, telephone numbers, titles and positions, and occupations of those individuals who prepared, produced, reproduced, and received said DOCUMENT or THING, including all authors, senders, recipients, "cc" recipients, and "bcc" recipients; (iii) the number of pages withheld in the DOCUMENT or the size, volume or quantity of the THING withheld; and (iv) a description sufficient to identify the DOCUMENT or THING without revealing the information for which the privilege is claimed, including the general subject matter and character of the DOCUMENT or THING (*e.g.*, letter, memorandum, notes).

2. With respect to a DOCUMENT or THING that YOU contend is privileged only in part, produce the responsive non-privileged portion of the DOCUMENT or THING in redacted form, provided that the redacted material is identified and the basis for the claim of privilege is stated in accordance with Instruction number 1 above.

3. If a DOCUMENT or THING once existed, but has been lost or destroyed, or otherwise is no longer in YOUR possession, custody, or control, YOU shall identify the DOCUMENT or THING and state the details concerning the loss of such DOCUMENT or THING, including the name, title, and address of the present custodian of any such DOCUMENT or THING, if known to YOU.

4. Unless otherwise specified, the relevant time period for YOUR response to these requested DOCUMENTS and THINGS shall be from January 1, 2003 to and including the date of YOUR response.

## REQUESTS FOR PRODUCTION

***Consideration of Investment in TomorrowNow***

**REQUEST FOR PRODUCTION NO. 1:**

Documents and Things, including Communications, Related to (i) any proposal, potential offer, or offer by SAP to You Concerning the possible, potential, proposed or actual sale of TomorrowNow and/or certain assets of TomorrowNow; or (ii) Your consideration of any such offer; or (iii) Your proposed, potential, or actual offer to purchase or acquire TomorrowNow and/or certain assets of TomorrowNow from SAP.

**REQUEST FOR PRODUCTION NO. 2:**

All Due Diligence Documents received by You from SAP Related to any potential, proposed, or actual offer of sale of TomorrowNow and/or certain assets of TomorrowNow.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show all Communications between You and SAP Concerning Due Diligence Documents.

**REQUEST FOR PRODUCTION NO. 4:**

Documents, including Due Diligence Documents and Communications, Relating to Oracle, PeopleSoft, Siebel Systems, and/or JD Edwards software licenses and/or intellectual property.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, including internal Communications between You and CedarCrestone, Related to Your evaluation, consideration, or assessment of TomorrowNow's method of providing third-party support services, TomorrowNow's business model, and/or the legality of TomorrowNow's method of providing third-party support services.

//

//

**REQUEST FOR PRODUCTION NO. 6:**

All Documents sufficient to show all Communications between You and SAP Concerning TomorrowNow's method of providing third-party support services, business model, and/or the legality of TomorrowNow's method of providing third-party support services.

***Software and Support***

**REQUEST FOR PRODUCTION NO. 7:**

Documents Relating to Oracle, PeopleSoft, Siebel Systems, and/or JD Edwards code (including, without limitation, application, tools or foundation source code) provided to You by any Person, or Used by You, including Documents Concerning such Use or transmission.

**REQUEST FOR PRODUCTION NO. 8:**

Documents Relating to any support You have provided for any Customer for an issue involving or requiring access to Oracle, PeopleSoft, Siebel Systems, and/or JD Edwards source code, including without limitation Documents that identify the issue, the Customer, the source code, how You obtain the source code, and how You provide support.

**REQUEST FOR PRODUCTION NO. 9:**

Documents Relating to how You access or have accessed Customer Connection, including without limitation all Documents Concerning how You Download or have Downloaded Software and Support Materials from Customer Connection.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show Your access or Use of any Software and Support Materials Relating to Oracle, PeopleSoft, Siebel Systems, and/or JD Edwards (including, but not limited to, operating system logs, web proxy logs, application-level logs, network logs, scripts, manifests, spreadsheets, database records, requests, and reports that resulted from, show, describe, or were the intermediate product of Your Use or Download of the product or material).

