# EXHIBIT 3

McDonell Declaration ISO Motion to Compel
Production of Documents Relating to CedarCrestone

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFFS' AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES**<br><br>**CONTAINS CONFIDENTIAL INFORMATION DESIGNATED PURSUANT TO PROTECTIVE ORDER** |

REDACTED FOR RELEVANCE

**INTERROGATORY NO. 11:**

With respect to the Oracle products referred to in the Complaint or at issue in this litigation, for each customer Oracle believes it has lost to a third-party support vendor, identify the customer and vendor, describe in as much detail as possible how the vendor provided third-party support to that customer, including with respect to access to, and Downloading of, the Software and Support Materials, and the reasons why Oracle lost the customer.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, Oracle objects that this Interrogatory is compound, as it includes three distinct inquiries. Oracle will therefore treat this Interrogatory as though it were three separate Interrogatories, as follows:

**Interrogatory No. 11(a):**

With respect to the Oracle products referred to in the Complaint or at issue in this litigation, for each customer Oracle believes it has lost to a third-party support vendor, identify the customer and vendor.

**Response to Interrogatory No. 11(a):**

In addition to its General Objections, Oracle objects that the use of the undefined term

"third-party support vendor" is vague, ambiguous, overbroad, and calls for an unduly burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, third-party maintenance providers like SAP TN, or includes other entities, which would be overbroad. Oracle will therefore interpret "third-party support" to refer to entities with business models similar to that of SAP TN. Oracle further objects that this Interrogatory calls for information equally available to defendants. Oracle further objects that this Interrogatory seeks information that is not relevant to the litigation, nor likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems is not yet complete, including but not limited to its investigation into customers implicated by defendants' unlawful conduct. Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to this Interrogatory on the ground that many of the facts concerning customers lost to third-party support vendors are solely within the knowledge and/or control of defendants or other third parties. Oracle further objects to the extent the Interrogatory purports to require Oracle to create a compilation, abstract, or summary from business records that Oracle has already produced or will produce.

Subject to and without waiver of these objections, Oracle responds as follows:

Oracle has not conducted a separate investigation into the activities of every third party support vendor, nor has it performed the technical and contractual analysis of its logs for any entity other than SAP. However, Oracle is generally aware or believes it may have lost support customers for its PeopleSoft and JD Edwards brands of software to SAP TN, Rimini Street, CH2M Hill, Versytec, and netCustomer.

Further, pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's production of the server logs in this matter as they show any access to and downloading from Customer Connection, including that from third party support vendors such as SAP TN.

**Interrogatory No. 11(b)**:

With respect to the Oracle products referred to in the Complaint or at issue in this

litigation, for each customer Oracle believes it has lost to a third-party support vendor, describe in as much detail as possible how the vendor provided third-party support to that customer, including with respect to access to, and Downloading of, the Software and Support Materials.

**Response to Interrogatory No. 11(b)**:

In addition to its General Objections, Oracle objects that the use of the undefined phrases "third-party support vendor" is vague, ambiguous, overbroad, and calls for an unduly burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, third-party maintenance providers like SAP TN, or includes other entities, which would be overbroad. Oracle will therefore interpret "third-party support" to refer to entities with business models similar to that of SAP TN. Oracle further objects that this Interrogatory calls for information equally available to defendants. Oracle further objects that this Interrogatory seeks information that is not relevant to the litigation, nor likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems is not yet complete, including but not limited to its investigation into customers implicated by defendants' unlawful conduct. Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to this Interrogatory on the ground that many of the facts concerning how third-party support vendors support their customers is solely within the knowledge and/or control of defendants or other third parties. Oracle further objects to the extent the Interrogatory purports to require Oracle to create a compilation, abstract, or summary from business records that Oracle has already produced or will produce.

Subject to and without waiver of these objections, Oracle responds as follows:

Oracle has not undertaken the type of analysis required to respond to this Interrogatory other than as to SAP. This Interrogatory should be properly directed to the customers and the third-party support vendors, not Oracle. Pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's production of the server logs in this matter as they show how third-party support vendors such as SAP TN access and download from Customer Connection to support

their customers.

**Interrogatory No. 11(c):**

With respect to the Oracle products referred to in the Complaint or at issue in this litigation, for each customer Oracle believes it has lost to a third-party support vendor, describe in as much detail as possible the reasons why Oracle lost the customer.

**Response to Interrogatory No. 11(c):**

In addition to its General Objections, Oracle objects that the use of the undefined term "third-party support vendor" is vague, ambiguous, overbroad, and calls for an unduly burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, third-party maintenance providers like SAP TN, or includes other entities, which would be overbroad. Oracle will therefore interpret "third-party support" to refer to entities with business models similar to that of SAP TN. Oracle further objects that this Interrogatory calls for information equally available to defendants. Oracle further objects that this Interrogatory seeks information that is not relevant to the litigation, nor likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems is not yet complete, including but not limited to its investigation into customers implicated by defendants' unlawful conduct. Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to this Interrogatory on the ground that many of the facts concerning customers lost to third-party support vendors are solely within the knowledge and/or control of defendants or other third parties. Oracle further objects to the extent the Interrogatory purports to require Oracle to create a compilation, abstract, or summary from business records that Oracle has already produced or will produce.

Subject to and without waiver of these objections, Oracle responds as follows:

Oracle has not undertaken the type of analysis required to respond to this Interrogatory other than as to SAP. This Interrogatory should be properly directed to the customers and the third-party support vendors, not Oracle. Reasons could include price, better fit, preference for

another vendor, or defendants' misleading information about Oracle's support services and provision of cut-rate support. Reasons why the customer chose not to renew its support contract with Oracle may be reflected in the customer's license agreement file, including correspondence related to the customer's support renewal, and therefore, pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to those documents in Oracle's production.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

**Supplemental Response to Interrogatory No. 11(a):**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's production of the server logs in this matter, including ORCL00009434, as they show any access to and downloading from Customer Connection, including that from third party support vendors such as SAP TN.

