Walsh v. Apple, Inc. et al
Doc. 240 Att. 2

# EXHIBIT 6

McDonell Declaration ISO Motion to Compel Production of Documents Relating to CedarCrestone

Dockets.Justia.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

--o0o--

ORACLE CORPORATION, a Delaware Corporation; ORACLE, USA, INC., a Colorado Corporation, and ORACLE INTERNATIONAL CORPORATION, a California Corporation,

Plaintiffs,

Vs. No. 07-CV-01658-PJH (EDL)

SAP AG, a German Corporation, SAP AMERICA, INC., a Delaware CORPORATION, TOMORROWNOW, INC., a Texas Corporation, and DOES 1-50, Inclusive,

Defendants.
_______________________________/

VIDEOTAPED RULE 30(b)(6) DEPOSITION OF

ORACLE CORPORATION

Designee: BUFFY B. RANSOM

_______________________________

Friday, September 26, 2008

HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY

Reported By: WENDY E. ARLEN, CSR #4355, CRR, RMR
Job 413275



01652c0f-03f1-4044-8ac2-ea9291ef6837

REDACTED FOR RELEVANCE

10:49

10:50

10:50 Q. MR. McDONELL: And how could it work? What kinds of things would a third party support provide for such a customer?
MS. HOUSE: Objection, calls for speculation, overbroad.
10:50 THE WITNESS: I think within customers to -- within to what customers are licensed for, the customer and the business partner can provide custom solutions for those customers to provide fixes as well as legislative fixes as well.
10:50 Q. MR. McDONELL: Legislative updates?
A. Correct.



01652c0f-03f1-4044-8ac2-ea9291ef6837

Q. When you used the term partner in your answer, what were you referring to?
A. Any partner can provide that level of
10:51 support. It doesn't necessarily need to be a, you know, third party maintenance provider.
Q. You mean partner of whom? Partner of customer or partner of Oracle?
A. Partner of the customer.
10:51 Q. So in other words, just a consultant that the customer would retain to provide those types of fixes and legislative updates?
A. Within the customer's rights, yes.
Q. And have you ever seen a situation in which
10:51 such support was being provided appropriately?
MS. HOUSE: Objection, calls for speculation.
THE WITNESS: Yes.
Q. MR. McDONELL: Can you give me an example?
A. You know, I think there are partners out
10:51 there that provide and actually also independent consultants that provide support for those customers.
Q. Can you name any?
MS. HOUSE: Objection, vague and overbroad, calls for speculation.
10:51 THE WITNESS: Klee & Associates I think actually does a very good job of supporting their

customers within those legal rights.
Q. MR. McDONELL: Any other examples?
A. Independent contractors do a good job with that as well, and there are several ex-JD Edwards employees that provide that service.
10:52
Q. Can you give me the names?
A. Not offhand, no.
Q. Can you give me a single name of an ex-JD Edwards?
10:52
A. Chris Enyeard.
Q. Can you spell the last name, please?
A. E-n-y-e-a-r-d.
Q. Is that an individual consultant?
10:52 A. Correct.
Q. Is that a male or female?
A. Male.
Q. Where does that person reside?
A. He lives in Denver, Colorado.
10:52 Q. Does he have a business? I mean, is there a name for the business or is it just --
A. No, not that -- I should clarify. I'm unaware of what his business is called.
Q. Do you have his contact information?
10:52 A. Yes.
Q. Have you worked with him on supporting

customers?
A. Not directly, no.
Q. Indirectly?
10:52 A. Yes.
Q. In what way?
A. He provides support for some of our actually maintenance paying customers doing consulting.
Q. So these are customers still paying support
10:53 fees to Oracle?
A. Yes.
Q. What types of support does he pay?
MS. HOUSE: Objection.
Q. MR. McDONELL: Provide.
10:53 MS. HOUSE: Calls for speculation.
THE WITNESS: Can you restate the question?
Q. MR. McDONELL: Yeah, what kind of services does he provide to those customers?
A. He provides consulting services to where he
10:53 modifies our application code set to provide functionality for what the customer is needing for their business.
Q. Can you identify the customers for which he's done that kind of work?
10:53 MS. HOUSE: Calls for speculation.
THE WITNESS: **REDACTED FOR RELEVANCE**



