BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and
Oracle EMEA Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, *et al.*,<br><br>Defendants. | CASE NO. 07-CV-01658 PJH (EDL)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE PLAINTIFFS' DOCUMENTS UNDER SEAL; DECLARATION OF RICK CUMMINS IN SUPPORT** |



Dockets.Justia.com

## I. INTRODUCTION

On Friday, January 16, 2009, this Court entered an Order (the "Sealing Order") granting Defendants' Administrative Motion to File Motion to Compel and Declarations and Exhibits in Support Thereof, Under Seal (the "Motion to Seal"). Through that Motion to Seal, Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle"), together with Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants," and with Oracle, the "Parties"), requested an Order sealing (1) Exhibits 18 and 19 to the McDonell Declaration in Support of Defendants' Motion to Compel (the "McDonell Declaration"), and (2) portions of Defendants' Motion to Compel Discovery Concerning Third Party Support Provided by Oracle's Partners ("Motion to Compel") that reference Exhibits 18 and 19.[1]

Pursuant to Local Rule 79-5, Oracle files this Response and the accompanying Declaration of Rick Cummins in support of the Court's Sealing Order. There is good cause to protect the confidentiality of Oracle's information contained in Defendants' non-dispositive discovery motion and supporting exhibits. This request to seal is based on both the Protective Order in this action and on proof that particularized injury to Oracle will result if the sensitive information contained in these documents is publicly disclosed.

## II. ARGUMENT

Oracle continues to request that Exhibits 18 and 19 to the McDonell Declaration and portions of Defendants' Motion to Compel that reference Exhibits 18 and 19 be filed under seal. Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). In particular, when the request

---

[1] Defendants also initially requested an order sealing the portions of the McDonell Declaration that reference Exhibits 18 and 19. However, the McDonell Declaration did not include references to the content of those Exhibits and, therefore, was filed publicly without redactions.

for sealing concerns discovery documents attached to a non-dispositive motion, a showing of good cause to seal the documents is sufficient to justify protection under Rule 26(c). *Navarro v. Eskanos & Adler*, Case No. C-06 02231 WHA(EDL), 2007 U.S. Dist. LEXIS 24864 at *7 (March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

Below, Oracle includes the Declaration of Rick Cummins (the "Cummins Declaration"), as required under Local Rule 79-5(d), to provide evidence of good cause to support the Sealing Order. The Cummins Declaration establishes both that Oracle has considered and treated the information contained in the subject documents as confidential and proprietary, and that public disclosure of such information would result in a particularized harm or prejudice to Oracle. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006) (setting forth the standard of good cause on a motion to seal).

In addition, Oracle has taken steps to ensure that Exhibits 18 and 19 remain confidential in this litigation. Prior to producing these documents to Defendants in this litigation, Oracle designated Exhibit 18 as "Confidential Information" and Exhibit 19 as "Highly Confidential Information - Attorneys' Eyes Only" pursuant to the Protective Order entered on June 6, 2007. This Protective Order was designed by the Parties, who are direct competitors in the software industry, to protect designated documents from improper disclosure, both to the public and to many employees of the Parties themselves.

Oracle's request is narrowly tailored, as required by Local Rule 79-5(a), and seeks to protect only those documents that contain Oracle's confidential information. Therefore, good cause supports this request, and the documents referenced should be remain filed under seal.

////

////

////

////

////

////

////

## III. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court affirm its order filing Exhibits 18 and 19 and the portions of Defendants' Motion to Compel that reference Exhibits 18 and 19 under seal.[2]

DATED: January 21, 2009

BINGHAM McCUTCHEN LLP

By: /s/ Zachary J. Alinder
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and
Oracle International Corporation

---

2 Because the Sealing Order has already been granted by the Court, Oracle has not filed any proposed order with these papers; however, Oracle will be happy to do so if the Court should so request.

**DECLARATION OF RICK CUMMINS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE MOTION TO COMPEL AND DECLARATIONS AND EXHIBITS IN SUPPORT THEREOF UNDER SEAL**

I, Rick Cummins, declare:

1. I am the Senior Director of North America Support Services at Oracle USA, Inc. (together with Oracle International Corporation and Oracle EMEA Limited, "Oracle" or "Plaintiffs"). I have personal knowledge of the matters stated in this declaration, and, if called and sworn as a witness, I could and would competently testify to such matters.

2. I have reviewed the documents identified as Exhibits 18 and 19 of the Declaration of Jason McDonell in support of Defendants' Motion to Compel (the "McDonell Declaration"). These exhibits are as follows:

a. (Ex. 18) Email from Juan C. Jones to Dave Hare, forwarding an email from myself to Juan C. Jones and Chris Madsen, on January 2, 2007 and entitled "Fw: Applications support initiatives," Bates stamped ORCL00087618—00087620.

b. (Ex. 19) Email from Holger Mueller to Glenn Smith, et al., titled "Re: Relaunch of Support Offering for SAP Customers: aka OneStop," dated September 11, 2006, Bates stamped ORCL00025701-02.

3. Oracle has good cause to protect the confidentiality of Exhibits 18 and 19. Exhibits 18 and 19 are confidential internal email exchanges among a handful of employees involved in Oracle's competitive strategy that occurred in late 2006 and early 2007. These emails discuss various future pricing strategies, sales initiatives, marketing strategies, and key messaging to Oracle's customers. The emails also assess the pros and cons of any or all of these initiatives and strategies.

4. As a matter of practice and Oracle policy, documents containing competitive strategy discussions are never publicly disclosed or widely disseminated, and I am not aware that there was any deviation from this policy with regard to the emails memorialized in Exhibits 18 and 19.

5. Moreover, parts of the competitive strategies referenced in Exhibit 18 have not yet been formally adopted and remain under active discussion within Oracle. Public disclosure of these strategies thus could serve to bind Oracle to strategies it may not have otherwise implemented.

6. The disclosure of this information would create a risk of competitive injury to Oracle. Absent the requested sealing, Exhibits 18 and 19 would provide valuable insight into Oracle's competitive strategies, giving Oracle's current and prospective customers and Oracle's competitors specific competitive leverage to use against Oracle. Oracle's competitors could use these documents to undermine the very initiatives and strategies they discuss.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Denver, Colorado, on January 21, 2009.

Rick Cummins