BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., *et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE USA, INC., a Colorado corporation, *et al.*,

Plaintiffs,

v.

SAP AG, a German corporation, *et al.*,

Defendants.

CASE NO. 07-CV-01658 PJH (EDL)

**[PROPOSED] ORDER ENTERING FINAL JUDGMENT AGAINST PLAINTIFFS OSC AND JDEE OR CERTIFYING DISMISSAL ORDER FOR INTERLOCUTORY APPEAL**



Dockets.Justia.com

On December 15, 2008, the Court dismissed without leave to amend the copyright infringement claims asserted by plaintiffs Oracle Systems Corporation ("OSC") and J.D. Edwards Europe ("JDEE") for lack of subject matter jurisdiction. Specifically, the Court dismissed OSC for lack of standing under 17 U.S.C. § 501(b), and it dismissed JDEE on the ground the infringement claims it asserted were strictly extraterritorial.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby directs entry of final judgment as to both OSC and JDEE. The Court's dismissal order is a final order as to these parties because it dismisses their only claims for relief, and ends the litigation for each of them. The jurisdictional issues underlying the dismissal of OSC and JDEE are distinct and severable from the merits of their infringement claims and the claims of the remaining plaintiffs, and turn primarily on questions of law. Insofar as OSC and JDEE might be reinstated as plaintiffs upon a successful appeal of the jurisdictional issues, it would be far more efficient to have them reinstated prior to the resolution of the remaining claims so all claims could be tried together. If, on the other hand, the claims asserted by OSC and JDEE were reinstated after the resolution of the remaining claims, it would require the Court, the parties and any trier of fact to essentially start this complex case all over again. Moreover, the claims asserted by OSC and JDEE relate to an alleged ongoing pattern of infringement by defendants, and it would be most efficient to adjudicate all infringement claims together, insofar as the Court has jurisdiction over them. Accordingly, the Court finds there is no just reason for delaying the appeal of this Court's order dismissing OSC and JDEE.

In the alternative, the Court finds its dismissal order appropriate for certification as an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The order presents controlling issues of law as to both OSC and JDEE because it ends the litigation for each of them. There are substantial grounds for difference of opinion concerning the dismissal of each party, because this Court's order presents at least an implied conflict with other courts' decisions on the underlying jurisdictional issues, and also presents matters of first impression. As explained above, an immediate appeal of the Court's dismissal order will advance the ultimate termination of this litigation by avoiding the potential inefficiency that would result if the claims of OSC and JDEE

are reinstated years from now, following the adjudication of the claims remaining before this Court.

SO ORDERED.

DATED: _______________, 2009 _______________________________
Hon. Phyllis J. Hamilton
United States District Court Judge