Walsh v. Apple, Inc. et al
Doc. 269

# EXHIBIT C

Dockets.Justia.com

# <u>Exhibit C</u>

Defendants' Proposal Regarding TN Re-Designations

1. All documents produced by TN without any confidentiality designation shall remain as such.

2. All documents produced by TN in this case prior to 10-31-08 with a "Confidential" designation shall remain designated as such except:

a. TN will re-review all documents previously produced by TN with a "Confidential" designation that have been, or will in the future be, used as a deposition exhibit in this case to determine if any of those documents can now be totally de-designated. The review of the current exhibits will be completed by January 16, 2009;

b. TN will re-review all documents previously produced by TN with a "Confidential" designation that have been, or will in the future be, filed as an exhibit in this case for any purpose to determine if any of those documents can now be totally de-designated. This review will be completed for existing exhibits by January 16, 2009; and

c. TN will re-review up to a total of 4000 additional documents (not pages) previously produced by TN with a "Confidential" designation that are identified in one or more groups by Oracle as documents that should be re-reviewed under this subsection to determine if any of those documents can now be totally de-designated. When Oracle makes such a request, TN will respond within 3 business days for each grouping of 500 documents or less.

3. All documents previously produced by TN in this case prior to 10-31-08 with a "Highly Confidential" designation shall be re-designated to "Confidential" except:

a. those documents that contain Oracle source code;

b. <u>those documents that have any objective indicia on their face or that it is otherwise objectively apparent from a lawyer's perspective that they contain in whole or in part either SAP's or a third party's Highly Confidential information (as defined by the Agreed Protective Order), including either trade secrets or other non-public, highly confidential information related to either SAP's or the third party's current or future business plans or strategies, the disclosure of which to any other Party or third parties would be likely to cause competitive or business injury to SAP or the third party</u>;

c. any email or other communication in which there is an objective indication that any supervisory board member, executive board member, or attorney of SAP was an author or recipient (direct, cc, bcc or otherwise);

d. any paper or electronic document (Word, Excel, PowerPoint or otherwise) that has any objective indicia whatsoever on its face that it is a SAP document (i.e., SAP employee is an author, any SAP logo, confidential marking, or other words or images that make clear that it is a SAP document).

4. Notwithstanding any of the foregoing, the Parties reserve their rights to raise the protection of any document that contains SAP or Oracle Confidential or Highly Confidential information to Confidential or Highly Confidential at a later date.

5. Notwithstanding any of the foregoing, the Parties do not waive their rights to dispute any attempt to raise the level of protection of any document to Confidential or Highly Confidential. However, if a dispute occurs, neither Party will raise the argument that the other side has waived any confidentiality protection by virtue of the de-designation process itself.

**REDLINE COMPARISON BETWEEN EXHIBITS B AND C**

**Exhibit CB**

Defendants'Oracle's Proposal Regarding TN ReDe-Designations

1. All documents produced by TN without any confidentiality designation shall remain as such.

2. All documents produced by TN in this case prior to 10-31-08 with a "Confidential" designation shall remain designated as such except:

a2. TN will re-review all documents previously produced by TN with a *"Highly Confidential"* or "Confidential" designation that have been, or will in the future be, used as a deposition exhibit in this case to determine if any of those documents can now be totally de-designated. The review of the current exhibits will be completed by January 16_____, 2009;

b3. TN will re-review all documents previously produced by TN with a *"Highly Confidential"* or "Confidential" designation that have been, or will in the future be, filed as an exhibit in this case for any purpose to determine if any of those documents can now be totally de-designated. This review will be completed for existing exhibits by January 16________, 2009; and

c4. All documents produced by TN in this case prior to 10-31-08 with a "Confidential" designation shall remain designated as such except TN will re-review up to a total of 4000 additional documents (not pages) previously produced by TN with a "Confidential" designation that are identified in one or more groups by Oracle as documents that should be re-reviewed under this subsection to determine if any of those documents can now be totally de-designated. When Oracle makes such a request, TN will respond within 3 business days for each grouping of 500 documents or less.

35. All documents previously produced by TN in this case prior to 10-31-08 with a "Highly Confidential" designation shall be re-designated to "Confidential" except:

a. those documents that contain Oracle source code;

b. those documents that have any objective indicia on their face or that it is otherwise objectively apparent from a lawyer's perspective that they contain in whole or in part either SAP's or a third party's Highly Confidential information (as defined by the Agreed Protective Order), including either trade secrets or other non-public, highly confidential information related to either SAP's or the third party's current or future business plans or strategies, the disclosure of which to any other Party or third parties would be likely to cause competitive or business injury to SAP or the third party;

cb. any email or other communication in which there is an objective indication that any supervisory board member, executive board member, or attorney of SAP was an author or recipient (direct, cc, bcc, or otherwise); and

~~d~~c. any paper or electronic document (Word, Excel, PowerPoint or otherwise, *not including email or other communications*) that has any objective indicia whatsoever on its face that it is a SAP document (i.e., SAP employee is an author, any SAP logo, confidential marking, or other words or images that make clear that it is a SAP document).

~~4~~6. Notwithstanding any of the foregoing, the Parties reserve their rights to raise the protection of any document that contains SAP or Oracle Confidential or Highly Confidential information to Confidential or Highly Confidential at a later date.

~~5~~7. Notwithstanding any of the foregoing, the Parties do not waive their rights to dispute any of the above confidentiality designations, as well as any attempt to raise the level of protection of any document to Confidential or Highly Confidential. However, if a dispute occurs, neither Party will raise the argument that the other side has waived any confidentiality protection by virtue of the de-designation process itself.