Walsh v. Apple, Inc. et al Doc. 272

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE CORPORATION, et al.,

Plaintiffs,

v.

SAP AG, et al.,

Defendants.
_______________________________________/

No. C-07-01658 PJH (EDL)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**

Now before the Court are Plaintiffs' Motion to Compel Discovery Related to Hyperion, Retek and EBS Products and Defendants' Motion to Compel Discovery Concerning Third Party Support Provided by Oracle Partners. The motions were fully briefed and the Court held a hearing on February 10, 2009. For the reasons stated at the hearing, both motions to compel are granted in part and denied in part.

With respect to Plaintiffs' Motion to Compel, the Court concludes that there is good cause shown at this time only for limited discovery from Defendants relating to Hyperion, Retek and eBusiness Suite ("EBS"). See Fed. R. Civ. P. 26(b)(1). Accordingly, as stated at the hearing, Plaintiffs may have limited additional discovery to flesh out the arguably ambiguous statements made by Andrew Nelson and Thomas Zieman in their declarations regarding these software applications. Specifically, Plaintiffs are entitled to certain more detailed information regarding the meaning of statements qualified with "to my knowledge," or including the terms "direct" or "publicly available means." Defendants shall, to the extent it is not unexpectedly overly expensive

Dockets.Justia.com

or burdensome, which Defendants did not anticipate at the hearing, make Mr. Nelson's documents on the issues raised in his declaration available to him for his review so that he can refresh his recollection, and produce them to Plaintiffs prior to his deposition. Further, Defendants shall provide either a supplemental declaration from Mr. Zieman or a declaration from another person most knowledgeable on these issues, to clarify statements made in the Zieman declaration.

With respect to Defendants' Motion to Compel, the Court concludes that Defendants are entitled to some non-burdensome information regarding Plaintiffs' partnership program as potentially relevant to damages. Specifically, Plaintiffs shall provide a list of the "small percentage of its partners" with which Oracle contracts to provide support services for PeopleSoft, J.D. Edwards or Siebel applications. See Declaration of Colleen Kelly ¶ 3. Plaintiffs shall produce its partnership agreement(s) with CedarCrestone for the relevant time frame from 2002 through 2008. Plaintiffs shall also produce to Defendants the two master agreements regarding support, including fee schedules, referenced at the hearing. At the hearing, Plaintiffs agreed that Defendants may issue a subpoena to CedarCrestone regarding its activities supporting the use of Plaintiffs' software outside of the services it provides pursuant to its Partnership Agreement with Oracle.

**IT IS SO ORDERED.**

Dated: February 11, 2009

Elizabeth D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California