# EXHIBIT 1

Dockets.Justia.com

**Greg Lanier/JonesDay**
Extension 33941

01/22/2009 03:25 PM

To "Howard, Geoff" <geoff.howard@bingham.com>

cc "Elaine Wallace" <ewallace@JonesDay.com>, "House, Holly" <holly.house@bingham.com>, "Jane L Froyd" <jfroyd@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Polito, John A." <john.polito@bingham.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>

bcc snakanomcswain@jonesday.com; tglanier@jonesday.com

Subject RE: Order on motion to dismiss

Geoff, we are available for a March 4 hearing on the motion mentioned, assuming a filing Friday or Monday.

Greg

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

"Howard, Geoff" <geoff.howard@bingham.com>



**"Howard, Geoff" <geoff.howard@bingham.com>**

01/22/2009 01:28 PM

To "Greg Lanier" <tglanier@JonesDay.com>

cc "Elaine Wallace" <ewallace@JonesDay.com>, "House, Holly" <holly.house@bingham.com>, "Jane L Froyd" <jfroyd@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Polito, John A." <john.polito@bingham.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>

Subject RE: Order on motion to dismiss

Greg,
Thank you for the prompt response. As indicated below, we plan to request entry of a final judgment or certification for appeal, in the alternative. The first available hearing date is March 4, and we plan to file either tomorrow or Monday assuming that date is acceptable to Defendants.
Thanks,
Geoff

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Thursday, January 22, 2009 12:53 PM
To: Howard, Geoff
Cc: Elaine Wallace; House, Holly; Jane L Froyd; Jason McDonell; Polito, John A.; Scott Cowan; Alinder, Zachary J.
Subject: RE: Order on motion to dismiss

Geoff, while we agree that the Court's ruling on our motion to dismiss has important consequences, we disagree that the ruling or those consequences are unclear. We decline Oracle's invitation to stipulate away the consequences of the ruling. We will oppose any effort to seek "clarification" of the ruling, both because no such clarification is necessary and because such a request is really a motion for reconsideration, which motion would be both untimely and inappropriate. We also decline to stipulate to an interlocutory appeal from the ruling or a 54(b) certification as to JDEE and OSC for many reasons, including that Oracle's request comes too late, the issues in any such appeal and the underlying case are intertwined and related, and any such appeal would not serve the interests of justice or the parties as the appeal would not be resolved until after the trial date in the underlying case.

You indicated in the initial email (below) that you would file your motion this week and asked for our response before then. You have defendants' response. Please let us know the nature of the motion you will file and the proposed hearing date, so that we can be sure of appropriate availability on our side.

Thank you,

Greg

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

"Howard, Geoff" <geoff.howard@bingham.com>

01/21/2009 02:03 PM

To: "Greg Lanier" <tglanier@JonesDay.com>

cc: "Elaine Wallace" <ewallace@JonesDay.com>, "House, Holly" <holly.house@bingham.com>, "Jane L Froyd" <jfroyd@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Polito, John A." <john.polito@bingham.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>

Subject: RE: Order on motion to dismiss

Greg,
I think the proposed alternative stipulations set forth below are straightforward - I don't see the point of working them up without knowing if you agree. If you need over the weekend to consider, I will recommend that we accommodate that request. If you wish to discuss or if I'm missing something, please feel free to call.
Thanks,
Geoff

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Wednesday, January 21, 2009 12:54 PM
To: Howard, Geoff
Cc: Elaine Wallace; House, Holly; Jane L Froyd; Jason McDonell; Polito, John A.; Scott Cowan; Alinder, Zachary J.
Subject: Re: Order on motion to dismiss

Geoff, we will discuss this issue with our clients and get back to you. Given that it has been more than a month since the Court issued its order, we are surprised you are raising the issue at this late date and we cannot assure that we will have had enough time to discuss with our clients to meet your stated deadline. Nonetheless, we will try. It would expedite matters if you would provide us as soon as possible draft stipulations for each of the scenarios you propose. Please also let us know what you would propose happens to the rest of the case were there to be an interlocutory appeal or 54(b) certification.

Greg

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

"Howard, Geoff" <geoff.howard@bingham.com>

01/21/2009 11:18 AM

To
"Greg Lanier" <tglanier@JonesDay.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Elaine Wallace" <ewallace@JonesDay.com>, "Jane L Froyd" <jfroyd@JonesDay.com>

cc
"House, Holly" <holly.house@bingham.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>, "Polito, John A."

<john.polito@bingham.com>

Subject

Order on motion to dismiss

Counsel,

Upon careful consideration of the Court's order dismissing OSC and JDEE, we think it has important consequences that need to be addressed now. The Court's order leaves it unclear whether, in the Court's view, OIC has standing to assert certain pre-merger claims that OSC alleged in the Third Amended Complaint. The Court's order also leaves it unclear whether, in the Court's view, OIC may assert the EMEA-related claims alleged by JDEE in the Third Amended Complaint.

