Walsh v. Apple, Inc. et al Doc. 295

# EXHIBIT A

Dockets.Justia.com

| Registration No. | Title of Work | Publication Date | Registration Date | Claimed to be a Derivative Work? (Y/N) / Identification of Preexisting Material | Copy Produced? (Y/N) |
|---|---|---|---|---|---|
| TXu 619-303 | Shop Floor Control Program | None Provided | 3/7/1995 | N | N |
| TXu 619-304 | EDI Interface (6) Program | None Provided | 3/7/1995 | N | N |
| TXu 619-305 | Configuration Management program | None Provided | 3/7/1995 | N | N |
| TXu 619-306 | Master Production Scheduling program | None Provided | 3/7/1995 | N | N |
| TXu 619-307 | Capacity Requirements Planning program | None Provided | 3/7/1995 | N | N |
| TXu 619-308 | WorldCASE/Development Environment program | None Provided | 3/7/1995 | N | N |
| TXu 619-309 | Equipment Management (5) program | None Provided | 3/7/1995 | N | N |
| TXu 619-310 | General ledger & Basic Financials program | None Provided | 3/7/1995 | N | N |
| TXu 619-311 | Enterprise Facility Planning program | None Provided | 3/7/1995 | N | N |
| TXu 619-312 | Accounts Receivable program | None Provided | 3/7/1995 | N | N |
| TXu 619-313 | Warehouse Management program | None Provided | 3/7/1995 | N | N |
| TXu 619-314 | Inventory Management program | None Provided | 3/7/1995 | N | N |
| TXu 619-315 | Sales Order Processing/Sales Analysis program | None Provided | 3/7/1995 | N | N |
| TXu 619-316 | Purchase Order Processing program | None Provided | 3/7/1995 | N | N |
| TXu 619-317 | Product Data Management program | None Provided | 3/7/1995 | N | N |
| TXu 619-318 | Financial Reporting (FASTR) program | None Provided | 3/7/1995 | N | N |
| TXu 619-319 | WorldCASE/Foundation Environment (3) program | None Provided | 3/7/1995 | N | N |
| TXu 619-320 | Accounts Payable program | None Provided | 3/7/1995 | N | N |
| TXu 619-321 | Financial Modeling, Budgeting & Allocations program | None Provided | 3/7/1995 | N | N |
| TX 6-541-029 | Initial release of JD Edwards World A7.3 | 6/3/1996 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards World | Y |
| TX 6-541-043 | Code Change for JD Edwards World A7.3 | 11/14/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards World | Y |
| TX 6-541-031 | Cumulative Update 16 for JD Edwards World A7.3 | 6/14/2005 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards World | N |
| TXu1-345-110 | Current development environment for JD Edwards World A7.3 | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards World | N |

| Registration No. | Title of Work | Publication Date | Registration Date | Claimed to be a Derivative Work? (Y/N) / Identification of Preexisting Material | Copy Produced? (Y/N) |
|---|---|---|---|---|---|
| TX 6-541-047 | Initial release of JD Edwards World A8.1 | 10/1/1997 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards World | Y |
| TX 6-541-044 | Code Change for JD Edwards World A8.1 | 11/20/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards World | Y |
| TX 6-545-421 | Cumulative Update 6 for JD Edwards World A8.1 | 10/25/2004 | 5/1/2007 | Y<br><br>Previous version(s) of JD Edwards World | N |
| TX 6-545-422 | Current development environment for JD Edwards World A8.1 | None Provided | 5/1/2007 | Y<br><br>Previous version(s) of JD Edwards World | N |
| TX 6-541-033 | Initial release of JD Edwards EnterpriseOne XE | 9/18/2000 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-051 | ESU for JD Edwards EnterpriseOne Xe | 10/3/2003 | 5/3/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-048 | Cumulative Update 8 for JD Edwards EnterpriseOne Xe | 3/8/2004 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TXu1-345-109 | Current development environment for JD Edwards EnterpriseOne XE | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-050 | Initial release of JD Edwards EnterpriseOne 8.0 | 6/11/2002 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-046 | ESU for JD Edwards EnterpriseOne 8.0 | 10/20/2002 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-034 | Cumulative Update 1 for JD Edwards EnterpriseOne 8.0 | 4/17/2003 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TXu1-345-111 | Current development environment for JD Edwards EnterpriseOne 8.0 | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |

| Registration No. | Title of Work | Publication Date | Registration Date | Claimed to be a Derivative Work? (Y/N) / Identification of Preexisting Material | Copy Produced? (Y/N) |
|---|---|---|---|---|---|
| TX 6-541-049 | Initial release of JD Edwards EnterpriseOne 8.9 | 9/18/2003 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-036 | ESU for JD Edwards EnterpriseOne 8.9 | 11/8/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TXu1-345-112 | Current development environment for JD Edwards EnterpriseOne 8.9 | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-038 | Initial release of JD Edwards EnterpriseOne 8.10 | 6/21/2004 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-037 | ESU for JD Edwards EnterpriseOne 8.10 | 10/25/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-032 | Cumulative Update 2 for JD Edwards EnterpriseOne 8.10 | 3/30/2007 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TXu1-345-113 | Current development environment for JD Edwards EnterpriseOne 8.10 | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-028 | Initial release of JD Edwards EnterpriseOne 8.11 | 12/15/2004 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-035 | ESU for JD Edwards EnterpriseOne 8.11 | 2/15/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TXu1-345-114 | Current development environment for JD<br>Edwards EnterpriseOne 8.11 | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-040 | Initial release of JD Edwards EnterpriseOne 8.11 SP1 | 9/15/2005 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-027 | ESU for JD Edwards EnterpriseOne 8.11 SP1 | 10/27/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |

| Registration No. | Title of Work | Publication Date | Registration Date | Claimed to be a Derivative Work? (Y/N) / Identification of Preexisting Material | Copy Produced? (Y/N) |
|---|---|---|---|---|---|
| TX 6-541-039 | Cumulative Update 1 for JD Edwards EnterpriseOne 8.11 SP1 | 8/7/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TXu1-345-115 | Current development environment for JD Edwards EnterpriseOne 8.11 SP1 | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-041 | Initial release of JD Edwards EnterpriseOne 8.12 | 4/28/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-045 | ESU for JD Edwards EnterpriseOne 8.12 | 5/2/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TX 6-541-042 | Cumulative Update 1 for JD Edwards EnterpriseOne 8.12 | 10/30/2006 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | Y |
| TXu1-346-350 | Current development environment for JD Edwards EnterpriseOne 8.12 | None Provided | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 6-541-030 | Initial release of JD Edwards World A9.1 | 3/31/2007 | 4/26/2007 | Y<br><br>Previous version(s) of JD Edwards EnterpriseOne | N |
| TX 4-792-577 | PeopleSoft HRMS 7.0 | 9/15/1997 | 12/15/1998 | Y<br><br>Previously published versions | Y |
| TX 4-792-575 | PeopleSoft HRMS 7.5 | 4/24/1998 | 12/15/1998 | Y<br><br>Previously published versions | N |
| TX 5-291-440 | PeopleSoft Human Resources Management Software (HRMS) 8.0 | 9/1/2000 | 11/20/2000 | Y<br><br>Previously published versions | N |
| TX 5-501-312 | PeopleSoft 8 HRMS SP1 | 12/18/2000 | 3/26/2001 | Y<br><br>Previously published versions | Y |
| TX 5-469-032 | PeopleSoft 8.3 HRMS | 11/2/2001 | 2/1/2002 | Y<br><br>Previously published versions | Y |

