Walsh v. Apple, Inc. et al 

# EXHIBIT A

Dockets.Justia.com




Copyright
United States Copyright Office

# Copyright Registration for Derivative Works

## Derivative Works

A "derivative work," that is, a work that is based on (or derived from) one or more already existing works, is copyrightable if it includes what the copyright law calls an "original work of authorship." Derivative works, also known as "new versions," include such works as translations, musical arrangements, dramatizations, fictionalizations, art reproductions, and condensations. Any work in which the editorial revisions, annotations, elaborations, or other modifications represent, as a whole, an original work of authorship is a derivative work or new version.

A typical example of a derivative work received for registration in the Copyright Office is one that is primarily a new work but incorporates some previously published material. This previously published material makes the work a derivative work under the copyright law.

To be copyrightable, a derivative work must be different enough from the original to be regarded as a new work or must contain a substantial amount of new material. Making minor changes or additions of little substance to a preexisting work will not qualify the work as a new version for copyright purposes. The new material must be original and copyrightable in itself. Titles, short phrases, and format, for example, are not copyrightable.

### *Examples of Derivative Works*

The following examples show some of the many different types of derivative works:

- Television documentary (that contains archival footage and photographs)
- Motion picture (based on a play)
- Novel in English (a translation of a book originally published in Russian)
- Sound recording (CD in which two of the ten selections were previously published online)
- Sculpture (based on a drawing)
- Drawing (based on a photograph)
- Book of maps (based on public-domain maps with some new maps)
- Lithograph (based on a painting)
- Biography of John Doe (that contains journal entries and letters by John Doe)
- Drama about John Doe (based on the letters and journal entries of John Doe)
- Super Audio CD (in which all the tracks were previously released in a CD and have been remixed)
- Words and music (that include words from the Bible)

- Words and musical arrangement (arrangement is based on a piece by Bach)
- Musical arrangement (based on a work by Bach)

### *Compilations and Abridgments*

Compilations and abridgments may also be copyrightable if they contain new work of authorship. When the collecting of the preexisting material that makes up the compilation is a purely mechanical task with no element of editorial selection, or when only a few minor deletions constitute an abridgment, copyright protection for the compilation or abridgment as a new version is not available.

Some examples of copyrightable compilations are:

- Book of best short stories of 2006 (selected from stories published in magazines and literary journals in 2006)
- Sound recording of biggest pop hits of 2004 (selected from recordings released in 2004)
- Book of great news photos of 2002 (selected from newspapers and newsmagazines published in 2002)

In the above examples, original authorship was involved in deciding which were the best stories, the biggest hits, or greatest photos and in what order to present the respective works within the compilation.

## Copyright Protection in a Derivative Work

The copyright in a derivative work covers only the additions, changes, or other new material appearing for the first time in the work. It does not extend to any preexisting material and does not imply a copyright in that material.

One cannot extend the length of protection for a copyrighted work by creating a derivative work. A work that has fallen into the public domain, that is, a work that is no longer protected by copyright, may be used for a derivative work, but the copyright in the derivative work will not restore the copyright of the public-domain material. Neither will it prevent anyone else from using the same public-domain work for another derivative work.

In any case where a protected work is used unlawfully, that is, without the permission of the owner of copyright, copyright will not be extended to the illegally used part.

## Who Can Prepare a Derivative Work?

Only the owner of copyright in a work has the right to prepare, or to authorize someone else to create, a new version of that work. The owner is generally the author or someone who has obtained rights from the author. Anyone interested in a work who does not know the owner of copyright may search the records of the Copyright Office or ask the Office to conduct a search for an hourly fee. For further information, see Circular 22, *How to Investigate the Copyright Status of a Work.*

**NOTE: Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.**

## Notice of Copyright

Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works published on and after March 1, 1989, use of copyright notice is optional.

Although not required by law, it is perfectly acceptable (and often helpful) for a work to contain a notice for the original material as well as for the new work. For example, if a previously registered book contains only a new introduction, the notice might be

© 1941 John Doe; introduction © 2008 Mary Smith

For more information about copyright notice, see Circular 3, *Copyright Notice.*

## Registering a Copyright with the U.S. Copyright Office

An application for copyright registration contains three essential elements: a completed application form, a nonrefundable filing fee, and a nonreturnable deposit—that is, a copy or copies of the work being registered and "deposited" with the Copyright Office.

