Walsh v. Apple, Inc. et al Doc. 311

BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International
Corp., and Oracle EMEA Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, *et al.*,<br><br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF MAY 5, 2008 CASE MANAGEMENT ORDER** |



Dockets.Justia.com

I, Geoffrey M. Howard, declare as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court, and am a partner at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle International Corporation and Oracle EMEA Ltd. (collectively, "Oracle"). Except where stated below on information and belief, I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2. This case was originally assigned to Judge Jenkins. On September 25, 2007, I attended a Case Management Conference held before Judge Jenkins, at which counsel for Oracle and for SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants," and together with Oracle, the "Parties") discussed fact depositions with the Court. Both Parties agreed that the standard 10 depositions of fact witnesses permitted by the Federal Rules would be far too few for this case. Judge Jenkins then set the fact deposition limit at 20 per side, indicating that the Parties could seek additional depositions if necessary.

3. By the time the case was reassigned to this Court, the Parties again agreed that 20 fact witness depositions would be insufficient. I attended this Court's April 24, 2008 Case Management Conference, at which the Parties discussed their respective fact deposition time proposals. Although the hearing was not recorded or transcribed, my recollection is that the discussion was in the context of fact discovery, and that no one suggested that the deposition hours proposals should include expert depositions as well.

4. After the hearing, the Court issued the May 5 Case Management Order, which states that each side may take 350 hours of depositions, but does not state whether those hours are intended for fact or expert depositions. Because the Parties' proposals to the Court had only discussed fact depositions, as had their conversations with Judge Jenkins and this Court, Oracle interpreted the statement of 350 hours to refer to fact depositions. Oracle also considered that the timing of expert disclosures supported this interpretation. Oracle planned its use of hours accordingly, believing it could use all 350 hours for fact witnesses.

5. As of today, Oracle has used approximately 325 deposition hours. Several important fact witnesses, including third parties, remain before the close of fact discovery on

June 19. The Parties will not exchange expert disclosures until June 1, 2009, so, until then, Oracle does not know how many experts Defendants intend to use, and vice versa. However, even if Defendants disclose only one testifying expert, 25 hours is not sufficient time for Oracle to depose that single expert *and* complete the necessary fact depositions remaining, including crucial third-party witness testimony. Further, Oracle expects Defendants to disclose significantly more than one testifying expert. If so, 25 hours will not be sufficient for even just expert depositions.

6. On May 12, 2009, Oracle filed on behalf of the Parties a joint administrative motion, accompanied by a stipulation, to modify the case scheduling order on behalf of the Parties. As part of that motion, the Parties requested that the 350 deposition hours per side currently permitted by the May 5 Case Management Order be expanded to 450 hours. The Parties negotiated the language of the joint motion and accompanying documents over a period of seven weeks, exchanged over ten drafts, and had more than ten phone calls to meet and confer about it. I participated in several of these negotiations, and my colleagues participated in the others. During those discussions, Oracle repeatedly described its further need for fact depositions, but Defendants never mentioned that they believed the 350-hour limit included expert depositions.

7. Half an hour after Oracle filed the joint motion and stipulation on behalf of the Parties, Defendants emailed Oracle to state, for the first time, their position that the original 350-hour deposition limit includes time for expert depositions, not just fact depositions. The Parties exchanged several emails discussing this interpretation, but were unable to come to agreement. A true and correct copy of the email chain is attached as **Exhibit A**.

8. On May 19, 2009, my colleague Bree Hann emailed counsel for Defendants to inform them that Oracle intended to file this administrative motion and accompanying proposed order to seek clarification of the meaning of the 350-hour limit. Defendants declined to stipulate to Oracle's motion and order. A true and correct copy of that email chain is attached as **Exhibit B**.

I declare that the above facts are true and correct, and that this Declaration was

executed on May 19, 2009, in San Francisco, California.

_____________/s/___________________
Geoffrey M. Howard

# EXHIBIT A

## Hann, Bree

**From:** Elaine Wallace [ewallace@JonesDay.com]
**Sent:** Friday, May 15, 2009 12:46 PM
**To:** Hann, Bree
**Cc:** Pickett, Donn; Howard, Geoff; House, Holly; Jane L Froyd; Joshua L Fuchs; Jason McDonell; Scott Cowan; Greg Lanier; Alinder, Zachary J.
**Subject:** RE: Remaining deposition hours

Bree,

We've already provided the basis for our interpretation below. It is not a "new" interpretation as you suggest, but one that we have had ever since Judge Hamilton issued her order. Your presumptive position that we "had an obligation" to inform you of our interpretation regarding the scope of the 350 hour limit during the negotiation of the stipulation rings hollow given that Oracle could have, but did not, inform us of its interpretation.

The timing of my email to you on this issue was prompted by Oracle's service of multiple third party deposition subpoenas this week, which caused us to question how Oracle planned to use its remaining 43 deposition hours. Oracle has served 9 such subpoenas in the last few days. We assume there will be more.

