BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited

JONES DAY
ROBERT A. MITTELSTAEDT (SBN 060359)
JASON McDONELL (SBN 115084)
ELAINE WALLACE (SBN 197882)
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

JONES DAY
THARAN GREGORY LANIER (SBN 138784)
JANE L. FROYD (SBN 220776)
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

JONES DAY
SCOTT W. COWAN (Admitted *Pro Hac Vice*)
JOSHUA L. FUCHS (Admitted *Pro Hac Vice*)
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP America, Inc., and TomorrowNow, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE USA, INC., *et al.*,

Plaintiffs,

v.

SAP AG, *et al.*,

Defendants.

No. 07-CV-1658 PJH (EDL)

**[PROPOSED] STIPULATED REVISED CASE MANAGEMENT AND PRETRIAL ORDER**



Dockets.Justia.com

Based on the Parties' showing of good cause, and pursuant to the direction the Court provided the Parties during the May 27, 2009 Case Management Conference, the Court hereby grants the Parties' joint motion to modify the case management schedule and modifies the May 5, 2008 Case Management and Pretrial Order as follows:

1. Defendants are granted leave to file on August 26, 2009, an additional summary judgment motion regarding Plaintiffs' royalty damages theory. The Parties shall meet and confer as soon as possible to schedule on a priority basis what, if any, discovery may be needed by Plaintiffs before filing of that motion.
2. The case management and pre-trial schedule is now as follows:

| DESCRIPTION | DEADLINE/DATE |
|---|---|
| Defendants to File Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 08/26/09 |
| Plaintiffs to File Opposition to Defendants' Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 09/23/09 |
| Last Day to Identify Custodians (w/ 6 in reserve) | 10/02/09 |
| Deadline to Designate Expert Witnesses | 10/02/09 |
| Defendants to File Reply in Support of Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 10/07/09 |
| Hearing on Defendants' Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 10/28/09 |
| Last Day to Identify Final 6 Custodians | 11/02/09 |
| Last Day to Serve Discovery Requests | 11/02/09 |
| Deadline to Serve Expert Reports | 11/16/09 |
| Updated Settlement Conference Statements Due | 11/23/09 |
| Settlement Conference | 11/30/09 |
| Deadline to Supplement and/or Correct All Disclosures and Discovery Responses | 12/04/09 |
| Fact Discovery Cut-off | 12/04/09 |
| Last Day to File Motion to Compel | 12/11/09 |
| Deadline to Designate Rebuttal Expert Witnesses | 01/22/10 |
| Deadline to Serve Rebuttal Expert Reports | 02/26/10 |
| Parties to File Dispositive Motions | 03/03/10 |
| Parties to File Oppositions to Dispositive Motions | 03/31/10 |
| Parties to File Replies Re Dispositive Motions | 04/14/10 |
| Expert Discovery Cut-off | 04/23/10 |

| | |
|---|---|
| Hearing on the Parties' Dispositive Motions | 05/05/10 |
| Last Day to Meet and Confer re Joint Pretrial Statement | 07/22/10 |
| Deadline to File Joint Pretrial Statement | 08/05/10 |
| Deadline to File Proposed Joint Voir Dire Questions and Joint Jury Instructions | 08/05/10 |
| Deadline to File Trial Briefs | 08/05/10 |
| Deadline to File Motions in Limine (all in one document) | 08/05/10 |
| Deadline to File Deposition Excerpts | 08/05/10 |
| Deadline to File Witness List | 08/05/10 |
| Deadline to File Exhibit List | 08/05/10 |
| Deadline to Exchange and Submit Exhibits (2 sets to Court) | 08/05/10 |
| Deadline to File Any Request re: Treatment of Conf. or Sealed Docs. | 08/05/10 |
| Deadline to File Proposed Verdict Form | 08/05/10 |
| Deadline to File Opposition to Motions in Limine | 08/19/10 |
| Pretrial Conference | 09/30/10 |
| Trial Commences (estimated 6 weeks) | 11/01/10 |

3. Each side is allowed a total of 450 deposition hours for fact witness depositions.
4. Each side is allowed a total of 15 expert witnesses. The Parties shall meet and confer regarding the time needed for expert depositions.
5. Plaintiffs are permitted to move to amend the complaint by July 15, 2009 to add Siebel-related claims and any other claims or allegations agreed to by the Parties prior to July 15, 2009. All Siebel-related claims shall be asserted at this time. The Parties reserve their respective rights, defenses, and positions with respect to any other amendment.
6. Should Plaintiffs intend to seek any other amendment to the complaint, then Plaintiffs shall make the appropriate motion(s) no later than August 26, 2009. The Parties shall meet and confer prior to the filing of any motion under this paragraph.

