Walsh v. Apple, Inc. et al
Doc. 331

# EXHIBIT A

Dockets.Justia.com

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JEFFREY S. ROSS (SBN 138172)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jeff.ross@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFF ORACLE CORPORATION'S FIRST SET OF INTERROGATORIES TO DEFENDANT TOMORROWNOW, INC.** |

**INTERROGATORY NO. 13:**

Describe in as much detail as possible all Software and Support Materials that "have been downloaded beyond those that, according to TN's records, related to applications licensed to the particular customer on whose behalf the downloads were made," as alleged in ¶ 15 of Your Answer, including but not limited to Identifying the "records" You referenced in making Your determination.

**RESPONSE TO INTERROGATORY NO. 13:**

DATED: August 2, 2007

Bingham McCutchen LLP

By: [signature]
Geoffrey M. Howard
Attorneys for Plaintiffs
Oracle International Corporation, Oracle USA, Inc., Oracle Corporation

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JEFFREY S. ROSS (SBN 138172)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jeff.ross@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 (MJJ)<br><br>**CERTIFICATE OF SERVICE** |

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFF ORACLE CORPORATION'S FIRST SET OF INTERROGATORIES TO DEFENDANT TOMORROWNOW, INC.;**

**PLAINTIFF ORACLE USA, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT TOMORROWNOW, INC.; and**

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TOMORROWNOW, INC.**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on August 2, 2007, at San Francisco, California.

Briana Lynn Morgan

# EXHIBIT B

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFF ORACLE USA, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT TOMORROWNOW, INC.**<br><br>**CONTAINS INFORMATION DESIGNATED CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER** |

**INTERROGATORY NO. 14:**

For each local environment Identified in Your responses to Interrogatories 12 and 13, Identify all Customers who received support based on the Use of that environment, and a detailed description of that support (such as, for example, the retrofit tax updates testified to by Shelley Nelson (Shelley Nelson Dep. at 32:19-34:13 (Oct. 30, 2007)) including, where applicable, Identification of the name, number, version or other Identifying information of the product provided as part of the support.

**RESPONSE TO INTERROGATORY NO. 14:**

DATED: November 27, 2007

Bingham McCutchen LLP

By: ______________________

Aaron Schur
Attorneys for Plaintiffs
Oracle International Corporation, Oracle USA, Inc.,
Oracle Corporation

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following document:

**PLAINTIFF ORACLE USA, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT TOMORROWNOW, INC.**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

Jason McDonell, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415) 875-5820

jmcdonell@jonesday.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on November 27, 2007, at San Francisco, California.

Rosaleen Doran

# EXHIBIT C

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH<br><br>**DEFENDANT TOMORROWNOW, INC.'S FOURTH AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF ORACLE CORPORATION'S FIRST SET OF INTERROGATORIES (SET ONE)** |

**INTERROGATORY NO. 13:**

Describe in as much detail as possible all Software and Support Materials that "have been downloaded beyond those that, according to TN's records, related to applications licensed to the particular customer on whose behalf the downloads were made," as alleged in ¶ 15 of Your Answer, including but not limited to Identifying the "records" You referenced in making Your determination.

**RESPONSE TO INTERROGATORY NO. 13:**

THIS RESPONSE IS DESIGNATED AS CONFIDENTIAL INFORMATION.

Subject to and without waiving the General Responses and Objections, TomorrowNow responds as follows: TomorrowNow's downloads on behalf of customers using JDE's OneWorld products were made based on instructions set forth on a Download Request Form. The Download Request Forms for Merck, OCE, SPX, Metro Machine and Yakazi instructed the download team to download all ESUs for all system codes on a particular release level. TomorrowNow's records did not show that those customers had represented that they were licensed to all system codes on a particular release level. Additionally, TomorrowNow has learned that the password and user id. for Honeywell were used to access the Customer Connection site to download materials apparently related to JDE products. Additional information responsive to this interrogatory can be derived or ascertained from the relevant customer contracts, onboarding documentation, Download Request Forms and the relevant customer files, which will be included in TomorrowNow's document production and on which TomorrowNow relies to further respond to this interrogatory pursuant to Rule 33(d).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

THIS SUPPLEMENTAL RESPONSE IS DESIGNATED AS CONFIDENTIAL INFORMATION.

