# Exhibit A

Dockets.Justia.com

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JEFFREY S. ROSS (SBN 138172)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jeff.ross@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 (MJJ)<br><br>**PLAINTIFFS' INITIAL DISCLOSURES**<br><br>Date: n/a<br>Time: n/a<br>Judge: The Honorable Martin J. Jenkins<br>Courtroom 11, 19th Floor |

Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (together "Oracle" or "Plaintiffs") provide the following Initial Disclosures pursuant to Rules 26(a)(1) and 26(e) of the Federal Rules of Civil Procedure. Oracle makes these Initial Disclosures based on information and documents currently available. Oracle continues to investigate this case and reserves the right to modify, amend, or supplement these Initial Disclosures at a later time as appropriate, and at any time before trial in this matter.

Additionally, these Initial Disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, the attorney-client privilege, the attorney work-product doctrine, undue burden, relevancy, materiality, hearsay, or any other proper ground; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any proceeding in this or any other action; and, (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures.

## I. INDIVIDUALS

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Oracle discloses the following potential witnesses, not including expert witnesses, who have information Oracle may use to support its claims. Individuals who are current employees of Oracle may be contacted regarding matters relevant to this case through undersigned counsel only.

| INDIVIDUAL | SUBJECT AREA(S) OF INFORMATION |
|---|---|
| **ORACLE** | |
| Thomas J. Angioletti<br>Contact Through Undersigned Counsel Only | Copyrights |
| Nina Bankar<br>Contact Through Undersigned Counsel Only | Copyrights |
| Carlos Barradas<br>Contact Through Undersigned Counsel Only | Contractual analysis |

| INDIVIDUAL | SUBJECT AREA(S) OF INFORMATION |
| --- | --- |
| Keith Block<br>Contact Through Undersigned Counsel Only | Damages |
| Paul Brook<br>Contact Through Undersigned Counsel Only | Technical analysis and investigation |
| Annette Horan<br>Contact Through Undersigned Counsel Only | Contractual analysis |
| Uwe Kohler<br>Contact Through Undersigned Counsel Only | Technical analysis and investigation |
| Lou Lopez<br>Contact Through Undersigned Counsel Only | Contractual analysis |
| Buffy Ransom<br>Contact Through Undersigned Counsel Only | Technical analysis and investigation |
| Edward Screven<br>Contact Through Undersigned Counsel Only | Technical analysis and investigation; Damages |
| Elizabeth Shippy<br>Contact Through Undersigned Counsel Only | Contractual analysis |
| Marlene Veum<br>Contact Through Undersigned Counsel Only | Technical analysis and investigation |
| **SAP** | |
| Leo Apotheker | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Jim Egger | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, |

| INDIVIDUAL | SUBJECT AREA(S) OF INFORMATION |
|---|---|
| | Safe Passage, damages |
| Mel Gadd | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Bob Geib | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Tom Giannoukakis | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Herbert Heitmann | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Henning Kagermann | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Richard Knowles | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Tom Leier | Acquisition of TN, policies and procedures at |

| INDIVIDUAL | SUBJECT AREA(S) OF INFORMATION |
|---|---|
| | TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Jim Mackey | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Bill McDermott | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Adrienne McMillan | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Andrew Nelson | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Shelley Nelson | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Nigel Pullan | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, |

| INDIVIDUAL | SUBJECT AREA(S) OF INFORMATION |
| --- | --- |
| | Safe Passage, damages |
| Colin Sampson | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Alan Sedghi | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Michelle Sommerard | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Laura Sweetman | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Wade Walden | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Mark White | Acquisition of TN, policies and procedures at TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| Bill Wohl | Acquisition of TN, policies and procedures at |

| INDIVIDUAL | SUBJECT AREA(S) OF INFORMATION |
|---|---|
| | TN, SAP and Oracle, downloading and use of downloaded materials, copyright infringement, Safe Passage, damages |
| **THIRD PARTIES** | |
| Individuals at the following list of companies may have discoverable information related to policies and procedures at TN and SAP, licensing, copyright infringement, downloading and use of downloaded materials, Safe Passage, and damages: Abbott Laboratories, Abitibi-Consolidated Inc., Bear, Stearns & Co., Berri Limited, Border Foods, Caterpillar Elphinstone, Distribution & Auto, Fuelserv Limited, Grupo Costamex S.A. de C.V., Helzberg Diamonds, Herbert Waldman, Honeywell International, Interbrew UK, Laird Plastics, Inc., Merck & Co., Metro Machines, Mortice Kern Systems Inc., National Manufacturing Company, NGC Management Limited, OCE-Technologies B.V., Ronis SA, Smithfield Foods, SPX Corporation, Stora Enso, Texas Association of School Boards, VSM Group AB, Yazaki North America, Accor North American, ACO Produits, Acushnet Company, Allianz of America, AO Smith, Banta Corporation, Baptist Health System, Basler Electric, Blue Cross Blue Shield of Kansas, Bonne Bell, Cerebos Pacific, Channing Bete, Chartered Semiconductor, Dave & Buster's, Education Direct, Electrolux IT Solutions AB, Engelhard, Fedex, Greater Vancouver Regional School District, Harley-Davison Europe, Harley-Davidson Incorporated, Health Personnel Options, Interpublic Global Information Services, Johnson Matthey, Kentucky Fried Chicken Management, Oklahoma Publishing Corporation, Perot Systems TSI (India), Phelps Dodge, Robert Half International, Securicor Omega Holdings, Sky City Entertainment, Standard Register, The Swatch Group, Tai Wee Company, TBC Corporation, Texas Medical Association, Tropical Shipping USA, Vanguard Managed Solutions, Verio Incorporated, Wabash National, Wesfarmers Limited, and Westcon Group. | |

## II. DOCUMENTS

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), Oracle identifies the following categories

and locations of documents as likely to contain information relevant to disputed matters in this case, which Oracle may use to support its claims or defenses. These disclosures relate solely to documents within Oracle's possession, custody, or control. Oracle reserves the right to use any relevant evidence in support of its claims, regardless of the categories listed below.

**A. Categories of documents**

- **a.** Copyright registrations for the Software and Support Materials
- **b.** Customer license agreements
- **c.** Plaintiffs' policies, licenses and contractual restrictions related to access to, downloading of or copying of Software and Support Materials
- **d.** The results of the investigation and analysis by Plaintiffs related to allegations made in the Complaint
- **e.** Communications regarding the theft by Defendants
- **f.** Access, Downloading, distribution, reproduction, preparation of derivative works, and use of Oracle's Software and Support Materials by Defendants
- **g.** The loss of customer support revenue resulting from Defendants' sales, marketing and providing of support services based on taking Oracle's Software and Support Materials without authorization, permission, license or other right.
- **h.** Damages and harm to Oracle from Defendants' theft

**B. Locations of documents**

The above categories of documents include electronic and hard copy documents. The electronic documents are located on Oracle's computer systems and on individual media. The documents located on Oracle's computer systems are generally located either on

(1) Oracle's active network email system, or (2) on Oracle's internal internet-based workspace system. Components of these systems are located in multiple locations and are accessible from several locations, including Oracle Corporate Headquarters, 500 Oracle Parkway, Redwood City, CA 94070.

Subject to agreement concerning an appropriate protocol for the production of electronically stored information, and with the exception of any documents protected from production as a result of attorney-client, work product or any other privilege or objection recognized in law or equity, Oracle will produce documents in the categories listed above and from the locations listed above pursuant to FRCP 26(a) in the form described below.

