Walsh v. Apple, Inc. et al
Doc. 369

# EXHIBIT A

Dockets.Justia.com

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE CORPORATION, et al.,

Plaintiffs,

v.

SAP AG, et al.,

Defendants.

Case No. 07-CV-1658 PJH (EDL)

**DEFENDANTS' FIRST NOTICE OF DEPOSITION OF PLAINTIFF ORACLE INTERNATIONAL CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants SAP AG, SAP America (together, "SAP"), and TomorrowNow, Inc. ("TN") will take the deposition of Plaintiff Oracle International Corporation ("OIC") on July 16, 2008, commencing at 9:00 a.m. at the law offices of Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104.

The deposition will be recorded stenographically, using real time transcription, by a certified court reporter, and by video and audio by a certified videographer.

OIC is hereby requested and required, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate and produce a witness or witnesses to testify on its behalf on the topics described below.

## DEFINITIONS

For purposes of this Notice of Deposition, the following definitions shall apply, unless otherwise indicated:

1. "Documents" shall be interpreted broadly and includes all forms of writings, tangible things, and other documents contemplated by Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001. This includes without limitation: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

2. "Complaint" means the First Amended Complaint filed on June 1, 2007.

3. "You" or "Your" means Plaintiff Oracle International Corporation, its predecessors and its successors.

4. "Registered Work" means a work underlying a federal copyright registration identified in the Complaint and any subsequent amendments to the Complaint.

5. "Software and Support Materials" means all program updates, software updates, bug fixes, patches, custom solutions, and instructional materials made available on Customer Connection or any similar Oracle support website or File Transfer Protocol ("FTP") site, including but not limited to, the Registered Works.

**SCOPE OF TESTIMONY**

1. Your policies and procedures regarding filing federal copyright applications, including:

a. Your policies and procedures for determining authorship of the material for which you seek federal copyright protection;

b. Your policies and procedures for determining and/or securing ownership of the material for which you seek federal copyright protection, including but not limited to policies and procedures regarding works made for hire and works developed by independent contractors;

c. Your policies and procedures for determining originality of the material for which you seek federal copyright protection;

d. Your policies and procedures for determining copyrightability of the subject matter of the material for which you seek federal copyright protection;

e. Your policies and procedures for determining any preexisting work(s) of the material for which you seek federal copyright protection;

f. Your policies and procedures for determining when to file federal copyright applications for the material for which you seek federal copyright protection;

g. Your policies and procedures for determining the publication date of the material for which you seek federal copyright protection; and

h. Your policies and procedures for providing deposits with your federal copyright applications.

2. The historical policies and procedures of PeopleSoft, Inc. and J.D. Edwards regarding filing federal copyright applications, including:

a. The policies and procedures for determining authorship of the material for which federal copyright protection was sought;

b. The policies and procedures for determining and/or securing ownership of the material for which federal copyright protection was sought, including but not limited to policies and procedures regarding works made for hire and works developed by independent contractors;

c. The policies and procedures for determining originality of the material for which federal copyright protection was sought;

d. The policies and procedures for determining copyrightability of the subject matter of the material for which federal copyright protection was sought;

e. The policies and procedures for determining any preexisting work(s) of the material for which federal copyright protection was sought;

f. The policies and procedures for determining when to file federal copyright applications for the material for which federal copyright protection was sought;

g. The policies and procedures for determining the publication date of the material for which federal copyright protection was sought; and

h. The policies and procedures for providing deposits with federal copyright applications.

3. The procedures You followed for filing the federal copyright applications for the Registered Works, including:

a. The location of all documents relating to the applications to register the Registered Works or any other versions of the Registered Works, including any preexisting works;

b. Your efforts to determine authorship of the Registered Works;

c. Your efforts to determine and/or secure ownership of the Registered Works;

d. Your efforts to determine originality of the Registered Works;

e. Your efforts to determine the copyrightability of the subject matter of the Registered Works;

f. Your efforts to determine any preexisting work(s) related to the Registered Works;

g. Your determination of when to file federal copyright applications for the Registered Works;

h. Your efforts to provide deposits of the Registered Works; and

i. Your efforts to determine the publication dates of the Registered Works.

4. Your alleged ownership of the Registered Works, including:

a. Your policies and procedures for determining and/or securing ownership of the Registered Works, including but not limited to policies and procedures regarding works made for hire and works developed by independent contractors;

b. The location of all documents regarding the original ownership, and any other previous ownership, of the Registered Works, and the manner in which such documents are kept;

c. The location of all assignments of the Registered Works, and the manner in which such documents are kept;

d. The policies and procedures for assigning the Registered Works from the authors and/or owners of the Registered Works to Oracle International Corporation;

e. The policies and procedures for licensing the Registered Works from Oracle International Corporation to Oracle USA, Inc. and/or Oracle Corporation;

f. The terms of the licenses in the Registered Works between Oracle International Corporation and Oracle USA, Inc. and/or Oracle Corporation; and

g. The location of all licenses in the Registered Works between Oracle International Corporation and Oracle USA, Inc. and/or Oracle Corporation.

5. For each of the Registered Works, identification of the software, including updates, patches, and fixes, service packs, Software and Support Materials, and any other materials

allegedly covered by the registrations, identified by title, version number, file name, or other applicable identifying information.

6. For each of the Registered Works registered as a derivative work, identification of the author, current owner, any previous owners, content, creation date, publication date, and copyright registration number (if applicable), of the pre-existing works from which those Registered Works are derived.

7. For each of the Registered Works registered as a derivative work, identification of the additional registered material, as distinguished from the pre-existing works from which the Registered Works are derived.

Dated: June 10, 2008

JONES DAY

By: /s/ Tharan Gregory Lanier
Tharan Gregory Lanier

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

## PROOF OF SERVICE

I, Shirley Nakano-McSwain, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On June 10, 2008, I served a copy of the within document(s):

**DEFENDANTS' FIRST NOTICE OF DEPOSITION OF PLAINTIFF ORACLE INTERNATIONAL CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

[X] by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

BINGHAM McCUTCHEN LLP
DONN P. PICKETT
GEOFFREY M. HOWARD
HOLLY A. HOUSE
ZACHARY J. ALINDER
BREE HANN
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
***donn.pickett@bingham.com***
***geoff.howard@bingham.com***
***holly.house@bingham.com***
***zachary.alinder@bingham.com***
***bree.hann@bingham.com***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 10, 2008, at Palo Alto, California.

Shirley Nakano-McSwain

Shirley Nakano-McSwain