Bingham McCutchen LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and
Oracle EMEA Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, *et al.*,<br><br>Defendants. | No. 07-CV-01658 PJH (EDL)<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(C) AND 16(F)**<br><br>Date: August 18, 2009<br>Time: 2:00 pm<br>Place: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |



Dockets.Justia.com

The motion of Defendants SAP AG, SAP America, Inc. and TomorrowNow, Inc. (collectively "Defendants") for sanctions pursuant to Federal Rules of Civil Procedure 37(c) and 16(f) came on regularly for hearing before this Court. All parties received notice and an opportunity to be heard. After considering the pleadings and memoranda submitted by the parties, and all supporting papers, and having heard the arguments of counsel, IT IS HEREBY ORDERED that Defendants' motion is DENIED:

1. "[O]n the menu of sanctions that a court may select from in applying Rule 37, preclusion of evidence is among the most severe." *Network Appliance, Inc. v. Bluearc Arc.*, 2005 U.S. Dist. LEXIS 16726, at *9, *11-12 (N.D. Cal. 2005) (refusing Rule 37 request to exclude damages-related evidence based on assertions of untimely production). In moving for sanctions, Defendants "bear[] the burden of presenting evidence that it suffered 'undue prejudice' as a result of [the complained of] failure to produce a subset of responsive documents" and that "[t]he touchstone of the prejudice inquiry is whether a discovery violation 'threaten[s] to interfere with the rightful decision of the case' or 'impairs the moving party's ability to go to trial.'" *Id.* at *9 (internal citations omitted).

2. Defendants have not shown the prejudice necessary to impose sanctions. First, Defendants seek this relief despite receiving Oracle's supplemental initial disclosures – served over six months before the close of fact discovery – that identify in detail the kinds of damages Defendants now seek to exclude. Further, Oracle has shown it has provided Defendants with relevant documents on these issues and advised Defendants extensively in discovery responses regarding the scope of the damages sought.

3. Finally, under the extended case schedule stipulated to by the parties, Defendants have over five months to examine any additional evidence, followed by another three and a half months for their experts to analyze and respond to those initial reports .

THEREFORE, IT IS SO ORDERED THAT Defendants' Motion for Sanctions is DENIED.

DATED: _______________, 2009

_______________________________________
Hon. Elizabeth D. Laporte
United States Magistrate Judge