Walsh v. Apple, Inc. et al Doc. 377

BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOWARD (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and
Oracle EMEA Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE USA, INC., *et al.*,

Plaintiffs,

v.

SAP AG, *et al.*,

Defendants.

CASE NO. 07-CV-01658 PJH (EDL)

**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS SUPPORTING PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SANCTIONS AND TO COMPEL**

Date: August 18, 2009
Time: 2:00 pm
Place: Courtroom E, 15th Floor
Judge: Hon. Elizabeth D. Laporte



Dockets.Justia.com

Pending before this Court is Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle," and with Defendants, the "Parties") Administrative Request to File Under Seal Documents and Declarations Supporting Plaintiffs' Opposition to Defendants' Motion for Sanctions and Plaintiff's Opposition to Defendants' Motion to Compel Financial Information (the "Request to Seal").

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia,* the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. Proc. 26(c). In particular, when the request for sealing concerns discovery documents attached to a non-dispositive motion, a showing of good cause to seal the documents is sufficient to justify protection under Rule 26(c). *See* Navarro v. *Eskanos* & *Adler,* Case No. C-06 02231 WHA(EDL), 2007 U.S. Dist. LEXIS 24864 at *7 (March 22,2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

In compliance with this Court's Standing Order for Cases Involving Sealed or Confidential Documents, Rule 26(c) and Civil Local Rule 79-5, Oracle has filed the Declaration of Jennifer Gloss (the "Gloss Declaration") in support of Plaintiffs' Motion to Seal on July 28, 2009. Through the Gloss Declaration, Oracle provides evidence of good cause sufficient for this Court to permit filing the requested exhibits under seal. The Gloss Declaration establishes both that Oracle has considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle. *See Phillips v. General Motors Corp.* 307 F. 3d 1206, 1211 (9th Cir. 2006). The Gloss Declaration also establishes that the request for sealing has been narrowly tailored.

Having considered Plaintiffs' Request to Seal and the documents and exhibits filed in support, including the Gloss Declaration and the Stipulation of the Parties to Permit Plaintiffs to File Documents Under Seal, and GOOD CAUSE having been shown:

IT IS HEREBY ORDERED THAT: Plaintiffs' Request to Seal is GRANTED. The Clerk of the Court shall file under seal the unredacted versions of the following documents that have been lodged with the Court: (1) portions of the Opposition to Sanctions Motion; (2) the testimony identified as Exhibits G through J of the House Sanctions Declaration; (3) portions of the Motion to Compel Opposition; (4) portions of the House Motion to Compel Declaration; (5) the document identified as Exhibit F of the House Motion to Compel Declaration; (6) portions of the Guner Declaration; (7) portions of San Juan Declaration; and (8) portions of the Meyer Declaration.

IT IS SO ORDERED

DATED: _______________, 2009

_______________________________________________

Hon. Elizabeth D. Laporte
United States Magistrate Judge