# EXHIBIT A

Dockets.Justia.com

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650-739-3939
Facsimile: 650-739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, et al.,<br><br>Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANTS' FIFTH SET OF INTERROGATORIES TO PLAINTIFFS** |

**PROPOUNDING PARTY**: Defendants
**RESPONDING PARTY:** Plaintiffs
**SET NO:** FIFTH

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant TomorrowNow, Inc. ("TN") hereby requests that Plaintiffs, within thirty days of service, respond to these interrogatories, separately and in writing, to Defendants' counsel, Jones Day, located at 555 California Street, 26th Floor, San Francisco, CA 94104.

## DEFINITIONS

For purposes of these interrogatories, the following definitions shall apply:

1. "Identify" when used in reference to a business organization or entity means the full name of the organization or entity and the address of its principal place of business. "Identify" when used in reference to a natural person means the person's full name, current or last known business affiliation, and current or last known address.

2. "Communication" means any and all contact or transmission of information between two or more persons, whether in a face-to-face meeting, telephone conversation, or otherwise, or whether by letter, electronic mail, instant messaging system, facsimile transmission, cable, letters, correspondence, video conference, message, or any other method or medium of information transfer or exchange.

3. Unless otherwise specified, "Complaint" means the Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint, and all subsequent amendments to the Complaint.

4. "Describe" means describe in as much detail as possible.

5. "Document" shall be interpreted broadly and includes all forms of writings, tangible things, and other documents contemplated by Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001. This includes without limitation: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards;

printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

6. "Plaintiff(s)," "YOU," or "YOUR" means Oracle USA, Inc. ("OUSA"), Oracle International Corporation ("OIC"), Oracle EMEA Limited ("OEMEA"), their predecessors, and their successors.

7. "Registered Works" means the works identified in paragraphs 153 and 155 of the Third Amended Complaint.

**INSTRUCTIONS**

1. Each interrogatory must be answered separately, fully, under oath, and in writing. If objection is made to any interrogatory, or portion thereof, the reasons for the objection must be stated. If only part of an interrogatory is objected to, the remainder of the interrogatory must be answered.

2. The following rules of construction apply to these interrogatories: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; (3) the words "any," "all," "each," and "every" all include any, all, each, and every; (4) "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible; (5) "relating to" shall be construed to mean referring to, concerning, reflecting, discussing, comprising, consisting of, constituting, reporting, disclosing, pertaining to, and/or regarding; (6) "person" shall be construed to mean any natural person or any business, legal, or governmental entity or association.

3. If these interrogatories cannot be responded to in full, you shall respond to the extent possible, specify the reason for your inability to respond to the remainder, and state

whatever information or knowledge you have regarding the portion to which you have not responded.

4. The time period applicable to these requests is January 1, 2002 through the date of response, or, if the response is supplemented or amended, the date of the supplement or amendment.

5. Plaintiffs are reminded of their obligation under Rule 26(e) of the Federal Rules of Civil Procedure to timely supplement their responses.

## INTERROGATORIES

**INTERROGATORY NO. 22:**

DESCRIBE each category of alleged conduct encompassed by the phrase "Using the Software and Support Materials," as set forth in paragraph 183 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 22:**

**INTERROGATORY NO. 23:**

DESCRIBE each category of alleged conduct encompassed by the phrase "using portions of the Software and Support Materials," as set forth in paragraph 183 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 23:**

**INTERROGATORY NO. 24:**

If the alleged conduct described in YOUR responses to Interrogatory Nos. 22 and 23 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 24:**

**INTERROGATORY NO. 25:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR responses to Interrogatory Nos. 22 and 23.

**RESPONSE TO INTERROGATORY NO. 25:**

**INTERROGATORY NO. 26:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR responses to Interrogatory Nos. 22 and 23, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 26:**

**INTERROGATORY NO. 27:**

DESCRIBE each category of alleged conduct encompassed by the statement "Accessing the content available through Customer Connection, in the form of the Software and Support Materials, without being an authorized and designated Oracle technical support contact," as set forth in paragraph 183 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 27:**

**INTERROGATORY NO. 28:**

DESCRIBE each category of alleged conduct encompassed by the statement "Accessing ... portions of the Software and Support Materials," as set forth in paragraph 183 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 28:**

**INTERROGATORY NO. 29:**

If the alleged conduct described in YOUR responses to Interrogatory Nos. 27 and 28 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 29:**

**INTERROGATORY NO. 30:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR responses to Interrogatory Nos. 27 and 28.

**RESPONSE TO INTERROGATORY NO. 30:**

**INTERROGATORY NO. 31:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR responses to Interrogatory Nos. 27 and 28, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 31:**

REDACTED - NOT RELEVANT

REDACTED - NOT RELEVANT

**INTERROGATORY NO. 39:**

DESCRIBE each category of alleged conduct encompassed by the phrases "using information learned through the improper access to, and taking from, . . . to provide support

services to Defendants' customers" as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 39:**

