Walsh v. Apple, Inc. et al Doc. 455

# EXHIBIT A

Dockets.Justia.com



"Alinder, Zachary J."
<zachary.alinder@bingham.com>

11/07/2008 04:03 PM

To "Scott Cowan" <swcowan@JonesDay.com>

cc "Hann, Bree" <bree.hann@bingham.com>, "Rosenbaum, Briana Lynn" <briana.rosenbaum@bingham.com>, "Elaine Wallace" <ewallace@JonesDay.com>, "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Jane L Froyd" <jfroyd@JonesDay.com>, "Joshua L Fuchs" <jlfuchs@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Greg Lanier" <tglanier@JonesDay.com>

Subject RE: FINAL agreement re expansion of discovery time frames

Scott,
Your last change is acceptable. So, we will consider this version to be the agreement on the expanded time frames. As I understand it, we do not need to file anything with the court on this issue, other than to the extent it is mentioned in the Joint Discovery Conference Statement,

given that the parties have come to agreement. But, let us know if you have a different understanding.
Thanks,
Zac

-----Original Message-----
From: Scott Cowan [mailto:swcowan@JonesDay.com]
Sent: Friday, November 07, 2008 10:17 AM
To: Alinder, Zachary J.
Cc: Hann, Bree; Rosenbaum, Briana Lynn; Elaine Wallace; Howard, Geoff; House, Holly; Jane L Froyd; Joshua L Fuchs; Jason McDonell; Greg Lanier
Subject: FINAL agreement re expansion of discovery time frames

Zac,

All of your changes are acceptable, except the change you made to the last sentence of the first paragraph. I think we agree in principle on the point you are making, but the language you proposed doesn't clearly carve out the ability that both Judge Legge and Judge LaPorte have given Defendants' to revisit some of the issues on which we've been denied discovery for the time being. We think our proposed language for the end of that sentence gives you what you seek, yet still makes clear that to the extent we've been denied discovery without prejudice to seek it later in the case, we can revisit those subject matters at a later date.

Please let me know if the attached is acceptable (I've included a redline against your latest draft as well). If so, then we can consider this version as the FINAL AGREEMENT on the expanded time frames for this case.

Regards,
SWC

**************************************
Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas 77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600
Email: swcowan@jonesday.com
**************************************
(See attached file: FINAL Expanded Timeline AGREEMENT.doc)(See attached file: DVComparison_BMC_FINAL Expanded Timeline Proposal-FINAL Expanded Timeline AGREEMENT.rtf)

## **Expanded Discovery Timeline Agreement**

The Parties agree to expand the discovery timelines in this case as set forth below. This agreement is subject to, and not intended as a waiver of, any and all objections served by any party in response to any discovery request in this case. In other words, this agreement only relates to the expansion of the discovery time frames, and is not, by itself an agreement to produce any document. Just because a document fits the time frames and subject matters noted below, that does not mean that it will be produced, especially if it is privileged or the subject of any objections served by any party in response to any discovery request in this case. Moreover, any restrictions placed on any subject matter described below (e.g., "independent" third party support) shall not be construed as a concession or waiver of any parties' right to seek to broaden or narrow discovery on any subject matter, subject only to the terms of any non-appealable ruling by the court or special master that definitively precludes discovery regarding a particular subject matter in this case.

**01-01-02 through 01-01-04 Documents:**

(1) Relevant financial data including revenues, costs and profits to be agreed upon by the parties or per court order.

(2) Customer related documents (contracts and licensing for TN customers and related emails/negotiations to the extent kept in centralized files; on-boarding documents; the independent third party support market; TN, PeopleSoft, and JD Edwards key custodian documents re early TN customers).

(3) Damages Causation and Mitigation Documents (win/loss reports, at-risk reports, and other customer-specific reports kept in centralized locations (or with key custodians) or that can be generated from electronic sources).

(4) TomorrowNow Business Model Related Documents (documents re TomorrowNow's business model from centralized sources or key custodians from both sides, including the planning and formation of TN's business, communications between PeopleSoft and TN, documents re download servers/environments and fix/update development documents, and documents regarding PeopleSoft's or JD Edwards' knowledge of TN's support activities).

(5) Relevant TN, PeopleSoft, and JD Edwards employee emails from key custodians.

(6) The Parties' copyright-related documents to be agreed upon by the parties or per court order.

**03-22-07 through 10-31-08 Documents:**

(7) Updated relevant financial data including revenues, costs and profits.

(8) "TN/SAP customer"[1] related documents (documents from centralized sources and key custodians from both sides concerning those customers and created after the complaint, including the SAS database post-shutdown, the pathfinder database, customer off-boarding or transfer documents, TN, SAP and Oracle customer contracts, customers returning to Oracle from TN, customers lost by Oracle and efforts by Oracle to mitigate its damages, customers gained by TN or SAP).

(9) Damages Causation and Mitigation Documents (updated win/loss reports, at-risk reports, and other customer-specific reports kept in centralized locations (or with key custodians) or that can be generated from electronic sources).

(10) TomorrowNow Business Model Related Documents (documents from centralized sources or key custodians from both sides concerning: TN-related policies created or modified in any way since filing of complaint, including related to Project Blue; continued use of Oracle intellectual property, including transfer to third parties; Mark White's placement as head of TN; SAP's efforts to sell TN; documents related to independent third party support).

(11) The Parties' copyright-related documents to be agreed upon by the parties or per court order.

---

[1] "TN/SAP customers" shall be mean those customers involving at least one of the following: (a) all TN customers; (b) Safe Passage deals with TN as a component; or (c) SAP sales to TN customers after acquisition of TN.