Walsh v. Apple, Inc. et al Doc. 483

BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood city, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation,
Oracle EMEA Limited, and Siebel Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, *et al.*,<br><br>Defendants. | Case No. 07-CV-01658 PJH (EDL)<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' HYPOTHETICAL [FAIR MARKET VALUE] LICENSE DAMAGES CLAIM** |



Dockets.Justia.com

After considering the pleadings and memoranda and supporting papers submitted by the Parties, and having heard the argument of counsel, IT IS HEREBY ORDERED that Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Hypothetical License Damages Claim ("Defendants' Motion") in the above-named action is DENIED.

Summary judgment may not be granted unless the Court determines that there is no genuine issue of material fact, and that Defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. Defendants' Motion argues that a hypothetical license measure of actual damages for Defendants' copyright infringement is unavailable to Plaintiffs as a matter of law because Plaintiffs and Defendants would not have agreed to any license. However, a "hypothetical" or "fair market value" license is an available objective measure of actual damages under the Copyright Act. *See* 17 U.S.C. § 504(b); *Polar Bear Prods., Inc. v. Timex Corp.*, 382 F.3d 700, 708 (9th Cir. 2004); *see also* *Mackie v. Rieser*, 296 F.3d 909, 917 (9th Cir. 2002):

> We have previously defined the phrase "actual damages" as "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Frank I*, 772 F.2d at 512. To determine the work's "market value" at the time of the infringement, we have endorsed a hypothetical approach: "what a willing buyer would have been reasonably required to pay a willing seller for [the owner's] work." *Id.* (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977).

*See also* Ninth Circuit Model Civil Jury Instruction 17.23 (Copyright Damages - Actual Damages) (2007) ("The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work."). Whether Plaintiffs and Defendants would have agreed to any license absent Defendants' purported infringement is thus irrelevant.

In addition, contrary to Defendants' argument, this measure is available in disputes between competitors and non-competitors alike. The Copyright Act nowhere excludes competitors from those who can seek approved forms of actual damages. Instead, it provides the same measures of damages for all copyright owners, whether they compete with an infringer or

not, and whether they have licensed their work or not. *See* 17 U.S.C. § 504(b). The Ninth Circuit also does not restrict those who can seek actual damages in the form of a reasonable license fee to non-competitors; again it does not look to the actual parties but to the hypothetical "willing buyer" and "willing seller." Moreover, courts in other Circuits have allowed actual copyright damages to be awarded in the form of fair market value licenses in competitor cases. *See*, *e.g. Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 405-06 (S.D.N.Y. 2002); *Deltak, Inc. v. Advanced Systems, Inc.*, 767 F.2d 357, 358, 361 (7th Cir. 1985).

Finally, the Court rejects Defendants' argument that Plaintiffs cannot consider the costs Defendants avoided by infringing in calculating the fair market value of Defendants' use and the reasonable license fees for that use. The point of measuring the fair market value of any license fee is to determine the reasonable value of the rights the infringer misappropriated. *See, e.g., Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 513 (9th Cir. 1985) (market value license approach "seeks to approximate what a reasonable market price would have been at the time of the infringement") ), *aff'd in part, rev'd in part*, 886 F.2d 1545 (9th. 1989). The "value of use" to the infringer will presumably bear a relation to the fair market value of the rights. Moreover, the Ninth Circuit has never rejected consideration of avoided costs in establishing that reasonable market price and other Circuits have endorsed this approach. *See, e.g., Deltak*, 767 F.2d at 361 ("the value of use. . . is not, of course, identical to the profits it generates"; instead each of the copies infringed "had a value of use to [defendant] equal to the acquisition cost saved by infringement instead of purchase, which [defendant] was then free to put to other uses."); *see also Nucor Corp. v. Tennessee Forging Steel Service, Inc.*, 513 F.2d 151, 152-53 (8th Cir. 1975); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 928 (N.D. Ill. 2003); *Roeslin v. District of Columbia*, 921 F. Supp. 793, 799 (D.D.C. 1995); *Holabird v. Physicians Management of Indiana, Inc.*, 1995 US Dist LEXIS 5442 at *8-9 (N.D. Ill. 1995); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 870 F. Supp. 1504, 1512 (D. Minn. 1994).

Defendants are not entitled to judgment as a matter of law and genuine issues of material fact remain for consideration by the jury. Indeed, Oracle's damages expert has

highlighted numerous such facts that are informing his ongoing analysis of the fair market value of license for Defendants infringement of Oracle owned material. Accordingly, Defendants' Motion must be DENIED.

**IT IS SO ORDERED.**

Dated: ______________________

______________________________
HON. PHYLLIS J. HAMILTON
United States District Court Judge