Walsh v. Apple, Inc. et al
Doc. 493

# EXHIBIT “A”

Dockets.Justia.com

# Oracle's Response
# Dated 9-22-09

"House, Holly"
<holly.house@bingham.com>

09/22/2009 08:30 PM

To '"Scott Cowan'" <swcowan@JonesDay.com>

cc '"jennifer.gloss@oracle.com'" <jennifer.gloss@oracle.com>, '"Lisa.Weix@clydeco.us'" <Lisa.Weix@clydeco.us>, '"ralph.guirgis@sdma.com'" <ralph.guirgis@sdma.com>,

bcc

Subject RE: Revised proposed Insurance Carrier addendum to the stipulated protective order

History: This message has been forwarded.

Scott: on quick first glance -- please send the referenced Addenda listing the insurers/reinsurers and counsel so we know how many entities and persons are in play.

Also where is the language making clear that any of those at insurers receiving the materials have to be w/in the group of 15 and all have to sign the PO certificate?

I will discuss with my client and get back to you on times.

-----Original Message-----
From: Scott Cowan [mailto:swcowan@JonesDay.com]
Sent: Tuesday, September 22, 2009 6:07 PM
To: House, Holly
Cc: 'jennifer.gloss@oracle.com'; 'Lisa.Weix@clydeco.us'; 'ralph.guirgis@sdma.com'; tglanier@jonesday.com
Subject: RE: Revised proposed Insurance Carrier addendum to the stipulated protective order

Holly,

Attached is a clean and redlined copy of SAP's insurers' revised proposal. SAP's insurers believe that, through the attached revised proposal, they have conceded virtually every point raised in your email below.  The sole remaining issue in dispute relates to auditors and regulators.  As we are sure you and your clients can appreciate, there is no practical way to list these individuals in advance.  Moreover, SAP's insurers believe that the provision they have proposed relating to auditors and regulators is a common provision in protective orders and they do not believe that disclosure of certain portions of the materials at issue to the insurers' auditors and regulators poses any significant threat to dissemination of Oracle's materials.

Please let me know what days and times you and your clients are available to discuss, and hopefully finalize, this issue in advance of the September 30 discovery conference.

Regards,
SWC

***************************************
Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas  77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600

# SAP’s Insurers’ Most Current Proposal Dated 9-22-09

**Scott Cowan/JonesDay**
Extension 33721
09/22/2009 08:07 PM

To "House, Holly" <holly.house@bingham.com>
cc "'jennifer.gloss@oracle.com'" <jennifer.gloss@oracle.com>, "'Lisa.Weix@clydeco.us'" <Lisa.Weix@clydeco.us>, "'ralph.guirgis@sdma.com'" <ralph.guirgis@sdma.com>,
bcc
Subject RE: Revised proposed Insurance Carrier addendum to the stipulated protective order

Holly,

Attached is a clean and redlined copy of SAP's insurers' revised proposal.  SAP's insurers believe that, through the attached revised proposal, they have conceded virtually every point raised in your email below.  The sole remaining issue in dispute relates to auditors and regulators.  As we are sure you and your clients can appreciate, there is no practical way to list these individuals in advance.  Moreover, SAP's insurers believe that the provision they have proposed relating to auditors and regulators is a common provision in protective orders and they do not believe that disclosure of certain portions of the materials at issue to the insurers' auditors and regulators poses any significant threat to dissemination of Oracle's materials.

Please let me know what days and times you and your clients are available to discuss, and hopefully finalize, this issue in advance of the September 30 discovery conference.

