Walsh v. Apple, Inc. et al Doc. 499

BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation,
Oracle EMEA Limited, and Siebel Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, *et al.*,<br><br>Defendants. | CASE NO. 07-CV-01658 PJH (EDL)<br><br>**[PROPOSED] ORDER SUSTAINING PLAINTIFFS' OBJECTIONS TO ORDER OF MAGISTRATE GRANTING DEFENDANTS' MOTION FOR PRECLUSION OF CERTAIN DAMAGES EVIDENCE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(c) AND 16(f)** |



Dockets.Justia.com

After considering the pleadings and memoranda and supporting papers submitted by the Parties, IT IS HEREBY ORDERED that Plaintiffs' Objections to the Magistrate's Order Granting Defendants' Motion for Preclusion of Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 37(c)(1) and 16(f) ("Plaintiffs' Motion") in the above-named action shall be SUSTAINED.

On September 17, 2009, Magistrate Laporte issued an Order Granting Defendants' Motion for Preclusion of Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 37(c)(1) and 16(f) ("Order") barring Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (collectively, "Oracle") from presenting at trial several separate aspects of their lost profits damages claim.

On October 1, 2009, Oracle objected to the Order to the extent it precluded Oracle's ability to seek lost profits "relating to licensing revenue, as opposed to support revenue" including for "products not supported by TomorrowNow" for the long-agreed upon "relevant" list of TomorrowNow customers (also known as "cross-sell" and "up-sell" profits). Oracle objected on the grounds that the Order's preclusion of Oracle's ability to seek lost profits associated with "cross-sell" and "up-sell" damages was (a) an error on the facts, as Oracle has continually disclosed its intent to seek all forms of lost profits associated with customers supported by TomorrowNow since its earliest March 22, 2007 version of its complaint and (b) unprecedented as a matter of law. *See, e.g., Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *Network Appliance, Inc., v. Bluearc Corp.*, No. C 03-5665, 2005 U.S. Dist. LEXIS 16726 at *11-12 (N.D. Cal. June 27, 2005).

Oracle further objected to any application of the Order that would preclude Oracle's ability to present evidence at trial related to the excluded damages for the purpose of rebutting Defendants' inevitable attacks on Oracle's damages as excessive or where witnesses are questioned regarding the impact they experienced from Defendants' unlawful acts.

WHEREAS Plaintiffs have demonstrated that Magistrate Laporte's September 17, 2009 Order constituted clear error to the extent that it precluded Oracle from pursuing damages based on lost profits associated with "cross-sell" and "up-sell" damages for TomorrowNow

customers, IT IS HEREBY ORDERED that Plaintiffs' Objections to the Magistrate's Order Granting Defendants' Motion for Preclusion of Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 37(c)(1) and 16(f) shall be SUSTAINED.

The Order is modified to allowed Oracle to continue to seek all lost profit damages associated with the long-agreed upon "relevant" list of TomorrowNow customers, including "cross-sell" and "up-sell" damages. Further, it is confirmed that the Order does not preclude Oracle from referencing the excluded damages at trial where such evidence is introduced to rebut attacks on Oracle's damages as excessive or where witnesses are questioned regarding the impact they experienced from Defendants' unlawful acts.

IT IS SO ORDERED.

DATED _____________________.

_______________________________
The Honorable Phyllis J. Hamilton
U.S. District Court