# EXHIBIT A

Dockets.Justia.com

Pages 1 - 69

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ELIZABETH D. LAPORTE

| | |
|---|---|
| ORACLE USA, INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>SAP AG, et al.,<br><br>Defendants. | NO. C 07-1658 PJH (EDL)<br><br>SAN FRANCISCO, CALIFORNIA<br>Tuesday, August 18, 2009<br>10:49 a.m. |

**TRANSCRIPT OF PROCEEDINGS**
**(HEARING ON MOTIONS)**

**APPEARANCES:**

**For Plaintiffs:**

**BINGHAM, McCUTCHEN, LLP**
Three Embarcadero Center
San Francisco, CA 94111
(415)393-2485
BY: **HOLLY HOUSE, ESQ.**
and **GEOFFREY M. HOWARD, ESQ.**
and **NITIN JINDAL, ESQ.**
and **ZACHARY J. ALINDER, ESQ.**

**For Defendants:**

**JONES DAY**
555 California Street - 26th Floor
San Francisco, CA 94104
(415)626-3939
BY: **JASON McDONELL, ESQ.**
and **ELAINE WALLACE, ESQ.**
and **PATRICK R. DELAHUNTY, ESQ.**
**LAURIE PAIGE BURNS, Paralegal**

*Reported by:* *MARGARET "MARGO" GURULE, CSR* **#12976**
*PRO TEM COURT REPORTER*, USDC



PDF created with pdfFactory trial version www.pdffactory.com

time, is -- it's just unprecedented.

**THE COURT:** Well, actually, I think that's a misstatement. The burden is on you to show harmlessness, not on them.

**MS. HOUSE:** Either way, your Honor, I think we have shown harmlessness. There is time. We don't know yet whether or not Mr. Clarke has to do the worrying about all the things that he says has to happen. We think that is hyperbolic; that he's overstated it.

**THE COURT:** And I think that the brief also misstated the *Network Appliance* case by Judge Patel. I mean, I think those were, you know, inaccurate.

**MS. HOUSE:** Well, *Network Appliance*, we feel is very relevant here, and certainly the language in that case is very relevant.

**THE COURT:** Especially including the language deleted and as explained in the reply brief that was left out. I think that mischaracterized the case.

And you know, I have to say, you know, if judges don't point that out, those sort of things out, I don't know if it encourages it. But I think it was not correct and I think saying that you've put the burden on the wrong party on harmlessness, those are errors that a firm like yours shouldn't make, or attempts to. I mean, I hope they're just inadvertent errors and not an attempt to mislead the Court.



PDF created with pdfFactory trial version www.pdffactory.com

**MS. HOUSE:** They certainly were not.

**THE COURT:** I'm not assuming they were.

**MS. HOUSE:** And one of the things that she pointed out was that she decided that she said that bad faith was a required showing that she didn't --

**THE COURT:** Only when it was tantamount to terminating a complete severe sanction.

**MS. HOUSE:** Right.

**THE COURT:** I don't have the case in front of me, but it was not correct, and really I thought not a fair reading of the case. And it was sort of obvious to me the minute I looked it, and my law clerk, as well. I mean, it's not a difficult case to follow.

**MS. HOUSE:** She said that mere negligent conduct in discovery is insufficient to impose the severe penalty of exclusionary sanctions; that exclusionary sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side; that the touchstone of the prejudice inquiry is whether a discovery violation threatens to interfere with the rightful decision of the case or impairs the moving party's ability to go to trial -- which is a year and a half from now; and that delayed production of documents is rarely sufficient to meet the standard.

**THE COURT:** She said, "The preclusion of evidence is among the most severe under certain circumstances and it's



PDF created with pdfFactory trial version www.pdffactory.com

tantamount to dismissal of the plaintiff's claim for entry of default. Under those circumstances, mere negligent conduct is insufficient. So when it's tantamount to dismissal, entry of default, i.e., terminating sanctions, under those circumstances, mere negligence is insufficient. That, to me, is quite different from saying you can't impose any kind of exclusionary sanctions that don't amount to terminating with mere negligence. Those are -- I mean, to me, that really is not a fair characterization. And the circumstances refer to when it's tantamount to dismissal of claims or entry of default judgment. Those are terminating sanctions. Those are the most severe. That's when they're most severe.