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show any effort, strategy, plan, business model and/or action by You to Use Software and Support Materials or JD Edwards, Siebel Systems, and/or PeopleSoft branded software application source code in connection with providing services or selling

products.

* * * * * * *

## RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

PLEASE TAKE NOTICE that Rule 45 of the Federal Rules of Civil Procedure provides, in part, as follows:

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys' fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

//

//

//

//

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to

retrieve it. The person who produced the information must preserve the information until the claim is resolved.

Dated this 31st of Oct., 2008, San Francisco, California.

By Lucia MacDonald

Lucia MacDonald
**BINGHAM MCCUTCHEN LLP**
Attorneys for ORACLE USA, INC., ORACLE INTERNATIONAL CORPORATION, ORACLE SYSTEMS CORPORATION, ORACLE EMEA LIMITED, and J.D. EDWARDS EUROPE LIMITED

# EXHIBIT 2

McDonell Declaration ISO Motion to Compel
Production of Documents Relating to CedarCrestone

ORIGINAL

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

Case No. 07-CV-1658 MJJ

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 31:**

**REDACTED FOR RELEVANCE**

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

**REDACTED FOR RELEVANCE**

**DOCUMENT REQUEST NO. 32:**

All Documents relating to Oracle's position regarding the propriety of providing third-party support or maintenance for Oracle products or the permissible methods for doing so.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants' theft, not Oracle's position on that theft, is the relevant issue. Oracle also objects to this Request on the grounds that the phrase "any Oracle product referred to in the Complaint or at issue in this litigation" is vague, ambiguous, and overbroad. The Complaint refers to many Oracle products that are not at issue in this litigation, such as database applications. Oracle further objects to this Request on the grounds that the phrase "third-party support or maintenance" is vague,

ambiguous, overbroad, and burdensome. "Third-party support or maintenance" is not defined and thus Oracle cannot determine whether the term refers services provided by SAP TN, or services provided by third-party maintenance providers like SAP TN, or even services provided by other entities, which would be overbroad. Oracle further objects to this Request on the grounds that "propriety" is vague and ambiguous as used in this Request. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privilege.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents in response to this Request.

**DOCUMENT REQUEST NO. 33:**

All Documents relating to Communications between Oracle and any third party, including customers, industry or other analysts, and third-party support or maintenance vendors, concerning permissible methods of providing third-party support or maintenance for Oracle products, and any public statements by Oracle on that subject.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants' theft, not Oracle's position on permissible methods, is the relevant issue. Further, this Request could be interpreted to call for Oracle to search for, review, and produce Documents from its thousands-strong application sales and support groups, which would be unduly burdensome. Oracle further objects to this Request on the grounds that it seeks Documents equally available from third or public parties. Oracle further objects to this Request on the grounds that the phrase "third-party support or maintenance vendors" is vague, ambiguous, overbroad, and burdensome. "Third-party support or maintenance vendors" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, or to third-party maintenance providers like SAP TN, or even to other entities, which would be overbroad. Oracle further objects to this Request on the grounds that

the phrase "third-party support or maintenance" is vague, ambiguous, overbroad, and burdensome. "Third-party support or maintenance" is not defined and thus Oracle cannot determine whether the term refers to services provided by SAP TN, or to those provided by third-party maintenance providers like SAP TN, or even those provided by other entities, which would be overbroad. Oracle further objects to this Request on the grounds that "permissible" is vague and ambiguous as used in this Request. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privilege.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents in response to this Request.