**Supplemental Response to Interrogatory No. 11(b):**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's production of the server logs in this matter, including ORCL00009434, as they show how third-party support vendors such as SAP TN access and download from Customer Connection to support their customers.

**Supplemental Response to Interrogatory No. 11(c):**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that reasons why the customer chose not to renew its support contract with Oracle may be reflected in the customer's license agreement file, including correspondence related to the customer's support renewal, and therefore, pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to those documents in Oracle's production, including ORCL00000001 through ORCL00007590.

**REDACTED FOR RELEVANCE**

DATED: October 26, 2007

Bingham McCutchen LLP

By: ______________________________
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

| | |
|---|---|
| Robert A. Mittelstaedt, Esq.<br>Jones Day<br>555 California Street<br>26th Floor<br>San Francisco, CA 94104<br>Tel: (415) 626.3939 | Tharan Gregory Lanier, Esq.<br>Jane L. Froyd, Esq.<br>Jones Day<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Tel: (650) 739-3939 |
| ramittelstaedt@JonesDay.com | tglanier@JonesDay.com<br>jfroyd@JonesDay.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on October 26, 2007, at San Francisco, California.

Rosaleen Doran

Rosaleen Doran

# EXHIBIT 4

McDonell Declaration ISO Motion to Compel Production of Documents Relating to CedarCrestone

ORIGINAL

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES** |

**INTERROGATORY NO. 9:**

Identify by name and business address all companies that provide third-party support for any Oracle product referred to in the Complaint or at issue in this litigation.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, Oracle objects that the phrase "any Oracle product referred to in the Complaint or at issue in this litigation" is vague, ambiguous, and overbroad. The Complaint refers to many Oracle products that are not at issue in this litigation, such as database applications. Accordingly, Oracle will interpret "any Oracle product referred to in the Complaint or at issue in this litigation" as Software and Support Materials for legacy PeopleSoft and J.D. Edwards enterprise software applications available through Customer Connection. Oracle further objects that the phrase "all companies that provide third-party support" is vague, ambiguous, overbroad, and calls for an unduly burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot determine whether the term refers to third-party maintenance providers, like SAP TN, or includes other entities, which would be overbroad.

Oracle will therefore interpret "third-party support" to refer to entities with business models similar to that of SAP TN. Oracle further objects that this Interrogatory calls for information equally available to defendants.

Subject to and without waiving its objections, Oracle responds that it is currently aware of the following: SAP TN, Rimini Street, CH2M Hill, Versytec, and netCustomer.

**INTERROGATORY NO. 10:**

**REDACTED FOR RELEVANCE**

**RESPONSE TO INTERROGATORY NO. 10:**

**REDACTED FOR RELEVANCE**

DATED: September 14, 2007

Bingham McCutchen LLP

By: ______________________________

Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.cpm
jfroyd@JonesDay.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on September 14, 2007, at San Francisco, California.

Rosaleen Doran

Rosaleen Doran

# EXHIBIT 5

McDonell Declaration ISO Motion to Compel
Production of Documents Relating to CedarCrestone

CEDARCRESTONE

US Website India Website

ORACLE CERTIFIED ADVANTAGE PARTNER

ORACLE PARTNERNETWORK 2008 ORACLE TITAN AWARD WINNER

**Solutions >**

- E-Business Suite
- Fusion Middleware
- PeopleSoft
  - Consulting Services
  - Managed Services
    - Host
    - Manage
    - Maintain
    - Upgrade Lab
    - Develop
  - Management Consulting Services
  - Technology Integration Services
  - Training Services

**PeopleSoft Managed Services - Maintain**

CedarCrestone Managed Services (CMS) Maintain offers clients a solution for providing ongoing tax and regulatory support for unsupported PeopleSoft applications. Tax and Regulatory support is often packaged with application break/fix support to arrive at a solution able to "Maintain" clients on unsupported versions for extended periods of time.

- Payroll and HR Tax and Regulatory Support
  - PeopleSoft tax/regulatory updates
  - HRMS tax & regulatory support
    - EEO-1 Reporting, ERISA, Federal/state/local tax, garnishments, OSHA reporting, etc.
    - Everything required to keep you governmentally compliant
- Financials regulatory support
  - 1099 updates and Asset depreciation regulatory changes
  - Newly legislated reporting requirements
- Student Administration regulatory support
  - Financial Aid regulatory updates (FISAP, ISIRs, Pell Grants, Hope Scholarship, Student Loans)
  - 1099 updates for Student Financials
  - Student Records reporting (Consolidated Statistics, IPEDS, SEVIS)
- Application break/fix support
  - Troubleshooting for system issues reported by the client
  - Can include support for customizations
  - May require development of custom code fix (limited to authorized/allowable object development and customizations)

**Regs/Legs Support**

Support for Oracle|PeopleSoft Campus Solutions CS/HRSA is expected to end in August 2008. There are no current CS/HRSA 8.0 clients requiring Tax and Regs support, but this is rapidly changing as CS/HRSA 8.0 client look at the horizon and the need to stay current with Regs and Legs. To learn more click here.

Webmaster | Legal | Privacy | Sitemap

Copyright © 2008 CedarCrestone, Inc. All rights reserved.
Oracle and PeopleSoft are registered trademarks of Oracle Corporation and/or its affiliates.