01652c0f-03f1-4044-8ac2-ea9291ef6837

Q. MR. McDONELL: Any others?
A. Not offhand, no.
Q. Does Mr. Enyeard have a direct contractual
10:53 relationship of any kind with Oracle?
A. No.
Q. Have you actually seen the types of services
he's provided to REDACTED FOR RELEVANCE
MS. HOUSE: Objection, vague.
10:54 THE WITNESS: No.
Q. MR. McDONELL: I know I asked you this, but let me try one more time. Does Mr. Enyeard have any kind of dba? Do you know what that is? Doing business as, name for his business?
10:54 MS. HOUSE: Asked and answered, calls for speculation.
THE WITNESS: I don't know what the -- I don't know if he has a name of an -- I don't know what he does.
10:54 Q. MR. McDONELL: REDACTED FOR RELEVANCE
A.
Q.
A.
10:54 Q.
A.



01652c0f-03f1-4044-8ac2-ea9291ef6837

CERTIFICATE OF REPORTER

I, WENDY E. ARLEN, a Certified Shorthand Reporter, hereby certify that the witness in the foregoing deposition was by me duly sworn to tell the truth, the whole truth and nothing but the truth in the within-entitled cause;

That said deposition was taken down in shorthand by me, a disinterested person, at the time and place therein stated, and that the testimony of the said witness was thereafter reduced to typewriting, by computer, under my direction and supervision.

That before completion of the deposition, review of the transcript was not requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am not of counsel or attorney for either or any of the parties to the said deposition nor in any way interested in the event of this cause and that I am not related to any of the parties thereto.

DATED:____________________, 2008

________________________________

WENDY E. ARLEN CSR, No. 4355



01652c0f-03f1-4044-8ac2-ea9291ef6837

# EXHIBIT 7

McDonell Declaration ISO Motion to Compel
Production of Documents Relating to CedarCrestone

**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE, BOSTON, MA 02210-2261
(617) 951-2100 FAX (617) 951-2125

BOSTON, MA PROVIDENCE, RI

DALE A. COGGINS
[617] 951.2049
dcoggins@peabodyarnold.com

November 19, 2008

***Via FedEx***

Lucia MacDonald, Esquire
Bingham, McCutchen LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111

Re: Subpoena to CedarCrestone, Inc. in Oracle/SAP litigation

Dear Ms. MacDonald:

Pursuant to FRCP Rule 45, CedarCrestone, as a non-party, objects to the Subpoena to Produce Documents served on it by Oracle in Oracle USA, Inc., et al. v. SAP AG, et al. It makes this objection while reserving its right to file a motion to quash or to object on other bases to the subpoena and any portions of it, as well as to any other subpoenas with which it may be served, or to seek a protective order.

CedarCrestone is willing to provide the non-privileged documents in its possession which are responsive to Requests for Production 1 through 6. It is in the process of collecting relevant documents, after which they will be reviewed by counsel. If they cannot be provided by the date you have selected of December 4, 2008, we will be in touch with you to agree upon a mutually acceptable date.

With regard to requests 7 through 11, given the nature of CedarCrestone's business as an Oracle Certified Advantage Partner (Oracle's highest partner level) which assists Oracle PeopleSoft customers with their Oracle PeopleSoft applications, the requests for documents are overbroad, vague, ambiguous, and burdensome. They do not appear to CedarCrestone to be designed to lead to the production of relevant evidence in Oracle's lawsuit against SAP. As we read the requests, they could require that CedarCrestone, which is an Oracle customer itself and whose business is supporting Oracle's customers, to provide many thousands, perhaps hundreds of thousands, of documents relating to CedarCrestone's provision of services to hundreds of clients over a five year period. I have only mentioned PeopleSoft below, as CedarCrestone has historically been almost exclusively a PeopleSoft partner of Oracle, but the objections apply to all of Requests 7 through 11.

I am hoping that some background regarding CedarCrestone's business will clarify why CedarCrestone objects to Requests 7 through 11.

(1) As a "System Integrator" for PeopleSoft client systems, CedarCrestone's consultants and technicians act on behalf of its clients and routinely access PeopleSoft application objects and database components that comprise the PeopleSoft system(s). In all cases these are in an ASCII-based human readable form and do not require any reverse engineering effort, and are accessed for the purposes of implementation/configuration, customization (as expressly permitted by the client's license), and for upgrades, and for ongoing support and maintenance. In all of these cases, CedarCrestone acts on behalf of the client, in accordance with their license and support plan, when it accesses these objects and elements for these purposes. Likewise, in all of these cases, problems with the originally delivered objects will be encountered which requires downloading "patches" and "fixes" provided by the software vendor (Oracle), and applying these to the client's various environments, as well as "updates" and "upgrades" for the various application components, and similarly for the core kernel PeopleTools engine. In addition there are scheduled updates to key functional components such as payroll taxation routines and HR regulatory updates (typically 6 per calendar year), as well as for financial system tax routines and 1099 processing updates (at least annually), and variable updates unique to student processing systems.

(2) There are approximately 389 "field consultants" working on approximately 100 field consulting projects or client engagements at the clients' locations at any point in time on average; these cover the HCM, FDM, CRM, and CS system pillars, each of which require at least four (4) separate PeopleSoft environments, each of which have some or all of the "access" requirements stated in #1 above.

(3) In addition, CedarCrestone has 150 "managed services" technicians performing similar functions in a remote (offsite) fashion for additional clients, typically numbering around 90 clients at any point in time. Forty-two (42) of those are "hosted" by CedarCrestone -- running the client-licensed systems on CedarCrestone's hardware, and for those clients there are over 500 instances (installations) of PeopleSoft for which CedarCrestone also accesses objects and components as the client's authorized agent for the purposes described in #1 above.

(4) A small subset of CedarCrestone clients have PeopleSoft licenses but no longer pay annual support and maintenance fees to Oracle. For these clients CedarCrestone is not allowed to and does not access new or updated objects or components (or Software and Support Materials of any kind) that postdate the date at which the clients ceased paying such maintenance fees.

CedarCrestone objects to each of the requests 7 through 11 for the reasons set forth below:

**Request No. 7:**

**Documents Relating to Oracle, PeopleSoft, Siebel Systems, and/or JD Edwards code (including, without limitation, application, tools or foundation source code) provided to You by any Person, or Used by You, including Documents Concerning such Use or transmission.**

CedarCrestone does not understand what Oracle is requesting in this request. Request 7 appears to ask, in summary, that CedarCrestone produce all documents relating to PeopleSoft code which CedarCrestone has used in any manner or provided to a third party over a five year period. "Code" is not defined. Since virtually all of CedarCrestone's customers hire CedarCrestone to provide PeopleSoft support to them, it appears to CedarCrestone that Oracle could be requesting that CedarCrestone produce extensive documents related to virtually every CedarCrestone client project. CedarCrestone has had hundreds of customers over the period since 2003, in addition to being an Oracle customer itself. CedarCrestone objects to this request because it is vague, ambiguous, overbroad and would be extremely burdensome to comply with.

**Request No. 8:**

**Documents Relating to any support You have provided for any Customer for an issue involving or requiring access to Oracle, PeopleSoft, Siebel Systems, and/or JD Edwards source code, including without limitation Documents that identify the issue, the Customer, the source code, how You obtain the source code, and how You provide support.**

Request 8 appears to be similar to Request 7, in that it asks for documents relating to any support involving or requiring access to PeopleSoft source code CedarCrestone has provided to any customer for a PeopleSoft issue. In order to respond further, CedarCrestone would need a definition of "source code" and a definition of "issue". CedarCrestone objects to this request for the same reasons it objects to Request 7.

**Request No. 9:**

**Documents Relating to how You access or have accessed Customer Connection, including without limitation all Documents Concerning how You Download or have Downloaded Software and Support Materials from Customer Connection.**

Request 9 asks for documents relating to how CedarCrestone accesses or has accessed Customer Connection, including all documents relating to "how" CedarCrestone downloads software and support materials from Customer Connection. CedarCrestone initially objects to

this request because it does not understand what Oracle is seeking. It does not understand what "how" means in this context. It assumes Oracle is well aware how all of its clients access Customer Connection, so assumes Oracle is seeking some other information, but does not know what it is. CedarCrestone is unable to determine the scope of its other objections to this request without understanding further what Oracle is requesting.

**Request No. 10:**

**Documents sufficient to show Your access or Use of any Software and Support Materials Relating to Oracle, PeopleSoft, Siebel Systems, and/or JD Edwards (including, but not limited to, operating system logs, web proxy logs, application-level logs, network logs, scripts, manifests, spreadsheets, database records, requests, and reports that resulted from, show, describe, or were the intermediate product of Your Use or Download of the product or material).**

Request 10 requests documents "sufficient to show" CedarCrestone's access or use of any software and support materials relating to PeopleSoft. CedarCrestone objects to this request because it does not know what Oracle means by "sufficient to show". CedarCrestone does not access Software and Support Materials except as authorized by and in support of a specific licensed customer, using only that licensed customer's log in credentials, and with respect only to Software and Support Materials which that customer had a current right to have and use. However, this happens with great frequency in the course of providing services as a Systems Integrator. For CedarCrestone to provide documents relating to every time it has accessed Software and Support Materials over the course of five years would be extremely burdensome and complex. CedarCrestone objects to this request because it is vague, ambiguous, overbroad, and burdensome.

**Request No. 11:**

**Documents sufficient to show any effort, strategy, plan, business model and/or action by You to Use Software and Support Materials or JD Edwards, Siebel Systems, and/or PeopleSoft branded software application source code in connection with providing services or selling products.**

Request 11 requests documents "sufficient to show" any effort, strategy, plan, business model, and/or action by CedarCrestone to use PeopleSoft Software and Support Materials or PeopleSoft application source code in connection with providing services or selling support. CedarCrestone objects to this request as vague, as it does not know what Oracle means by "sufficient to show". However, CedarCrestone's website describes its product offerings. It would also be willing to provide copies of marketing materials, if that is what Oracle is seeking. The only use CedarCrestone makes of PeopleSoft Software and Support Materials is, as

described above, is in the course of accessing material for clients as permitted by the client license.

CedarCrestone objects generally to the subpoena to the extent it seeks to impose any obligations greater than those set forth in the Federal Rules of Civil Procedure and to the extent it seeks information protected by privilege.

CedarCrestone is willing to work with Oracle to determine whether there is a mutually agreeable way to delineate the scope of requests 7 through 11 in a manner that makes the requests not objectionable to CedarCrestone. Please feel free to call me to discuss this issue.

Cordially,

Dale A. Coggins

Dale A. Coggins

DAG/lrc
PABOS2:DCOGGIN:692972_1

# EXHIBIT 8

McDonell Declaration ISO Motion to Compel
Production of Documents Relating to CedarCrestone

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br>Plaintiffs,<br>v.<br>SAP AG, et al.,<br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br>**DEFENDANTS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF ORACLE CORP. PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Defendants SAP AG, SAP Americas (together, "SAP"), and TomorrowNow, Inc. ("TN") will take the deposition of Plaintiff Oracle Corporation ("Oracle") on July 23, 2008, commencing at 9:00 a.m. at the law offices of Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104.

The deposition will be recorded stenographically, using real time transcription, by a certified court reporter, and by video and audio by a certified videographer.

Oracle is hereby requested and required, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate and produce a witness or witnesses to testify on its behalf on the following topics:

1. Oracle's practices with regard to informing customers about third party support options for the PeopleSoft ("PS") and J.D. Edwards ("JDE") product lines. Specifically: (a) Oracle's practices with regard to informing customers about the circumstances under which a customer may use the services of a third party support provider, the types of services a third party support provider may provide a customer, and the methods by which a third party support provider may provide those services; and (b) any written policies or guidelines Oracle has concerning third party support of the PS and JDE product lines, including any scripts or other similar documents that Oracle sales and other employees can use or refer to in their communications with customers concerning third party support.

2. The identities of the companies known to Oracle to have provided, or be providing, third party support for the PS and JDE product lines, the types of services provided by those companies, and the methods by which they are provided.

Dated: June 17, 2008

JONES DAY

By: /s/Jason McDonell
Jason McDonell

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

# PROOF OF SERVICE

I, Shirley Nakano-McSwain, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On June 17, 2008, I served a copy of the within document(s):

**DEFENDANTS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF ORACLE CORP. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

BINGHAM McCUTCHEN LLP
DONN P. PICKETT
GEOFFREY M. HOWARD
HOLLY A. HOUSE
ZACHARY J. ALINDER
BREE HANN
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
***donn.pickett@bingham.com***
***geoff.howard@bingham.com***
***holly.house@bingham.com***
***zachary.alinder@bingham.com***
***bree.hann@bingham.com***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 17, 2008, at Palo Alto, California.

Shirley Nakano-McSwain

Shirley Nakano-McSwain