We don't believe the Court intended to suggest these claims have simply disappeared. On the contrary, the Court may intend that OIC may assert these claims if OSC and JDEE can't. But to the extent there is any uncertainty about whether these claims remain in the case, that needs to be resolved now.

If it's the Court's view that no remaining plaintiff may assert these pre-merger and EMEA-related claims claims, Oracle will appeal that ruling. The question then becomes one of timing. If we wait until the conclusion of the case and the appeal is successful, then everyone is stuck starting from scratch, essentially relitigating the case as to certain pre-merger and EMEA-related claims. If on the other hand we appeal now, the issue of OSC's and JDEE's possible reinstatement could be determined in time for trial. Given the concern defendants have expressed over cost, we think everyone should agree that earlier resolution is preferable to later resolution of these issues.

Accordingly, we propose that the parties stipulate that OIC may assert pre-merger claims and EMEA-related claims. If SAP won't stipulate to that, we plan to ask Judge Hamilton to clarify this issue and to enter a Rule 54 (b) judgment as to OSC and JDEE, or alternatively certify her dismissal order for interlocutory appeal, to the extent the Court has concluded OIC may not assert these claims. Even if SAP disagrees that OIC may pursue the claims, we request that SAP at least stipulate to that a Rule 54 judgment (or interlocutory certification, at the court's discretion) is appropriate, or agree not to oppose that motion.

Please let me know SAP's position at your earliest convenience. Since there is some urgency to pursuing this, we plan to file our motion by the end of the week. We are, of course, happy to discuss a convenient hearing date, or any questions you may have.

Thanks,

Geoff

==============================================================================

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered

to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

==============================================================================

==========

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

==========

==============================================================================

The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

==============================================================================

==========

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

==========

==============================================================================

The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

==============================================================================

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE

| | | |
|---|---|---|
| ORACLE USA, INC., et al., Plaintiffs, v. SAP AG et al., Defendants. | ) | NO. 07-CV-01658 PJH |

San Francisco, California
Wednesday, November 26, 2008

## TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

For Plaintiffs: Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
BY: **GEOFFREY M. HOWARD**
**Attorney at Law**
JOHN POLITO
Attorney at Law
ANTHONY FALZONE
Attorney at Law

For Defendants: Jones Day
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
BY: **THARAN GREGORY LANIER**
**Attorney at Law**

Reported By: **CHRISTINE TRISKA, CSR, RPR**
Pro-Tem Reporter

expressly transferred or retained?

MR. HOWARD: Yes and no. Let me explain that.

I agree that it has to be expressly transferred when the transferor continues to exist. Mr. Lanier cited the *Co-opportunities* case to your Honor. In the *Co-opportunities* case the ownership was transferred but not the right to sue. Judge Patel then allowed the assignor subsequently three years later to make a second assignment solely of the right to sue, and then the assignee was held to have the ability to bring that preexisting claim.

The crucial difference there and the crucial difference in the *De Silva* case that was also cited to your Honor is that somebody was there to make that second assignment.

Here there is no prior entity. They have -- the agreements that have been provided to your Court say they have ceased to exist. So everything that is about them, everything that they have has been merged into OSC.

And it would defeat justice for sure -- and it certainly isn't part of merger law -- that the claims that *ABKCO* and *Co-opportunities* and *Silvers* and *Nimmer* and everybody say, the claims that still existed because they had accrued at the time that those entities owned the copyrights, it would defeat justice to say that they just disappeared. Of course they don't. They continue with the person who

succeeds to those entities.

So it's not a case --

THE COURT: And what do -- which of the cases specifically says that?

MR. HOWARD: Your Honor, no case has been cited to you by either side where the transferring entity has ceased to exist. But that is the dispositive factual difference.

If it is true that the assignor retains the right to sue, then there's -- then that right is there. And the distinction between *Co-opportunities* and *De Silva*, where somebody is there, a corporation or a sole proprietor is there who can sign the caption and bring the claim into you for resolution, the difference between those cases and this one is that now nobody has that if it's not OSC. And of course it has to be OSC because they've acquired everything.

THE COURT: Such result could have been avoided obviously by having express conveyance at the time of the merger; correct?

MR. HOWARD: I suppose that if we wanted to put ourselves back into the *Co-opportunities* time period we could have done that, but it's different. There is no reason to do that because a merger is everything. There's no question as there is when the transferor continues to exist. There is no question that something has been retained. Nothing has been retained. In a merger nothing gets left by the wayside because