| Registration No. | Title of Work | Publication Date | Registration Date | Claimed to be a Derivative Work? (Y/N) / Identification of Preexisting Material | Copy Produced? (Y/N) |
|---|---|---|---|---|---|
| TX 6-093-947 | PeopleSoft 8.8 HRMS | 12/20/2002 | 6/11/2004 | Y<br><br>Previously published versions | Y |
| TX 5-456-777 | PeopleSoft 8 Customer Relationship Management (CRM) | 6/29/2001 | 9/27/2001 | ?[1] | Y |
| TX 6-015-317 | PeopleSoft 8.8 Customer Relationship Management | 12/26/2002 | 6/11/2004 | Y<br><br>Previously released version for PeopleSoft 8.4 Customer Relationship Management | Y |
| TX 4-792-574 | PeopleSoft Financials 7.5 | 4/30/1998 | 12/15/1998 | Y<br><br>Previously published versions | N |
| TX 5-586-247 | PeopleSoft 8.4 Financials and Supply Chain Management | 3/22/2002 | 8/5/2002 | Y<br><br>Previously released version | Y |
| TX 5-456-780 | PeopleSoft 8 Promotions Management, Collaborative Supply Management, eRFQ, eSupplier Connection, and Supply Chain Portal Pack | 6/29/2001 | 9/27/2001 | Y<br><br>Previously published versions | Y |
| TX 5-993-616 | PeopleSoft 8.8 Enterprise Performance Management | 12/11/2002 | 6/11/2004 | Y<br><br>Previously released version for PeopleSoft 8.3 Enterprise Performance Management | Y |
| TX 5-431-289 | PeopleSoft 8 Student Administration Solutions | 6/31/2001 | 11/30/2001 | Y<br><br>Previously published versions | Y |
| TX 4-792-578 | PeopleSoft PeopleTools 7.5 | 4/30/1998 | 11/20/1998 | Y<br><br>PeopleTools 7.0, 6.5, 6.0, et. seq. | Y |
| TX 5-266-222 | PeopleTools 8.0 | 12/28/1999 | 9/5/2000 | Y<br><br>PeopleTools 7.5, 7.0, 6.0 et. seq. | Y |
| TX 5-266-221 | PeopleTools 8.10 | 9/1/2000 | 9/5/2000 | Y<br><br>PeopleTools 7.5, 7.0, 6.0 et. seq. | Y |

[1] As noted in Defendants' Motion, it is unclear whether TN 5-456-777 is intended to be registered as a derivative work.

| Registration No. | Title of Work | Publication Date | Registration Date | Claimed to be a Derivative Work? (Y/N) / Identification of Preexisting Material | Copy Produced? (Y/N) |
|---|---|---|---|---|---|
| TX 5-586-248 | PeopleTools 8.4 | 3/15/2002 | 8/5/2002 | Y<br><br>Previously released version | Y |
| TX 6-541-020 | ECRM89: Common Errors on Mobile Sales | 10/11/2006 | 4/26/2007 | N | Y |
| TX 6-541-023 | EAP WTHD06: 1099 IRS changes for the year 2006 | 8/28/2006 | 4/26/2007 | N | Y |
| TX 6-541-026 | JD Edwards World – 1099 Changes for Tax Year 2006 | 12/4/2006 | 4/26/2007 | N | ?[2] |
| TX 6-541-024 | E1: 1099: Year 2006 1099 ESUs | 8/30/2006 | 4/26/2007 | N | Y |
| TX 6-541-025 | Changes to Daylight Savings Time for 2007 (DST) | 12/5/2006 | 4/26/2007 | N | ? |
| TX 6-541-022 | E1: 07/77: Quantum for Payroll Tax v.280 | 9/11/2006 | 4/26/2007 | N | Y |
| TX 6-541-021 | GM--Grants issues resolved by FMS ESA 8.9 Bundle #10-653723 (Oct 06) | 10/13/2006 | 4/26/2007 | N | Y |
| TX 6-541-019 | PeopleTools Third Party Daylight Saving Time Required Modifications | 12/29/2006 | 4/26/2007 | N | Y |
| TX 6-541-018 | PeopleTools Third Party Daylight Saving Time Required Modifications (Revised) | 3/7/2007 | 4/26/2007 | N | Y |
| TX 6-838-549 | PeopleSoft 8.01 & 8.31 Payroll Tax Update 05-F Year-End Processing: Canada | 12/8/2005 | 5/2/2008 | N | Y |
| TX 6-838-537 | PeopleSoft Payroll 1200457000 - User Documentation | 12/29/2004 | 5/2/2008 | N | Y |
| TX 6-838-544 | PeopleSoft Application Update Installation Instructions (UPD595817) | 12/29/2004 | 5/2/2008 | N | Y |

SVI-67959v3

[2] Defendants believe that Oracle has not produced complete copies of TX 6-541-026 and TX 6-541-025 but are in the process of confirming that with Oracle.

# EXHIBIT B

ORIGINAL

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS** |

legal conclusion. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to identify the authors or co-authors of the Registered Works.

**DOCUMENT REQUEST NO. 55:**

All Documents relating to ownership of the Registered Works, including but not limited to, Documents concerning licensing, assignment, transfer, or conveyance of any rights in the Registered Works.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad and unduly burdensome. The Registered Works have been licensed to thousands of Oracle's customers in circumstances unrelated to the issue of this litigation, for example, and Documents relating to those licenses are not reasonably calculated to lead to the discovery of admissible evidence. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to show Oracle's ownership of the Registered Works.

**DOCUMENT REQUEST NO. 56:**

All Documents that have any tendency to prove or disprove that the Registered Works were works made for hire.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as the Request could be

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as the Request could be interpreted to call for Documents tangentially related to Oracle's development teams and to all software development Documents for each and every Registered Work. Oracle further objects to this Request on the grounds that the phrase "any tendency to support or refute" renders the Request vague and ambiguous. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will not search for and produce Documents in response to this Request.

**DOCUMENT REQUEST NO. 62:**

Documents sufficient to show the publication date for each of the Registered Works.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to the Request on the grounds that it is duplicative of Request No. 60.

Subject to and without waiving these objections, Oracle responds that it will search for and produce the federal copyright registrations for the Registered Works.

**DOCUMENT REQUEST NO. 63:**

Complete copies of each of the Registered Works.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

Oracle objects to this Request on the grounds stated in its General Objections.

Subject to and without waiving these objections, Oracle responds that it will search for and produce copies of the registered Software and Support Materials and initial software releases and will meet and confer with defendants to determine an appropriate way for defendants' counsel to inspect the registered current development environments.

defendants.

**DOCUMENT REQUEST NO. 118:**

Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, a complete set of log-in credentials, and all necessary software (including Change Assistant), sufficient to permit Defendants' counsel, for the sole purpose of defending against Oracle's claims in this litigation, access to inspect Customer Connection and all similar Oracle support websites or FTP sites.

**RESPONSE TO DOCUMENT REQUEST NO. 118:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad and burdensome, as only access to and downloads from Customer Connection are at issue in this litigation. Documents related to Downloads from any other Oracle website are unrelated to this case, and defendants do not need to inspect them in order to defend against Oracle's claims in this litigation. Oracle further objects to this Request on the grounds that it calls for giving defendants' counsel access to Oracle's trade secrets and other proprietary information.

Subject to and without waiving these objections, Oracle responds that it will meet and confer with defendants to determine an appropriate way to permit defendants' counsel to inspect Customer Connection.

DATED: September 14, 2007

Bingham McCutchen LLP

By: [signature]
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

BEFORE: CHARLES A. LEGGE, JUDGE (Ret.)

---oOo---

ORACLE CORPORATION, a Delaware corporation; ORACLE, USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

vs.

No. 07-CV-01658-MJJ

CERTIFIED COPY

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

HEARING IN RE DISCOVERY ISSUES

Wednesday, February 13, 2008

At:

JAMS
2 Embarcadero Center, 14th Floor
San Francisco, California

Reported by:
GEORGE SCHUMER, CSR 3326 (406308)

in this case. And that's why we have objected on burden grounds.

The final point, Your Honor, the failure to pursue third-party infringers -- let's say Rimini Street is doing the exact same thing TomorrowNow is, because they have hired all the TomorrowNow people, and they have the same business model, and it is the same founder.

The failure to pursue third-party infringers just is not -- and it has been held over and over again -- a defense to copyright infringement. Oracle may choose who it sues, and have its reasons for doing so.

MR. McDONELL: But that is misdirection, because that is not the basis I have argued for our entitlement here.

JUDGE LEGGE: Okay. Submit the issue?

MR. McDONELL: Submitted, Your Honor.

JUDGE LEGGE: Now copyright. I confess I approached this one late in the day -- or late in the evening, I should say.

What do you want? What are you trying to accomplish? Are you trying to undermine the copyright?

MR. McDONELL: It is very simple. If you are going to be sued for a copyright violation, it seems to us it is awfully fair to say, "Can we see the copyrighted work?" Period.

JUDGE LEGGE: Yes, see the copyrighted work.

MR. McDONELL: "We want a copy of the copyrighted work."

JUDGE LEGGE: That sounds logical to me. What is the matter with that?

MR. HOWARD: I don't think there is anything wrong with it, Your Honor. I think what we're debating is what is the copyrighted work, and what is cumulative, and what is necessary?

Copyright requires -- a copyright claim -- requires proof of ownership, and copying beyond the license. In most cases, for example, a song that's allegedly infringing, there is no direct evidence of copying, so you engage in what is called a "substantial similarity analysis."

Here Mr. Cowan showed you on the screen all the direct evidence of copying. It is there for everybody to see. So there is a very good argument that there is no comparison or substantial similarity analysis required. That's point one.

But that's not what we have stood on. That's just for Your Honor to understand -- that anything that we produce by way of copyright for comparison purposes is really never going to become an issue in the case, because we have the direct evidence of copying.

MR. COWAN: That's the whole point.

MR. McDONELL: What we have are the registrations, and under --

JUDGE LEGGE: Doesn't registration have the code?

MR. McDONELL: No, you have to give a couple of lines of code. The practice has grown up, because nobody can go to the copyright office and turn in all their codes. So you just have to give enough of a footprint --

JUDGE LEGGE: Where, then, do they see the code that defines the green rectangle? Where do they see it?

MR. HOWARD: They see it in three places. They see it in the green rectangle itself -- which we're going to give them. We're going to give them all three things at the top.

What we're asking Your Honor to rule is that we don't have to produce the same code four different times, in four different ways.

JUDGE LEGGE: I'm beginning to get it now. You will produce individual downloads, cumulative updates and initial releases?

MR. HOWARD: Yes, we have said all along that we will produce that. There is only one reason why they need it anyway, which is to compare our code which we have copyrighted with the code that they have taken. And they can do that using any of those three items.

MR. COWAN: Your Honor, it still leaves that outer band in the lower part of this graphic.

JUDGE LEGGE: Yes, it does. No doubt about that.

MR. COWAN: So the question is, is that still in place in the case?

JUDGE LEGGE: So your question is, are they still alleging an infringement of the fourth category, to wit -- defined here as the second category -- the current development environment.

What is the answer to that?

MR. HOWARD: The answer is that we are alleging an infringement of the individual download, which is the green square. And the only reason that they need to investigate that is to compare: Is there a copyright that covers that code; right?

So yes, we have alleged an infringement of the green square by itself, and then we have copyrighted a cumulative update that includes the green square, an initial release that includes the green square, and the current development environment that includes the green square.

But there is no reason for them to look at that entire current development environment -- which 99 percent of it, or some high percentage, doesn't have anything to do with this case, and is not the subject of any

infringement, and is --

JUDGE LEGGE: Whoa. That's the question, isn't it?

Isn't their whole point here that the current development environment registration is a registration on which you are alleging they infringe? If that is true, aren't they entitled to see the whole red or brown square?

MR. HOWARD: No, absolutely not, no, Your Honor. Because we are not alleging that they infringed a red square. We are alleging that they infringed the green portion, and there would be no purpose in looking at a red square, when the allegation is that you infringed the green square.

That's not the allegation in the complaint.

JUDGE LEGGE: It seems to me in this chart you are listing the current development environment square as a separate registration.

MR. HOWARD: It is a separate registration that is cumulative of, and includes -- it is the same green square that's in the other three. The only thing they need to do is compare the code. There is no reason for them to do that by looking at red squares in the current development environment. That's not going to answer anything in the case.

JUDGE LEGGE: Won't it answer whether they have

infringed the current development environment?

MR. HOWARD: No, it won't, because we are not alleging they have infringed the red square.

JUDGE LEGGE: Isn't that what this (indicating) is alleging? Maybe it isn't. Maybe you are just listing here what you registered.

MS. GLOSS: We are alleging they infringed portions of the current development environment, not the entire development environment. And we are agreeing to produce those portions that we allege they infringed. And if we discover or they discover in discovery that they have infringed more than we are aware of, then we will produce those portions of the code that are at issue.

What we don't want to do is to produce the entire current development environment, that also includes code that has absolutely nothing to do with this case.

JUDGE LEGGE: You are correct if you have not alleged infringement of the environment. Where is the allegation here that tells me what it is that you have alleged to be infringing?

MR. HOWARD: It is replete throughout the complaint that what they infringed were the downloads that they took.

MR. ALINDER: The registrations that cover many of the software and support materials were taken.

MR. HOWARD: And software and support materials are defined as the specific support items that they downloaded through Customer Connection and using Change Assistant.

So it is not the case that if there is a 1 percent infringement of the code, that they get to rifle through all of the other 99 percent. There is no relevance to that exercise in any copyright case.

MR. COWAN: Your Honor, here is what Mr. Howard is saying: "Take our word for it; we're not going to show it to you, but we're going to allege that you have infringed four separately copyrighted works, the individual downloads, the green squares. We're going to allege you infringed that.

"We're also going to allege you have infringed the accumulated update work, the brown square. We're also going to allege you infringed the blue square, the initial release. And we're also going to allege you infringed the current development environment copyright -- but we're not going to show it to you."

That's what he's saying.

JUDGE LEGGE: Where in the complaint do you think you are being charged with an infringement of this second item? Because this is just a list of the registrations, I think.

MR. COWAN: Paragraph 99 is the introductory paragraph into that. And then Paragraph 100 follows the table, and talks about numerous versions of Oracle software, including updates, patches, fixes, etc., "all of which SAP-TN copied without a license." So Paragraph 100 references the table and says we did it.

MS. BOERSCH: And 101 as well.

MR. ALINDER: That gets straight to the patches and fixes. Really the individual downloads, the green square that we are saying they took -- that's exactly what is stated in Paragraph 100.

JUDGE LEGGE: Okay.

MR. HOWARD: Your Honor, this is the discussion that you would have in a case where there wasn't evidence of copying. They have admitted they copied the stuff; they admitted it is stored in thousands of files on their servers.

JUDGE LEGGE: Do they admit it has got a copyright registration?

MR. COWAN: We have no factual basis to admit or deny that, because they haven't provided us a copy of the copyrighted work.

MR. HOWARD: So Your Honor, we are going to produce to them the code that they say they infringed, in the form of a registered work. If they still claim, as

Mr. Cowan just did, that the code that they downloaded and stole, and kept on their servers, that they have admitted they downloaded and stole and kept on their servers, isn't covered by those registered works, then there is something to talk about. But there is no reason now to go past that, and get into the current development environment.

JUDGE LEGGE: Well, unless, from a reading of the complaint, the judge would come to the conclusion that one of the registrations allegedly infringed was the second one, which is the current development environment. That's what you are alleging.

MR. HOWARD: We're alleging that the code in that current development environment -- which is the same code that's in the initial release and the cumulative update -- is infringed.

JUDGE LEGGE: No, each one of these is a separate registration, and you allege that this one (indicating) is infringed. If that's what this says, and I'm not convinced that it is, but if that's what this says, then they are entitled to see this whole thing.

MR. HOWARD: I don't think that's what it says, Your Honor. I think it says that the things that are identified, which are the updates, patches and fixes incorporated into these other works -- they are incorporated into.

So we have not alleged that they infringed the blue, the brown or the red. I think the complaint is clear about that. We alleged that they infringed the green.

So even if you were going to order an inspection, through an escrow, of the current development environment, they would only ever be entitled to see the green. Because that's the only thing left --

JUDGE LEGGE: Assuming your facts are correct; assuming that's a correct definition of your claims.

MR. HOWARD: Nowhere in the complaint will you find a sentence that says that they infringed the entire current development environment. It says they infringed the updates, patches and fixes incorporated into these other works.

JUDGE LEGGE: It says "including updates, patches and fixes."

All right. Now let me summarize.

What you want to say is to see the copyrighted material that you alleged -- was alleged against you -- to be infringed. They don't want to produce to you the current development environment, because what they say what you are entitled to is the little green rectangle, and you have already seen that.

You say, "We're being charged with infringement

of that, the current development environment, and therefore we're entitled to see that."

MR. McDONELL: Yes.

MR. HOWARD: Your Honor, unless there is a dispute over whether the code is the same in the first three, there is no need to get to the fourth one.

JUDGE LEGGE: If you charged them with violating the whole shooting patch here, there is. So that's the question.

MS. GLOSS: Don't they only get to see the green part?

JUDGE LEGGE: But if you have alleged they have infringed all of this --

MR. McDONELL: What if there is stolen code in the rest of it?

MR. HOWARD: I don't believe that we have alleged that.

JUDGE LEGGE: I've got to read this. So what paragraphs of the complaint am I reading?

MR. COWAN: The first amended complaint, the copyright allegations begin -- Oracle's first amended complaint. Document 31, it begins on Page 32, Paragraph 97. And runs all the way through Page 35, Paragraph 107.

JUDGE LEGGE: I'll read those.

MR. HOWARD: And I would just add, Your Honor --

and I think it will be obvious when you see it -- that those paragraphs have to be read with the definitions earlier in the complaint, including Paragraph 3 in mind, because they refer specifically to the software and support materials. And it is the software and support materials that are alleged to have been taken and infringed on. And those are just the small pieces of code that are the green squares.

JUDGE LEGGE: Yes, but that's only half the formula. The other half of the formula is: "Here is the allegedly infringing material. What is it they are alleged to have infringed?" And that's what they are getting at.

It seems to me it comes down to a question of whether you have actually alleged infringement of this bigger box, or whether you have not.

MR. HOWARD: I think we have alleged a piece of it.

And Your Honor, we told Judge Jenkins yesterday -- and it is in our CMC statement -- we're going to be amending our complaint. If there is any ambiguity that you find upon reading the complaint, we're prepared to clean it up in the amended version.

JUDGE LEGGE: All right. What do we have left here? The antitrust case.

CERTIFICATION

I, GEORGE SCHUMER, a Certified Shorthand Reporter in the State of California, hereby certify that said proceedings were taken at the time and place therein stated; that said proceedings were reported by me and thereafter prepared under my direction into typewriting, by computer; and that the foregoing is a full, complete and true record of said proceedings.

DATED: February 21, 2008.

GEORGE SCHUMER, CSR No. 3326

# EXHIBIT D

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287

Special Discovery Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

vs.

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

**CASE NO. 07-CV-1658 (MJJ)**

**JAMS Reference No. 1100053026**

**REPORT AND RECOMMENDATIONS RE: DISCOVERY HEARING NO 1**

## THIRD PARTY SUPPORT

Defendants seek extensive documents and interrogatory information concerning support of Oracle's products by third parties. They want detailed information regarding the third parties and their contractual relationship to Oracle. This request is tangential at best.

The downloading in this case was done either by the customers themselves or by TN as the support company representing those customers. What is the relevance of Oracle's relationships with other third party support. That information does not appear to be directly or presently relevant. Defendant argues that it will have something to do with damages, and with possible abandonment of some copyrights by Oracle. However, such extensive third party discovery does not now appear to be justified by those narrow potential arguments. Defendants also argue that the third party support contracts may shed some light on Oracle's license agreements with TN or the customers. But at present we do not know what language of the license agreements, or other documents granting consent to the customers to download, will be in dispute in this case.

The Special Discovery Master therefore recommends that these requests be denied, without prejudice, until a later showing of relevance and appropriateness.

## COPYRIGHT INFORMATION

Defendants want to see all of the "things" which Oracle claims to be copyrighted. It seems simple enough that a party charged with copyright infringement has a right to see what was copyrighted. However, in this industry the "thing" is generally code, which is incorporated into various expressions. The first amended complaint, in paragraph 99 does identify the works claimed to be copyrighted, together with the dates of registration and the registration numbers. But the later allegations of infringement in the comlpaint refer to Oracle's copyrights generally, and do not specifically identify which of the listed copyrights it claims have been infringed.

Oracle states that it is willing to produce identifiable copyrighted material, but does not want to produce its so called "current development environment", on the ground that it goes beyond the copyright issues and is cumulative of what Oracle will to produce. Oracle is willing

to produce the copyright material in the form of individual downloads, cumulative updates, and initial releases, but not the current development environment.

The Discovery Special Master agrees with Oracle's analysis that the production of the current development environment would be duplicative of the first three. The Master recommends to the Court that Oracle's production be limited to individual downloads, cumulative updates, and initial releases.

However, this is really not the end of the necessity for Oracle to produce the copyrighted material which is alleged to be infringed. As a starting point, the Discovery Special Master recommends that Oracle be compelled to identify the specific copyrights from paragraph 99 of the first amended complaint, which it contends were infringed by the improper use of the downloaded information.

## 2004 ANTITRUST CASE

Defendants ask, although not presently encompassed within a specific discovery request, that in answering the discovery, Oracle search for information which it gathered and produced in the 2004 antitrust case pertaining to Oracle's acquisition of People Soft.

The Special Discovery Master recommends that this request be denied. The subject matter of the two proceedings, the 2004 antitrust proceeding and this downloading case, are different. While some information helpful to this case might be included in the antitrust material, it does not presently justify the burden of searching that information base. It is therefore recommended that the request be denied, without prejudice.

## DAMAGES

Defendants have propounded discovery requests on the subject of damages. Oracle has agreed to produce certain damages information (see Oracle letter of February 7, 2008 pages 10-11) but declines to produce certain other information at the present time.

The Special Discovery Master recommends that Oracle be compelled to produce the information which it has agreed to produce in the letter identified above. However, the Special

Discovery Master recommends that the remaining discovery requested on the subject of damages be deferred.

The parties presently have a lot to do in responding to each other's discovery requests on the issues of liability. And some of those responses might impact the scope of the damages claims and defenses. The Special Discovery Master therefore recommends that these requests be deferred until later in the discovery procedures.

In that regard, the Special Discovery Master also recommends that the procedures scheduled in the pre-trial order of September 25, 2007 be modified to include dates for the production of written discovery on the subject of damages. That discovery could be scheduled sometime before the supplying of expert reports.

The Special Discovery Master submits this Report And Recommendations to the District Court pursuant to paragraph 3(a) of the stipulation and order of January 8, 2008.

Dated: February 22, 2008

Charles A. Legge

Hon. Charles A. Legge (Ret.)
Special Discovery Master

# EXHIBIT E

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANTS' FIRST NOTICE OF DEPOSITION OF PLAINTIFF ORACLE INTERNATIONAL CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants SAP AG, SAP America (together, "SAP"), and TomorrowNow, Inc. ("TN") will take the deposition of Plaintiff Oracle International Corporation ("OIC") on July 16, 2008, commencing at 9:00 a.m. at the law offices of Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104.

The deposition will be recorded stenographically, using real time transcription, by a certified court reporter, and by video and audio by a certified videographer.

OIC is hereby requested and required, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate and produce a witness or witnesses to testify on its behalf on the topics described below.

## DEFINITIONS

For purposes of this Notice of Deposition, the following definitions shall apply, unless otherwise indicated:

1. "Documents" shall be interpreted broadly and includes all forms of writings, tangible things, and other documents contemplated by Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001. This includes without limitation: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

2. "Complaint" means the First Amended Complaint filed on June 1, 2007.

3. "You" or "Your" means Plaintiff Oracle International Corporation, its predecessors and its successors.

4. "Registered Work" means a work underlying a federal copyright registration identified in the Complaint and any subsequent amendments to the Complaint.

5. "Software and Support Materials" means all program updates, software updates, bug fixes, patches, custom solutions, and instructional materials made available on Customer Connection or any similar Oracle support website or File Transfer Protocol ("FTP") site, including but not limited to, the Registered Works.

## SCOPE OF TESTIMONY

1. Your policies and procedures regarding filing federal copyright applications, including:

a. Your policies and procedures for determining authorship of the material for which you seek federal copyright protection;

b. Your policies and procedures for determining and/or securing ownership of the material for which you seek federal copyright protection, including but not limited to policies and procedures regarding works made for hire and works developed by independent contractors;

c. Your policies and procedures for determining originality of the material for which you seek federal copyright protection;

d. Your policies and procedures for determining copyrightability of the subject matter of the material for which you seek federal copyright protection;

e. Your policies and procedures for determining any preexisting work(s) of the material for which you seek federal copyright protection;

f. Your policies and procedures for determining when to file federal copyright applications for the material for which you seek federal copyright protection;

g. Your policies and procedures for determining the publication date of the material for which you seek federal copyright protection; and

h. Your policies and procedures for providing deposits with your federal copyright applications.

2. The historical policies and procedures of PeopleSoft, Inc. and J.D. Edwards regarding filing federal copyright applications, including:

a. The policies and procedures for determining authorship of the material for which federal copyright protection was sought;

b. The policies and procedures for determining and/or securing ownership of the material for which federal copyright protection was sought, including but not limited to policies and procedures regarding works made for hire and works developed by independent contractors;

c. The policies and procedures for determining originality of the material for which federal copyright protection was sought;

d. The policies and procedures for determining copyrightability of the subject matter of the material for which federal copyright protection was sought;

e. The policies and procedures for determining any preexisting work(s) of the material for which federal copyright protection was sought;

f. The policies and procedures for determining when to file federal copyright applications for the material for which federal copyright protection was sought;

g. The policies and procedures for determining the publication date of the material for which federal copyright protection was sought; and

h. The policies and procedures for providing deposits with federal copyright applications.

3. The procedures You followed for filing the federal copyright applications for the Registered Works, including:

a. The location of all documents relating to the applications to register the Registered Works or any other versions of the Registered Works, including any preexisting works;

b. Your efforts to determine authorship of the Registered Works;

c. Your efforts to determine and/or secure ownership of the Registered Works;

d. Your efforts to determine originality of the Registered Works;

e. Your efforts to determine the copyrightability of the subject matter of the Registered Works;

f. Your efforts to determine any preexisting work(s) related to the Registered Works;

g. Your determination of when to file federal copyright applications for the Registered Works;

h. Your efforts to provide deposits of the Registered Works; and

i. Your efforts to determine the publication dates of the Registered Works.

4. Your alleged ownership of the Registered Works, including:

a. Your policies and procedures for determining and/or securing ownership of the Registered Works, including but not limited to policies and procedures regarding works made for hire and works developed by independent contractors;

b. The location of all documents regarding the original ownership, and any other previous ownership, of the Registered Works, and the manner in which such documents are kept;

c. The location of all assignments of the Registered Works, and the manner in which such documents are kept;

d. The policies and procedures for assigning the Registered Works from the authors and/or owners of the Registered Works to Oracle International Corporation;

e. The policies and procedures for licensing the Registered Works from Oracle International Corporation to Oracle USA, Inc. and/or Oracle Corporation;

f. The terms of the licenses in the Registered Works between Oracle International Corporation and Oracle USA, Inc. and/or Oracle Corporation; and

g. The location of all licenses in the Registered Works between Oracle International Corporation and Oracle USA, Inc. and/or Oracle Corporation.

5. For each of the Registered Works, identification of the software, including updates, patches, and fixes, service packs, Software and Support Materials, and any other materials

allegedly covered by the registrations, identified by title, version number, file name, or other applicable identifying information.

6. For each of the Registered Works registered as a derivative work, identification of the author, current owner, any previous owners, content, creation date, publication date, and copyright registration number (if applicable), of the pre-existing works from which those Registered Works are derived.

7. For each of the Registered Works registered as a derivative work, identification of the additional registered material, as distinguished from the pre-existing works from which the Registered Works are derived.

Dated: June 10, 2008

JONES DAY

By: /s/ Tharan Gregory Lanier
Tharan Gregory Lanier

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

# PROOF OF SERVICE

I, Shirley Nakano-McSwain, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On June 10, 2008, I served a copy of the within document(s):

**DEFENDANTS' FIRST NOTICE OF DEPOSITION OF PLAINTIFF ORACLE INTERNATIONAL CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

BINGHAM McCUTCHEN LLP
DONN P. PICKETT
GEOFFREY M. HOWARD
HOLLY A. HOUSE
ZACHARY J. ALINDER
BREE HANN
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
*donn.pickett@bingham.com*
*geoff.howard@bingham.com*
*holly.house@bingham.com*
*zachary.alinder@bingham.com*
*bree.hann@bingham.com*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 10, 2008, at Palo Alto, California.

*Shirley Nakano-McSwain* [signature]

Shirley Nakano-McSwain

# EXHIBIT F

# Exhibit Intentionally Not Attached

# EXHIBIT G

"Alinder, Zachary J." <zachary.alinder@bingham.com>

02/13/2009 11:05 AM

To "'Elaine Wallace'" <ewallace@JonesDay.com>

cc "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Polito, John A." <john.polito@bingham.com>, "'Jason McDonell'"

bcc

Subject Reply RE Supplemental Response to Interrogatory No. 13

History: This message has been forwarded.

Elaine,

Below in blue are further responses to your questions concerning Oracle's Supplemental Response to Interrogatory No. 13.

Oracle's Supplemental Response to Interrogatory No. 13.

**JDE COPYRIGHT QUESTIONS:**

1. DEFENDANTS STATE: "You stated that the JDE software releases for which Oracle is unable to provide information are indicated in the interrogatory response by the words "No Description." You also stated that Oracle does not intend to investigate this issue further or provide any further description for these." RESPONSE: This is a one-sided description of the discussion on this point. As we discussed, Oracle performed a very diligent search for module information, as evidenced by the 74 page response. Even so, Oracle could not identify full description information for certain modules. Oracle does not believe that further searching is warranted or required by the discovery rules. Moreover, Oracle has recently produced the Customer Connection databases on drives labeled, ORCL062 and ORCL063. ORCL062 is Bates numbered ORCL00313462, and ORCL063 is Bates numbered ORCL00313463. The databases contain large amounts of descriptive information concerning Oracle's software and support materials, including unregistered works. Therefore, Oracle further refers Defendants to those databases pursuant to Federal Rule of Civil Procedure 33(d).

2. DEFENDANTS STATE: "You confirmed that where Oracle has provided a single list of modules for the initial release, cumulative update, and development environment, that is because each of these contains the same set of modules." RESPONSE: Correct, that is our understanding.

3. DEFENDANTS STATE: "You confirmed that the copies of the ESUs and Code Changes have been produced and that the titles on the production CDs are the same as the titles in the registrations." RESPONSE: Correct, that is our understanding.

4. DEFENDANTS STATE: "You will confirm that TX-6-541-024 does not cover source code." RESPONSE: Correct, that is our understanding.

5. DEFENDANTS STATE: "You stated your belief that Oracle's response to Interrogatory No. 13, in combination with the creation dates in the registrations, provides the information we seek regarding specific identification of the underlying works on which each derivative JDE and PeopleSoft work is based. I asked you to confirm that where a registration states that a derivative work is based on "prior versions" of the same work, it means the derivative work is based on all prior versions of the same work. You confirmed that is the case, except with respect to development environments. You will get back to us on that issue with respect to development environments. I asked how one can determine from the information provided in the response to Interrogatory No. 13 and the registrations what prior versions an "initial

release" derivative work is based on. You stated that Oracle's response to Interrogatory No. 13 is limited to the universe of registered works. We understand that to mean that Oracle has not provided, and does not intend to provide, any information regarding unregistered works upon which derivative works are based. I stated our view that that is an improper limitation." RESPONSE: Our understanding is that the initial release works are based on all prior versions of the work, and that registered intermediate works and current development environments are based on their respective initial releases. Additional material is continuously added to the current development environments. Thus, a new initial software release will be based on the then-current current development environment of the prior release. However, the current development environment for that prior release will continue to grow and mature thereafter, and may incorporate copyrighted software data that is not contained in the next initial software release. For example, when going from A8.1 to A9.1 or going from 8.11SP1 to 8.12, the new release will typically be based on the then-current current development environment of the prior release. Note, in addition, that the OneWorld/EnterpriseOne line was initially based on World software, and in particular the EnterpriseOne XE initial release was based on the World A7.3 line. Further, it is not true that Oracle has not provided, and does not intend to provide, any information regarding unregistered works. Oracle has recently produced the Customer Connection databases on drives labeled ORCL062 and ORCL063. ORCL062 is Bates numbered ORCL00313462, and ORCL063 is Bates numbered ORCL00313463. The databases contain large amounts of descriptive information concerning Oracle's software and support materials, including unregistered works. Therefore, Oracle further refers Defendants to those databases pursuant to Federal Rule of Civil Procedure 33(d).

**PEOPLESOFT COPYRIGHT QUESTIONS:**

6. DEFENDANTS STATE: "You confirmed that there is an error in Oracle's response with regard to TX-5-456-777 and that there are 12 modules associated with that registration." RESPONSE: Correct, that is our understanding.

7. DEFENDANTS STATE: "You stated that PeopleTools is unitary, not modular. Thus, each PeopleTools registration thus covers just one item." RESPONSE: That is not quite accurate. What we stated is that PeopleTools is unitary from a customer and licensing perspective. Accordingly, module information is not relevant, as customers do not separately license PeopleTools modules.

8. DEFENDANTS STATE: "See item no. 5 above." RESPONSE: The responses with respect to PeopleSoft are not entirely the same as those stated in item no. 5 above. Generally, our understanding is that derivative works are based on all prior versions of the same work in that product line. However, there are no registrations for current development environments for PeopleSoft. Further, it is not true that Oracle has not provided, and does not intend to provide, any information regarding unregistered works. Oracle has recently produced the Customer Connection databases on drives labeled ORCL062 and ORCL063. ORCL062 is Bates numbered ORCL00313462, and ORCL063 is Bates numbered ORCL00313463. The databases contain large amounts of descriptive information concerning Oracle's software and support materials, including unregistered works. Therefore, Oracle further refers Defendants to those databases pursuant to Federal Rule of Civil Procedure 33(d).

Best regards,
Zac Alinder

Zachary J. Alinder | Partner
Bingham McCutchen LLP
Three Embarcadero Center | San Francisco, CA 94111

T (415) 393-2226 | F (415) 393-2286
zachary.alinder@bingham.com

==================================================================
=============
Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
==================================================================
=============

# EXHIBIT H

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work

TX 6-541-829

[redacted]

TX TXU

EFFECTIVE DATE OF REGISTRATION

APR 26 2007

Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼

Initial release of JD Edwards World A7.3

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2**

**a** NAME OF AUTHOR ▼ J.D. Edwards & Company

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ Domiciled in ▶ Colorado (USA) corp.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☑ No Pseudonymous? ☐ Yes ☑ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

Portions of computer program.

**b** NAME OF AUTHOR ▼ J.D. Edwards World Source Company

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ Domiciled in ▶ Colorado (USA) corp.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☑ No Pseudonymous? ☐ Yes ☑ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

Portions of computer program.

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED 1996 ◀ Year This information must be given in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published. Month ▶ June Day ▶ 3 Year ▶ 1996 United States ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Oracle International Corporation
500 Oracle Parkway, Redwood City, CA 94065

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

Transfer by written agreement.

APPLICATION RECEIVED APR 26 2007

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED APR 26 2007

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of 2 pages

* Year date in notice: 1994. Publication date correct, authority phone call to Todd Adler on May 3, 2007.

EXAMINED BY LM

FORM TX

CHECKED BY

☑ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 5

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶ Year of Registration ▶

## 6

**DERIVATIVE WORK OR COMPILATION**
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Previous version(s) of JD Edwards World.

See instructions before completing this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Revisions, additional code and text of computer program.

## 7

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
a. Name ▼ Bingham McCutchen LLP Account Number ▼ DA 66664

b. **CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Bingham McCutchen LLP, Attn: Shalanda Baker
150 Federal Street
Boston, MA 02110-1726

Area code and daytime telephone number ▶ (617) 951-8052 Fax number ▶ (617) 951-8736

Email ▶ shalanda.baker@bingham.com

## 8

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Oracle International Corporation
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Todd Adler, Vice President, Trademark & Copyright Date ▶ April 24, 2007

Handwritten signature ▼ [signature]

## 9

Certificate will be mailed in window envelope to this address:

| | |
|---|---|
| Name ▼ | Shalanda Baker, Esq. |
| Number/Street/Apt ▼ | Bingham McCutchen LLP, 150 Federal Street |
| City/State/Zip ▼ | Boston, MA 02110-1726 |

[illegible]

*17 USC §506(e): [illegible]

Form TX—Full Rev: [illegible] Printed on recycled paper U.S. Government Printing Office: [illegible]

ORCL00008890

# EXHIBIT I

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-545-421

EFFECTIVE DATE OF REGISTRATION

5 | 1 | 07
Month | Day | Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**
Cumulative Update 6 for JD Edwards World A8.1

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

## 2

**a** **NAME OF AUTHOR ▼**
J.D. Edwards World Source Company

DATES OF BIRTH AND DEATH — Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☒ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE — Name of Country — OR Citizen of ▶ ____ Domiciled in ▶ Colorado (USA) corp.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK — Anonymous? ☐ Yes ☒ No — Pseudonymous? ☐ Yes ☒ No — If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Portions of computer program.

**b** **NAME OF AUTHOR ▼**
PeopleSoft, Inc.

DATES OF BIRTH AND DEATH — Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☒ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE — Name of Country — OR Citizen of ▶ ____ Domiciled in ▶ Delaware (USA) corp.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK — Anonymous? ☐ Yes ☒ No — Pseudonymous? ☐ Yes ☒ No — If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Portions of computer program.

**c** **NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH — Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE — Name of Country — OR Citizen of ▶ ____ Domiciled in ▶ ____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK — Anonymous? ☐ Yes ☐ No — Pseudonymous? ☐ Yes ☐ No — If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED — 2004 ◀ Year — This information must be given in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK — Complete this information ONLY if this work has been published. — Month ▶ October Day ▶ 28 Year ▶ 2004 — United States ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Oracle International Corporation
500 Oracle Parkway, Redwood City, CA 94065

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Transfer by written agreement.

DO NOT WRITE HERE — OFFICE USE ONLY

APPLICATION RECEIVED: MAY 01 2007
ONE DEPOSIT RECEIVED: MAY 01 2007
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

| | |
|---|---|
| EXAMINED BY | FORM TX |
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 5

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▶ Year of Registration ▶

## 6

**DERIVATIVE WORK OR COMPILATION**

**a** Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Previous version(s) of JD Edwards World.

See instructions before completing this space.

**b** Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Revisions, additional code and text of computer program.

## 7

**a** **DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ Bingham McCutchen LLP

Account Number ▼ DA66664

**b** **CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Bingham McCutchen LLP, Attn: Shalanda Baker
150 Federal Street
Boston, MA 02110-1726

Area code and daytime telephone number ▶ (617) 951-8052 Fax number ▶ (617) 951-8736

Email ▶ shalanda.baker@bingham.com

## 8

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶
- ☐ author
- ☐ other copyright claimant
- ☐ owner of exclusive right(s)
- ☑ authorized agent of Oracle International Corporation

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Todd Adler, Vice President, Trademark & Copyright Date ▶ May 1, 2007

Handwritten signature ▼

## 9

**Certificate will be mailed in window envelope to this address:**

Name ▼ Shalanda Baker, Esq.

Number/Street/Apt ▼ Bingham McCutchen LLP, 150 Federal Street

City/State/Zip ▼ Boston, MA 02110-1726

fee in check or money order ... of Copyrights

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form TX – Full Rev. 11/2006 Print 11/2006 – 50,000 Printed on recycled paper U.S. Government Printing Office: 2006-xx-xxx/60,xxx

ORCL00009254

# EXHIBIT J

# CERTIFICATE OF REGISTRATION

THE LIBRARY OF CONGRESS · UNITED STATES COPYRIGHT OFFICE

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
*United States of America*

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 4-792-577

TXU

EFFECTIVE DATE OF REGISTRATION

Month 12 Day 15 Year 98

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**

PeopleSoft HRMS 7.0

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

## 2

**a NAME OF AUTHOR ▼** PeopleSoft, Inc.

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☒ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country: OR { Citizen of ▶ / Domiciled in ▶ USA }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? ☐ Yes ☒ No; Pseudonymous? ☐ Yes ☒ No. If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼ Computer Software Program

**b NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country: OR { Citizen of ▶ / Domiciled in ▶ }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? ☐ Yes ☐ No; Pseudonymous? ☐ Yes ☐ No. If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country: OR { Citizen of ▶ / Domiciled in ▶ }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? ☐ Yes ☐ No; Pseudonymous? ☐ Yes ☐ No. If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

## 3

**a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** 1997 ◀ Year. This information must be given in all cases.

**b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. Month ▶ September Day ▶ 15 Year ▶ 1997

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

PeopleSoft, Inc.
4460 Hacienda Drive
Pleasanton, CA 94588-8618

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE — OFFICE USE ONLY

APPLICATION RECEIVED DEC 15 1998

ONE DEPOSIT RECEIVED DEC 15 1998

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

EXAMINED BY [handwritten initials]

FORM TX

CHECKED BY

☑ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

* Added by CO per authority of phone call with Robyn Newcomb on 12/18/98.

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 5

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ Year of Registration ▼

## 6

**DERIVATIVE WORK OR COMPILATION**

**a** Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

* PREVIOUSLY PUBLISHED VERSIONS

**b** Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

* NEW AND REVISED SOFTWARE CODE

See instructions before completing this space.

## 7

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**a** Name ▼ PeopleSoft, Inc. Account Number ▼ DA084719

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

**b** PeopleSoft, Inc.
Attn: Robyn Newcomb
4301 Hacienda Drive
Pleasanton, CA 94588-8618

Area code and daytime telephone number ▶ (925)694-1770 Fax number ▶ (925)694-7184

Email ▶ Robyn_Newcomb@peoplesoft.com

## 8

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of PeopleSoft, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Robyn Newcomb Date ▶ Dec 10, 1998

Handwritten signature (X) ▼

X [signature: Robyn Newcomb]

The filing fee of $20.00 is effective through June 30, 1999. After that date, please write the Copyright Office, check the Copyright Office Website at http://www.loc.gov/copyright, or call (202) 707-3000 for the latest fee information.

## 9

**Mail certificate to:**

Name ▼ PeopleSoft, Inc.
Attn: Robyn Newcomb

Number/Street/Apt ▼ 4301 Hacienda Drive

City/State/ZIP ▼ Pleasanton, CA 94588-8618

Certificate will be mailed in window envelope

- Complete all necessary spaces
- Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

September 1997—300,000 PRINTED ON RECYCLED PAPER ☆U.S. GOVERNMENT PRINTING OFFICE: 1997-417/750-60,0?

# EXHIBIT K

# CERTIFICATE OF REGISTRATION

UNITED STATES COPYRIGHT OFFICE · THE LIBRARY OF CONGRESS

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
*United States of America*

**FORM TX**
UNITED STATES COPYRIGHT OFFICE

TX 4-792-575

(TX) TXU

EFFECTIVE DATE OF REGISTRATION

Month 12 Day 15 Year 98

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

PeopleSoft HRMS 7.5

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

## 2

**a NAME OF AUTHOR ▼**

PeopleSoft, INC.

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☒ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ USA / Domiciled in ▶ }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☒ No Pseudonymous? ☐ Yes ☒ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

Computer Software Program

**b NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ / Domiciled in ▶ }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ / Domiciled in ▶ }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

## 3

**a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases. 1998 ◀Year

**b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. Month ▶ April Day ▶ 24 Year ▶ 1998 ◀

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

PeopleSoft, Inc.
4460 Hacienda Drive
Pleasanton, CA 94588-8618

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE OFFICE USE ONLY

APPLICATION RECEIVED DEC 15 1998

ONE DEPOSIT RECEIVED DEC 15 1998

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE



ORCL00180531

| EXAMINED BY *[signature]* | FORM |
|---|---|
| CHECKED BY | |
| ☑ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

☆ Added by CO per authority of phone call with Robyn Newcomb on 12/18/98.

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION**

**a** Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

~~☆ PREVIOUSLY PUBLISHED VERSIONS~~

See instructions before completing this space.

**b** Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

~~☆ NEW AND REVISED SOFTWARE CODE~~

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**a** Name ▼ PeopleSoft, Inc. Account Number ▼ DA084719

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

**b**
PeopleSoft, Inc.
Attn: Robyn Newcomb
4301 Hacienda Drive
Pleasanton, CA 94588-8618

Area code and daytime telephone number ▶ (925)694-1770 Fax number ▶ (925)694-7184

Email ▶ Robyn_Newcomb@peoplesoft.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of PeopleSoft, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Robyn Newcomb Date ▶ 12-10-98

Handwritten signature (X) ▼

X *Robyn Newcomb*

The [illegible] through June 30, 1999. After that date, please write the Copyright Office or check the Copyright Office [illegible] loc.gov/copyright, or call (202) 707-3000 for the latest fee information.

| Mail certificate to: | |
|---|---|
| | Name ▼ PeopleSoft, Inc. Attn: Robyn Newcomb |
| | Number/Street/Apt ▼ 4301 Hacienda Drive |
| Certificate will be mailed in window envelope | City/State/ZIP ▼ Pleasanton, CA 94588-8618 |

[illegible]
• Complete all necessary spaces
• Sign your application in space 8
[illegible]
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
[illegible]
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.



PRINTED ON RECYCLED PAPER