A copyright registration is effective on the date the Copyright Office receives all required elements in acceptable form, regardless of how long it takes to process the application and mail the certificate of registration. The time needed to process applications varies depending on the amount of material the Office is receiving and the method of application.

Here are the options for registering your copyright, beginning with the fastest and most cost-effective method.

**Option 1: Online Registration**

Online registration through the electronic Copyright Office (eCO) is the preferred way to register basic claims for literary works; visual arts works; performing arts works, including motion pictures; sound recordings; and single serials. Advantages of online filing include

- a lower filing fee
- fastest processing time
- online status tracking
- secure payment by credit or debit card, electronic check, or Copyright Office deposit account
- the ability to upload certain categories of deposits directly into eCO as electronic files

**NOTE: You can still register using eCO and save money even if you will submit a hard-copy deposit, which is required under the mandatory deposit requirements for published works. The system will prompt you to specify whether you intend to submit an electronic or a hard-copy deposit, and it will provide instructions accordingly. Hard-copy deposits are required for all published works.**

Basic claims include (1) a single work; (2) multiple unpublished works if they are all by the same author(s) and owned by the same claimant; and (3) multiple published works if they are all first published together in the same publication on the same date and owned by the same claimant.

To access eCO, go to the Copyright Office website at *www.copyright.gov* and click on *electronic Copyright Office.*

**Option 2: Registration with Fill-In Form CO**

The next best option for registering basic claims is the new fill-in Form CO. Using 2-D barcode scanning technology, the Office can process these forms much faster and more efficiently than paper forms completed manually. Simply complete Form CO on your personal computer, print it out, and mail it along with a check or money order and your deposit. To access Form CO, go the Copyright Office website and click on *Forms*. Do not save your filled-out Form CO and reuse it for another registration. The 2-D barcode it contains is unique for each work that you register.

**NOTE: Make sure your Form CO has a 2-D barcode on each page. Do not use screen shots to create your Form CO.**

**Option 3: Registration with Paper Forms**

Paper versions of forms are still available. They are not available on the Copyright Office website; however, staff will send them to you by postal mail upon request. Remember that online registration through eCO and fill-in Form CO (see above) can be used for registration.

***Mailing Addresses for Applications Filed on Paper and for Hard-copy Deposits***

*Library of Congress*
*U.S. Copyright Office*
*101 Independence Avenue SE*
*Washington, DC 20559-*****

To expedite the processing of your claim, use the address above with the zip code extension for your type of work:

*6222 for literary work*
*6211 for visual arts work*
*6233 for performing arts work*
*6238 for motion picture or other audiovisual work*
*6237 for sound recording*
*6226 for single serial issue*
*6601 for works sent in response to a mandatory deposit notice*

***How to Complete the Application***

Registration is often delayed because of mistakes or omissions in filling out the application. The following points should be helpful.

**Author** • Name the author(s) of the copyrightable material being claimed. Ordinarily, the author is the person who actually created the work. (Where the work or any contribution to it is a work made for hire, the employer is considered the author.) Do not name the author of previously published or registered work(s) or public domain material incorporated into the derivative work, unless that person is also the author of the new material. The application should name only the author(s) of the new material in which copyright is claimed.

**Author Created** • Specify what the author(s) created. Examples include "text," "translation," "editing," "music," "lyrics," "musical arrangement," "photographs," "artwork," "compilation."

**Year of Completion** • The year of completion is the year in which the new work—the particular version for which registration is sought—was fixed in a copy or phonorecord for the first time, even if other versions exist or if further changes or additions are planned. Do not confuse completion with publication.

**Publication** • The copyright law defines "publication" as "the distribution of copies or phonorecords of a work

to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication."

The following do not constitute publication: performing the work, preparing phonorecords, or sending the work to the Copyright Office.

The date of publication is the month, day, and year when the work for which registration is sought was first published. *If the work has not been published, no date of publication should be given on the application.*

**Copyright claimant** · The copyright claimant is either the author of this work or a person or organization who has obtained from the author all the rights he or she initially owned. When the claimant named is not the author, a brief transfer statement is required to show how the claimant acquired the copyright. Examples are "by written agreement" and "by inheritance." Do not send copies of documents of transfer to the application.

When the name of the claimant is not the name of the author, but the two names identify one person, the relationship between the names should be explained. Examples are: "Doe Publishing Company, solely owned by John Doe" or "John Doe doing business as Doe Recording Company."

**Previous registration** · If no registration has been made for this version or an earlier version of this work, leave this portion of the application blank.

If a previous registration for this work or another version of it was completed and a certificate of registration issued, give the requested information about the previous registration, if known.

**Limitation of claim** · Complete this portion of the application if the work being registered contains a *substantial* amount of material that

- was previously published,
- was previously registered in the U.S. Copyright Office,
- is in the public domain, or
- is not included in the claim.

**Material excluded** · Briefly, in general terms, describe the preexisting material that has been recast, transformed, or adapted. See examples below. Do not complete this space for compilations.

**New material included** · Briefly, in general terms, describe all new copyrightable authorship covered by the copyright claim for which you seek this registration. See examples below. All elements of authorship described in "Author created" should be accounted for in "New material included."

If the claim is in the compilation only, state "compilation" in "New material included." If the claim is in the compilation and any other material, state both "compilation" and the material that has been compiled — for example, "compilation and foreword"; "compilation of photographs, additional photography, and foreword"; "compilation of recordings and liner notes"; "compilation of gospel songs, additional music, and foreword"; "compilation of 19th-century political cartoons, new foreword, and index."

Examples for "Material Excluded" and "New Material Included" entries for derivative works:

- Motion picture based on the novel *Little Women*:
  *Material Excluded:* *Text*
  *New Material Included:* *Entire Motion Picture*
- New arrangement of preexisting music for piano:
  *Material Excluded:* *Music*
  *New Material Included:* *Musical Arrangement*
- Two-act play expanded to a three-act play, with editing throughout:
  *Material Excluded:* *Text*
  *New Material Included:* *Text, Editing*
- A new edition of Shakespeare's *Romeo and Juliet* with a new introduction:
  *Material Excluded:* *Text*
  *New Material Included:* *Text*
- A 1989 catalog that has been revised, and to which new text and photographs have been added:
  *Material Excluded:* *Text, Photographs*
  *New Material Included:* *Text, Photographs, Editing*
- Lithographic print of a 19th century oil painting:
  *Material Excluded:* *Artwork*
  *New Material Included:* *Reproduction by photo-lithography [in "Other" space]*
- U.S. Geological Survey map of southern Virginia with additional maps and text added:
  *Material Excluded:* *Map*
  *New Material Included:* *Map, Text*
- A CD that contains previously published sound recordings on some tracks and new sound recordings on other tracks:
  *Material Excluded:* *Sound Recording*
  *New Material Included:* *Sound Recording*
- A new release of a sound recording first published in the 1980s, with new photographs and text included in the CD package:

*Material Excluded:* *Sound Recording*
*New Material Included:* *Photograph(s), Text of liner notes*

- Remixed sounds from a 1970 recording by Sperryville Symphony of Bach Double Concerto
  *Material Excluded:* *Sound Recording*
  *New Material Included:* *Remix*

## For Further Information

### *By Internet*

Circulars, announcements, regulations, other related materials, and certain copyright application forms are available from the Copyright Office website at *www.copyright.gov*.

### *By Telephone*

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. Staff members are on duty from 8:30 AM to 5 PM, eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and information circulars you want, you can request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. You can leave a recorded message.

### *By Regular Mail*

Write to:

*Library of Congress*
*Copyright Office-COPUBS*
*101 Independence Avenue SE*
*Washington, DC 20559-6304*

CIRCULAR 14 REV: 01/2009 PRINT: 01/2009—10,000 Printed on recycled paper
U.S. GOVERNMENT PRINTING OFFICE: 2009-349-387/80,012

# EXHIBIT B



"Alinder, Zachary J." <zachary.alinder@bingham.com>

12/17/2008 11:15 AM

To "Elaine Wallace" <ewallace@JonesDay.com>

cc "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Hann, Bree" <bree.hann@bingham.com>, "Greg Lanier"

bcc

Subject RE: Oracle's Supplemental Response to Interrogatory No. 13

Thanks, Elaine. We will respond to your email below before the end of the week.

**From:** Elaine Wallace [mailto:ewallace@JonesDay.com]
**Sent:** Wednesday, December 17, 2008 10:59 AM
**To:** Alinder, Zachary J.
**Cc:** Howard, Geoff; House, Holly; Hann, Bree; Greg Lanier; Scott Cowan; Jason McDonell; Joshua L Fuchs; Jane L Froyd
**Subject:** Fw: Oracle's Supplemental Response to Interrogatory No. 13

Zac,

Any chance we'll get a response to the email below this week? I am out of the office next week and would like to know where we stand on this issue before I leave.

Thanks.

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

----- Forwarded by Elaine Wallace/JonesDay on 12/17/2008 10:57 AM -----

Elaine Wallace/JonesDay
Extension 35831

12/11/2008 04:39 PM

To zachary.alinder@bingham.com

cc geoff.howard@bingham.com, holly.house@bingham.com, bree.hann@bingham.com, Greg Lanier/JonesDay@JonesDay, Scott Cowan/JonesDay@JonesDay, Jason McDonell/JonesDay@JonesDay, Joshua L Fuchs/JonesDay@JonesDay, Jane L Froyd/JonesDay@JonesDay

Subject Oracle's Supplemental Response to Interrogatory No. 13

Zac,

We have received Oracle's supplemental response to Interrogatory No. 13. We are still evaluating the response but, as an initial matter, we note that it does not appear to address the information requested by Topic 6 of our Rule 30(b)(6) deposition notice to OIC. Specifically, the response does not contain any information concerning identification of the authors, current and former owners, and copyright registration numbers (if applicable) of the previous works on which each derivative work is allegedly based. Although Interrogatory No. 13 does not specifically request that information, pursuant to the parties' agreement, Oracle's supplemental response is in lieu of deposition testimony on Topics 5 and 6, so all information encompassed within those topics should be included in the response.

Is this an inadvertent omission or is it Oracle's position that the information above is contained in documents referenced in the response? If it is the latter, we need you to identify specifically (i.e. by Bates number) for each registration which documents Oracle contends provide information regarding the author of the pre-existing material on which the derivative work is based, the current and former owners of the pre-existing material, and the copyright registration number, if any, for the pre-existing material.

Regards,

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

=======================================================================

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or

copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
==================================================================
=======

# EXHIBIT C



"Polito, John A."
<john.polito@bingham.com>

04/03/2009 02:40 PM

To "Elaine Wallace" <ewallace@JonesDay.com>

cc "Scott Cowan (swcowan@JonesDay.com)" <swcowan@JonesDay.com>, "Joshua Fuchs " <jlfuchs@JonesDay.com>, "Laurie M Charrington"

bcc

Subject primary identification of software

History: This message has been replied to and forwarded.

Dear Elaine,

Below, please find a list of Bates numbers for software relating to the Registered Works, together with descriptions. As discussed during our meet and confer earlier today, this list is the result of Oracle's preliminary investigation. Oracle continues to investigate, and will provide additional information early next week.

Regards,
John Polito

---
ORCL00264019 PeopleSoft 8.3 HRMS
ORCL00264021 PeopleSoft 8.8 HRMS
ORCL00264022 PeopleSoft 8 Financials/Supply Chain Management, Service Pack 2 and Promotions Management, Collaborative Supply Management, eRFQ, eSupplier Connection, Supply Chain Portal Pack
ORCL00264023 PeopleSoft 8.8 Enterprise Performance Management Rev 1
ORCL00264024 PeopleTools 8.4, PeopleTools 8.4 Mobile Agent (use requires specific license) 1 of 2
ORCL00264025 PeopleTools 8.4, PeopleTools 8.4 Mobile Agent (use requires specific license) 2 of 2
ORCL00264026 PSOFT8 HRMS Serv Pack 1 Rev. 1 CD
ORCL00264027 PeopleSoft 8.8 Customer Relationship Management
ORCL00264028 PeopleTools 8 CD
ORCL00264030 PSOFT8 HRMS CD
ORCL00264031 PSoft HRMS 7 CD
ORCL00264035 PSOFT PeopleTools 8.10 CD
ORCL00264037 PeopleSoft 8.4 Financials and Supply Chain Management - Rev 1
ORCL00264038 PeopleSoft 8 Customer Relationship Management
ORCL00264039 PeopleSoft 8 Student Administration and Contributor Relations Solutions
ORCL00264040 PeopleTools 7.50
ORCL00264041 JD Edwards EnterpriseOne Standalone DVD 1 of 1 July 2006
ORCL00264042 One World 8.11 SP1 1 of 2
ORCL00264043 One World 8.11 Standalone Windows 1 of 2
ORCL00264044 One World 8.11 Standalone Windows 2 of 2
ORCL00264046 8.10 Update 2 Windows 1 of 1 3/13/2007
ORCL00264048 One World 8.9 Standalone Windows 1 of 2 September 2003
ORCL00264049 One World 8.11 SP1 Standalone Windows 2 of 2 October 2005
ORCL00264050 One World 8.9 Standalone Windows 2 of 2 September 2003
ORCL00264051 One World 8.10 Standalone Windows 1 of 2 August 2004
ORCL00264052 One World 8.10 Standalone Windows 2 of 2 August 2004
ORCL00264053 8.12 Update 1 Windows 1 of 1 10/10/2006
ORCL00264055 One World Xe Update 8 Standalone Windows 1 of 1 March 2004
ORCL00264056 registered ESUs

**John A. Polito**
***Associate***
**T 415.393.2314**

**F 415.393.2286**
**john.polito@bingham.com**
**B I N G H A M**
**Bingham McCutchen LLP**
**Three Embarcadero Center**
**San Francisco, CA 94111-4067**

=================================================================
=============
Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
=================================================================
=============

# EXHIBIT D

"Alinder, Zachary J." <zachary.alinder@bingham.com>

04/09/2009 05:40 PM

To "'Elaine Wallace'" <ewallace@JonesDay.com>
cc "Hann, Bree" <bree.hann@bingham.com>, "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Jane L Froyd"
bcc
Subject RE: Vantive acquisition documents and inter-Oracle agreements

Elaine,

1. The presumption in Oracle's copyright registrations satisfies the proper scope of the ownership and authorship information for the Registered Works. Having Oracle chase down PeopleSoft acquisition documents years after the fact is precisely the type of pointless discovery that the copyright presumption was intended to prevent. If you have any authority for your position that remote acquisition documents need to be produced to show ownership despite the presumption, please provide that, along with the list of acquisitions as to which you believe your argument applies.

2. As to ORCL00182365-67, yes, that is our understanding. Next, the January 1, 2004 PeopleSoft agreement was produced yesterday morning. I am sure that you don't need me to chase down bates-numbers for you. As to JDEE, it is ironic that you are now arguing that JDEE is relevant to damages, given Defendants' contradictory position on its motion to dismiss -- something that you did not attempt to distinguish in your email. Given the history, we are skeptical of the relevance of any JDEE discovery. That said, we are still willing to consider producing this agreement if you can distinguish your motion to dismiss position and can make a relevance argument as to the current parties. So far, you have been unable to do either.

As for your threat of some future motion regarding "Oracle's investigation and production of inter-entity agreements and other documents relevant to its copyright ownership claims," Oracle has produced the inter-entity agreements necessary to prove its claims, and has followed up as requested by Defendants over and over regarding other agreements. If Defendants felt there were additional inter-entity documents relevant to their defenses, Defendants have had the ability to request any inter-entity agreements that they've wanted (and as this email string demonstrates have done so time and again) and have had the ability to bring a motion to compel before Judge Laporte (following appropriate meet and confer assuming Defendants are following those rules) if Oracle refused to produce them.

Best regards,
Zac Alinder

**From:** Elaine Wallace [mailto:ewallace@JonesDay.com]
**Sent:** Thursday, April 09, 2009 9:09 AM
**To:** Alinder, Zachary J.
**Cc:** Hann, Bree; Howard, Geoff; House, Holly; Jane L Froyd; Joshua L Fuchs; Jason McDonell; Polito, John A.; Scott Cowan; Greg Lanier
**Subject:** RE: Vantive acquisition documents and inter-Oracle agreements

Zac,

In response to the email below:

1. What is the status of your investigation into the Vantive issue? It appears that other PeopleSoft

acquisitions are relevant to Oracle's copyright ownership claims as well, such as PeopleSoft's acquisition of Red Pepper Software and subsequent incorporation of Red Pepper's supply chain management software into PeopleSoft's product line. Please confirm that in responding to our discovery requests regarding ownership of the copyrighted materials Oracle has investigated these acquisitions and searched for responsive documents.

2. With respect to the inter-entity agreements, can you clarify your statement that "we believe that the January 1, 2004 JDE agreement referred to below (ORCL00182365-67) is the correct one"? Do you mean that the January 1, 2004 JDE agreement (ORCL00182365-67) is the same one referred to in the June 1, 2005 cost-sharing agreement (ORCL00182217-47)? Also, have you produced the January 1, 2004 PeopleSoft agreement yet? If so, please provide the Bates number. In response to your request for an explanation of the relevance of the missing distributor agreement, I provided that explanation in my January 15 email:

"These agreements are responsive to our damages related RFPs and relevant to the same issues as the other agreements Oracle has produced. For example, OEMEA has brought tortious interference claims on its own behalf and/or as successor in interest to PeopleSoft and JD Edwards entities. An agreement between JDEE and PSBV regarding distribution of JDE products within the relevant discovery time frame, as this one is, is certainly relevant to that claim. Moreover, Oracle has already produced an amendment to the agreement that permitted PSBV to distribute JDE products to Oracle affiliates, including OIC and OEMEA, under the same terms. It's hard to see how the amendment could be relevant if the underlying agreement is not."

In light of your email of yesterday regarding the proper scope of our motion to compel, please be advised that we plan to raise in our motion (and in other contexts, as to which we will provide the required formal notice when appropriate) the adequacy of Oracle's investigation and production of inter-entity agreements and other documents relevant to its copyright ownership claims.

Regards,

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

"Alinder, Zachary J." <zachary.alinder@bingham.com>

03/17/2009 02:44 PM

To "'Elaine Wallace'" <ewallace@JonesDay.com>

cc "Greg Lanier" <tglanier@JonesDay.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Jane L Froyd" <jfroyd@JonesDay.com>, "Joshua L Fuchs" <jlfuchs@JonesDay.com>, "Hann, Bree" <bree.hann@bingham.com>, "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Polito, John A." <john.polito@bingham.com>

Subject RE: Vantive acquisition documents and inter-Oracle agreements

Elaine,
We are looking into the Vantive issue you raise below. As to the inter-entity agreements, we can provide the following update. First, we believe that the January 1, 2004 JDE agreement referred to below (ORCL00182365-67) is the correct one. Second, we will agree to produce the January 1, 2004 PeopleSoft agreement as well. We expect it to be included in the next production. Third, as to the JDEE agreement that you identify, we do not understand your relevance argument, particularly considering that the Court granted SAP's motion to dismiss JDEE as a plaintiff, based on SAP's argument that JDEE only had distribution rights in EMEA. However, we will consider any further information, authority or other basis that you can provide as to why that agreement is relevant to the claims or defenses here.

Best regards,

Zac Alinder

**From:** Elaine Wallace [mailto:ewallace@JonesDay.com]
**Sent:** Friday, March 13, 2009 5:09 PM
**To:** Alinder, Zachary J.; Hann, Bree; Howard, Geoff; House, Holly
**Cc:** Greg Lanier; Scott Cowan; Jason McDonell; Jane L Froyd; Joshua L Fuchs
**Subject:** Vantive acquisition documents and inter-Oracle agreements

Counsel,

It appears based on Oracle's recent production of the PeopleSoft legal database that PeopleSoft's acquisition of Vantive Corporation is relevant to Oracle's ownership claim for the PeopleSoft CRM product line. We do not believe any documents relating to that acquisition have been produced. The Vantive acquisition documents are responsive to, among others, RFP No. 55 and should have been produced. Please produce them.

Also, we have not received any response to our requests on January 14, 15, and 26 that Oracle produce three agreements that are missing from its production of inter-Oracle agreements, i.e. two January 1, 2004 Amended and Restated Research and Development Cost Sharing Agreements, one for PeopleSoft and one for JDE, and a January 1, 2004 distributor agreement between JDEE and PeopleSoft International B.V. Please produce these as well.

Regards,

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

=================================================================
=============

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

=================================================================
=============

==========

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

==========

=================================================================
=============


The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

=================================================================
=============