If you wish to raise this issue with either Judge Laporte on May 26th and/or Judge Hamilton on May 28th, we will be prepared to respond accordingly.

Regards,

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

**"Hann, Bree" <bree.hann@bingham.com>**

05/14/2009 06:54 PM

To "'Elaine Wallace'" <ewallace@JonesDay.com>, "Jane L Froyd" <jfroyd@JonesDay.com>, "Joshua L Fuchs" <jlfuchs@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Greg Lanier" <tglanier@JonesDay.com>, "Scott Cowan" <swcowan@JonesDay.com>

cc "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>, "Pickett, Donn" <donn.pickett@bingham.com>

Subject RE: Remaining deposition hours

Elaine,

We are quite surprised by your position. First, it makes no logical sense that, throughout fact discovery, the parties would have to reserve deposition hours for an unknown number of expert depositions taking place after the close of fact discovery. We remind you that expert disclosures are not due until June 1 -- a party would have no idea how many testifying experts the other side planned to use (and therefore how many deposition hours would be needed) until that day. We further note that our recollection is that, at the CMC hearing itself, Judge Hamilton's discussion of the purpose of the 350-hour limit mirrored our interpretation.

Second, the timing of your email and explanation is troubling. You did not notify us of this interpretation until **after** we filed the joint administrative motion and stipulation. At best, the parties have apparently disagreed about what those additional 100 hours in the stipulation and proposed order are meant for. In the recent (and lengthy) negotiations leading to the motion and stipulation, we repeatedly discussed why the Parties believed additional deposition hours were necessary. Those discussions focused on Siebel and post-litigation discovery -- and not once did Defendants mention this new interpretation. If this was truly Defendants' position, you had an obligation to inform us of it during those negotiations.

Please explain the basis for your interpretation and why you did not raise it until after the motion and stipulation were filed. We need to know your position by the end of the day tomorrow.

Thanks,
Bree

Bree Hann | Counsel
Bingham McCutchen LLP
Three Embarcadero Center | San Francisco, CA 94111
T (415) 393-2958 | F (415) 393-2286
bree.hann@bingham.com

---

**From:** Elaine Wallace [mailto:ewallace@JonesDay.com]
**Sent:** Thursday, May 14, 2009 4:04 PM
**To:** Hann, Bree
**Cc:** Howard, Geoff; House, Holly; Jane L Froyd; Joshua L Fuchs; Jason McDonell; Scott Cowan; Greg Lanier; Alinder, Zachary J.
**Subject:** RE: Remaining deposition hours

Bree,

We disagree. We believe the Court's order is clear. If analysis is required, then the only logical conclusion is that the 350 hour limit is an aggregate limit applying to the combined hours of fact and expert depositions. To start with, Judge Hamilton's May 5, 2008 Order does not distinguish fact and expert discovery with respect to deposition hours, a point made even more clear by the fact that other parts of the same order do make such a distinction:

NON-EXPERT DISCOVERY CUTOFF: June 19, 2009.
DISCLOSURE OF EXPERTS (retained and non-retained) : June 1, 2009.
REBUTTAL: July 31, 2009.
EXPERT DISCOVERY CUTOFF: October 9, 2009.
DISCOVERY LIMITATIONS: Depositions: 350 hours each side

As you know, while the parties did make competing proposals for the number of or hours re "fact depositions" in the parties' April 17, 2008 CMC statement, the Court did not accept either proposal; instead the Court's order addressed discovery limitations generally and gave a number of deposition hours without saying that the hours applied solely to "fact depositions." Indeed, the minutes of the April 24, 2008 CMC plainly state "Each side will be allowed 350 hours for depositions." Moreover, there is no distinction between fact and expert depositions in either

the text or the Advisory Committee Notes of FRCP 30.

We will respond as appropriate to whatever issues plaintiffs intend to raise in the next discovery statement and at the May 26 conference.

Regards,

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

**"Hann, Bree"**
**<bree.hann@bingham.com>**

05/13/2009 11:33 AM

To "'Elaine Wallace'" <ewallace@JonesDay.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>, "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>

cc "Greg Lanier" <tglanier@JonesDay.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Jane L Froyd" <jfroyd@JonesDay.com>, "Joshua L Fuchs" <jlfuchs@JonesDay.com>

Subject RE: Remaining deposition hours

Elaine,

Oracle is of course aware of the present deposition hours limits and is tracking its time carefully. Both sides have routinely stopped depositions without using the full seven hours permitted. While we cannot commit in advance as to how much time we will use for each deposition, we will comply with our overall limitations.

One important clarification: expert depositions are not part of the 350-hour fact deposition limit. As you will recall, the issue of deposition time first arose with Judge Jenkins, when the parties agreed that the default 10 fact depositions per side would not be enough for this case. Judge Jenkins expanded the limits from 10 fact depositions to 20. In the parties' joint CMC statement to Judge Hamilton, both sides described their deposition time proposals in terms of fact witnesses only. Judge Hamilton then ordered the 350 hour limit. Please let us know immediately if you nonetheless contend that expert deposition time is included within the 350 hour limit, so that we may raise the issue in the next discovery conference statement.

Finally, for third party depositions, we have and will continue to schedule them based on the availability of the third party witnesses. Defendants may raise any issues about scheduling with the third parties directly. We will respond to your Rule 30(b)(6) subpoenas and cross-notices when we receive them.

Thanks,
Bree

Bree Hann | Counsel
Bingham McCutchen LLP

Three Embarcadero Center | San Francisco, CA 94111
T (415) 393-2958 | F (415) 393-2286
bree.hann@bingham.com

---

**From:** Elaine Wallace [mailto:ewallace@JonesDay.com]
**Sent:** Tuesday, May 12, 2009 6:30 PM
**To:** Alinder, Zachary J.; Hann, Bree; Howard, Geoff; House, Holly
**Cc:** Greg Lanier; Scott Cowan; Jason McDonell; Jane L Froyd; Joshua L Fuchs
**Subject:** Remaining deposition hours

Counsel,

While the parties have stipulated to some changes to the case schedule and discovery limits, the Court may not agree to that stipulation. Should that happen, there is one immediately pressing schedule/logistical matter on which it is important that there be no confusion. By our calculation, Oracle has approximately 43 hours remaining for depositions in this case. This accounts for the fact that testimony in German is counted at 1/2 clock time. Yesterday, we received notice of 3 third party depositions Oracle proposes to take. This is in addition to the 7 depositions Oracle has already scheduled (Ravin, McDermott, Testone, Phillips, Surette, Plattner and Shankle). We assume Oracle plans to reserve some of its time for expert depositions as well. Obviously, Oracle does not have enough deposition hours to permit a full day of deposition for each of these witnesses. In fact, assuming no time is reserved for expert depositions, there would be no more than 4.3 hours per deposition if Oracle were to take all 10. For planning purposes, please let us know whether Oracle intends to take some of these depositions off calendar and/or limit some of them to some minimal number of hours.

With respect to the third party depositions, we note that you have scheduled them for May 18, 21, and 27. We object to the unreasonably short notice, particularly for the out of state depositions. Please confirm that you will meet and confer with us on scheduling to ensure that these proposed depositions take place on dates that are mutually convenient for both sides and the third parties. Also, please note that we plan to issue our own Rule 30 (b)(6) subpoenas and cross-notices and will be reserving time for our own questions, which will affect the late start times you have proposed.

Regards,

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

=====================================================================
Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in

connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
==============================================================================

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==============================================================================
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
==============================================================================

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

EXHIBIT B

## Hann, Bree

**From:** Greg Lanier [tglanier@JonesDay.com]
**Sent:** Tuesday, May 19, 2009 2:45 PM
**To:** Hann, Bree
**Cc:** Pickett, Donn; 'Elaine Wallace'; Howard, Geoff; House, Holly; 'Jane L Froyd'; Joshua L Fuchs; 'Jason McDonell'; Scott Cowan; Alinder, Zachary J.
**Subject:** Re: Oracle/SAP: administrative motion re deposition hours

Bree, we believe the Court's order is clear and no motion is necessary or appropriate. We also believe that there is no need to burden the Court with another motion given that there is already set for next week a Case Management Conference to address the parties' proposal on schedule and discovery limits, at which conference this issue could easily be addressed.
Thus, we decline to stipulate to the administrative motion discussed below.

We will respond separately to your related email of yesterday.

Thank you,

Greg

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

"Hann, Bree" <bree.hann@bingham.com>
05/19/2009 11:46 AM

To
"Scott Cowan" <swcowan@JonesDay.com>, "Greg Lanier" <tglanier@JonesDay.com>, "'Jason McDonell'" <jmcdonell@JonesDay.com>, "'Elaine Wallace'" <ewallace@JonesDay.com>, "Joshua L Fuchs" <jlfuchs@JonesDay.com>, "'Jane L Froyd'" <jfroyd@JonesDay.com>

cc
"Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>, "Pickett, Donn" <donn.pickett@bingham.com>

Subject
Oracle/SAP: administrative motion re deposition hours

Counsel,

Oracle believes the Parties need clarification of the meaning of the 350-hour deposition limit as soon as possible. Therefore, we will file an administrative motion today pursuant to Local Rule 7-11, asking the Court to clarify its order. Our proposed order will ask the Court to confirm that the 350-hour limit does not include expert deposition time. Based on the Parties' meet and confer to date, we will be including a declaration stating that the Parties cannot agree on a stipulation relating to this motion and order. Please let me know by 3 pm Pacific whether Defendants will in fact stipulate to Oracle seeking this relief.

Thanks,
Bree

Bree Hann | Counsel
Bingham McCutchen LLP
Three Embarcadero Center | San Francisco, CA 94111 T (415) 393-2958 | F (415) 393-2286 bree.hann@bingham.com

==================================================================

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent. The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
==================================================================

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========