Additionally, the following discovery limitations shall apply:

1. For purposes of the following limitations, the phrase "relating to Siebel" used in the context of any new discovery right or obligation created by this Order relating to any discovery sought from Defendants shall: (a) mean documents and testimony of similar scope to those already provided by Defendants in this case relating to PeopleSoft and JD Edwards products and support; and (b) include discovery relating

to Defendants' decision for Defendant TomorrowNow, Inc. ("TomorrowNow") to provide Siebel support, the provision of third-party maintenance and related support services to Siebel customers, and the Siebel portion of Defendants' Safe Passage program to the extent that it involves entities who were customers of both TomorrowNow and SAP (*i.e.*, Defendants SAP AG and SAP America, Inc.). For purposes of the following limitations, the phrase "relating to Siebel" used in the context of any new discovery right or obligation created by this Order relating to discovery sought from Plaintiffs shall: (a) mean documents and testimony of similar scope to those already provided by Plaintiffs in this case relating to PeopleSoft and JD Edwards products and support; and (b) include discovery relating to Siebel software licensing, maintenance, and related support services to Siebel customers for the time frames relevant to this case, whether before and after Plaintiffs' acquisition of Siebel. Notwithstanding this Order, the Parties retain all rights and objections regarding the proper scope of discovery from any party relating to Siebel in this case. Nothing in this Order limits or prevents the Parties from continuing to meet and confer on such disputes about the proper scope of Siebel discovery, or from submitting such disputes to Judge Laporte if necessary for a ruling.

2. Each side is permitted to designate an additional 20 custodians, for a total of 140 custodians per side. Up to 7 of Plaintiffs' additional 20 custodians may be SAP custodians. The Parties will meet and confer regarding the desired custodians and may seek further relief from Judge Laporte if an agreement cannot be reached.

3. In addition to the current expanded timeline agreement between the Parties, Defendants shall produce additional responsive custodian documents (including those relating to Siebel) from March 22, 2007 through October 31, 2008 for Werner Brandt, Gerhard Oswald, and Thomas Bamberger, subject to Defendants' objections to any outstanding document requests.

4. Defendants shall provide the following individual depositions with associated time limits that shall be counted against the total deposition hours available to Plaintiffs:

a. Up to four additional actual clock hours each for Shelley Nelson and James Mackey relating to Siebel and/or Defendants' post-litigation conduct through October 31, 2008, without regard to whether questions on these topics also incidentally relate to issues previously covered with these witnesses. With respect to Shelley Nelson, this additional time may also be used to address any other questions or documents relevant to the claims and defenses in this case that have not been previously asked or used in her prior depositions, with the exception of Plaintiffs' Deposition Exhibit 135.

b. Up to seven additional actual clock hours each for Werner Brandt, Gerhard Oswald, and Martin Breuer relating to Siebel and/or Defendants' post-litigation conduct through October 31, 2008. The seven hours assumes that all seven hours would be conducted in German and thus, per Judge Laporte's prior ruling, would count against Plaintiffs' total allotment as 3.5 hours each.

5. Other than as provided in 4(a) and (b) immediately above, no depositions of individuals from either side will be re-opened without consent of the relevant party or a ruling from Judge Laporte after a showing of good cause.

6. By June 30, 2009:

a. Plaintiffs and TomorrowNow will provide dates for supplemental depositions of the Parties' corporate designees on topics relating to Siebel, subject to any and all objections the Parties may have to the deposition notices.

b. SAP will provide a date for a SAP Rule 30(b)(6) deposition relating to Siebel, for up to 7 hours of record time, subject to any and all objections SAP may have to the deposition notice.

c. SAP will provide dates for supplemental depositions of its corporate designees on topics relating to Siebel other than those addressed during the deposition permitted by paragraph 6(b) above, for up to four hours of record time combined, subject to any and all objections SAP may have to the deposition notices.

7. By July 15, 2009, the Parties will provide the following relating to Siebel:

a. For Plaintiffs, all relevant organization charts or equivalents, acquisition documents, copyright application/registration documents, customer contracts, customer contract files, customer-specific financial and other records, and copies of software at issue (with license keys). For TomorrowNow, all relevant organization charts or equivalents, customer contracts, customer contract files, customer-specific financial and other records, and, to the extent they exist in a centralized location outside of what is normally included in this case as part of an individual custodian's production, documents reflecting development and implementation of the support model for Siebel customers. For SAP, all relevant organization charts or equivalents, board-level documents, including versions of board meeting minutes and any related board presentation materials previously produced with information relating to Siebel redacted, and SAP's customer contracts, files, and financial and other records for any Siebel customer that was recruited through Safe Passage and was also both a SAP and TomorrowNow customer. All Parties retain all rights and objections to all document requests and the Parties shall retain all rights and objections regarding the proper scope of discovery from any party relating to Safe Passage. To the extent any dispute arises regarding that scope, then it will be subject to further meet and confer and, if necessary, presented to Judge Laporte for a ruling.

b. For Plaintiffs, all licenses (including exclusive and nonexclusive licenses), assignment agreements, or other agreements relevant to rights to use and/or ownership of the software and/or copyrighted material at issue. Plaintiffs retain the right to raise the same objections previously raised to these requests.

c. For Plaintiffs, as to any copyrighted works claimed to be derivative works, identification and copies of the underlying work(s) and a list of Plaintiffs' products embodying, including, or constituting any copyrighted works at

issue. Plaintiffs retain the right to raise the same objections previously raised to these requests.

d. For Plaintiffs, Siebel financial information (including chart of accounts and other such information produced as to PeopleSoft and JD Edwards products). For Defendants and relating to Siebel, financial information (including chart of accounts and other such information produced as to PeopleSoft and JD Edwards products). All Parties retain the right to raise the same objections previously raised to these requests.

e. Defendants have given or will give Plaintiffs access to all servers, CDs, DVDs, and other portable media (besides backup tapes) relating to Siebel that after a reasonable search Defendants are aware of at TomorrowNow, and will not separately produce all environments or environment components relating to Siebel on those servers or any other media. If Plaintiffs locate any environment components in the Data Warehouse and mark them for production, then Defendants will produce the files they mark, subject to a privilege review. Defendants will also produce all TomorrowNow fixes provided to Siebel customers, assuming such fixes can be located and are kept in a central location. If such fixes are kept on a server in the Data Warehouse, then Plaintiffs can mark them for production as part of the Data Warehouse review.

f. Each side may identify 20 interrogatory responses that it would like updated in scope consistent with the additional Siebel discovery permitted or required elsewhere in this Order. The Parties retain all objections to any and all such interrogatories.

8. Defendants have provided declarations stating that neither SAP, TomorrowNow, nor any SAP subsidiary provided any third-party maintenance and related support services for eBusiness Suite, Retek, or Hyperion (the "HRE Products"). Plaintiffs have reviewed these declarations and agree they will not propound further discovery

in this case relating to the HRE Products. Defendants agree not to object to providing documents or testimony relating to the JD Edwards, PeopleSoft, or Siebel products on the grounds that any such documents or testimony relating directly to those three products also contain information relating to the HRE Products. Plaintiffs agree that they will not seek to amend their complaint in this case to include new claims attempting to add the HRE Products, but will reserve their rights to file a separate lawsuit relating to the HRE Products at another time, should they obtain any information supporting such claims. Defendants agree not to assert that any such subsequent claims regarding the HRE Products are improper by using an argument that relies on the fact that those claims were not asserted in this lawsuit.

DATED: June 4, 2009

JONES DAY

By: /s/
Tharan Gregory Lanier
Attorneys for Defendants
SAP AG, SAP America, Inc.,
and TomorrowNow, Inc.

In accordance with General Order No. 45, Rule X, the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

DATED: June 4, 2009

BINGHAM McCUTCHEN LLP

By: /s/
Geoffrey M. Howard
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International
Corporation, and Oracle EMEA, Ltd.

**IT IS SO ORDERED.**

Date: ________, 2009

____________________________

Hon. Phyllis J. Hamilton
United States District Judge