TomorrowNow further responds that its customer contracts include but are not limited to: TN-OR00000027 – TN-OR00001007 and TN-OR 00004204 – TN-OR00004276; and that its onboarding documentation includes but is not limited to TN-OR00001008 – TN-OR00001277. Download material (in native format) includes but is not limited to: TN-OR00004202, TN-OR00005146 and TN-OR00005147. TomorrowNow reserves the right to further supplement this response as necessary during the course of document production.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

THIS SECOND SUPPLEMENTAL RESPONSE IS DESIGNATED AS CONFIDENTIAL INFORMATION.

TomorrowNow further responds that because TomorrowNow did not have access to its customers' respective license agreements with the software vendor, TomorrowNow relied on the representations of its customers in each customer's Support Services Agreement and the

"Covered Products" portion of the Agreement's accompanying exhibits, as well as the product information provided by the customer in the Product Verification Forms. As stated in the response above, TomorrowNow believes that there were some downloads made for products beyond those to which the customer informed TomorrowNow that the customer was licensed. However, despite numerous discovery requests for information from Plaintiffs that will map downloads to specific products, no such information has been produced which in turn means that TomorrowNow does not have the ability to map each of the specific downloads to each of the specific products. Plaintiffs have represented to the Court that they also do not have the ability post-download to determine which downloads relate to which products. Thus, without such mapping information (provided in a manner that permits an electronic "download to product" comparison), it is not possible for TomorrowNow to evaluate the appropriateness of each download it made on behalf of its customers. TomorrowNow further responds by incorporating by reference all of its current responses to Interrogatory No. 14 and Interrogatory No. 16.

## PROOF OF SERVICE

I, Grace Wayte, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On May 22, 2009, I served a copy of the attached document(s):

**DEFENDANT TOMORROWNOW, INC.'S FOURTH AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF ORACLE CORPORATION'S FIRST SET OF INTERROGATORIES (SET ONE)**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.
- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.
- ☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.
- ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.
- ☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Donn Pickett
Geoffrey M. Howard
Zachary J. Alinder
Brec Hahn
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
*donn.pickett@bingham.com*
*geoff.howard@bingham.com*
*zachary.alinder@bingham.com*
*bree.hahn@bingham.com*

Executed on May 22, 2009, at San Francisco, California.

By: *[signature]*
GRACE WAYTE

# EXHIBIT D

Robert A. Mittelstaedt (SBN 060359)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH<br><br>**DEFENDANT TOMORROWNOW, INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF ORACLE USA, INC.'S SECOND SET OF INTERROGATORIES** |

**INTERROGATORY NO. 14:**

For each local environment Identified in Your responses to Interrogatories 12 and 13, Identify all Customers who received support based on the Use of that environment, and a detailed description of that support (such as, for example, the retrofit tax updates testified to by Shelley Nelson (Shelley Nelson Dep. at 32:19-34:13 (Oct. 30, 2007)) including, where applicable, Identification of the name, number, version or other Identifying information of the product provided as part of the support.

**RESPONSE TO INTERROGATORY NO. 14:**

THIS RESPONSE IS DESIGNATED AS HIGHLY CONFIDENTIAL.

TomorrowNow objects that this interrogatory is cumulative, compound, unduly burdensome and oppressive to the extent it seeks to require TomorrowNow to attempt to evaluate millions of pages of documents and data relating to customer support that have been created over several years. Subject to and without waiving the foregoing objections and the General Responses and Objections, TomorrowNow responds as follows: Generally, to the extent a particular entity is or was a TomorrowNow customer, and when TomorrowNow maintains an environment on that customer's behalf, TomorrowNow provided or provides support to that customer utilizing that environment. For updates and/or fixes to Peoplesoft and JDE products, TomorrowNow has generally used the customer's environment(s) (whether maintained by TomorrowNow or the customer) to create or test the updates and/or fixes. TomorrowNow is aware of certain instances where an environment maintained on behalf of one customer may have been used to create or test updates and/or fixes for other customers. *See, e.g.*, Tr. of October 30, 2007 Deposition of Mark Kreutz, at 197:8-199:25; Tr. of October 30, 2007 Deposition of Shelley Nelson at 32:19-41:17, 53:13-55:7; Dec. 6, 2007 Deposition of Shelley Nelson at 126:4-139:3, 145:1-14, 160:16-161:5, 185:3-16, 195:24-196:20. Additional information responsive to this

interrogatory as to specific customers may be derived or ascertained from TomorrowNow's business records; specifically, the relevant specific customer support efforts, updates, and fixes are set forth and described in detail in TomorrowNow's emails among development and support engineers and its databases of customer service information, including its SAS databases (which have been previously produced, in native format, at TN-OR 00009569), which have been or will be included in TomorrowNow's production of documents and on which TomorrowNow relies to further respond to this interrogatory pursuant to Rule 33(d).

**AMENDED AND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

TomorrowNow amends the confidentiality designation of its prior response to be designated as Confidential.

TomorrowNow supplements it prior response as follows:

THIS RESPONSE IS DESIGNATED AS CONFIDENTIAL.

TomorrowNow further responds that information responsive to this interrogatory can be found in the SAS database. *See* TN-OR 03775478, TN(Hard drive).67. TomorrowNow further responds that Plaintiffs have questioned TomorrowNow's witnesses extensively in deposition on topics related to this interrogatory. For example, Plaintiffs requested deposition testimony on TomorrowNow's "creation and use of Customer Local Environments, including without limitation: b. The manner and method by which Customer Local Environments were created, stored and Used by You; . . . d. The total number of Customer Local Environments created for each identified customer; e. The name, release, and version of all PSFT or JDE branded Software obtained and/or copied to create each identified Customer Local Environment; f. The identity and description of all Customer Local Environments maintained in any way by You relating to Customers for whom You had ceased to provide support services; g. The identity and description of all Customer Local Environments Used by You in any way to support any Customer other than the one that provided the Software used to create the Customer Local Environment; . . . [and] l. The process by which Customer Local Environments were Used as part of the ordinary course of business for SAP TN, including without limitation to on-boarding of new Customers; support of Customer cases, issues, and problems; reactive and proactive development of bug fixes, updates,

patches, explanations, or regulatory changes for Customers; and testing of other operating systems levels. . . ." *See* January 22, 2008 Amended Notice of Deposition of TomorrowNow, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6).

In response to these noticed topics and during the course of individual depositions of TomorrowNow witnesses, TomorrowNow has provided more than sufficient testimony on the use of TomorrowNow's local environments. *See, e.g.,* February 6-7, 2008 Deposition of John Baugh Pursuant to Rule 30(b)(6); February 19, 2008 Deposition of Mark Kreutz Pursuant to Rule 30(b)(6); December 6, 2007 Deposition Testimony of Shelley Nelson Pursuant to Rule 30(b)(6); June 25, 2008 Deposition of Rod Russell Pursuant to Rule 30(b)(6); April 1, 2008 Deposition of Kathy Williams Pursuant to Rule 30(b)(6); April 1, 2008 Deposition of Catherine Hyde Pursuant to Rule 30(b)(6); April 18, 2008 Deposition of Shelley Nelson; December 5, 2008 Deposition of Matthew Bowden; February 12, 2009 Deposition of Catherine Hyde; May 12, 2009 Deposition of Catherine Hyde; February 5, 2009 Deposition of Rod Russell; April 10, 2009 Deposition of Patti VonFeldt; February 26, 2009 Deposition for Andrew Nelson; April 29, 2009 Deposition of Andrew Nelson.

TomorrowNow further states that it would be impossible and unreasonable to expect TomorrowNow to provide a detailed description of the support provided with each local environment. This interrogatory calls for tracking information for hundreds of environments from 2002 until the local environments were shut down on April 30, 2008. TomorrowNow relies upon all testimony and each document cited in this Supplemental Response to further respond to this interrogatory pursuant to Rule 33(d).

Dated: May 22, 2009

JONES DAY

By: ______________________
Jason McDonell

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

# PROOF OF SERVICE

I, Grace Wayte, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On May 22, 2009, I served a copy of the attached document(s):

**DEFENDANT TOMORROWNOW, INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF ORACLE USA, INC.'S SECOND SET OF INTERROGATORIES**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Donn Pickett
Geoffrey M. Howard
Zachary J. Alinder
Bree Hahn
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
*donn.pickett@bingham.com*
*geoff.howard@bingham.com*
*zachary.alinder@bingham.com*
*bree.hahn@bingham.com*

Executed on May 22, 2009, at Palo Alto, California.

By: *Grace Wayte*
Grace Wayte

# EXHIBIT E

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287

Special Discovery Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

vs.

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

**CASE NO. 07-CV-1658 (MJJ)**

**JAMS Reference No. 1100053026**

**REPORT AND RECOMMENDATIONS RE: DISCOVERY HEARING NO 1**

and for what products. Oracle has agreed to produce communications between the primary sales contacts and the customers; internal records tracking customer losses to defendants; and its current best information about the reasons for those losses. Defendants want more detail in the mapping information, primarily to relate the information directly to defendants' sub-files, and the connections between the sub-files, the products and the contract. Defendants represents that they would otherwise have to do that work themselves on a one-by-one basis on each sub-file. On the other hand, Oracle represents that it does not presently have a system which would allow it to map to the sub-files; but rather Oracle would have to do the same one-by-one sub-file analysis as defendants would have to do.

Both sides appear to concede the relevance of this information, but neither side has a solution regarding access.

The Master therefore recommends that Oracle be directed, at its expense, to send an engineer, who may be accompanied by an Oracle attorney, to the premises of defendants to work with one of defendants' engineers to see if a method of access can be developed. That should be done forthwith. In the meantime, defendants' motion in this respect should be denied without prejudice, except as to material Oracle has agreed to produce.

Subject to the limitations discussed above, that discovery from Oracle to defendants should perform the function of identifying what was downloaded from Oracle's system by defendants or the customers, and should identify the written material by which the parties or the trier of the fact can determine whether the downloading was legally proper or improper (except for the necessary copyright analysis). The scope of the claims in this case should thereby be identified.

## ORACLE'S REQUEST FOR INFORMATION ABOUT THE USE OF THE DOWNLOADS

Oracle seeks further answers to numerous interrogatories, identified on page 5 of its motion of January 28th. In summary, the interrogatories seek to determine that after Oracle's software was downloaded, what happened to it? That is, how was it stored on defendants'

system; was it transmitted to the customers or others; how was it used; and where the information now resides. Those inquiries are logical next steps after identification of the improper downloads above. There is no doubt of the relevance of those interrogatories. That is, Oracle seeks to trace what happened to its information and who used it to do what.

Defendants have given some general narrative response to that inquiry. But its primary response is the production of a database to Oracle, essentially contending that the database is a permitted response under Federal Rule of Civil Procedure 33(d). Oracle points out two problems with that response. One is that not all of the information necessarily resides on that database. Some of the information is apparently available in defendants' emails, defendants' "onboarding" documents, and from its employees. The second problem is that Oracle contends that it cannot access that database from the information it has been given, so the database is not usable and is not in a proper Rule 33(d) response.

In regard to the first problem, it is undoubtedly true that all of the requested information may not be contained in the produced database. However, the database should contain a great deal of the necessary information. The Master recommends that defendants be require to continue their search for emails and onboarding documents for responsives to the inquiry, and be required conduct live interviews. However, pending completion of Oracle's access to the database, the Master recommends that no deadline as yet be set for defendants to do that additional searching.

With respect to the database, the present issue is that defendants contend that the information which they have provided is easily usable by Oracle; but Oracle contends that it cannot find a way to access the database to find the information which it has requested. This is obviously not a problem which either this Master or the Court can resolve, but is rather one which must be solved by the people who are technically familiar with the database and how to access it. A party using Rule 33(d) to simplify its discovery obligations has a responsibility to the Court and to the other party to produce that information in a manner which is at least accessible and usable. The Master therefore recommends that defendants be compelled to send, at their expense, an appropriate engineer, together with an attorney if defendants desire, to the offices of Oracle to meet with Oracle's engineers about how to access the database. The purpose of the meeting is <u>not</u> to discuss the information, or to state contentions with respect to it, but is

simply to assist Oracle to find the information in the database which has been provided. This should be done forthwith, since it is essential to so much of the further discovery. If defendants wish to avoid that expense and time consumption, they can instead provide Oracle with a further and more precise road map on where and how to find the relevant information on the database. Defendants' further request for narrative answers to some of its questions should be deferred until Oracle has reasonable access to the database and can determine whether the answers are sufficiently contained on that database.

## DOCUMENTS SUBMITTED TO UNITED STATES ATTORNEY

Requests numbers 55 and 84 by Oracle seek to compel defendants to produce documents relating to governmental investigations of the changes in this case. The Special Master is initially limiting his consideration of these requests to documents which were provided by defendants to the United States Attorney in response to a subpoena duces tecum.

The requested documents are certainly relevant, because they specifically refer to documents relating to the allegations in this action. And in a press release defendants linked the governmental request for information with this action.

Defendants' opposition is based on Federal Rule of Criminal Procedure No. 6 (e), arguing that such production would disclose grand jury proceedings. The Special Master disagrees. Defendants are not being requested to produce anything done by a grand jury, anything said during a grand jury proceeding, any grand jury testimony, or any information regarding grand jury witnesses, testimony, or proceedings. What is at issue here are simply documents which defendants assembled for production to the United States Attorney. The request deals with information flowing to the grand jury, and not with anything that discloses what was done within the grand jury. Such a request is not protected by Rule 6 (e); see United States vs. Reyes, 239 F.R.D. 591, 602-3 (N.D. 602-603, Cal 2006); United States vs. Dynavac, 6 F 3rd 1407 (9th Circuit 1993). While these requests may be somewhat duplicative of other documents being produced by defendants, the information supplied to US Attorney is already assembled, organized, and presented, so additional production does not cause defendants any undue burden.

The Special Discovery Master therefore recommends that this request be granted.

Discovery Master recommends that the remaining discovery requested on the subject of damages be deferred.

The parties presently have a lot to do in responding to each other's discovery requests on the issues of liability. And some of those responses might impact the scope of the damages claims and defenses. The Special Discovery Master therefore recommends that these requests be deferred until later in the discovery procedures.

In that regard, the Special Discovery Master also recommends that the procedures scheduled in the pre-trial order of September 25, 2007 be modified to include dates for the production of written discovery on the subject of damages. That discovery could be scheduled sometime before the supplying of expert reports.

The Special Discovery Master submits this Report And Recommendations to the District Court pursuant to paragraph 3(a) of the stipulation and order of January 8, 2008.

Dated: February 22, 2008

Charles A. Legge

Hon. Charles A. Legge (Ret.)
Special Discovery Master

**PROOF OF SERVICE BY EMAIL & U.S. MAIL**

Re: Oracle Corporation, et al. vs. SAP AG, et al.
Reference No. 1100053026

I, Melissa Ornstil, not a party to the within action, hereby declare that on February 25, 2008 I served the attached Report and Recommendations Re: Discovery Hearing No. 1 on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, via U.S. Mail, at San Francisco, CALIFORNIA, addressed as follows:

Christopher B. Hockett Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111 USA

Robert A. Mittelstaedt
Jones Day
555 California St.
26th Fl.
San Francisco, CA 94104 U.S.A.

Tharan Gregory Lanier Esq.
Jones Day
1755 Embarcadero Rd.
Palo Alto, CA 94303

Scott W. Cowan Esq.
Jones Day
717 Texas
Suite 3300
Houston, TX 77002-2712

Jason S. McDonell Esq.
Jones Day
555 California St.
26th Floor
San Francisco, CA 94104 U.S.A.

Zachary J. Alinder Esq.
Bingham McCutchen LLP
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111

Geoffrey Howard Esq.
Bingham McCutchen LLP
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111

Dorian Daley Esq.
Oracle USA, Inc.
500 Oracle Parkway
MS 5op7
Redwood City, CA 94070

Jennifer Gloss Esq.
Oracle USA, Inc.
500 Oracle Parkway
MS 5op7
Redwood City, CA 94070

\- Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102 USA

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on February 26, 2008.

Melissa Ornstil
JAMS The Resolution Experts
melissaornstil@jamsadr.com