Discovery and Oracle's investigation are ongoing. If, as the case develops, Oracle identifies additional documents or categories of documents that support its position, it will identify them in supplemental disclosures as required under Fed. R. Civ. P. 26(e).

## III. COMPUTATION OF DAMAGES[1]

As of the filing of its First Amended Complaint, Oracle seeks damages against Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively referred to as "Defendants") resulting from Defendants' access, theft and use of thousands of copyrighted Software and Support Materials, unfair business practices, interference with Oracle's business relationships, breaches of contract, and unjust enrichment at the expense of Oracle. Based on Oracle's preliminary investigation, Defendants' actions have resulted in the following categories of damage:

- Lost profits
- Lost or harmed prior, existing and potential customer relationships
- Monies to be restored to Oracle due to Defendants' unfair business practices
- Lost goodwill and reputation

[1] Oracle also seeks preliminary and permanent injunctive relief.

These categories of damages will be determined through discovery. Oracle seeks interest at the legal rate, incidental and consequential damages according to proof, and costs of suit. Additionally, Oracle seeks punitive damages, in an amount to be determined by the Court, for defendants' malicious, willful, intentional, deliberate, and tortious conduct. These amounts cannot presently be computed. A more detailed analysis of the damages would be premature at this early stage of litigation.

## IV. INSURANCE COVERAGE

This category of initial disclosures is not applicable to Oracle at this time.

## V. FORM OF PRODUCTION

Oracle will produce all documents electronically in the following form:

(1) For paper documents, Oracle will provide a standard delimited data load file containing the following fields for loading into Summation (or another format if requested by Defendants): (1) Beginning and Ending Control Number, (2) Beginning and Ending Attachment Number, (3) Page Count, (4) Custodian, and (5) OCR text. For each paper document, Oracle will provide black/white group IV single page TIFF images with a standard Summation DII delimited load file. For any color documents, Oracle will initially produce documents in black/white format, but will at Defendants' request provide color JPEG images only when the color is necessary to decipher the document.

(2) For all electronic documents, including email and email attachments, Oracle will provide a standard delimited data load file containing the following fields and metadata for loading into Summation (or another format if requested by Defendants): (1) Beginning and Ending Control Number, (2) Beginning and Ending Attachment Number, (3) Document Type, (4) Date Sent and Received, (5) Date Modified, (6) Date Created, (7) Custodian, (8) Author, (9) Recipient, (10) CC, (11) BCC, (12) Email Subject Line, and (13) Filename. For each email with an attachment or attachments, the email should be an individual record in the load file followed sequentially by its respective attachment or attachments and the attachment's metadata. For all electronic documents, including email and email attachments, Oracle will provide black/white group IV single page TIFF images with a standard Summation DII delimited load file. For any

color documents, Oracle will initially produce documents in black/white format, but will at Defendants' request provide color JPEG images when the color is necessary to decipher the document. Oracle will provide Microsoft Excel and similar files (ones that are only reasonably usable in their native format) in native format with the original un-modified metadata. Oracle will not provide corresponding TIFF images for files produced in native format, such as Microsoft Excel files. A placeholder image will be inserted in the electronic production for any native format documents.

## VI. CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(g)(1), counsel for Oracle certifies that to the best of its knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, these Initial Disclosures are complete and correct as of the time Oracle makes them.

DATED: August 16, 2007

Bingham McCutchen LLP

By: ________________________
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following document:

**PLAINTIFFS' INITIAL DISCLOSURES**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on August 16, 2007, at San Francisco, California.

Rosaleen Doran
Rosaleen Doran

# Exhibit B

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5820
jmcdonell@JonesDay.com


January 28, 2008

**CONFIDENTIAL INFORMATION DESIGNATED CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**VIA EMAIL AND HAND DELIVERY**

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

**Re: *Oracle Corporation, et al. v. SAP AG, et al.***
**Defendant's Motion to Compel No. 1**

Dear Judge Legge:

Pursuant to the Stipulation Re Special Discovery Master Hearing and Briefing Procedures, TommorowNow, Inc. ("TN") submits this first motion to compel.[1]

## INTRODUCTION

This case is about whether TN exceeded its customers' rights in downloading certain allegedly copyrighted "Software and Support Materials" ("SSMs"). That is not a matter of "corporate theft on a grand scale," as Oracle says, but a matter of contract interpretation.

The basic facts are less dramatic than presented by Oracle. Briefly, when customers licensed "enterprise software" applications from PeopleSoft or J.D. Edwards (now part of Oracle), they typically also purchased service contracts for annual fees. Pursuant to those contracts, the customers obtained the right to SSMs that are available on Oracle's "Customer Connection" website. Oracle, however, does not make it easy for its customers to determine what they have rights to use. As noted by one industry analyst, Oracle ships "new versions of the licensed software as well as software that a customer is not authorized to use, with full rights to download such software . . . As Oracle renames and rebundles its software products, it is often difficult to know which products were originally licensed."

"Third-party support" companies like TN compete with Oracle in providing support for PeopleSoft and JDE applications at lower prices than Oracle charges. Oracle is well-aware of the third-party support market and, in fact, has provided training to employees of third-party support companies, including TN, even after this case was filed. And, as Oracle conceded in its First Amended Complaint (the "Complaint"), the companies that provide third-party support may access Customer Connection to download SSMs on behalf of their customers.

---

[1] This motion addresses four categories of discovery. Defendants have numerous other categories of discovery for which they plan to move to compel in subsequent scheduled hearings.

Request No. 63 seeks copies of each of the Registered Works. Oracle has agreed to meet and confer "to determine an appropriate way for defendants' counsel to inspect the registered current development environments," and has suggested that defendants may have to go to Denver, Colorado to inspect the alleged Registered Works. This is an unacceptable delaying tactic. This is a copyright case and the allegedly copyrighted works should be produced to defendants forthwith.

Request No. 87 seeks documents relating to the inter-affiliate licenses referred to in ¶ 20 of the Complaint (*i.e.*, the alleged licenses of the copyrights from the alleged owner, Oracle International Corporation, to Oracle Corporation and Oracle USA). In response, Oracle has agreed only to produce the licenses themselves and "records sufficient to show ownership of the relevant intellectual property and transfer of that ownership to Oracle."[10] To date, however, no such documents have been produced. Oracle should be ordered to produce these documents by a date certain. The ownership and validity of these licenses is an issue in this case, and defendants are entitled to full discovery into that issue. Thus, any documents that may bear on the validity (*e.g.*, disputes concerning validity, mistakes in the inter-affiliate licensing, etc.) must be produced.

**4. Damages (Requests Nos. 65-66, 70-71, 79, 101, 107 and Interrogatory No. 5)**

Plaintiffs have stonewalled discovery into their alleged damages on grounds that "the law does not require Oracle to prematurely state all the bases for its damages." We strongly believe that substantial productive discovery into damages issues must occur immediately. Postponing this discovery would prejudice defendants and the defense damages expert, in light of the non-expert discovery cutoff of July 25, 2008 and the schedule for expert discovery.[11]

Oracle has identified the types of its alleged damages as including: (1) "lost profits from sales or licenses to current and potential customers of Oracle support services and software programs;" (2) "diminution of Oracle's competitive advantage;" (3) "harm to Oracle's data, programs, and computer systems ... including their functionality;" (4) "loss of the . . . benefits that SAP obtained from the unlawful . . . use" of its stolen property; (5) damage to its right to "dominion and control" over its property; (6) damage to "confidential nature of the information Oracle's website;" (7) "diminution in value of Oracle's stolen property;" (8) "deprivation of the intended use of Oracle's computer systems;" and (9) "irreparable harm."[12]

Despite defendants' diligent efforts, however, Oracle has produced little or no discovery documenting the fact or amount of its alleged damages.

Request No. 65 seeks documents reflecting revenues, costs and profits for support and maintenance services *for the products* referred to in the Complaint or at issue in this litigation. Request No. 66 seeks similar documents *for the Named Customers and the TN Customers*. In response to both of these requests, Oracle has agreed to produce documents "sufficient to show Oracle's revenues, costs and profit margins for support or maintenance services" relating to

[10] Letter, Alinder to McDonell, January 4, 2008 [erroneously dated "January 4, 2007"], p. 6.

[11] The parties must designate experts by August 8, 2008, expert reports are due August 15, 2008, rebuttal reports are due August 29, 2008 and the expert discovery cutoff is September 12, 2008. *See* Pretrial Order, September 25, 2007, p. 1.

[12] *See* Oracle's Response to TN Interrogatory No. 5.

"applications for which Oracle has alleged that defendants downloaded Software and Support Materials from Oracle's systems . . . ." In effect, Oracle is limiting its responses to the Identified Customers and refusing to provide information for all of TN's customers. Moreover, other than production of its license agreements with the Identified customers, Oracle has produced *nothing* in response to these requests.

For the reasons discussed above concerning Oracle's attempt to limit discovery to the Identified Customers, Oracle cannot limit its production to information concerning applications that are subject of the alleged downloads. Oracle's Complaint is not limited to alleged unauthorized downloads. It also makes allegations concerning alleged improper "cross-use" of downloads, whether or not the initial download was authorized. Accordingly, defendants are entitled to discovery of this information for all families of products allegedly at issue in this case, both for downloads and cross-use allegations. Our request is that Oracle produce such information for *all* JD Edwards and PeopleSoft products.[13]

Requests Nos. 67 and 68 seek Oracle's financial information for products and services *other* than those referred to in the Complaint, including for all TN Customers for products other than those referred to in the Complaint. If Oracle produces the requested documents in response to Requests Nos. 65 and 66, as discussed in the preceding paragraph, we are willing to postpone our efforts to compel compliance with Requests 67 and 68 for now and will reserve rights to seek that discovery later, if and as necessary.

Oracle continues to refuse production until the "expert discovery phase" in response to Request No. 70 (documents relating to any alleged loss of revenues or profits by Oracle as a result of the conduct alleged in the Complaint), Request No. 101 (documents relating to the alleged cost of Oracle's investigation) and Request No. 107 (documents relating to the allegation in ¶ 92 of the Complaint that "Oracle has suffered injury, damage, loss, and harm, including, but not limited to, loss of profits from sales to current and potential customers of Oracle support services and licenses for Oracle's software programs"). These refusals are unjustified. For example, the cost of the investigation should be readily discernable, and Oracle has recently indicated that it will produce such documents as are currently available. Even if Oracle does not yet have every document that may relate to is alleged losses, it most certainly has some of them and they must be produced. Again, other than license agreement for the Identified Customers, Oracle has *produced* nothing in response to these requests.

Request No. 71 seeks documents relating to Oracle's fees for support and maintenance of the Oracle products referred to in the Complaint or at issue in the litigation, including documents concerning how those fees are set and any relationship between the price of a product and the amount Oracle charges for support and maintenance of that product. In its written response, Oracle has refused to produce documents, except for documents showing service terms with Identified Customers. For reasons stated above, the limitation to Identified Customers is not acceptable or fair. Oracle has suggested that such documents will be provided, but not until the "expert discovery phase." There is no reason to wait for that phase, as these documents should exist and be readily identifiable now.

[13] Of course, Defendants do not know how Oracle maintains its financial records. At the hearing on this motion, we will be prepared to discuss the types of documents that a large corporation like Oracle likely maintains and should be ordered to produce.

Request No. 79 seeks documents relating to the allegation that "Oracle has invested billions of dollars in research, development, and engineering," as alleged in ¶ 3 of the Complaint. In response, Oracle has made a general reference to its public SEC filings only, without identifying any particular filing or any specific information. If Oracle plans to rely on any particular SEC filings to support this allegation, such documents must be produced. If Oracle chooses to produce no other documents in response to this request, then Oracle should be barred from offering any others into evidence at any time.

Interrogatory No. 5 requests information about how Oracle believes any activity alleged in the Complaint has damaged it, including how Oracle was damaged by each allegedly improper download and, if Oracle claims to have lost any customer as a result of any activity alleged in the Complaint, all facts and inferences upon which Oracle bases that claim for each customer allegedly lost. In response, Oracle asserts that "as a minimum and without limitation Oracle has lost the Named Customers as a result of activity alleged in the First Amended Complaint," but provides no supporting details. Oracle again claims that discovery into damages is "premature" and propose to answer it with Oracle's expert damages reports when due. Again, we believe that much of the information Oracle will rely on for its damages case is known and available to Oracle and should be produced. For example, if Oracle believes it has lost certain profit margins as a result of the activities alleged, it should produce the supporting documents. Oracle has information about TN's customers and, if Oracle believes that it has lost any revenue or profits from any such customer, it should produce the supporting evidence.

## CONCLUSION

For the foregoing reasons, TN's motion to compel should be granted.

Very truly yours,

Jason McDonell

cc: Christopher B. Hockett, Esq. (via email)
Geoffrey Howard, Esq. (via email)
Zachary Alinder, Esq. (via email)
Holly House, Esq. (via email)
Bree Hann, Esq. (via email)

# Exhibit C

JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5820
jmcdonell@JonesDay.com

February 7, 2008

**CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER**

**VIA EMAIL AND HAND DELIVERY**

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

**Re:** ***Oracle Corporation, et al. v. SAP AG, et al.***
Defendants' Opposition to Plaintiffs' Motion to Compel No. 1

Dear Judge Legge:

Defendants TommorowNow, Inc. ("TN"), SAP AG, and SAP America, Inc. submit this opposition to Oracle's first motion to compel.[1]

## I. INTRODUCTION

Oracle's motion to compel has two parts. First, Oracle seeks to intrude upon secret grand jury proceedings. Oracle has ample tools with which to obtain discovery directly from the parties, and it cannot meet the standards required to obtain secret grand jury material.

Second, Oracle seeks further responses to unduly broad and burdensome interrogatories. Far from seeking only "basic foundational information," as Oracle argues,[2] these interrogatories effectively call for every factual detail implicated in this case. For example, Oracle asks TN to state "in as much detail as possible" how it provides support to its customers. Moreover, some of the requests would require defendants to perform legal analysis for Oracle.[3]

Faced with the practical impossibility of responding to these interrogatories as written, defendants have provided substantive narrative answers where feasible and referred Oracle to documents from which Oracle can extract the details that it seeks. To facilitate this, TN has produced its mission-critical company database of information, in its entirety in working electronic form, complete with a user-friendly graphical interface. Anyone with the basic computer skills to search the Internet should be able to use this database. In essence, Oracle's grievance is that it wants defendants to perform its attorney work product. Under the applicable standards, defendants have fulfilled their obligations with respect to these interrogatories.

---

[1] Defendants request an in-person hearing and will arrange for a court reporter to transcribe the hearing.

[2] *See* Oracle's Motion to Compel, filed January 28, 2008 (hereinafter "Oracle's Motion"), p. 1.

[3] *See, e.g.*, Oracle Corp.'s First Set, Interrogatory No. 19, discussed below.

Defendants' argument that "Oracle has no legitimate basis to resist" production of these documents is at odds with their own stated position, in line with Oracle's objection, that it is unnecessary to respond to requests for documents that "support or undermine" any claim or defense because such a response would reveal work product.[4] In short, Defendants cannot have it both ways.

Finally, as Defendants admit, Oracle has already agreed to produce records in response to Request 87, namely documents sufficient to show ownership of the relevant intellectual property in this action, and the transfer of such ownership to Oracle. Oracle has already produced the copyright registrations. Further, Oracle has gathered, and will shortly produce, the relevant intellectual property transfer and merger agreements among the Plaintiffs. Thus, their demand that these documents "must be produced" is moot or, at best, premature. Oracle is in the process of producing the documents responsive to this request, and SAP will receive them in due course.

**E. Damages (Requests 65-66, 70-71, 79, 101, 107 and Interrog. 5)**

Finally, Defendants seek an order compelling several categories of documents and information supposedly related to damages. Defendants do not dispute that Oracle has agreed to produce most of the documents and analysis requested, including documents sufficient to show revenue, cost, and profit information for the 69 currently relevant customers, as well as for the software applications that have been tied to Defendants' illegal activities. Since Oracle received Defendants' Requests, Oracle has diligently searched for, collected, and produced an extraordinary amount of information. To date, Oracle has identified and interviewed 188 potential custodians, collected over 2,300,000 pages of documents, and reviewed almost 800,000. Oracle had produced over 16,600 pages of documents and over 125 gigabytes of raw data and native files to the Defendants, many of which directly relate to Oracle's damages claims. Defendants' motion is largely a case of wanting more, faster (Oracle, of course, would like the same from Defendants).

Oracle is currently searching for, and plans on producing, documents sufficient to show its losses caused by Defendants' unlawful activities, its investment in research and development of the software applications tied to Defendants' illegal activities, and the costs associated with its investigations. Following a diligent search, Oracle has located the following categories of financial documents for production in response to Defendants' damages requests: (1) historical quarterly and fiscal year budgeting and income reports, (2) historical reports reflecting PeopleSoft and JD Edwards support cancellation rates and actual support bookings data, and (3) reports reflecting customer losses and negotiations due to TomorrowNow's illegal activity. The first category of documents includes Subsidiary Key Performance Measures Reports, Quarterly Financial Reference Book Reports, Product Revenue Reporting Packages, Quarterly Board Packages, and Fiscal Board Budget Reports. These reports contain an immense amount of financial data about Oracle's entire business, including actual PeopleSoft and JD Edwards

---

4 *See, e.g.*, SAP's Responses to Plaintiffs' First Set of Document Requests Nos. 57 (objecting to request for documents support claims or defenses "because it necessarily and improperly requires the revelation of the privileged analysis of whether the produced document 'supports or undermines' SAP AG's claims or defenses in this case"); *see also* Letter from Mr. McDonell to Mr. Alinder at 3 (Nov. 16, 2007) ("Nor are we required to disclose our work product concerning which documents 'support or undermine' . . . our claims or defenses, which is the call of these requests.").

support and applications revenue, operating expenses (including marketing and development), and Oracle Global and PeopleSoft/JD Edwards budgeting. Oracle is in the process of collecting these reports and plans on producing them shortly for Fiscal Years 2004 to 2007 (from June 1, 2003 to May 31, 2007). Oracle is also presently identifying and collecting the PeopleSoft and JD Edwards support cancellation rates and bookings data, which it intends to produce from the period of Fiscal Year 2004 to present, to the extent the data is available. And finally, Oracle has already produced internal reports that show customers that Oracle has tracked as being lost to Defendants, and other customers with whom Oracle negotiated discounts, all of which now appear due to Defendants' illegal activity. These reports include extensive comments on each noted loss and negotiation. Further, Oracle has located the current version of this report, and will produce that shortly as well. Together, all of these categories of documents are more than sufficient to respond to Defendants' damages-related document requests, including Requests 65-66, 70-71, 79, and 107.

Defendants also currently have in their hands documents showing licensing and support revenues for the relevant customers and forecasting data for the same. Oracle has also produced actual revenue and forecasting documents relating to all customers, when competition with SAP TN is involved. These responsive documents satisfy the reasonable scope of Defendants' requests. To the extent they seek more, Defendants' damages requests seek information that is not relevant, overbroad, unduly burdensome or premature. On all those grounds, the motion should be denied.[5]

**1. Requests Relating To Additional Customers (Requests 65, 66 & 71)**

Through Requests 65, 66 and 71, Defendants seek all documents related to the fees, revenues, costs, and profit margins for sales of support services to all of SAP TN's customers. Oracle has responded to these requests by agreeing to produce documents sufficient to show this financial data for the current set of relevant customers. For the reasons stated above in Section B., Defendants' attempts to unnecessarily expand customer discovery should be rejected.

**2. Requests Relating to Products Not Yet Tied To Defendants' Illegal Activities (Requests 65-66)**

Defendants also seek, through Requests 65-66, certain financial documents related to "all JD Edwards and PeopleSoft products." Motion at p. 8. Oracle agreed to produce financial documents related to the specific JD Edwards and PeopleSoft software applications at issue here. But, similar to the customer discovery, these requests for *all* JD Edwards and PeopleSoft products are premature, overly broad, and unduly burdensome.[6]

Defendants' sole theory of relevance for this broad discovery is Oracle's allegation of "cross-use." But proof of whether and to what extent Defendants illegally used any of Oracle's products among different customers will be obtained from Defendants' documents, not Oracle's.

---

[5] Interestingly, while demanding all damages discovery from Oracle immediately, Defendants' financial records are noticeably absent from their productions to date.

[6] Defendants' motion does not include any basis to compel further information as to Requests 67 and 68. Accordingly, Defendants have utterly failed to show any entitlement to this discovery here. *See Sorosky*, 826 F.2d at 805. To the extent that Defendants assert it at all, further discovery on these requests should be denied.

Further, "cross-use" cannot expand the universe of relevant software applications; for example, a World Software customer would not be able to use a fix that SAP TN downloaded for an EnterpriseOne Software customer. During meet and confer, Oracle requested that Defendants identify any software applications that they believed should be included beyond those identified in the Complaint. Defendants refused to do so. As discussed above, Oracle remains willing to produce relevant financial documents related to software applications that are linked through discovery to Defendants' illegal conduct. Until then, the mere "possibility" that this type of financial information might lead to discoverable information simply does not justify the burden. *See Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1071 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expedition[s].'").

**3. Requests Seeking Premature Damages Information (Requests 70, 79, 101 & 107 & Interrog. 5)**

By this motion, Defendants also seek to compel the immediate production of information showing the losses Oracle has sustained due to Defendants' conduct, including the costs of investigating the unlawful conduct, and the amount of money Oracle has invested in researching and developing these products (*see* SAP TN's Requests 70, 79, 101 and 107). Oracle will provide these documents in the ordinary course, but there is no reason for early discovery of this information. In fact, Oracle has already produced, and will continue to produce, numerous documents identifying specific customers lost to SAP TN due to Defendants' illegal activity.[7] This, in conjunction with the licenses and log files that Oracle has produced, detail the losses sustained by Oracle due to Defendants' conduct. Defendants have not produced their damages documents or analyses either – so, in the face of Oracle's efforts, a motion to compel more at this stage in discovery is, at best, premature.[8]

Similarly, Defendants seek to compel a response to Interrogatory 5, which asks Oracle to state how "any activity alleged in the Complaint has damaged" them. Your Honor should reject this attempt to force Oracle to provide a premature statement of its contentions. "Courts have required a moving party to present 'specific, plausible grounds' as to why the party requires early answers to contention interrogatories." *In re H & R Block Mortgage Corp.*, 2007 U.S. Dist. LEXIS 7104, at *24-*25 (N.D. Ind. Jan. 30, 2007) (citation omitted); *see also In re*

---

7 With regard to Request 79, Oracle has agreed to produce SEC filings sufficient to support its allegation that it has invested billions of dollars in research, development, and engineering. To that end, Oracle is collecting and will produce Oracle's SEC Forms 10-K and 10-Q from Fiscal Year 2004 to present, and all available historical SEC Forms 10-K and 10-Q for PeopleSoft and JD Edwards. To the extent that these SEC filings are sufficient to show Oracle's research and development of the implicated PeopleSoft and JD Edwards products, this is all Defendants are entitled to. Whether this is the case, however, is a matter for the experts to decide. To the extent other such documents exist and become necessary to show Oracle's research and development, Oracle agrees to search for and produce them.

8 For example, Defendants assert that the cost of Oracle's investigation should be "readily discernable." This is simply untrue. Oracle has spent significant resources investigating SAP TN's activities on Customer Connection – many people, spanning multiple departments, were involved in the effort, which lasted several months. Arriving at a final tally, including harm to Oracle's customer tracking database, requires significant effort and will be the subject of expert analysis.

*Convergent Techs.*, 108 F.R.D. 328, 338-39 (C.D. Cal. 1985) ("A party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered."). Here, there are no specific, plausible grounds as to why Oracle should be required to provide the detailed recitation of its damages theory that Defendants request. Oracle has responded to this Interrogatory, describing the various categories of damages it believes it has sustained, and noting that, at a minimum, Oracle has lost 69 customers, as alleged in the Complaint. Oracle has also produced numerous documents supporting these categories of damages, as noted above. The full scope of Oracle's damages is only becoming clear through review of Defendants' documents, almost all of which have only been produced in the last 60 days. To require a more detailed analysis of Oracle's damages theory at this time would be premature. *See* Fed. R. Civ. P. 26 advisory committee's note (1993) (noting that "a party would not be expected to provide a calculation of damages which...depends on information in the possession of another party or person.").

Furthermore, Interrogatory 5 calls for expert analysis, which Judge Jenkins has currently scheduled to be exchanged over six months from now. *See* Pretrial Order, September 25, 2007, at 1. The law does not require Oracle to prematurely state the bases for its damages, particularly when those damages are the proper subject of expert testimony. *See City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (noting that computation of damages is, in most circumstances, "premature" at the early stages of litigation, and recognizing that it may be "appropriate to defer" such a computation until the "development of expert testimony"); *see also Memry Corp. v. Kentucky Oil Technology*, 2007 WL 39373, *5 (N.D. Cal. Jan. 4, 2007) ("[A] party may not need to disclose the method used to calculate a dollar amount where that method is properly the subject of expert evidence and the parties will be turning over expert evidence in the future."). Accordingly, Defendants have not met their burden of justifying this premature discovery, and their motion to compel an early response to Interrogatory 5 should also be denied.

## III. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that Your Honor deny Defendants' motion to compel.

Sincerely yours,

Christopher B. Hockett

cc: Robert Mittelstaedt (via email only)
Jason McDonell (via email only)
Greg Lanier (via email only)
Scott Cowan (via email only)
Joshua Fuchs (via email only)

# Exhibit D

BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and
Oracle EMEA Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br>Plaintiffs,<br>v.<br>SAP AG, *et al.*,<br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES**<br><br>**CONTAINS CONFIDENTIAL INFORMATION DESIGNATED PURSUANT TO PROTECTIVE ORDER** |

**PROPOUNDING PARTY:** Defendant TomorrowNow, Inc.

**RESPONDING PARTY:** Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited

**SET NUMBER:** One

Pursuant to Federal Rule of Civil Procedure 26(e) and 33, plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle") hereby further supplement and amend their responses and objections to defendant TomorrowNow, Inc.'s ("SAP TN") First Set of Interrogatories.

## GENERAL OBJECTIONS

1. The following General Objections are incorporated into each specific Response below as if fully repeated in each Response. Any failure to repeat all or any part of these General Objections in a specific Response shall not constitute a waiver or relinquishment of such objections.

2. Oracle's answers to any Interrogatory shall be without prejudice to, and shall preserve, any objections that it may have to the competence, relevance, materiality, or admissibility of any of the Interrogatories, the Responses, and their subject matter at any hearing or trial in this action.

3. Oracle objects to the Interrogatories to the extent they purport to obligate Oracle to respond in any manner that exceeds or is inconsistent with the requirements of the Federal Rules of Civil Procedure or any other applicable laws. Oracle shall respond to the Interrogatories to the extent and in the manner required by the Rules.

4. Oracle objects to each Interrogatory to the extent that SAP AG, SAP America, Inc., or SAP TN (collectively, "defendants") seek information that is not within Oracle's possession, custody, or control, including without limitation information that is in the possession of Oracle's or defendants' customers. Oracle will respond to the Interrogatories based only on information in its own possession, custody, or control, as required by the Federal

Rules of Civil Procedure.

5. Oracle objects to these Interrogatories to the extent they are compound. When compound Interrogatories are separated into their distinct subparts, SAP TN has served 21 Interrogatories, not 15.

6. Oracle objects to each Interrogatory to the extent it seeks disclosure of information protected from discovery by the attorney-client, common interest, work product, witness statement, and/or party communications privileges, the privileges and exemptions from discovery afforded to materials prepared in anticipation of litigation or in preparation for trial, and all other applicable privileges. Oracle does not intend to disclose such protected information.

7. Oracle objects to the Interrogatories to the extent they purport to obligate Oracle to respond in any manner that exceeds or is inconsistent with the requirements of the Federal Rules of Civil Procedure or any other applicable laws. Oracle shall respond to the Interrogatories to the extent and in the manner required by the Rules.

8. Oracle's investigation into the facts of the case is ongoing. These Responses are made based on Oracle's knowledge to date. Oracle reserves the right to supplement these Responses and will amend these Responses as required at an appropriate time pursuant to Federal Rule of Civil Procedure 26(e). Oracle further objects to the need for further supplementation of these responses to the extent the additional or corrective information has otherwise been made known to the other parties during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure 26(e). Oracle is not required to summarize and/or synthesize every fact disclosed in discovery in these responses. These responses are without waiver to Oracle's ability to rely on additional and different facts at trial.

## OBJECTIONS TO DEFINITIONS

1. Oracle objects to the definition of "Customer Connection" as divergent from the parties' agreed-upon definition in the draft Preservation Order. Oracle will interpret "Customer Connection" as the Oracle-maintained support website for PeopleSoft and J.D. Edwards customers and all associated Software and Support Materials, Documents, Data, and

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

NOT RELEVANT TO MOTION

**INTERROGATORY NO. 5:**

Describe in as much detail as possible how Oracle believes any activity alleged in the Complaint has damaged it, including how Oracle was damaged by each allegedly improper Download identified in the response to Interrogatory No. 4 and, if Oracle claims to have lost any customer as a result of any activity alleged in the Complaint, all facts and inferences upon which Oracle bases that claim for each customer allegedly lost.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Oracle objects that this Interrogatory is compound,

as it includes two distinct inquiries. Oracle will therefore treat this Interrogatory as though it were two separate Interrogatories, as follows:

**Interrogatory No. 5(a):**

Describe in as much detail as possible how Oracle believes any activity alleged in the Complaint has damaged it, including how Oracle was damaged by each allegedly improper Download identified in the response to Interrogatory No. 4.

**Response to Interrogatory No. 5(a):**

In addition to its General Objections, Oracle objects that the internal reference to Interrogatory No. 4 renders this Interrogatory vague and ambiguous. Oracle further objects that this interrogatory seeks information that is not relevant to the litigation, nor likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems, and the resulting damage, is not yet complete, including but not limited to its investigation into customers implicated by SAP's unlawful conduct. Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to the extent that the Interrogatory calls for expert opinion or testimony in advance of the time for production of this information. Oracle further objects to this Interrogatory on the ground that many of the facts concerning defendants' interference are solely within the knowledge and/or control of defendants or other third parties.

Subject to and without waiver of these objections, Oracle responds as follows:

As a result of the conduct described in its First Amended Complaint, Oracle has suffered damages, including without limitation loss of profits from sales or licenses to current and potential customers of Oracle support services and software programs; diminution of Oracle's competitive advantage; harm to Oracle's data, programs, and computer systems, including without limitation damage to their functionality; loss of the revenues, earnings, profits, compensation, and benefits that SAP obtained from the unlawful and unfair use of Oracle's stolen property; damage to Oracle's rights to dominion and control over its property; damage to the confidential nature of the information on Oracle's website; diminution in value of Oracle's

stolen property; deprivation of the intended use of Oracle's computer systems; and irreparable harm as a result of SAP's illegal, wrongful, and unfair business practices, for which Oracle has no adequate remedy at law. Oracle may discover additional categories of damage as it continues its investigation of the matter. A calculation of damages has not been made. After computation of damages is complete, Oracle will make available to SAP the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Interrogatory No. 5(b)**:

If Oracle claims to have lost any customer as a result of any activity alleged in the Complaint, all facts and inferences upon which Oracle bases that claim for each customer allegedly lost.

**Response to Interrogatory No. 5(b)**:

In addition to its General Objections, Oracle objects on the grounds that the undefined phrase "all facts and inferences" renders the Interrogatory vague and ambiguous. Oracle further objects that this Interrogatory seeks information that is not relevant to the litigation, and is not likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems, and the resulting damage, is not yet complete, including but not limited to its investigation into customers implicated by SAP's unlawful conduct. Such a request is objectionable as a premature contention interrogatory before discovery has begun in earnest. *See In re Convergent Technologies,* 108 F.R.D. 328 (N.D. Cal. 1985). Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to this Interrogatory on the ground that many of the facts concerning lost customers are solely within the knowledge and/or control of defendants or other third parties.

Subject to and without waiver of these objections, Oracle responds as follows:

As a result of the conduct described in its First Amended Complaint, Oracle has lost a number of current and potential customers of Oracle support services and software programs.

The full extent of customers lost due to SAP's unlawful conduct will be revealed as Oracle continues its investigation of the matter and conducts discovery. However, at a minimum and without limitation, Oracle has lost the Named Customers as a result of the activity alleged in the First Amended Complaint. Pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's document production, including Oracle's production of the customer license agreements related to each of the Named Customers and the customer's license agreement file, and including correspondence related to the customer's support renewal. Further, Oracle refers defendants to the First Amended Complaint and defendants' Answer.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

**Supplemental Response to Interrogatory No. 5(b):**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's document production, including Oracle's production of the customer license agreements related to each of the Named Customers and the customer's license agreement file, and including correspondence related to the customer's support renewal. Oracle's production of such documents is continuing, but includes materials Bates numbered ORCL00000001 through ORCL00007590. Further, Oracle refers defendants to the First Amended Complaint and defendants' Answer.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

**Second Supplemental Response to Interrogatory No. 5(a):**

Oracle further objects to the extent that supplementation would require Oracle to summarize the documents and testimony provided on this subject, including, e.g., the deposition testimony of REDACTED REDACTED Oracle cannot and will not and is not required to do so and incorporates all such evidence by reference into this supplemented answer. Subject to and without waiving the specific and general objections stated above, Oracle further incorporates by reference the damages-related responses and information contained in Oracle's responses to

Defendants' Fifth Set of Interrogatories and Oracle's Supplemental and Amended Initial Disclosures as if set forth here in full. Oracle further incorporates by reference the extensive evidence from Defendants' production and testimony concerning the fear, uncertainty and doubt ("FUD") consistently employed by Defendants to cause Oracle's customers to question the value of Oracle's service offerings and/or their products' future, Defendants' promises to Oracle's customers that TN offered "superior service at half the price" (or less) which further undermined those customers' perception of the value of Oracle's service and which delayed customers' purchases, spurred them to unreasonable negotiations with Oracle and/or lured Oracle's customers to TN and/or SAP; TN's misuse of Oracle IP – with SAP's knowledge – also created the impression that TN's service was comparable to Oracle's, which further undermined those customers' perception of the value of Oracle's service and which delayed customers' purchases, spurred them to unreasonable negotiations with Oracle and/or lured Oracle's customers to TN and/or SAP.

**Second Supplemental Response to Interrogatory No. 5(b):**

Oracle further objects to the extent that supplementation would require Oracle to summarize the documents and testimony provided on this subject, including, *e.g.*, the deposition testimony o: REDACTED REDACTED and relevant Oracle 30(B)(6) testimony; Oracle cannot and will not and is not required to do so and incorporates all such evidence by reference into this supplemented answer. Subject to and without waiving the specific and general objections stated above, Oracle further incorporates by reference the damages-related responses and information contained in Oracle's responses to Defendants' Fifth Set of Interrogatories and Oracle's Supplemental and Amended Initial Disclosures as if set forth here in full. Oracle's production of such documents is continuing, but includes materials Bates numbered ORCL00000001 through ORCL00007714, ORCL00139148 through ORCL00159820, ORCL00176128 through ORCL00180465 and ORCL00372975 through ORCL00381654. Oracle further incorporates by reference the extensive evidence concerning (a) the limited alternative and legal service options available to the customers on Defendant TomorrowNow, Inc.'s Supplemental Exhibit 1 to its

First Sets of Requests for Production other than TN at the time such customers chose TN service, (b) the fact that no customer would have chosen to do business with TN had TN informed them it was providing service based on the host of improper and illegal methods detailed in Oracle's third amended complaint and revealed in this litigation; (c) the past histories of all such customers of doing business with Oracle or its predecessors at the prices Oracle and its predecessor companies charged; (d) the fact that, once a service customer is lost, it is difficult to get that customer to return for the host of reasons described in discovery, including reduction of the customers' service budget due to paying at least 50% less to TN and the difficulty of the responsible purchasing party at the customer explaining to his or her manager that he or she had erred in leaving Oracle service in the first place.

**INTERROGATORY NO. 6:**

NOT RELEVANT TO MOTION

**RESPONSE TO INTERROGATORY NO. 6:**

NOT RELEVANT TO MOTION

NOT RELEVANT TO MOTION

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

NOT RELEVANT TO MOTION

DATED: May 22, 2009

Bingham McCutchen LLP

By: ______________________________
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited

# Exhibit E

ORIGINAL

BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 MJJ<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS** |

**PROPOUNDING PARTY:** Defendant TomorrowNow, Inc.

**RESPONDING PARTY:** Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

**SET NUMBER:** One

Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (collectively, "Oracle") hereby respond and object to Defendant TomorrowNow, Inc.'s ("SAP TN") First Set of Document Requests to Plaintiffs ("Requests") as follows:

## GENERAL OBJECTIONS

1. Oracle objects to the Requests on the grounds that they are vague, overbroad, oppressive, harassing, and unduly burdensome.

2. Oracle objects to the extent that any Request seeks documents protected from disclosure by any evidentiary privilege, including without limitation the attorney-client privilege and work product doctrine. Oracle does not intend to produce any privileged documents.

3. Oracle objects to the Requests to the extent that they seek the production of documents that are not within Oracle's possession, custody, or control and to the extent that they purport to impose any duty to provide information and/or documents more readily available from sources other than Oracle. Absent mutual agreement with defendants, Oracle will produce no such third-party documents.

4. Oracle objects to the Requests to the extent that they seek third party-business or proprietary information subject to a confidentiality agreement and/or protective order and will not produce such materials absent a Court order.

5. Oracle objects to the Requests to the extent they seek to require Oracle to search for, review, or produce inaccessible information or materials. Oracle will not undertake to search for, review, or produce inaccessible data.

6. Oracle objects to the Requests to the extent that they purport to impose obligations different from or greater than those imposed by the Federal Rules of Civil Procedure.

7. Where Oracle has agreed to produce documents, such production will be

governed by, and subject to, the Federal Rules of Civil Procedure, the terms of the prior orders of the Court, and any subsequent relevant orders of the Court, as well as any prior and subsequent relevant stipulations of the parties.

8. Where Oracle has agreed to produce documents, this does not mean that responsive documents exist. It means only that Oracle will make the reasonable search described above for responsive documents.

9. Oracle has attempted in good faith to respond to the Requests, and its responses are based upon information currently available to it. Oracle has not completed its investigation of the facts relating to this action nor its discovery or preparation for trial. In light of continuing discovery and investigation, Oracle reserves the right to amend and/or supplement its responses, and expressly reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Requests but not presently known to Oracle. Notwithstanding the foregoing, Oracle assumes no obligation to amend and/or supplement its responses beyond that which is required by law.

10. Each response is provided subject to all appropriate objections, including without limitation objections concerning competency, relevancy, materiality, propriety, and admissibility that would require the exclusion of any statement contained if a witness present and testifying in court made the statement. All such objections and grounds are reserved and may be interposed at the time of trial.

11. Each of Oracle's responses to the specific Requests listed below is made subject to and without waiving the above objections (collectively, the "General Objections"), as if the General Objections were restated in full.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Oracle objects to the Instructions and Definitions, and to each Request incorporating them, to the extent that they purport to impose on Oracle any obligation to take actions or to make responses or production beyond that required by the Federal Rules of Civil Procedure.

Oracle's systems. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation. Oracle further objects to this Request on the grounds that it prematurely seeks materials related to the damages and expert discovery stages of this litigation. Oracle further objects to this Request on the grounds that it is duplicative of Request No. 65.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to show Oracle's revenues, costs, and profit margins for the Named Customers and TN Customers for support or maintenance services relating to legacy PeopleSoft and J.D. Edwards enterprise software applications for which Oracle has alleged that defendants Downloaded Software and Support Materials from Oracle's systems, to the extent such Documents exist.

**<u>DOCUMENT REQUEST NO. 67</u>:**

For the shortest time interval available (*e.g.* monthly, quarterly, or annually), Documents sufficient to show Oracle's revenues, costs, and profit margins for products other than those referred to in the Complaint or at issue in this litigation, and services relating to such products.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 67</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects that this Request is overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence, as Oracle's revenues, costs, and profit margins for products and services other than those relating to legacy PeopleSoft and J.D. Edwards enterprise software applications for which Oracle has alleged that defendants Downloaded Software and Support Materials from Oracle's systems are not related to Oracle's claims or defendants' defenses.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents in response to this Request.

**<u>DOCUMENT REQUEST NO. 68</u>:**

For the shortest time interval available (*e.g.* monthly, quarterly, or annually), Documents

sufficient to show Oracle's revenues, costs, and profit margins for the Named Customers and TN Customers for products other than those referred to in the Complaint or at issue in this litigation, and services relating to such products.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects that this Request is overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence, as Oracle's revenues, costs, and profit margins for products and services other than those relating to legacy PeopleSoft and J.D. Edwards enterprise software applications for which Oracle has alleged that defendants Downloaded Software and Support Materials from Oracle's systems are not related to Oracle's claims or defendants' defenses. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation.

Subject to and without waiving these objections, Oracle responds that it will not produce Documents in response to this Request.

**DOCUMENT REQUEST NO. 69:**

Documents sufficient to show all financial transactions between Oracle and any TN Customer or Named Customer relating to support or maintenance services for the products referred to in the Complaint or at issue in this litigation, including Documents showing how much Oracle is charging, or has charged, any Named Customer or TN Customer for such services.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that the phrase "the products referred to in the Complaint or at issue in this litigation" is vague, ambiguous, and overbroad. The Complaint refers to many Oracle software products that are not at issue in this litigation, such as database applications. Accordingly, Oracle will interpret "the products referred to in the Complaint or at issue in this litigation" as legacy PeopleSoft and J.D. Edwards enterprise software applications

for which Oracle has alleged that defendants Downloaded Software and Support Materials from Oracle's systems. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation.

Subject to and without waiving these objections, Oracle responds that it will search for and produce Documents sufficient to show the support service terms between Oracle and the Identified Customers.

**DOCUMENT REQUEST NO. 70:**

All Documents relating to any alleged loss of revenues or profits by Oracle as a result of the conduct alleged in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it prematurely seeks materials related to the damages and expert discovery stages of this litigation. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to show Oracle's revenues, costs, and profit margins for support or maintenance services relating to legacy PeopleSoft and J.D. Edwards enterprise software applications for which Oracle has alleged that defendants Downloaded Software and Support Materials from Oracle's systems, to the extent such Documents exist. Oracle will provide its damages analysis during the damages and expert discovery stages of this litigation.

**DOCUMENT REQUEST NO. 71:**

All Documents relating to Oracle's fees for support and maintenance of the Oracle products referred to in the Complaint or at issue in this litigation, including Documents concerning how those fees are set and any relationship between the price of a product and the

of the Complaint that "Defendants willfully, intentionally, and knowingly agreed and conspired with each other to engage in the alleged wrongful conduct . . . ."

**DOCUMENT REQUEST NO. 106:**

All Documents relating to the allegation in paragraph 91 of the Complaint that "Defendants did the acts alleged pursuant to, and in furtherance of, that agreement and/or furthered the conspiracy by cooperating, encouraging, ratifying, or adopting the acts of the others."

**RESPONSE TO DOCUMENT REQUEST NO. 106:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it calls for Documents in the possession, custody, or control of defendants. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relied upon in support of the allegation in paragraph 91 of the Complaint that "Defendants did the acts alleged pursuant to, and in furtherance of, that agreement and/or furthered the conspiracy by cooperating, encouraging, ratifying, or adopting the acts of the others."

**DOCUMENT REQUEST NO. 107:**

All Documents relating to the allegation in paragraph 92 of the Complaint that "Oracle has suffered injury, damage, loss, and harm, including, but not limited to, loss of profits from sales to current and potential customers of Oracle support services and licenses for Oracle's software programs."

**RESPONSE TO DOCUMENT REQUEST NO. 107:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it prematurely seeks materials related to the damages and expert discovery stages of this litigation. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this

Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to show Oracle's revenues, costs, and profit margins for support or maintenance services relating to legacy PeopleSoft and J.D. Edwards enterprise software applications for which Oracle has alleged that defendants Downloaded Software and Support Materials from Oracle's systems, to the extent such Documents exist. Oracle will produce its damages analysis during the damages and expert discovery stages of this litigation.

**DOCUMENT REQUEST NO. 108:**

All Documents relating to the allegation in paragraph 92 of the Complaint that "[t]he wrongful conduct committed pursuant to the conspiracy was a substantial factor in causing this harm."

**RESPONSE TO DOCUMENT REQUEST NO. 108:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it prematurely seeks materials related to the damages and expert discovery stages of this litigation. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to the allegation in paragraph 92 of the Complaint that "[t]he wrongful conduct committed pursuant to the conspiracy was a substantial factor in causing this harm."

**DOCUMENT REQUEST NO. 109:**

All Documents relating to the allegation in paragraph 93 of the Complaint that "Defendants also had full knowledge of or should have reasonably known of the true nature of the wrongful conduct of other Defendants, and aided and abetted such wrongful conduct,

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relied upon in support of the allegation in paragraph 94 of the Complaint that Defendants "aided and abetted the described wrongful conduct of the other Defendants by giving substantial assistance and/or encouragement that, separately considered, was wrongful in and of itself."

**DOCUMENT REQUEST NO. 111:**

All Documents relating to the allegation in paragraph 131 of the Complaint that "Oracle has and had an expectancy in continuing and advantageous economic relationships with current and prospective purchasers and licensees of Oracle's support services and software."

**RESPONSE TO DOCUMENT REQUEST NO. 111:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it prematurely seeks materials related to the damages and expert discovery stages of this litigation. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to its expectancy of receiving ongoing support revenue from its existing support customers, to the extent such Documents exist.

**DOCUMENT REQUEST NO. 112:**

All Documents relating to the allegation in paragraph 132 of the Complaint that "[t]hese relationships contained the probability of future economic benefit in the form of profitable support service contracts and software licenses."

**RESPONSE TO DOCUMENT REQUEST NO. 112:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it prematurely seeks materials related to the damages and expert discovery stages of this litigation. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this

Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to its expectancy of receiving ongoing support revenue from its existing support customers, to the extent such Documents exist.

**<u>DOCUMENT REQUEST NO. 113</u>:**

All Documents relating to the allegation in paragraph 132 of the Complaint that "[h]ad Defendants refrained from engaging in the unlawful and wrongful conduct described in this complaint, there is a substantial probability that Oracle support customers would have initiated, renewed, or expanded support contracts and software licenses with Oracle rather than Defendants."

**<u>RESPONSE TO DOCUMENT REQUEST NO. 113</u>:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it prematurely seeks materials related to the damages and expert discovery stages of this litigation. Oracle further objects to this Request on the grounds that it calls for Oracle to come to a legal conclusion. Oracle further objects to this Request on the grounds that it seeks Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to its expectancy of receiving ongoing support revenue from its existing support customers, to the extent such Documents exist.

**<u>DOCUMENT REQUEST NO. 114</u>:**

All Documents relating to the allegation in paragraph 143 of the Complaint that "Defendants knew or should have known about the economic relationship, described above, and knew or should have know that these relationships would be interfered with and disrupted if Defendants failed to act with reasonable care in their access of Customer Connection and use of Oracle's Software and Support Materials."

defendants.

**DOCUMENT REQUEST NO. 118:**

Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, a complete set of log-in credentials, and all necessary software (including Change Assistant), sufficient to permit Defendants' counsel, for the sole purpose of defending against Oracle's claims in this litigation, access to inspect Customer Connection and all similar Oracle support websites or FTP sites.

**RESPONSE TO DOCUMENT REQUEST NO. 118:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad and burdensome, as only access to and downloads from Customer Connection are at issue in this litigation. Documents related to Downloads from any other Oracle website are unrelated to this case, and defendants do not need to inspect them in order to defend against Oracle's claims in this litigation. Oracle further objects to this Request on the grounds that it calls for giving defendants' counsel access to Oracle's trade secrets and other proprietary information.

Subject to and without waiving these objections, Oracle responds that it will meet and confer with defendants to determine an appropriate way to permit defendants' counsel to inspect Customer Connection.

DATED: September 14, 2007

Bingham McCutchen LLP

By: ______________________
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF DOCUMENT REQUESTS**

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

| | |
|---|---|
| Robert A. Mittelstaedt, Esq.<br>Jones Day<br>555 California Street<br>26th Floor<br>San Francisco, CA 94104<br>Tel: (415) 626.3939<br><br>ramittelstaedt@JonesDay.com | Tharan Gregory Lanier, Esq.<br>Jane L. Froyd, Esq.<br>Jones Day<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Tel: (650) 739-3939<br><br>tglanier@JonesDay.com<br>jfroyd@JonesDay.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on September 14, 2007, at San Francisco, California.

Rosaleen Doran (signature)

Rosaleen Doran

# Exhibit F



"Rosenbaum, Briana Lynn" <briana.rosenbaum@bingham.com>

08/27/2008 01:13 PM

To "Jason McDonell" <jmcdonell@JonesDay.com>

cc "Hann, Bree" <bree.hann@bingham.com>, "House, Holly" <holly.house@bingham.com>, jfroyd@jonesday.com, "Alinder, Zachary J." <zachary.alinder@bingham.com>,

bcc

Subject Oracle v. SAP - Defendants' Anticipated Motion to Compel Financial Information

History: This message has been forwarded.

Jason,
From correspondence surrounding the filing of the most recent Joint Statement, Oracle had its first opportunity to learn that Defendants plan to file a motion to compel certain documents purportedly related to damages. Defendants assert their motion is intended to obtain documents proving "Oracle's revenues, expenses, and profits from the customers it claims to have lost." Given that we haven't even exchanged or negotiated our targeted search proposals, including on customer information and financial information, this threat seems premature. Nonetheless, to satisfy defendants' interest in obtaining this type of information, without producing Oracle's highly sensitive and wholly irrelevant general ledgers and charts of accounts, Oracle instead proposes production of the following documents:

(1) Customer-Specific Financial Reports: Oracle has located and will produce reports for the relevant customers and for the relevant time periods showing, among other information, the following: (a) Customer names; (b) Customer numbers; (c) The names of the PSFT and JDE products each customer was licensed to; (d) Whether a customer purchased support for a given product; (e) The contract number and license order numbers; (f) The support contract start and end dates for first year support and renewals; (g) The current contract status; (h) The amounts paid for support and licenses; and (i) The date of cancellation of support.

However, this offer of Customer-Specific Financial Reports has a condition: Oracle can only provide the data that exists on its current systems of record. As the defendants have recently learned during Mr. Ryland's deposition, Oracle's current systems of record do not necessarily encompass the entire range of data for a particular customer, going back to that customer's first interactions with PSFT, JDE, or Oracle. It will be simply too burdensome to dredge up this information from inaccessible back-up copies of offline databases that do not have applications currently tied to them.

(2) PSFT Acquisition Maintenance and IP Revenue Valuation Docs: Various documents prepared at the time of the acquisition of PeopleSoft, showing valuation of PeopleSoft's Maintenance and IP revenue.

(3) Price Lists, Price Calculators, and Pricing Polices: Oracle has located and expects to produce shortly certain price lists, pricing calculators, and pricing polices that we believe cover the products at issue in the litigation, for the years 2002 to present.

We expect that this data, along with the damages-related documents Oracle has already agreed to produce and has produced, will more than allow defendants to determine "Oracle's revenues, expenses, and profits from the customers it claims to have lost." To the extent that you believe it does not, please let us know.

We also look forward to comparable information in a timely fashion from Defendants in response to our upcoming targeted search proposals.

Thank you,
Briana

Briana Lynn Rosenbaum
*Associate*
T 415.393.2288
F 415.393.2286
briana.rosenbaum@bingham.com

BINGHAM
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

===========================================================================

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
===========================================================================