**INTERROGATORY NO. 40:**

If the alleged conduct described in YOUR responses to Interrogatory No. 39 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 40:**

**INTERROGATORY NO. 41:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 39.

**RESPONSE TO INTERROGATORY NO. 41:**

**INTERROGATORY NO. 42:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 39, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 42:**

**INTERROGATORY NO. 43:**

DESCRIBE each category of alleged conduct encompassed by the phrase "gaining unauthorized access to Oracle USA's computer systems" as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 43:**

**INTERROGATORY NO. 44:**

If the alleged conduct described in YOUR responses to Interrogatory No. 43 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 44:**

**INTERROGATORY NO. 45:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 43.

**RESPONSE TO INTERROGATORY NO. 45:**

**INTERROGATORY NO. 46:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 43, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 46:**

**INTERROGATORY NO. 47:**

DESCRIBE each category of alleged conduct encompassed by the phrase "gaining unauthorized access to the Software and Support Materials" as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 47:**

**INTERROGATORY NO. 48:**

If the alleged conduct described in YOUR response to Interrogatory No. 47 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 48:**

**INTERROGATORY NO. 49:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 47.

**RESPONSE TO INTERROGATORY NO. 49:**

**INTERROGATORY NO. 50:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 47, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 50:**

**INTERROGATORY NO. 51:**

DESCRIBE each category of alleged conduct encompassed by the phrase "gaining unauthorized access to Oracle's software releases" as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 51:**

**INTERROGATORY NO. 52:**

If the alleged conduct described in YOUR response to Interrogatory No. 51 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 52:**

**INTERROGATORY NO. 53:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 51.

**RESPONSE TO INTERROGATORY NO. 53:**

**INTERROGATORY NO. 54:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 51, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 54:**

**INTERROGATORY NO. 55:**

DESCRIBE each category of alleged conduct encompassed by the phrase "causing customers to breach their license agreements with Oracle" as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 55:**

**INTERROGATORY NO. 56:**

If the alleged conduct described in YOUR response to Interrogatory No. 55 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 56:**

**INTERROGATORY NO. 57:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 55.

**RESPONSE TO INTERROGATORY NO. 57:**

**INTERROGATORY NO. 58:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 55, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 58:**

**INTERROGATORY NO. 59:**

Describe each category of alleged conduct encompassed by the phrase "using those copies for various improper purposes," as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 59:**

**INTERROGATORY NO. 60:**

If the alleged conduct described in YOUR response to Interrogatory No. 59 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 60:**

**INTERROGATORY NO. 61:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 59.

**RESPONSE TO INTERROGATORY NO. 61:**

**INTERROGATORY NO. 62:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 59, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 62:**

**INTERROGATORY NO. 63:**

Describe each category of alleged conduct encompassed by the phrase "breaching the agreements governing access to, and use of, the website and the Software and Support materials," as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 63:**

**INTERROGATORY NO. 64:**

If the alleged conduct described in YOUR response to Interrogatory No. 63 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 64:**

**INTERROGATORY NO. 65:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 63.

**RESPONSE TO INTERROGATORY NO. 65:**

**INTERROGATORY NO. 66:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 63, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 66:**

**INTERROGATORY NO. 67:**

Describe each category of alleged conduct encompassed by the phrase "luring ...customers by making promotional and marketing statements regarding Defendants' ability to provide support services that were only possible because of Defendants' improper access to, and taking from ...," as set forth in paragraphs 188 and 198 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 67:**

**INTERROGATORY NO. 68:**

If the alleged conduct described in YOUR response to Interrogatory No. 67 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 68:**

**INTERROGATORY NO. 69:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 67.

**RESPONSE TO INTERROGATORY NO. 69:**

**INTERROGATORY NO. 70:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 67, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 70:**

**INTERROGATORY NO. 71:**

Describe each category of alleged conduct encompassed by the phrases "wrongfully used the property that they found there" and "used to lure away current and prospective clients," as set forth in paragraphs 189 and 199 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 71:**

**INTERROGATORY NO. 72:**

If the alleged conduct described in YOUR response to Interrogatory No. 71 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 72:**

**INTERROGATORY NO. 73:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 71.

**RESPONSE TO INTERROGATORY NO. 73:**

**INTERROGATORY NO. 74:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 71, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 74:**

**INTERROGATORY NO. 75:**

Identify each class of conduct "wrongful by a measure beyond the fact of the interference itself" alleged in paragraphs 189 and 199 of the Third Amended Complaint as the basis of Plaintiffs' claims for Intentional and Negligent Interference With Prospective Economic Advantage.

**RESPONSE TO INTERROGATORY NO. 75:**

**INTERROGATORY NO. 76:**

For each class of conduct identified in response to Interrogatory No. 75, DESCRIBE how each Plaintiff was harmed as a result of such conduct.

**RESPONSE TO INTERROGATORY NO. 76:**

**INTERROGATORY NO. 77:**

Identify each class of conduct constituting an "unlawful business act or practice" alleged in paragraph 205 of the Third Amended Complaint as the basis of Plaintiffs' claim for Unfair Competition.

**RESPONSE TO INTERROGATORY NO. 77:**

**INTERROGATORY NO. 78:**

For each class of conduct identified in response to Interrogatory No. 77, describe in as much detail as possible how each Plaintiff was damaged as a result of such conduct.

**RESPONSE TO INTERROGATORY NO. 78:**

**INTERROGATORY NO. 79:**

DESCRIBE each category of alleged conduct encompassed by the phrase "improperly and unlawfully taken commercial advantage of [Plaintiffs'] investments in their confidential, proprietary, and copyrighted Software and Support Materials and underlying software applications," as set forth in paragraph 209 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 79:**

**INTERROGATORY NO. 80:**

If the alleged conduct described in YOUR response to Interrogatory No. 79 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 80:**

**INTERROGATORY NO. 81:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 79.

**RESPONSE TO INTERROGATORY NO. 81:**

**INTERROGATORY NO. 82:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 79, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 82:**

**INTERROGATORY NO. 83:**

DESCRIBE each category of alleged conduct encompassed by the phrase "unauthorized and unlawful use of that property," as set forth in paragraph 209 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 83:**

**INTERROGATORY NO. 84:**

If the alleged conduct described in YOUR response to Interrogatory No. 83 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 84:**

**INTERROGATORY NO. 85:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 83.

**RESPONSE TO INTERROGATORY NO. 85:**

**INTERROGATORY NO. 86:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 83, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 86:**

**INTERROGATORY NO. 87:**

DESCRIBE each category of alleged conduct encompassed by the phrase "unlawful and unfair use of [Plaintiffs'] stolen property," as set forth in paragraph 212 of the Third Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 87:**

**INTERROGATORY NO. 88:**

If the alleged conduct described in YOUR response to Interrogatory No. 87 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 88:**

**INTERROGATORY NO. 89:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 87.

**RESPONSE TO INTERROGATORY NO. 89:**

**INTERROGATORY NO. 90:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 87, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 90:**

**INTERROGATORY NO. 91:**

DESCRIBE each class of conduct alleged as the basis of Plaintiffs' claim for an Accounting.

**RESPONSE TO INTERROGATORY NO. 91:**

**INTERROGATORY NO. 92:**

If the alleged conduct described in YOUR response to Interrogatory No. 91 differs from the conduct alleged in support of YOUR claim that Defendants infringed the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 92:**

**INTERROGATORY NO. 93:**

DESCRIBE the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 91.

**RESPONSE TO INTERROGATORY NO. 93:**

**INTERROGATORY NO. 94:**

If the harm YOU claim to have suffered from the alleged conduct described in YOUR response to Interrogatory No. 91, differs from the harm YOU claim to have suffered as a result of Defendants' alleged infringement of the REGISTERED WORKS, DESCRIBE how it differs.

**RESPONSE TO INTERROGATORY NO. 94:**

**INTERROGATORY NO. 95:**

Identify each entity, including other Oracle entities, to which OIC has licensed any of the REGISTERED WORKS under an agreement that permits the entity to provide support services relating to the REGISTERED WORK or to sublicense to a third party that provides support services relating to the REGISTERED WORK.

**RESPONSE TO INTERROGATORY NO. 95:**

**INTERROGATORY NO. 96:**

For each entity identified in the response to Interrogatory No. 95, identify the parties to each such agreement, the date and titles of each such agreement, the Bates number(s) of each such agreement, if applicable, and the REGISTERED WORKS covered by the agreement.

**RESPONSE TO INTERROGATORY NO. 96:**

**INTERROGATORY NO. 97:**

For each agreement identified in the response to Interrogatory No. 96, state the amount of consideration to be paid to OIC under the agreement for licensing each REGISTERED WORK and DESCRIBE how the amount of consideration to be paid was determined.

**RESPONSE TO INTERROGATORY NO. 97:**

**INTERROGATORY NO. 98:**

Identify the Regional Managers responsible for Support Sales for each customer listed in Defendant TomorrowNow, Inc.'s Supplemental Exhibit 1 to its First Sets of Requests for Production and Interrogatories to Plaintiffs between January 1, 2002 and October 31, 2008.

**RESPONSE TO INTERROGATORY NO. 98:**

Dated: February 13, 2009

JONES DAY

By: [signature]
Elaine Wallace

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

## PROOF OF SERVICE

I, Lyz Evans, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the above-entitled action. My business address is 555 California Street, San Francisco, CA 94104. On February 13, 2009, I served a copy of the following document(s):

**DEFENDANTS' FIFTH SET OF INTERROGATORIES TO PLAINTIFFS**

by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

by placing the document(s) listed above in a sealed __________ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

X by transmitting via electronic mail the document listed above to the email address set forth below.

Donn P. Pickett
Geoffrey M. Howard
Holly A. House
Zachary J. Alinder
Bree Hann
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

*Attorneys for Plaintiffs*
Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 13, 2009, at San Francisco, California.

Lyz Evans

Lyz Evans