Regards,
SWC

***************************************
Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas  77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600
Email: swcowan@jonesday.com
***************************************

Revised Insurance Carrier Addendum.DOC

Change-Pro Redline - Insurance Carrier Addendum and Revised Insurance Carrier Addendum.doc

"House, Holly" <holly.house@bingham.com>

**"House, Holly" <holly.house@bingham.com>**

09/11/2009 03:34 PM

To "'Scott Cowan'" <swcowan@JonesDay.com>
cc "'jennifer.gloss@oracle.com'" <jennifer.gloss@oracle.com>, "'Lisa.Weix@clydeco.us'" <Lisa.Weix@clydeco.us>, "'ralph.guirgis@sdma.com'" <ralph.guirgis@sdma.com>, "tglanier@jonesday.com" <tglanier@jonesday.com>
Subject RE: Revised proposed Insurance Carrier addendum to the stipulated protective order

# DRAFT

## Exhibit B

### INSURANCE CARRIER ADDENDUM

This is an addendum to the Stipulated Protective Order ("Protective Order") dated June 6, 2007, in the matter Oracle Corp. et al. v. SAP AG, et al. (the "Action"), 07-CV-1658, filed in the United States for the Northern District of California, San Francisco Division, and shall be made part of the Protective Order.

### *I. Definitions*

All capitalized terms herein shall have the same meanings as those terms that are capitalized in the Protective Order. In addition, "SAP Insurers" shall refer to those liability insurers of SAP to which claims for coverage of the Action have been made. "SAP Insurers Outside Counsel" shall refer to an SAP Insurer's retained outside counsel including members of the outside counsel firm, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular employees. "Insurer Receiver Parties" shall refer to SAP's broker and those of SAP Insurers and SAP Insurers outside Counsel that receive Discovery Materials designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the Protective Order ("Designated Material") under this Insurance Carrier Addendum to the Protective Order.

### *II. Insurer Receiver Party Access to Designated Materials*

Notwithstanding all provisions contained in the Protective Order, pursuant to this Insurance Carrier Addendum, upon request, the Insurer Receiver Parties shall be provided with copies of Discovery Materials including, but not limited to, Designated Materials, which are in SAP's possession, custody, or control. This information is necessary for the SAP Insurers' evaluation of the allegations in the Action. The SAP Insurers and SAP share a common and mutual interest in the defense of the Action, notwithstanding the SAP Insurers' ongoing reservation of rights, and the exchange of information between SAP and the SAP Insurers shall not affect any privilege or attorney work-product protection that may apply to such information, or the protections granted by the Protective Order.

*a. Access to Materials Designated as "Confidential"*

In addition to those persons listed in paragraph 9 of the Protective Order, counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Confidential Information" and/or any information derived from such Discovery Material to the Insurer Receiving Parties including necessary secretarial, clerical, administrative or support staff.

*b. Access to Materials Designated as "Highly Confidential*"

In addition to those persons listed in paragraph 10 of the Protective Order, counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" and/or any information derived from such Discovery Material to the following persons: (1) SAP Insurers Outside Counsel, (2) from each SAP Insurer or reinsurer, 15 individuals designated by name (which shall be provided to Oracle) as well as the designated individuals' necessary secretarial, clerical, administrative or support staff, (3) from SAP's broker, 5 individuals designated by name (which shall be provided to Oracle) as well as the designated individuals' necessary secretarial, clerical, administrative or support staff; and (4) auditors, or regulators provided the auditor or regulator is provided

a copy of the Protective Order and informed that the report is being distributed subject to it. In the event a designated individual should leave the employ of the insurer, reinsurer or broker, a replacement may be named by the relevant insurer or broker. The number of insurer recipients is intended to be flexible and to the extent an insurer requires greater access, it may seek a modification of the number from the Court.

*c. Access Contingent upon Signing the Insurer Declaration of Compliance*

Each person seeking to receive Designated Materials shall execute an Insurer Declaration of Compliance in the form attached to this Protective Order as Exhibit C prior to receiving access to such materials.

## III. Additional Provisions Applicable to the Insurer Receiving Parties.

The following provisions shall be added to the Protective Order, but shall only apply with respect to the Insurer Receiving Parties each of which shall have the same rights and obligations, and be subject to the same restrictions, as the Receiving Parties under the Protective Order, with the following caveats:

*a. Use of Materials*

Subject to the restrictions on access in Section II, an Insurer Receiving Party may use Discovery Material for the purposes of: (i) presentations to, or file review by, supervisors or management at the respective SAP Insurer to evaluate insurance coverage, potential liability and exposure, or to determine insurance payments, (ii) preparation by the Insurer Receiving Party of confidential written analyses, summaries, memoranda or other documents or records derived from Discovery Material for coverage evaluation, the evaluation of potential liability and exposure, the determination of insurance payments and/or the resolution of any non-public coverage dispute, (iii) participation in non-public mediation or arbitration proceedings between SAP and any SAP Insurer (each of which is entitled to receive material under the Protective Order) relating to the coverage for this Action, (iv) file review by, preparation of reports for, and responses to requests made by, re-insurers, auditors, or regulators provided such re-insurer, auditor or regulator, and (v) responding to court order, subpoena, or like obligation.

*b. Obligations under Paragraph 20*

Further, an Insurer Receiving Party's obligations under Paragraph 20 of this Protective Order do not arise until final resolution between SAP and all SAP Insurers of all coverage determinations and issues (and related payments, if any) pertaining to the relevant policies. The Insurer Receiving Party will not be required to return or destroy any materials prepared solely by the Insurer Receiving Party and shall be entitled to retain all information and materials which it is required to retain by regulation or law. However, each Insurer Receiving Party retaining such information and materials shall keep them confidential.

*c. No Admission*

Nothing in the Protective Order or this Addendum shall constitute an admission by the Insurer Receiving Party that any of the claims against SAP are covered, in whole or in part, under any insurance policy. Neither the Protective Order nor this Addendum shall be construed as a waiver or amendment of any terms and/or conditions of any insurance policy, including but not limited to SAP's duties of information and cooperation.

**Exhibit C**

**INSURER DECLARATION OF COMPLIANCE**

I, [print or type full name], of [print] or type full address], for [Company name], declare that I have read in its entirety and understand the Stipulated Protective Order (as amended by Exhibit B – Insurance Carrier Addendum) ("Stipulated Protective Order") that was amended by the United States District Court for the Northern District of California on [date] in the case of Oracle Corporation, et al. v. SAP AG, et al. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in compliance with the provisions of this Stipulated Protective Order.

Date: ________________________

City and State where sworn and signed: __________________________________________

Printed name: _________________________________________

[printed name]

Signature: _______________________________________________

[signature]

# Redline Comparison of SAP's Insurers' Most Current Proposal Dated 9-22-09 Against SAP's Insurers' Previous Proposal Dated 8-18-09

# DRAFT

## Exhibit B

### INSURANCE CARRIER ADDENDUM

This is an addendum to the Stipulated Protective Order ("Protective Order") dated June 6, 2007, in the matter Oracle Corp. et al. v. SAP AG, et al. (the "Action"), 07-CV-1658, filed in the United States for the Northern District of California, San Francisco Division, and shall be made part of the Protective Order.

### *I. Definitions*

All capitalized terms herein shall have the same meanings as those terms that are capitalized in the Protective Order. In addition, "SAP Insurers" shall refer to those liability insurers or reinsurers of SAP to which claims for coverage of the Action have been made and who are listed in the attached SAP Insurer Addendum. "SAP Insurers Outside Counsel" shall refer to an SAP Insurer's retained outside counsel including members of the outside counsel firm, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular employees. A list of the SAP Insurers Outside Counsel are provided in the attached SAP Insurer Outside Counsel Addendum. "Insurer Receiver Parties" shall refer to SAP's broker and those of SAP Insurers and SAP Insurers outside Counsel that receive Discovery Materials designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the Protective Order ("Designated Material") under this Insurance Carrier Addendum to the Protective Order.

### *II. Insurer Receiver Party Access to Designated Materials*

Notwithstanding all provisions contained in the Protective Order, pursuant to this Insurance Carrier Addendum, upon request, the Insurer Receiver Parties shall be provided with copies of Discovery Materials including, but not limited to, Designated Materials, which are in SAP's possession, custody, or control. ~~This~~SAP Insurers contend, and SAP agrees that this information is considered by the SAP Insurers to be necessary for the SAP Insurers' evaluation of the allegations in the Action. The SAP Insurers and SAP share a common and mutual interest in the defense of the Action, notwithstanding the SAP Insurers' ongoing reservation of rights, and the exchange of information between SAP and the SAP Insurers shall not affect any privilege or attorney work-product protection that may apply to such information, or the protections granted by the Protective Order.

*a. Access to Materials Designated as "Confidential"*

In addition to those persons listed in paragraph 9 of the Protective Order, counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Confidential Information" and/or any information derived from such Discovery Material to the Insurer Receiving Parties including necessary secretarial, clerical, administrative or support staff.

*b. Access to Materials Designated as "Highly Confidential"*

In addition to those persons listed in paragraph 10 of the Protective Order, counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" and/or any information derived from such Discovery Material to the following persons: (1) SAP Insurers Outside Counsel, (2) from each SAP Insurer ~~or reinsurer~~, 15 individuals designated by name, position, and address (which shall be provided to Oracle) as well as the designated individuals' necessary

secretarial, clerical, administrative or support staff, (3) from SAP's broker, 5 individuals designated by name, position, and address (which shall be provided to Oracle) as well as the designated individuals' necessary secretarial, clerical, administrative or support staff; and (4) auditors, or regulators provided the auditor or regulator is provided a copy of the Protective Order and informed that the report is being distributed subject to it. In the event a designated individual should leave the employ of the insurer, reinsurer or broker, a replacement may be named by the relevant insurer, reinsurer, or broker. The number of insurer recipients is intended to be flexible and to the extent an insurer or reinsurer requires greater access, it may seek a modification of the number from the Court.

*c. Access Contingent upon Signing the Insurer Declaration of Compliance*

Each person seeking to receive Designated Materials shall execute an Insurer Declaration of Compliance in the form attached to this Protective Order as Exhibit C prior to receiving access to such materials.

## III. Additional Provisions Applicable to the Insurer Receiving Parties.

The following provisions shall be added to the Protective Order, but shall only apply with respect to the Insurer Receiving Parties each of which shall have the same rights and obligations, and be subject to the same restrictions, as the Receiving Parties under the Protective Order, with the following caveats:

*a. Use of Materials*

Subject to the restrictions on access in Section II, an Insurer Receiving Party may use Discovery Material for the purposes of: (i) presentations to, or file review by, supervisors or management at the respective SAP Insurer to evaluate insurance coverage, potential liability and exposure, or to determine insurance payments, (ii) preparation by the Insurer Receiving Party of confidential written analyses, summaries, memoranda or other documents or records derived from Discovery Material for coverage evaluation, the evaluation of potential liability and exposure, the determination of insurance payments and/or the resolution of any non-public coverage dispute, (iii) ~~participation in non-public mediation or arbitration proceedings between SAP and any SAP Insurer (each of which is entitled to receive material under the Protective Order) relating to the coverage for this Action, (iv)~~ file review by, preparation of reports for, and responses to requests made by, re-insurers, auditors, or regulators provided such re-insurer, auditor or regulator, and (~~v~~iv) responding to court order, subpoena, or like obligation.

If there is a coverage dispute between SAP and an SAP Insurer relating to coverage for this Action, nothing in the Protective Order or Addendun shall preclude or prejudice the SAP Insurer from: (1) requesting Oracle to permit use of its Designated Materials in a coverage proceeding relating to the coverage for this Action, or (2) requesting the Court to modify the Protective Order or Addendum to allow use in a coverage proceeding relating to this Action.

*b. Obligations under Paragraph 20*

Further, an Insurer Receiving Party's obligations under Paragraph 20 of this Protective Order do not arise until final resolution between SAP and all SAP Insurers of all coverage determinations and issues (and related payments, if any) pertaining to the relevant policies. The Insurer Receiving Party will not be required to return or destroy any materials prepared solely by the Insurer Receiving Party and shall be entitled to retain all information and materials which it is required to retain by regulation or law. However, each Insurer Receiving Party retaining such information and materials shall keep them confidential in the same manner as during the pendency of the Litigation.

*c.* *No Admission*

Nothing in the Protective Order or this Addendum shall constitute an admission by the Insurer Receiving Party that any of the claims against SAP are covered, in whole or in part, under any insurance policy. Neither the Protective Order nor this Addendum shall be construed as a waiver or amendment of any terms and/or conditions of any insurance policy, including but not limited to SAP's duties of information and cooperation.

**Exhibit C**

**INSURER DECLARATION OF COMPLIANCE**

I, [print or type full name], of [print] or type full address], for [Company name], declare that I have read in its entirety and understand the Stipulated Protective Order (as amended by Exhibit B – Insurance Carrier Addendum) ("Stipulated Protective Order") that was amended by the United States District Court for the Northern District of California on [date] in the case of Oracle Corporation, et al. v. SAP AG, et al. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in compliance with the provisions of this Stipulated Protective Order.

Date: ________________________

City and State where sworn and signed: __________________________________________

Printed name: _________________________________________

[printed name]

Title:_______________________________________

Signature: _______________________________________________

[signature]

# Oracle's Proposal
# Dated 9-11-09

"House, Holly" <holly.house@bingham.com>

09/11/2009 03:34 PM

To '"Scott Cowan'" <swcowan@JonesDay.com>

cc '"jennifer.gloss@oracle.com'" <jennifer.gloss@oracle.com>, '"Lisa.Weix@clydeco.us'" <Lisa.Weix@clydeco.us>, '"ralph.guirgis@sdma.com'" <ralph.guirgis@sdma.com>,

bcc

Subject RE: Revised proposed Insurance Carrier addendum to the stipulated protective order

History: This message has been replied to and forwarded.

Scott et al:

We apologize for not getting back to you sooner. Oracle's GC has been out of the country for significant periods and getting her attention on this took more time than expected.

Prior to convening a call, we wanted to let you know Oracle's questions and issues in writing. That way there is no confusion. We would like your response in writing for the same reason. This will likely lead to faster resolution than having to find a time everyone is available for a call. Maybe after we exchange substantive emails a call would be productive but, hopefully, we can resolve our remaining issues through correspondence.

Here are Oracle's issues and questions re the proposal documents you sent:

Re Section I, we want the capitalized terms "SAP Insurers" "SAP Insurers Outside Counsel" and "Insurer Receiver Parties" to have behind them or in an addendum the actual names and addresses of each such entity. That is the only way we can assess exactly who and how many people will have access.

Also there is a reference to undefined "reinsurers" and "auditors" who also are allowed access to HC material per IIb2 and IIb4. We also want these specifics as to them. Again, we need to know the identities and numbers of people we are actually agreeing to.

We also want the name, address and title of every person who is being given Oracle's materials -- not just their name (as is currently proposed in IIb. This information should also be included in the certificate (Ex. C).

Oracle needs confirmation that Section III re use does not expand the number of designated persons provided access per Section II. In other words -- if there is going to be a presentation to a supervisor or manager that supervisor or manager should be among the 15 individuals specifically designated. Similarly, nobody other than the designated group should be receiving materials containing Oracle's materials. We need to include language making that clear.

Oracle also believes that the provision that allows unknown auditors or regulators to have Oracle's materials and only receive the protective order and not sign a compliance certificate is not in keeping with Magistrate Laporte's instructions. Moreover, because of the potentially unbounded nature of this, Oracle requests notice of any such request and the ability to object to production of Oracle materials before they are provided. That way perhaps less or different less sensitive) material could be substituted or redactions made that would protect Oracle from this greater dissemination.

Oracle also objects that you have included in allowable use section IIIa(3) the ability to use Oracle's materials in insurance coverage dispute resolution

with SAP. This is expressly the bootstrapping that we objected to and Magistrate Laporte would not allow at the last hearing on this addendum.

We want clarification re III.B's provisions that insurers have no obligations to return or destroy materials they created that incorporates Oracle confidential or highly confidential information. What kind of materials would this be? How voluminous? Would it include materials where Oracle information is contained in appendices, for example? Moreover, how do insurers intend to keep the material confidential? Presumably the insures have procedures in mind by this reference and Oracle wants to know what they are. For instance, Oracle would expect that anything created has to have a legend on it that indicates it contains C or HC material which is subject to a Protective Order. There could be other protections on the file as well such as special access rights, etc.

Finally, in the opening paragraph of Section II, Oracle does not know nor necessarily agree that all its materials are necessary to SAP's insurers, etc. So please change this to read that SAP and its insurers contend this.

We look forward to your response.

Holly

-----Original Message-----
From: Scott Cowan [mailto:swcowan@JonesDay.com]
Sent: Monday, August 31, 2009 2:21 PM
To: House, Holly
Cc: 'jennifer.gloss@oracle.com'; 'Lisa.Weix@clydeco.us'; 'ralph.guirgis@sdma.com'; tglanier@jonesday.com
Subject: RE: Revised proposed Insurance Carrier addendum to the stipulated protective order

Holly,

What day(s) and time(s) are you available this week? We need to get this wrapped up before the long weekend.

Regards,
SWC

***************************************
Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas 77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600
Email: swcowan@jonesday.com
***************************************

Scott Cowan/JonesDay
Extension 33721

08/21/2009 02:24 PM

To
"House, Holly" <holly.house@bingham.com>

cc
"'jennifer.gloss@oracle.com'"

<jennifer.gloss@oracle.com>,
"'Lisa.Weix@clydeco.us'"
<Lisa.Weix@clydeco.us>,
"'ralph.guirgis@sdma.com'"
<ralph.guirgis@sdma.com>,
"tglanier@jonesday.com"
<tglanier@jonesday.com>

Subject

RE: Revised proposed Insurance Carrier addendum to the stipulated protective order(Document link: Scott Cowan)

Holly,

Thanks for the response.  As I mentioned in my email below, vetting a document with 13 entities and their respective counsel necessarily takes time.  That said, and given that you only have one outside law firm, a small group of in-house counsel and presumably a small group of business folks on your end that need to review this, we think that scheduling the call for sometime next week give you guys plenty of time to review this revised and considerably shortened amendment.  What day(s) and time(s) are you available next week?

Have a good weekend.

Regards,
SWC

***************************************
Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas  77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600
Email: swcowan@jonesday.com
***************************************

"House, Holly"
<holly.house@bingham.com>

08/19/2009 12:58 PM

To

"'Scott Cowan'"
<swcowan@JonesDay.com>

cc

"'jennifer.gloss@oracle.com'"
<jennifer.gloss@oracle.com>,
"'ralph.guirgis@sdma.com'"
<ralph.guirgis@sdma.com>,
"'Lisa.Weix@clydeco.us'"

<Lisa.Weix@clydeco.us>,
"tglanier@jonesday.com"
<tglanier@jonesday.com>

Subject

RE: Revised proposed Insurance Carrier addendum to the stipulated protective order

Scott: I am in deposition on Friday. Given that you have taken almost two months to get us this, I don't think asking for our reactions and a call by Friday is a reasonable request regardless. Once we have vetted internally with the appropriate people, I will send an email with proposed times for a call.

Holly

-----Original Message-----
From: Scott Cowan [mailto:swcowan@JonesDay.com]
Sent: Tuesday, August 18, 2009 10:29 AM
To: House, Holly
Cc: 'jennifer.gloss@oracle.com'; 'ralph.guirgis@sdma.com'; 'Lisa.Weix@clydeco.us'; tglanier@jonesday.com
Subject: Revised proposed Insurance Carrier addendum to the stipulated protective order

Holly,

Attached is a revised proposed Insurance Carrier addendum to the stipulated protective order. Given the number of carriers and counsel involved, I am sure you guys can appreciate why it has taken some time to prepare and vett this revised proposal. We and SAP's insurance carriers believe that this revised proposal is consistent with the direction provided by Judge Laporte at the last discovery conference. And, we would like to get your comments, if any, on the attached as soon as possible so that we can get this issue resolved and the appropriate designees for the carriers can gain access to those portions of Oracle's production they need. Ralph, Lisa and I are all available this Friday to discuss the attached proposal with you and Jennifer. What time(s) on Friday work for you guys?

Regards,
SWC

***************************************

Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas 77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600

# SAP's Insurers' Proposal
# Dated 8-18-09

Scott Cowan/JonesDay
Extension 33721
08/18/2009 12:28 PM

To holly.house@bingham.com
cc "'jennifer.gloss@oracle.com'" <jennifer.gloss@oracle.com>, "'ralph.guirgis@sdma.com'" <ralph.guirgis@sdma.com>, "'Lisa.Weix@clydeco.us'" <Lisa.Weix@clydeco.us>,
bcc
Subject Revised proposed Insurance Carrier addendum to the stipulated protective order

Holly,

Attached is a revised proposed Insurance Carrier addendum to the stipulated protective order. Given the number of carriers and counsel involved, I am sure you guys can appreciate why it has taken some time to prepare and vett this revised proposal. We and SAP's insurance carriers believe that this revised proposal is consistent with the direction provided by Judge Laporte at the last discovery conference. And, we would like to get your comments, if any, on the attached as soon as possible so that we can get this issue resolved and the appropriate designees for the carriers can gain access to those portions of Oracle's production they need. Ralph, Lisa and I are all available this Friday to discuss the attached proposal with you and Jennifer. What time(s) on Friday work for you guys?

Regards,
SWC

****************************************
Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas 77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600
Email: swcowan@jonesday.com
****************************************

Insurance Carrier Addendum.doc

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# DRAFT

## Exhibit B

### INSURANCE CARRIER ADDENDUM

This is an addendum to the Stipulated Protective Order ("Protective Order") dated June 6, 2007, in the matter Oracle Corp. et al. v. SAP AG, et al. (the "Action"), 07-CV-1658, filed in the United States for the Northern District of California, San Francisco Division, and shall be made part of the Protective Order.

### *I. Definitions*

All capitalized terms herein shall have the same meanings as those terms that are capitalized in the Protective Order. In addition, "SAP Insurers" shall refer to those liability insurers of SAP to which claims for coverage of the Action have been made. "SAP Insurers Outside Counsel" shall refer to an SAP Insurer's retained outside counsel including members of the outside counsel firm, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular employees. "Insurer Receiver Parties" shall refer to SAP's broker and those of SAP Insurers and SAP Insurers outside Counsel that receive Discovery Materials designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the Protective Order ("Designated Material") under this Insurance Carrier Addendum to the Protective Order.

### *II. Insurer Receiver Party Access to Designated Materials*

Notwithstanding all provisions contained in the Protective Order, pursuant to this Insurance Carrier Addendum, upon request, the Insurer Receiver Parties shall be provided with copies of Discovery Materials including, but not limited to, Designated Materials, which are in SAP's possession, custody, or control. This information is necessary for the SAP Insurers' evaluation of the allegations in the Action. The SAP Insurers and SAP share a common and mutual interest in the defense of the Action, notwithstanding the SAP Insurers' ongoing reservation of rights, and the exchange of information between SAP and the SAP Insurers shall not affect any privilege or attorney work-product protection that may apply to such information, or the protections granted by the Protective Order.

*a. Access to Materials Designated as "Confidential"*

In addition to those persons listed in paragraph 9 of the Protective Order, counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Confidential Information" and/or any information derived from such Discovery Material to the Insurer Receiving Parties including necessary secretarial, clerical, administrative or support staff.

*b. Access to Materials Designated as "Highly Confidential*"

In addition to those persons listed in paragraph 10 of the Protective Order, counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" and/or any information derived from such Discovery Material to the following persons: (1) SAP Insurers Outside Counsel, (2) from each SAP Insurer or reinsurer, 15 individuals designated by name (which shall be provided to Oracle) as well as the designated individuals' necessary secretarial, clerical, administrative or support staff, (3) from SAP's broker, 5 individuals designated by name (which shall be provided to Oracle) as well as the designated individuals' necessary secretarial, clerical, administrative or support staff; and (4) auditors, or regulators provided the auditor or regulator is provided

a copy of the Protective Order and informed that the report is being distributed subject to it. In the event a designated individual should leave the employ of the insurer, reinsurer or broker, a replacement may be named by the relevant insurer or broker. The number of insurer recipients is intended to be flexible and to the extent an insurer requires greater access, it may seek a modification of the number from the Court.

*c. Access Contingent upon Signing the Insurer Declaration of Compliance*

Each person seeking to receive Designated Materials shall execute an Insurer Declaration of Compliance in the form attached to this Protective Order as Exhibit C prior to receiving access to such materials.

## III. Additional Provisions Applicable to the Insurer Receiving Parties.

The following provisions shall be added to the Protective Order, but shall only apply with respect to the Insurer Receiving Parties each of which shall have the same rights and obligations, and be subject to the same restrictions, as the Receiving Parties under the Protective Order, with the following caveats:

*a. Use of Materials*

Subject to the restrictions on access in Section II, an Insurer Receiving Party may use Discovery Material for the purposes of: (i) presentations to, or file review by, supervisors or management at the respective SAP Insurer to evaluate insurance coverage, potential liability and exposure, or to determine insurance payments, (ii) preparation by the Insurer Receiving Party of confidential written analyses, summaries, memoranda or other documents or records derived from Discovery Material for coverage evaluation, the evaluation of potential liability and exposure, the determination of insurance payments and/or the resolution of any non-public coverage dispute, (iii) participation in non-public mediation or arbitration proceedings between SAP and any SAP Insurer (each of which is entitled to receive material under the Protective Order) relating to the coverage for this Action, (iv) file review by, preparation of reports for, and responses to requests made by, re-insurers, auditors, or regulators provided such re-insurer, auditor or regulator, and (v) responding to court order, subpoena, or like obligation.

*b. Obligations under Paragraph 20*

Further, an Insurer Receiving Party's obligations under Paragraph 20 of this Protective Order do not arise until final resolution between SAP and all SAP Insurers of all coverage determinations and issues (and related payments, if any) pertaining to the relevant policies. The Insurer Receiving Party will not be required to return or destroy any materials prepared solely by the Insurer Receiving Party and shall be entitled to retain all information and materials which it is required to retain by regulation or law. However, each Insurer Receiving Party retaining such information and materials shall keep them confidential.

*c. No Admission*

Nothing in the Protective Order or this Addendum shall constitute an admission by the Insurer Receiving Party that any of the claims against SAP are covered, in whole or in part, under any insurance policy. Neither the Protective Order nor this Addendum shall be construed as a waiver or amendment of any terms and/or conditions of any insurance policy, including but not limited to SAP's duties of information and cooperation.

**Exhibit C**

**INSURER DECLARATION OF COMPLIANCE**

I, [print or type full name], of [print] or type full address], for [Company name], declare that I have read in its entirety and understand the Stipulated Protective Order (as amended by Exhibit B – Insurance Carrier Addendum) ("Stipulated Protective Order") that was amended by the United States District Court for the Northern District of California on [date] in the case of Oracle Corporation, et al. v. SAP AG, et al. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in compliance with the provisions of this Stipulated Protective Order.

Date: ________________________

City and State where sworn and signed: __________________________________________

Printed name: ________________________________________

[printed name]

Signature: _______________________________________________

[signature]