**MS. HOUSE:** Well, it feels like it to us, your Honor, because this is significant in terms us --

**THE COURT:** It's not a subjective test on how it feels. It's whether or not it's tantamount to dismissal or not.

Now, I made a point. You're arguing with me that I'm wrong and you're right. I actually think you've just repeated an inaccurate characterization test of the case.

But I don't think there is anything more to be said. You know, I don't know want to beat a dead horse, but that's what the case says. And it's not whether it feels terrible and you really don't want it to happen. Is it equivalent to a terminating sanction or not?



PDF created with pdfFactory trial version www.pdffactory.com

Now, if I were to grant all the relief they ask for, is this equivalent to a terminating sanctions?

**MS. HOUSE:** It's equivalent to denying Oracle a vast amount of the damage form which they suffered from their liability, yes.

**THE COURT:** Is it equivalent to a terminating sanction? "Yes" or "no"?

**MS. HOUSE:** It is not equivalent to a terminating sanction, but it severely guts our damages, which is why we're bringing it.

**THE COURT:** Okay. Well, I understand that there is a lot of money at stake and that it would affect the damages available, but that is not the same as a terminating sanction.

All right. Well, let's -- you know, that's a deviation, but again, I'm just troubled by -- I mean, I really -- you know, Judge Hamilton addressed eloquently the issue of the civility in the tone. And I don't really like trying to correct parties about whether they cite cases correctly or not.

But I feel, on the other hand, if judges don't do it from time to time, then it encourages bad behavior or sloppy or negligent or whatever you want to call it.

Now, I'm not imposing any sanctions. We're not talking about this. I'm not going to repeat this outside this room. This is not meant to be, you know, some kind of painful



PDF created with pdfFactory trial version www.pdffactory.com

process. I just feel, though, that I do have to give some feedback when I see things that I don't want to see again, and I think other judges won't want to, either. But that's not the most important issue.

So anything further on the merits? I think we have covered a lot of it.

**MS. WALLACE:** Unless your Honor has any other questions on the prejudice evidence, then we have nothing further.

**THE COURT:** Okay. Anything further?

**MS. HOUSE:** Other than we really do think that the prejudice element which is essential here hasn't been met, given the amount of time that there remains, and that, indeed, that some of what Mr. Clarke is complaining about, we don't believe is going to bear out but that the appropriate time to assess whether there was actual undue prejudice would be at the point when they actually respond to the damages.

**THE COURT:** Well, let me ask one other question. Another issue that is raised is whether or not, if I were to be inclined to think that the kind of sanctions that are requested were warranted, would this be in the form of an R & R or a normal Rule 37 discovery ruling?

I would say that, you know, Judge Hamilton, I think, in general -- you know, her general philosophy, that she would prefer as much as possible that I not issue R & R's. I'm not



PDF created with pdfFactory trial version www.pdffactory.com

CERTIFICATE OF REPORTER

I, the undersigned, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing proceedings and caption named, or in any way interested in the outcome of the cause named in said caption.

The fee charged and the page format for the transcript conform to the regulations of the judicial conference.

Furthermore, I certify the invoice does not contain charges for the court reporter's certification page.

IN WITNESS WHEREOF, I have hereunto set my hand this 20th day of August 2009.

Margaret "Margo" Gurule'

MARGARET "MARGO" GURULE, CSR



PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT B

JONES DAY

555 CALIFORNIA STREET, 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: (415) 626-3939 • FACSIMILE: (415) 875-5700

Direct Number: (415) 875-5831
ewallace@jonesday.com

February 12, 2009

**VIA EMAIL**

Briana Lynn Rosenbaum, Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

**Re: *Oracle Corporation, et al. v. SAP AG, et al.***

Dear Briana:

I write to address the numerous deficiencies in Oracle's customer-specific financial reports provided on January 8, 2009 pursuant to the parties' agreement to exchange such reports. Please note that we plan to raise this issue with Judge Laporte at tomorrow's discovery conference in conjunction with our discussion of the Customer List issues.

**A. Pre-2004 Information.**

In my email of yesterday, I said that Oracle had provided PeopleSoft or JDE information for around 275 customers. Further analysis has shown that, in fact, Oracle has provided PeopleSoft or JDE information for only 251 customers (and, even then, not all of it is the relevant PS or JDE information, as discussed further below). As noted in my email, for all but 13 of those the information only goes back to 2004, not 2002 as the parties had agreed. [*See* 11/18/08 email from B. Rosenbaum to J. Froyd.]

**B. Customers For Which Oracle Has Provided No Information.**

Oracle has failed to provide any information at all for the following 18 customers:

1. Apria Healthcare Group, Inc.
2. B.M. Nagano Pte. Ltd.
3. BBS Electronics Pte Ltd
4. Decorative Concepts, Inc./ New Creative Enterprises
5. Diocese Service Corporation
6. Education Direct, Inc.
7. Fireman's Fund Insurance Company
8. Fundamental Administrative Services
9. Genesis Healthcare System
10. J.W. Harris, Inc.

SFI-603346v1

11. Koontz-Wagner
12. Nitta Casings, Inc.
13. Park Associates, The / BILLit Accounting
14. Powerway, Inc.
15. Pretty Products, Inc.
16. University Health System
17. W.C. Wood Company Ltd
18. ZMC Technologies Pte Ltd

Note that the 40 additional customers in TN's Supplemental Exhibit 1 did not include any of these 18 customers. Nor were any of the names of these 18 customers corrected or otherwise changed in any way in Supplemental Exhibit 1. Thus, Oracle's failure to produce information for these customers is not attributable in any way to TN's supplementation of that exhibit.

**C. Customers For Which Oracle Has Provided No PeopleSoft Or JDE Information.**

For the following 51 customers, Oracle has provided information (voluminous information in some cases) but the information does not relate to any PeopleSoft or JDE product.

**(a) PeopleSoft.**

1. Allianz Life Insurance Company of North America
2. Alternative Resources Corp. (ARC)
3. American Commercial Barge Line LLC
4. Ariba
5. Bear Stearns & Co., Inc.
6. Big Lots Stores, Inc.
7. Capital Group of Companies, The
8. City of Atlanta
9. City of Flint, Michigan
10. City of Windsor
11. Coors Brewing Company
12. Cowlitz County, WA
13. Eagle Family Foods Holdings, Inc.
14. Employees' Retirement System of Georgia
15. First Virginia Services
16. Florida Tile Industries
17. Haworth, Inc.
18. Huntsville Hospital System
19. Information Handling Service Group, Inc. / IHS Inc.
20. Interpublic Group of Companies, Inc., The
21. Intraware, Inc.

22. KMC Telecom Holdings, Inc.
23. Municipality of Anchorage
24. National Americas Investment, Inc.
25. Norstan Communications, Inc.
26. Oklahoma Publishing Corporation
27. Organon International
28. Praxair
29. Quad Graphics, Inc.
30. Rentway Corp.
31. Sasol North America
32. Sirva, Inc. / North American Van Lines, Inc.
33. Telapex
34. Toshiba America Information Systems
35. United Dominion Realty Trust, Inc.
36. Universal City Studios LLP / NBC Universal
37. UT MD Anderson Cancer Center
38. Veolia Water Indianapolis/Indianapolis Water Company

**(b) JDE.**

1. ACH Food Companies
2. Ajinomoto Co. Inc.
3. Amgen Inc.
4. Barrie Hydro Distribution, Inc.
5. Brain LAB AG
6. Crayola LLC
7. Dana Corporation / REINZ-Dichtungs-GmbH
8. Harley Davidson, Inc.
9. Metex Corporation
10. Transfield Services New Zealand Ltd
11. Weil-McLain
12. World Kitchen (Asia Pacific) Pte Ltd
13. Yazaki (Europe) Limited

Again, Oracle's failure to produce relevant information for these customers is not attributable in any way to Supplemental Exhibit 1. The problem is not that Oracle was unaware that these entities were TN customers but that the information produced does not relate to any PeopleSoft or JDE product. Moreover, of these 51 customers, only 2 (Veolia Water Indianapolis

and Transfield Services New Zealand Ltd) were among the 40 additional customers identified in Supplemental Exhibit 1.[1]

**D. Customers For Which Oracle Has Provided Insufficient Information.**

Defendants are continuing to analyze Oracle's customer-specific reports but, based on our analysis to date, the information Oracle has provided is insufficient for at least 37 customers. Specifically, Oracle has failed to provide information for some or all of the modules actually supported by TN:

1. A.O. Smith Corporation
2. AFLAC / American Family Life Assurance Co.
3. Alterra Healthcare Corporation
4. American Media Inc.
5. American Red Cross Southern Pennsylvania Chapter
6. Arvato Services
7. BASF AG
8. Brigham Young University
9. Ciber, Inc.
10. Computer Associates International, Inc./CA, Inc.
11. Delta Dental Plan of Michigan
12. E.Piphany
13. Federated Services Company
14. George Weston Bakeries, Inc.
15. GlobalSantaFe Corporation
16. Hitachi Global Storage Technology
17. Holland Casino
18. Hydro One Networks, Inc.
19. Integris Health
20. J.B. Hunt Transport Inc.
21. Mutual of Omaha
22. Oxford Global Resources, Inc.
23. PepsiAmericas / Pepsi-Cola General Bottlers
24. Phelps Dodge Corporation / Freeport McMoRan Copper & Gold Inc.
25. Providence Health System
26. Ross Dress for Less, Inc.
27. Safeway Stores Inc.
28. Saint Barnabas Health Care System

[1] Oracle had produced information (albeit not PeopleSoft or JDE information, in some cases) for 9 of the 40 additional customers even before TN supplemented Exhibit 1. This undermines Oracle's claim that it was unaware of these customers until it received Supplemental Exhibit 1. As noted in the February 9, 2009 Joint Discovery Statement, TN had been producing documents for these customers as it located them and well before the vast majority of the customers even became discoverable under the parties Expanded Time Line Agreement.

29. Shands Healthcare / Summit Technology, Inc.
30. StarHub Limited
31. Suburban Propane, L.P.
32. Sybase, Inc.
33. TA Operating Corporation d/b/a TravelCenters of America
34. Tropical Shipping USA, LLC
35. Universitas 21 Global
36. Wabash National
37. Wendy's

Again, this failure is not related to TN's supplementation of Exhibit 1 in any way. None of these 37 customers is among the 40 additional customers listed in Supplemental Exhibit 1. Moreover, the problem clearly is not that Oracle was unaware of these customers but that the information for these customers is deficient.

**E. Unknown Customer.**

Oracle has produced information for 10 customers that do not match any customer name provided by TN, either in the original or supplemental Exhibit 1. We need to know to which TN customers Oracle considers this information to be files relevant:

1. Associated British Ports Holdings
2. Cockerill Maintenance & Ingénierie
3. CoorsTek, Inc.[2]
4. Coriolis Telecom
5. Genesis HealthCare Corporation, Genesis Healthcare[3]
6. Petco Kuwait Subsidiary of Genoa GTC WLL[4]
7. Red Fuel Cards Europe Limited
8. Retail Decisions Inc.
9. Smithfield Foods, Inc.
10. Vanderbilt University Medical Center[5]

**F. Alternative Customer Names.**

For the Oracle customers listed in the table below, we need confirmation that the information provided corresponds to the TN customers listed below. Note that the Oracle customer names came from Oracle's own documents. These "alternative names" are thus not

[2] This entity appears to have no relationship to TN customer Coors Brewers Ltd or Coors Brewing Company.

[3] This entity appears to have no relationship to TN customer Genesis Healthcare System.

[4] This entity appears to have no relationship to TN customer Petco Animal Supplies, Inc.

[5] This entity appears to have no relationship to TN customer Vanderbilt University.

responsive to Interrogatory No.1 in Oracle's Second Set of Interrogatories, which seeks all names under which a customer did business with TN, not with Oracle.

| ***TomorrowNow Customer Name*** | ***Oracle Customer Name***[6] |
|---|---|
| Academy Sports and Outdoors, LTD | Academy, Ltd |
| ACH Food Companies | Associated British Foods Plc |
| Acushnet Company | Acushnet Rubber Company Inc |
| Al Nisr Publishing LLC | Al Tayer Group LLC |
| Allied Bakeries | ABF Grain Products Limited |
| American Commercial Barge Line LLC | American Commercial Lines and American Commercial Lines LLC |
| Ariba | TransProcure Corporation |
| Arvato Services | Spectron Business Solutions N.V. |
| BASF AG | Engelhard de Meern BV, BASF (Engelhard) |
| Carrols Corporation | Carrols Restaurant Group |
| Caterpillar Underground Mining Pty Ltd | Caterpillar Elphinstone |
| Children's Health System of Alabama | Children's Hospital Association |
| City of Atlanta | City of Atlanta Dept of Info Technology |
| Coors Brewers Limited | Coors Brewers |
| Crayola LLC | Binney & Smith |
| DHL Container Logistics (UK) Limited | DHL Freight GmbH |
| Direct Energy Marketing Limited | Direct Energy |
| Electrolux IT Solutions AB | Electrolux AB |

[6] This list does not purport to be a complete list of all names Oracle may use for a particular customer. Defendants have no way of knowing such information.

| | |
|---|---|
| Federated Services Company | Federated Investors, Federated Investors Inc, Federated Investors Management Corp |
| First Virginia Services | First Virginia Banks |
| Flint Group Incorporated | Flint Ink Corp. |
| Foot Locker, Inc. | Foot Locker Corporate Services Inc |
| George Weston Bakeries, Inc. | George Weston Foods Limited, George Weston Limited |
| Haworth, Inc. | Haworth Marketing & Media |
| Heritage Valley Health System | Valley Health System |
| InBev UK Limited (through LogicaCMG UK Limited) | Interbrew UK |
| Manugistics Group, Inc. | JDA Software Australia Pty Ltd, JDA Software Group, Inc., and JDA Software |
| National Foods Services Pty Limited | Berri Limited |
| PRG Schultz International, Inc. | Profit Recovery Group |
| Progress Software Coporation | DataDirect Networks / DataDirect Technologies |
| PTL Information Technology Services Corp. | Plexus Corporation, Plexus Kuwait, and Plexus Scientific Corporation |
| Rentway Corp. | Rent-A-Center |
| Grupo Costamex | |
| SPX Cooling Technology | SPX Corporation |
| SPX Flow Technology | SPX Corporation |
| State of Texas Department of Information Resources / Texas Health & Human | Health and Human Services Commission |

| | |
|---|---|
| Stora Enso North America Corp. / NewPage Corporation | Meadwestvaco, Meadwestvaco Calmar SA, Meadwestvaco Calmar Srl, Meadwestvaco Corp, Meadwestvaco Corporation |
| Transfield Services New Zealand Ltd. | Transfield Services (Australia) Pty Limited, Transfield Services New Zealand (Transfield Pty), Transfield Svcs |
| Tropical Shipping USA, LLC | Birdsall Incorporated |
| University of Massachusetts | University of Mass Lowell, University of Massachusetts Biologics Laboratory |
| Vanguard Managed Solutions, LLC | Vanguard Group |
| Vector Limited | NGC Management Ltd |
| Westcode Semiconductors Limited | IXYS Semiconductor GmbH |
| WWL Vehicle Services Americas, Inc. | Distribution & Auto Service, Wallenius Wilhelmson Logistics AS, Wallenius Wilhelmson Logistics Germany GmbH, and Wallenius Wilhelmson Logistics GmbH |
| Yazaki North America, Inc. | Yazaki Ciemel F T Z Ltda, Yazaki Ciemel SA, Yazaki Torres Manufacturing |

This is not intended to be a complete list of all deficiencies in Oracle's customer-specific financial reports. Defendants are still in the process of analyzing those reports.

Sincerely,

Elaine Wallace

cc: Geoff Howard, Esq. (via email)
Holly House, Esq. (via email)
Zachary J. Alinder, Esq. (via email)
Bree Hann, Esq. (via email)