**DOCUMENT REQUEST NO. 34:**

**REDACTED FOR RELEVANCE**

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

**REDACTED FOR RELEVANCE**

**DOCUMENT REQUEST NO. 35:**

**REDACTED FOR RELEVANCE**

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

**REDACTED FOR RELEVANCE**

REDACTED FOR RELEVANCE

**DOCUMENT REQUEST NO. 39:**

All Documents relating to any occasions on which Oracle has denied access to any Oracle website, FTP site, or other online service to any Oracle customer or third-party support or maintenance vendor based on conduct by the customer or vendor in connection with third-party support or maintenance services.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that the phrase "third-party support or maintenance services" is vague, ambiguous, overbroad, and burdensome. "Third-party support or maintenance services" is not defined and thus Oracle cannot determine whether the term refers to services provided by SAP TN, or to those provided by third-party maintenance providers like SAP TN, or even those provided by other entities, which would be overbroad. Oracle will therefore interpret "third-party support or maintenance services" to refer to services provided by entities with business models similar to that of SAP TN. Oracle further objects to this Request on the grounds that the phrase "third-party support or maintenance vendor" is vague, ambiguous, overbroad, and burdensome. "Third-party support or maintenance vendor" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, or to third-party maintenance providers like SAP TN, or even to other entities, which would be overbroad. Oracle will therefore interpret "third-party support or maintenance vendor" to refer to entities with business models similar to that of SAP TN. Oracle further objects to this Request on the grounds that the phrase "Oracle customer" is vague, ambiguous, and overbroad. Oracle has many customers for software products and services that are not at issue in this litigation, such as database

applications. Accordingly, Oracle will interpret "Oracle customer" as licensees for legacy PeopleSoft and J.D. Edwards enterprise software applications for which Oracle has alleged that defendants Downloaded Software and Support Materials from Oracle's systems. Oracle further objects to this Request on the grounds that the phrase "in connection with" is vague and ambiguous. Oracle cannot determine whether "in connection with" refers to a direct, indirect, or attenuated relationship. Oracle further objects to the Request on the grounds that the phrase "denied access" is vague and ambiguous. Oracle cannot determine whether "denied access" refers to by technical, contractual, or other means. Oracle further objects to the Request on the grounds that it is overbroad and burdensome, as only access to and Downloads from Customer Connection are currently at issue in this litigation. Documents related to Downloads from any other Oracle website are not reasonably calculated to lead to the discovery of admissible evidence and it would be burdensome for Oracle to search for, review, and produce them. Oracle further objects to this Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to occasions on which Oracle has technically prevented an Identified Customer from accessing Customer Connection based on that Identified Customer's relationship with SAP TN, to the extent any such Documents exist.

**DOCUMENT REQUEST NO. 40:**

All Documents relating to any occasions on which Oracle has granted access to any Oracle website, FTP site, or other online service to a third-party support or maintenance vendor for the purpose of providing third-party support or maintenance services.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that the phrase "third-party support or maintenance services" is vague, ambiguous, overbroad, and burdensome. "Third-party support or maintenance services" is not defined and thus Oracle cannot determine whether the term refers to services provided by SAP TN, or to those provided by third-party maintenance providers like

SAP TN, or even those provided by other entities, which would be overbroad. Oracle will therefore interpret "third-party support or maintenance services" to refer to services provided by entities with business models similar to that of SAP TN. Oracle further objects to this Request on the grounds that the phrase "third-party support or maintenance vendor" is vague, ambiguous, overbroad, and burdensome. "Third-party support or maintenance vendor" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, or to third-party maintenance providers like SAP TN, or even to other entities, which would be overbroad. Oracle will therefore interpret "third-party support or maintenance vendor" to refer to entities with business models similar to that of SAP TN. Oracle further objects to this Request on the grounds that it is overbroad and burdensome, as only access to and Downloads from Customer Connection are currently at issue in this litigation. Documents related to Downloads from any other Oracle website are not reasonably calculated to lead to the discovery of admissible evidence and it would be burdensome for Oracle to search for, review, and produce them. Oracle further objects to this Request on the grounds that the phrase "granted access" is vague and ambiguous as used in this Request. Oracle will interpret "granted access" to refer to an express, written agreement relating to access to Customer Connection between Oracle and a third-party support vendor.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to occasions on which it has entered into an express, written agreement relating to access to Customer Connection with a third-party support vendor, to the extent any such Documents exist.

**<u>DOCUMENT REQUEST NO. 41</u>:**

**REDACTED FOR RELEVANCE**

# REDACTED FOR RELEVANCE

DATED: September 14, 2007

Bingham McCutchen LLP

By: ______________________________
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation